UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Oct 28   2 50 PM '03

U.S DISTRICT COURT
NEW HAVEN, CONN.

------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

    v.                                    3:02CV907(PCD)

MICHAEL A. DOUGLAS,
    *Defendant.*
------------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff,*

    v.                                    October 27, 2003

NORMAN C. BLOOM, NORMAN R.
BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
------------------------------------X

### MOTION ON CONSENT FOR MODIFICATION OF THIS COURT'S SCHEDULING ORDER WITH RESPECT TO DISPOSITIVE MOTIONS

NOW COME plaintiff/third-party defendants Norman C. Bloom, Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Trust, and defendant/third-party plaintiff Michael A. Douglas, and move this Court for a revised Scheduling Order, and state in support of same as follows:

1.    That the undersigned has spoken with George R. Ciampa, Esq., counsel for defendant/third-party plaintiff Michael A. Douglas, who consents to plaintiff/third-party defendants Norman C. Bloom, Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Trust's application for an extension of the following discovery dates, i.e.,

    1)    Dispositive Motions to be filed by October 31, 2003

to the following:

    1)    Dispositive Motions to be filed by December 15, 2003

    2.    That this matter involves the issue of whether or not New York Attorney Michael A. Douglas engaged in the unauthorized practice of law in the State of Connecticut and, if so, whether he is prohibited from collecting the fees he claims he is owed. On the other hand, if he was not engaged in the unauthorized practice of law, then how much compensation is he entitled to. (The written agreement signed by both parties calls for both an hourly fee and a contingency remuneration.)

    3.    That this motion is not being made for purposes of delay or harassment.

    4.    The parties have been diligently taking depositions and exchanging and responding to paper discovery. The depositions of fact witnesses Mr. John Volk, Christine Barker, Esq., Mario Zangari, Esq., Richard DiMarco, Esq. and Richard Zeisler, Esq. all have been taken and the parties have exchanged over one dozen sets of paper discovery; i.e., Requests for Admissions, Interrogatories and Requests for Production of Documents.

    5.    That in order to keep the discovery process moving, the plaintiff and third-party defendants' expert witnesses report was issued and served on October 10, 2003 as per the prior modification of the Scheduling Order by this Court. (See Exhibit A) even though Attorney Douglas had to cancel the taking of his deposition.

    6.    That the reason that this request is being made is that defendant/third-party plaintiff Michael A. Douglas's deposition had to be postponed: 1) due to his illness on August 12, 2003, 2) on September 19, 2003 due to Hurricane Isabelle, and 3) on October 15, 2003 due to

test preparations for defendant Michael A. Douglas's hernia surgery, which occurred on October 21, 2003. (See Exhibit B attached hereto)

7. That plaintiff/third-party defendants need the deposition transcript of Michael A. Douglas for use with respect to a Motion for Summary Judgment that they intend to file in this case.

8. That defendant/third-party plaintiff Michael A. Douglas's physician has indicated that defendant/third-party plaintiff can be deposed <u>following November 7, 2003</u>.

9. The reason that plaintiff/third-party defendants are filing this Motion today is that: 1) defendant/third-party plaintiff Michael A. Douglas has advised that defendant/third-party plaintiff's doctor has now advised that he may be deposed on a date after November 7, 2003, 2) the undersigned has many pre-existing commitments during the month of November, 2003, 3) the Thanksgiving holiday, and 4) the time required by the Court reporter to produce the deposition transcript.

10. That counsel for the parties have tentatively scheduled the deposition of Mr. Douglas on the first available date for both counsel; i.e., November 20 or 24, 2003.

11. That for good and sufficient cause shown, the time by which to file dispositive motions in this matter should be enlarged as follows:

1) Dispositive Motions to be filed by December 15, 2003

WHEREFORE, in the interest of justice, and to prevent prejudice to any party herein, plaintiff/third-party defendants Norman C. Bloom, Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Trust and defendant/third-party plaintiff Michael A. Douglas respectfully request that the aforementioned motion be grant

| | |
|---|---|
| Dated: Easton, Connecticut<br>October 27, 2003 | LOVEJOY & ASSOCIATES<br>Attorneys for Third-Party Defendants |

By: _____
Frederick A. Lovejoy (CT 03121)
276 Center Road
P.O. Box 56
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

SO ORDERED:

_____
U.S.D.J.
DouglasRevisedSO3.doc

4

Exhibit A



**Michael A. Douglas**
**Attorney At Law**

# Fax

| | | | |
|---|---|---|---|
| **To:** | George Ciampa | **From:** | Michael A. Douglas |
| **Fax:** | 1203-866-9724 | **Pages:** | 1 |
| **Phone:** | 1203-838-7555 | **Date:** | 10/14/03 |
| **Re:** | Bloom | | |

x Urgent ☐ For Review ☐ Please Comment ☐ Please Reply x Please Recycle

Dear George:

When I called Beth Israel Hospital this morning to reschedule my pre operative testing which was scheduled for tomorrow morning I was told that this will effect the date of my 10/21/03 inguinal hernia operation. As they might not get the tests back in time and will not tie up the operating room with that possibility. I cannot take the chance and want to get this operation over with, its been bothering me for a while now.. Hence please give Lovejoy my regrets and make the deposition for two weeks after the 21st and mark it final. I want to get this over with too.



Mike

Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

v.                                   3:02CV907(PCD)

MICHAEL A. DOUGLAS,
    *Defendant.*
------------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff,*

v.                                   August 26, 2003

NORMAN C. BLOOM, NORMAN R.
BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
------------------------------------X

MOTION FOR MODIFICATION OF THIS COURT'S
SCHEDULING ORDER WITH RESPECT TO EXPERT DISCLOSURE

NOW COME plaintiff/third-party defendants Norman C. Bloom, Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Trust, and defendant/third-party plaintiff Michael A. Douglas, and move this Court for a revised Scheduling Order, and state in support of same as follows:

1. That the undersigned has spoken with George R. Ciampa, Esq., counsel for defendant/third-party plaintiff Michael A. Douglas, who joins in plaintiff/third-party defendants Norman C. Bloom, Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Trust's application for an extension of the following discovery dates, i.e.,

[Handwritten margin note: September 2, 2003 Granted. The dates of October 10, 2003 and November 14, 2003 are set as per the motion. /s/ Peter C. Dorsey USDJ]

Although this case is a year old and it is not clear why so much of the discovery remains uncompleted, the recitation in the motion (filed after the time for disclosure elapsed) warrants a limited exception. All discovery, except for experts will be completed by August 15, 2003. Experts will be identified and these reports produced by August 29, 2003 by plaintiff and September 19 by defendants. Experts depositions will be completed by October 3, 2003. Dispositive motions will be filed, as per the supplemental order by October 31, 2003, at which time a Trial Preparation Order will enter.

Case 3:02-cv-00907-PCD   Document 28   Filed 10/28/2003   Page 9 of 11

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

    v.                                    3:02CV907(PCD)

MICHAEL A. DOUGLAS,
    *Defendant.*
------------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff,*

    v.                                    April 15, 2003

NORMAN C. BLOOM, NORMAN R.
BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
------------------------------------X

## MOTION ON CONSENT FOR A REVISED SCHEDULING ORDER

NOW COME plaintiff/third-party defendants Norman C. Bloom, Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Trust, and move this Court for a revised Scheduling Order, and state in support of same as follows:

1.    That the undersigned has spoken with George R. Ciampa, Esq., counsel for defendant/third-party plaintiff Michael A. Douglas, who joins in plaintiff/third-party defendants Norman C. Bloom, Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Trust's application for a 160 day extension of the discovery period commencing on April 15, 2003 and ending on October 15, 2003.

## CERTIFICATION

This is to certify that a copy of the attached was mailed on October 27, 2003, postage prepaid, to:

George R. Ciampa, Esq.
Slavitt, Connery & Vardarmis
618 West Avenue
Norwalk, Connecticut 06850

FREDERICK A. LOVEJOY

5