UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Dec 9  3 25 PM '03

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

NORMAN C. BLOOM,
*Plaintiff,*

3:02CV907(PCD)

U.S. DISTRICT COURT
NEW HAVEN, CONN.

v.

MICHAEL A. DOUGLAS,
*Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

MICHAEL A. DOUGLAS,
*Third-Party Plaintiff,*

v.

November 21, 2003

NORMAN C. BLOOM, NORMAN R.
BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
*Third-Party Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

PLAINTIFF NORMAN C. BLOOM'S OPPOSITION TO "DEFENDANT/
THIRD-PARTY PLAINTIFF'S RULE 37(n)(2)(B) MOTION FOR ORDER
COMPELLING THE PLAINTIFF'S ATTENDANCE AT A DEPOSITION
UPON ORAL EXAMINATION"

NOW COMES plaintiff Norman C. Bloom, and as and for his opposition to "Defendant/Third-Party Plaintiff's Rule 37(n)(2)(B) Motion for Order Compelling the Plaintiff's Attendance at a Deposition Upon Oral Examination," states as follows:

Unfortunately, defendant/third-party plaintiff Michael A. Douglas's Motion to Compel is based on inaccuracies and/or untruths. We respond to the paragraphs contained in "Defendant/Third-Party Plaintiff's Rule 37(n)(2)(B) Motion for Order Compelling the Plaintiff's Attendance at a Deposition Upon Oral Examination," ad seriatim:

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

1.     Mr. Douglas has repeatedly noticed the deposition of Norman C. Bloom first for April 15, 2003, then for May 7, 2003, and again for August 8, 2003. Each change was requested by Mr. Bloom's attorney, Frederick A. Lovejoy.

Response to No. 1:

All of the Notices of Deposition of Mr. Norman C. Bloom were served by Attorney Ciampa without first consulting the undersigned about him or Mr. Bloom's availability.

The April 15, 2003 date was moved at the undersigned's request. The April 7, 2003 date was cancelled by Attorney Ciampa not by the undersigned as claimed by Attyorney Ciampa (See Exhibit A)

The August 8, 2003 date was moved by both Attorney Ciampa and the undersigned to August 7, 2003 because it conflicted with another deposition date.

Attorney Ciampa cancelled the August 7, 2003 deposition (see Exhibit B), not the undersigned, even though all outstanding discovery had been served by August 4, 2003. (See Exhibits C, D, E, and F)

When, the undersigned, pointed out to Attorney Ciampa that his recollection was incorrect and/or that all outstanding discovery had been responded to Attorney Ciampa advised that it did not matter because **defendant/third-party plaintiff Michael A. Douglas could not attend on August 7, 2003.**


2.     At the request of Mr. Lovejoy, Mr. Douglas agreed to another change in the date of the deposition, this time for August 7, 2003.

Response to No. 2:

See Response to No. 1 above.

3.    The examination, whenever conducted, was to have focused on documents requested under Fed.R.Civ.P. 34 on February 25, 2003 and on March 28, 2003. These documents have never been produced and are the subject of Mr. Douglas' pending motion for an order compelling disclosure. Rule 37(a)(2)(B).

Response to No. 3:

No motion is pending. The motion that had been previously filed was not renewed when Attorney Ciampa realized that his recollection was inaccurate and/or his file was not properly maintained. (See Exhibits G and H, plaintiff/third-party defendant Responses Defendant/Third-Party Plaintiff's February 25, 2003 and March 28, 2003 discovery **served respectively on May 5, 2003 and May 20, 2003, well prior to August 7, 2003.)**

4.    Through his attorney, Mr. Bloom's response to each of Mr. Douglas' reminders was that the documents would be produced shortly. In reliance on these assurances, and mindful of the discovery deposition deadline under the revised scheduling order, the date for Mr. Bloom's deposition was not changed.

Response to No. 4:

All discovery had either been responded to and/or was provided to Attorney Ciampa on August 4, 2003. Moreover, some of the discovery that Attorney Ciampa refers to involved the three third-party defendant Trusts for which no notice of deposition has ever been served. Any outstanding discovery was produced on August 4, 2003, as per the undersigned's agreement with Attorney Ciampa.

3

5.    Not until a few days before August 7, 2003 was it apparent that responses from Mr. Bloom which complied with his obligation under Rule 34 would not be served in time to review them and to use them on August 7. So, Mr. Douglas cancelled the August 7 deposition.

Response to No. 5:

The undersigned believes that this argument is a ruse because of prior discussions/agreements between counsel; i.e., that any outstanding responses would be provided prior to August 7, 2003 and they were, and that the true reason for Attorney Ciampa cancelling Mr. Bloom's deposition was that **defendant/third-party plaintiff Michael A. Douglas became unavailable for August 7, 2003.**

6.    Once the Rule 37 motion has been decided by the court, and after Mr. Douglas' receipt of all additional responses which may be ordered, it is Mr. Douglas' intent to re-notice Mr. Bloom's deposition. Through his attorney, Mr. Bloom has, however, now refused to be deposed.

Response to No. 6:

First: No outstanding responses are due by plaintiff and no Motion to Compel responses is presently pending. Second: The undersigned advised Attorney Ciampa that plaintiff Norman C. Bloom would oppose any motion to compel the deposition of plaintiff Norman C. Bloom because of defendant/third-party plaintiff Michael A. Douglas' unwarranted/repeated cancellations of the same. Additionally, the undersigned advised Attorney Ciampa that he would not violate this court's August 15, 2003 discovery cut-off order and that Attorney Ciampa should file a Motion to have the scheduling order enlarged. Attorney Ciampa, for some inexplicable

4

reason, has failed to request for this Court an amendment of the present scheduling order. (See Exhibit I and J)

7.    Through his attorneys, Mr. Douglas has conferred with the attorney for Mr. Bloom in an effort to arrive at a mutually satisfactory resolution. An affidavit of one of Mr. Douglas' counsel, pursuant to D.Conn.L.Civ.R. 9(d)2, is attached to this motion as Exhibit A.

Response to No. 7:

See Response to No. 6 above.

8.    This motion involves no disputed issues of law and is, therefore, not accompanied by a written memorandum of law.

Response to No. 8:

Not applicable.

Simply stated, the defendant/third-party plaintiff Michael A. Douglas' actions have caused a number of depositions to be postponed/rescheduled because of his personal unavailability; i.e., the depositions of John Volk and Stephen Bloom. Additionally, the defendant/third-party plaintiff Michael A. Douglas has failed on at least four or five occasions to appear at his own deposition on dates that he had agreed to in advance. Each time he cancelled his deposition on short notice.[1]

---

[1] Mr. Douglas' failure to repeatedly not appear for his deposition will be the subject of a Motion to be filed by plaintiff Norman C. Bloom in the near future.

# Exhibit  A

LAW OFFICES

ABRAHAM D. SLAVITT (1994)
PAUL R. CONNERY (1953)
ROBERT A. SLAVITT
GEORGE A. VARDAMIS (2001)
STEPHEN A. HABETZ*
S. ANTOINETTE MORTON
TRICIA L. PINTO**
TODD D. HAASE

* ALSO ADMITTED IN D.C.
** ALSO ADMITTED IN NEW YORK
*** ALSO ADMITTED IN MICHIGAN
† ALSO ADMITTED IN MASSACHUSETTS

## SLAVITT, CONNERY & VARDAMIS

618 WEST AVENUE

P. O. BOX 2129

NORWALK, CONNECTICUT  06852-2129

(203) 838-7555

FRANCIS M. BOSZE
GEORGE R. CIAMPA***†
HARRY M. LESSIN (1990)
R. E. VAN NORSTRAND (1995)

OF COUNSEL

———

TELECOPIER (203) 866-9724

May 1, 2003

Frederick A. Lovejoy, Esq.
Lovejoy & Associates, LLC
276 Center Road
Southport, CT 06612

**Re:**  *Bloom v. Douglas v. Bloom, et al.*

Dear Fred:

Mr. Bloom's first notice of the existence of "defendant and third-party plaintiff's interrogatories" occurred on January 29, 2003, when they were appended to Mr. Douglas' motion for leave to serve additional interrogatories. Leave having been granted, the interrogatories were served on March 10, 2003.

Despite Mr. Bloom's having had three months to prepare them, I am unaware that he has served any responses.

Neither am I aware that either Mr. Bloom or any of the trusts has responded to Mr. Douglas' requests of February 21, 2003 and of March 28, 2003 for the production of documents.

I shall of course be unable to depose Mr. Bloom prior to my receipt of his responses. When may I expect them?

Very truly yours,

SLAVITT, CONNERY & VARDAMIS

George R. Ciampa

GRC:slw
cc: Michael Douglas

1/02-C:\OR\Michael Douglas v. Noman Bloom\Bloom v. Douglas\ltr to All Lovejoy re Leave dated 5.2.03.wpd

Exhibit  B

# LOVEJOY & ASSOCIATES
### ATTORNEYS AT LAW

Frederick A. Lovejoy*

Jennifer L. Hayes□
Patricia A. Shepard†

*Admitted NY, CT, RI and NJ
□Admitted in NY and CT
†Admitted in CT

276 CENTER ROAD
EASTON, CONNECTICUT 06612
TELEPHONE (203) 459-9941
TELEFAX (203) 459-9943
EMAIL ADDRESS: LOVEJOYADM@AOL.COM

August 6, 2003

Re:    Norman C. Bloom v.
       Michael A. Douglas
       Docket No. 3:02CV907(PCD)
       (Our File 02-307-1)

George R. Ciampa, Esq.
Slavitt, Connery & Vardamis
618 West Avenue
Norwalk, Connecticut 06850

Dear Mr. Ciampa:

After agreeing to take the deposition of Norman C. Bloom on August 7, 2003, and confirming the same via telefax dated July 29, 2003, you have now advised that you are cancelling the aforementioned deposition. Simply stated, we are disappointed with your abrupt actions in this regard as we changed our schedule to accommodate you and provide Mr. Bloom on a date of your liking.

We have now filled in August 7, 2003, with other commitments so if for some reason you change your mind again, Mr. Bloom cannot now be produced on that date.

Yours very truly,

Frederick A. Lovejoy

FAL/jml
DouglasCiampa7.doc

RHODE ISLAND OFFICE:    1536 WESTMINSTER STREET, PROVIDENCE, RHODE ISLAND 02909
                        TELEPHONE: (401) 273-7747   TELEFAX: (401) 421-4818

NEW YORK OFFICE:        82 WALL STREET, SUITE 1105, NEW YORK, NEW YORK 10005
                        TELEPHONE: (212) 344-1717   TELEFAX: (203) 459-9943

Exhibit  C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

NORMAN C. BLOOM,
       *Plaintiff,*

    v.

                               3:02CV907 (PCD)

MICHAEL A. DOUGLAS,
       *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MICHAEL A. DOUGLAS,
       *Third-Party Plaintiff,*

    v.

                               August 4, 2003

NORMAN C. BLOOM, NORMAN R.
BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
       *Third-Party Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PLAINTIFF/THIRD-PARTY DEFENDANTS' OBJECTIONS
AND RESPONSES TO DEFENDANT/THIRD-PARTY PLAINTIFF'S
<u>FIRST SET OF INTERROGATORIES, DATED MAY 20, 2003</u>

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff/Third-Party Defendants hereby

object to the First Set of Interrogatories (the "Discovery Requests") of Defendant/Third-Party

Plaintiff on the grounds set forth below.

I.      <u>GENERAL OBJECTIONS</u>

The following General Objections are incorporated into each specific objection to each

interrogatory and request below as if fully set forth therein.

Exhibit  D

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X
NORMAN C. BLOOM,
        *Plaintiff,*

       v.

3:02CV907 (PCD)

MICHAEL A. DOUGLAS,
        *Defendant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MICHAEL A. DOUGLAS,
        *Third-Party Plaintiff,*

       v.

August 4, 2003

NORMAN C. BLOOM, NORMAN R.
BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
        *Third-Party Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PLAINTIFF/THIRD-PARTY DEFENDANTS' OBJECTIONS
AND RESPONSES TO DEFENDANT/THIRD-PARTY PLAINTIFF'S
FIRST SET OF INTERROGATORIES, DATED MAY 20, 2003

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff/Third-Party Defendants hereby

object to the First Set of Interrogatories (the "Discovery Requests") of Defendant/Third-Party

Plaintiff on the grounds set forth below.

I.     GENERAL OBJECTIONS

The following General Objections are incorporated into each specific objection to each

interrogatory and request below as if fully set forth therein.

1

Exhibit  E

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
NORMAN C. BLOOM,
       *Plaintiff,*

                               3:02CV907 (PCD)

     v.

MICHAEL A. DOUGLAS,
       *Defendant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MICHAEL A. DOUGLAS,
       *Third-Party Plaintiff,*

     v.

                               August 4, 2003

NORMAN C. BLOOM, NORMAN R.
BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
       *Third-Party Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PLAINTIFF/THIRD-PARTY DEFENDANTS' OBJECTIONS
AND RESPONSES TO DEFENDANT/THIRD-PARTY PLAINTIFF'S
<u>FIRST SET OF INTERROGATORIES, DATED MAY 20, 2003</u>

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff/Third-Party Defendants hereby

object to the First Set of Interrogatories (the "Discovery Requests") of Defendant/Third-Party

Plaintiff on the grounds set forth below.

I.     <u>GENERAL OBJECTIONS</u>

The following General Objections are incorporated into each specific objection to each

interrogatory and request below as if fully set forth therein.

Exhibit  F

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
NORMAN C. BLOOM,
      *Plaintiff,*

                                    3:02CV907 (PCD)

   v.

MICHAEL A. DOUGLAS,
      *Defendant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MICHAEL A. DOUGLAS,
      *Third-Party Plaintiff,*

   v.

                                 August 4, 2003

NORMAN C. BLOOM, NORMAN R.
BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
      *Third-Party Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PLAINTIFF NORMAN C. BLOOM AND THIRD-PARTY DEFENDANTS
RESPONSES AND OBJECTION TO DEFENDANT/THIRD-PARTY PLAINTIFF
MICHAEL A. DOUGLAS' SECOND REQUEST TO PLAINTIFF FOR
<u>PRODUCTION OF DOCUMENTS, DATED MARCH 28, 2003</u>

     Pursuant to Federal Rule of Civil Procedure, Rule 34, Plaintiff/Third-Party Defendants

hereby object to and respond to the Second Request to Plaintiff for Production of Documents of

Defendant/Third-Party Plaintiff as follows.

<u>REQUEST FOR PRODUCTION:</u>

     Please produce all records of telephone calls, including statements from the service

provider and any notes made by Norman C. Bloom, during the period of July 1, 1995 through

April 30, 2002, made from the plaintiff's (a) home; (b) office; and (c) cell phone, to the

defendant and third-party plaintiff's New York office.

Exhibit  G

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
NORMAN C. BLOOM,
        *Plaintiff,*

                                        3:02CV1416 (PCD)

    v.

MICHAEL A. DOUGLAS,
        *Defendant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MICHAEL A. DOUGLAS,
        *Third-Party Plaintiff,*

    v.

                                     May 5, 2003

NORMAN C. BLOOM, NORMAN R.
BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
        *Third-Party Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PLAINTIFF/THIRD-PARTY DEFENDANTS' OBJECTIONS AND RESPONSES TO
DEFENDANT AND THIRD-PARTY PLAINTIFF MICHAEL A. DOUGLAS' AMENDED
REQUEST FOR PRODUCTION OF DOCUMENTS, DATED FEBRUARY 25, 2003 TO
<u>PLAINTIFF AND ALL THIRD-PARTY DEFENDANTS</u>

      Pursuant to Federal Rule of Civil Procedure, Rules 26 and 34, Plaintiff/Third-Party

Defendants hereby object and respond to "Defendant/Third-Party Plaintiff Michael A. Douglas'

Amended Request to Plaintiff and All Third-Party Defendants For production of Documents" (the

"Discovery Requests") on the grounds set forth below and as follows:.

I.     <u>GENERAL OBJECTIONS</u>

      The following General Objections are incorporated into each specific objection to each

interrogatory and/or request for production below as if fully set forth therein.

# Exhibit  H

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
NORMAN C. BLOOM,
        *Plaintiff,*

                                                3:02CV907(PCD)

        v.

MICHAEL A. DOUGLAS,
        *Defendant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MICHAEL A. DOUGLAS,
        *Third-Party Plaintiff,*

        v.

                                                May 20, 2003

NORMAN C. BLOOM, NORMAN R.
BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
        *Third-Party Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PLAINTIFF/THIRD-PARTY DEFENDANTS' OBJECTIONS
AND RESPONSES TO DEFENDANT/THIRD-PARTY PLAINTIFF'S
FIRST SET OF INTERROGATORIES, DATED MARCH 10, 2003

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff/Third-Party Defendants hereby

object to the First Set of Interrogatories (the "Discovery Requests") of Defendant/Third-Party

Plaintiff on the grounds set forth below.

I.    GENERAL OBJECTIONS

The following General Objections are incorporated into each specific objection to each

interrogatory and request below as if fully set forth therein.

Exhibit  I

# LOVEJOY & ASSOCIATES
### ATTORNEYS AT LAW

Frederick A. Lovejoy*

———

Jennifer L. Hayes □
Patricia A. Shepard†

*Admitted NY, CT, RI and NJ
□Admitted in NY and CT
†Admitted in CT

276 CENTER ROAD
EASTON, CONNECTICUT 06612
TELEPHONE (203) 459-9941
TELEFAX (203) 459-9943
EMAIL ADDRESS: LOVEJOYADM@AOL.COM

August 28, 2003

Re:    Norman C. Bloom v.
       Michael A. Douglas
       Docket No. 3:02CV907(PCD)
       (Our File 02-307-1)

George R. Ciampa, Esq.
Slavitt, Connery & Vardamis
618 West Avenue
Norwalk, Connecticut 06850

Dear Mr. Ciampa:

We write pursuant to Fed. R. Civ. P., Rule 11 to provide you with an opportunity to voluntarily withdraw your Motion dated August 25, 2003, which is materially inaccurate.

First:    We never requested the changes in the deposition dates of Norman Bloom you allude to in your papers. The truth is that dates were agreed on, and you then cancelled the deposition yourself. The plaintiff was always ready and willing to appear and be deposed on the agreed on dates.

Second:    As of August 5, 2003, you had any and all outstanding discovery responses that you sought, including three concerning the three trusts which had nothing to do with Norman C. Bloom's deposition, since you have never noticed the deposition of the trusts.

Finally:    We told you that if you cancelled the deposition of Norman C. Bloom, scheduled for August 7, 2003, that we would not voluntarily produce him following the Court-ordered cutoff date of August 15, 2003, but if the Court were to extend the discovery cutoff, that we would, of course, voluntarily produce Norman Bloom for deposition. We also advised you that we would oppose any request for an extension, given the fact that there existed no valid justification for the cancellation of Norman Bloom's deposition on August 7, 2003.

Simply stated, if defendant/third-party plaintiff's August 25, 2003 Motion, which is based on blatant inaccuracies, is not withdrawn, we will seek sanctions pursuant to Fed. R. Civ. P., Rule 11.

Yours very truly,

Frederick A. Lovejoy

FAL/jr
DouglasCiampa8.doc

RHODE ISLAND OFFICE:    1536 WESTMINSTER STREET, PROVIDENCE, RHODE ISLAND 02909
                        TELEPHONE: (401) 273-7747    TELEFAX: (401) 421-4818

NEW YORK OFFICE:    82 WALL STREET, SUITE 1105, NEW YORK, NEW YORK 10005
                    TELEPHONE: (212) 344-1717    TELEFAX: (203) 459-9943

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X
NORMAN C. BLOOM,
     *Plaintiff*

                                                3:02-CV-907 (PCD)

     v.

MICHAEL A. DOUGLAS,
     *Defendant.*
------------------------------------------------------------X
MICHAEL A. DOUGLAS,
     *Third-Party Plaintiff*

     v.

                                                JULY 29, 2003

NORMAN C. BLOOM, NORMAN R.
BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST,
     *Third-Party Defendants*
------------------------------------------------------------X

## THIRD RE-NOTICE OF DEPOSITION OF NORMAN C. BLOOM

TO:   Frederick A. Lovejoy, Esq.
       Lovejoy & Associates
       276 Center Road
       Easton, CT 06612

**PLEASE TAKE NOTICE** that at **10:00 A.M. on Friday, August 8, 2003** at the law

offices of **Slavitt, Connery & Vardamis, 618 West Avenue, Norwalk, CT 06850**, the

defendant/third-party plaintiff will take the deposition of **Norman C. Bloom**, the plaintiff/third-

party defendant, as a witness, whose address is 7 Edgewater Place, East Norwalk, Connecticut

06855, upon oral examination pursuant to the Federal Rules of Civil Procedure, before Campano & Associates, P.O. Box 370, Wilton, CT 06897-0370, a notary public, or before some other officer authorized by law to administer oaths. The oral examination will be recorded by stenographic means and continue from day to day until completed. You are invited to attend and cross-examine.

The plaintiff/third-party defendant is requested to produce at or before the scheduled deposition at the offices of defendant/third-party plaintiff's counsel, Slavitt, Connery & Vardamis, 618 West Avenue, Norwalk, CT 06850:

(i)     All documents bearing upon any allegations, issues, or other matters involved in this litigation which are either in the personal possession, custody or control of the plaintiff/third-party defendant or are in the possession, custody or control of any agent, representative, and/or attorney of the plaintiff/third-party defendant and /or are available to the plaintiff/third-party defendant or his attorney in connection with this action.

(ii)     Connecticut Commercial Shellfish Statistics ("survey forms") submitted by Tallmadge Bros., Inc. to the Marine Fisheries Office of the Connecticut Department of Environmental Protection, during the period January 1, 1991 through December 31, 1996; and

(iii)     federal and state income tax returns filed by Tallmadge Bros., Inc. and for all its wholly owned subsidiaries, including without limitation Bivalve, Reed & Reed, and Peterson Packing, for taxable years 1991 through 1996.

"Document" shall include, but is not limited to, notes, memoranda, correspondence, reports, tapes, articles or other publications, questionnaires and surveys, or any other writings or transcriptions of any kind which may relate, directly or indirectly, to any allegation, issue, or other matter involved in this litigation.

MICHAEL A. DOUGLAS,
DEFENDANT/THIRD-PARTY PLAINTIFF

By: _____
George R. Ciampa (ct03551)
SLAVITT, CONNERY & VARDAMIS
His Attorneys
618 West Avenue
Norwalk, CT 06850
(203) 838-7555
(203) 866-9724 (telefax)

## Certificate of Service

This is to certify that on this 29th day of July, 2003, I mailed the original of the foregoing "Third Re-Notice of Deposition of Norman C. Bloom" to:

Frederick A. Lovejoy, Esq.
Lovejoy & Associates
276 Center Road
Easton, CT 06612
*(Attorney for plaintiff and third-party defendants)*

George R. Ciampa

4

Exhibit  J

# LOVEJOY & ASSOCIATES
### ATTORNEYS AT LAW

Frederick A. Lovejoy*

Jennifer L. Hayes☐
Patricia A. Shepard†

*Admitted NY, CT, RI and NJ
☐Admitted in NY and CT
†Admitted in CT

276 CENTER ROAD
EASTON, CONNECTICUT 06612
TELEPHONE (203) 459-9941
TELEFAX (203) 459-9943
EMAIL ADDRESS: LOVEJOYADM@AOL.COM

August 5, 2003

Re:   Norman C. Bloom v.
      Michael A. Douglas
      Docket No. 3:02CV907(PCD)
      (Our File 02-307-1)

George R. Ciampa, Esq.
Slavitt, Connery & Vardamis
618 West Avenue
Norwalk, Connecticut 06850

Dear Mr. Ciampa:

We write in response to your correspondence dated July 31, 2003, received on even date, the contents of which appear to be somewhat inaccurate. Simply stated, we have now responded to all of defendant/third-party plaintiff Michael A. Douglas's discovery requests. Photocopies of the requested discovery responses are enclosed herewith.

Part of the confusion that may have occurred with respect to the August 4, 2003 Responses by the Trusts is due to our not changing the name of the trust on page 4 of each response. You will note, however, that you received three signed originals, each with a different code and different signature on page 6 thereof. Because we noticed this oversight on the same day we sent out the original responses, we immediately sent out another set with a substituted page 4. You should thus have at least three sets of the aforementioned responses of the three third-party defendant trusts.

Finally, you seem to be confusing the February 21, 2003 Interrogatories and the February 25, 2003 Amended Interrogatories. In some letters you claim that we have not responded to the initial set; i.e., those dated February 21, 2003, which is true. However, in the Amended set you state that the Amended Interrogatories supercede the initial set. Obviously, we will not be supplying responses to the February 21, 2003 Interrogatories when the exact same Interrogatories are contained in the Amended Interrogatories dated February 25, 2003, to which we have already responded.

RHODE ISLAND OFFICE:   1536 WESTMINSTER STREET, PROVIDENCE, RHODE ISLAND 02909
                       TELEPHONE: (401) 273-7747   TELEFAX: (401) 421-4818

NEW YORK OFFICE:   82 WALL STREET, SUITE 1105, NEW YORK, NEW YORK 10005
                   TELEPHONE: (212) 344-1717   TELEFAX: (203) 459-9943

George R. Ciampa, Esq.
August 5, 2003
Page 2

You have threatened to again postpone the deposition of Norman C. Bloom after agreeing to take his deposition on August 7, 2003. In order to schedule the aforesaid deposition and other depositions, we made a great number of changes to our schedule to accommodate you. If you do not go forward with Mr. Bloom's deposition as scheduled, Mr. Bloom will not be voluntarily produced after that as the Court's present Scheduling Order dictates a fact discovery cut off of August 15, 2003; i.e., I have no other free dates between now and then, save the 7th.

Yours very truly,

Frederick A. Lovejoy

FAL/jr
DouglasCiampa5.doc

<u>CERTIFICATION</u>

This is to certify that a copy of the attached was mailed on November 21, 2003, postage

prepaid, to:

George R. Ciampa, Esq.
Slavitt, Connery & Vardarmis
618 West Avenue
Norwalk, Connecticut 06850


<u>FREDERICK A. LOVEJOY</u>