UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Dec 15  2 52 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

-----------------------------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff*

    v.

3:02-CV-907 (PCD)

MICHAEL A. DOUGLAS,
    *Defendant.*
-----------------------------------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff*

    v.

NORMAN C. BLOOM, NORMAN R.
BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST,
    *Third-Party Defendants*
-----------------------------------------------------------X   NOVEMBER 11, 2003

### DEFENDANT/THIRD-PARTY PLAINTIFF'S RULE 37(a)(2)(B) MOTION FOR ORDER COMPELLING STEPHEN BLOOM'S ATTENDANCE AT A DEPOSITION UPON ORAL EXAMINATION

    1.    Upon information and belief, Stephen Bloom (a) is the brother of the plaintiff and third-party defendant Norman C. Bloom, (b) is or has been an employee of Norman C. Bloom, and (c) lives in a residence at 38 Cove Avenue, East Norwalk, Connecticut owned by Norman C. Bloom.

2. On March 12, 2003, Mr. Douglas' attorneys mailed to Norman C. Bloom's attorney, Frederick A. Lovejoy, a notice of the deposition of Stephen Bloom, to be taken on April 10, 2003.

3. On March 13, 2003, a subpoena for the April 10 deposition was served in hand on Stephen Bloom, and the appropriate fees tendered to him.

4. Mr. Lovejoy then telephoned the attorney for Mr. Douglas to ask, in behalf of Stephen Bloom, that the deposition be rescheduled to August 7, 2003.

5. On July 29, 2003, a re-notice of Stephen Bloom's deposition, now to be conducted on August 7, was mailed to Stephen Bloom and to Mr. Lovejoy.

6. Later that same day, July 29, Mr. Lovejoy requested of Mr. Douglas' counsel, in behalf of the deponent, that Stephen Bloom's deposition be changed to August 5, 2003. Counsel memorialized their agreement to that change by letter dated July 29.

7. Mr. Lovejoy subsequently telephoned the attorney for Mr. Douglas, to say that because of a conflict Stephen Bloom would not appear on August 5, 2003; but, Mr. Lovejoy has to this date failed to provide alternative convenient dates.

8. In mid-August, in response to Mr. Douglas' counsel's inquiry, Mr. Lovejoy said he had no authority to propose dates convenient to Stephen Bloom.

9.    On August 19, 2003, counsel for Mr. Douglas wrote directly to Stephen Bloom, asking him to contact Douglas' counsel to discuss convenient deposition dates. There has never been any response.

10.    The attorney for Mr. Douglas has conferred with the attorney for Mr. Bloom in an effort to arrive at a mutually satisfactory resolution. An affidavit of one of Mr. Douglas' counsel, pursuant to D.Conn.L.Civ.R. 9(d)2, is attached to this motion.

11.    This motion involves no disputed issues of law and is, therefore, not accompanied by a written memorandum of law.

**WHEREFORE,** the defendant prays:

(a)    That an order issue to the plaintiff, compelling the attendance of his employee brother, Stephen Bloom, at a deposition to be conducted by the defendant/third-party plaintiff on a date convenient to Mr. Douglas;

(b)    Or, in the alternative to (a), that a capias issue for Mr. Stephen Bloom's compulsory attendance at his own deposition;

(c)    That the deadline established by the case management order be enlarged, day-for-day, so as to allow reasonable time after the issuance of the order prayed for in (a), or after the issuance of the capias prayed for in (b), for the conduct of Stephen Bloom's deposition; and

(d) That the plaintiff be required to pay to the defendant/third-party plaintiff his reasonable expenses in making this motion, including attorney's fees.

        MICHAEL A. DOUGLAS,
        DEFENDANT/THIRD-PARTY PLAINTIFF

By: _____
     Robert A. Slavitt (ct00901)
     SLAVITT, CONNERY & VARDAMIS
     His Attorneys
     618 West Avenue
     Norwalk, CT 06850
     (203) 838-7555
     (203) 866-9724 (telefax)

## CERTIFICATE OF SERVICE

This is to certify that I have this day mailed the original of the foregoing Defendant/Third-Party Plaintiff's Rule 37(a)(2)(B) Motion for Order Compelling Stephen Bloom's Attendance at a Deposition Upon Oral Examination, postage prepaid, first class regular mail, to the following counsel of record:

Frederick A. Lovejoy, Esq.
Lovejoy & Associates
276 Center Road
Easton, CT 06612
*(Attorney for plaintiff and third-party defendants)*

Date:   November 11, 2003                   _____
                                            George R. Ciampa