UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

  v.
                                      3:02CV907(PCD)

MICHAEL A. DOUGLAS,
    *Defendant.*
------------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff,*

  v.
                                      December 8, 2003

NORMAN R. BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
------------------------------------X

PLAINTIFF NORMAN C. BLOOM'S OPPOSITION TO DEFENDANT/
THIRD-PARTY PLAINTIFF'S RULE 37(n)(2)(B) MOTIONS FOR ORDERS
COMPELLING THE ATTENDANCE AT DEPOSITIONS UPON ORAL
EXAMINATION OF NON-PARTY WITNESSES
<u>STEPHEN BLOOM AND MARK ERRICO</u>

    NOW COMES plaintiff Norman C. Bloom, and as and for his opposition to Defendant/Third-Party Plaintiff's Rule 37(n)(2)(B) Motions for Orders Compelling the Attendance at Depositions Upon Oral Examination of Non-Party Witnesses Stephen Bloom and Mark Errico, states as follows:

    Unfortunately, defendant/third-party plaintiff Michael A. Douglas's Motion to Compel is based on inaccuracies and/or untruths. We respond to the paragraphs contained in Defendant/

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

FILED
DEC 15  2 52 PM '03

Third-Party Plaintiff's Rule 37(n)(2)(B) Motions for Orders Compelling the Attendance at Depositions Upon Oral Examination of Non-Party Witnesses Stephen Bloom and Mark Errico, ad seriatim, by motion:

GENERAL RESPONSE:

The Scheduling Order agreed to by Attorney Ciampa and "So Ordered" by this Court stated that all discovery would be conducted by August 15, 2003. (See Exhibit A) While plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust have moved for modification of that Order because of defendant/third-party plaintiff Michael A. Douglas' failure to appear for his deposition, the defendant/third-party plaintiff Michael A. Douglas has never joined in those motions. It is inexplicable why defendant/third-party plaintiff Michael A. Douglas could wait three (3) plus months past the discovery cut-off to motion to compel the aforementioned non-party depositions. As such, his motion should be denied.

**AS TO THE MOTION CONCERNING STEPHEN BLOOM:**

1.  Upon information and belief, Stephen Bloom (a) is the brother of the plaintiff and third-party defendant Norman C. Bloom, (b) is or has been an employee of Norman C. Bloom, and (c) lives in a residence at 38 Cove Avenue, East Norwalk, Connecticut owned by Norman C. Bloom.

Response to No. 1:

a) Yes, Stephen Bloom is the brother of plaintiff Norman C. Bloom.

b) Not true; Stephen Bloom has not been at any relevant time an employee of Norman C. Bloom.

c) Not true; 38 is owned jointly by Stephen Bloom and the estate of Hillard Bloom, Sr. Plaintiff Norman C. Bloom has no ownership interest in 38 Cove Avenue.

2. On March 12, 2003, Mr. Douglas' attorneys mailed to Norman C. Bloom's attorney, Frederick A. Lovejoy, a notice of the deposition of Stephen Bloom, to be taken on April 10, 2003.

Response to No. 2:

Believed to be true.

3. On March 13, 2003, a subpoena for the April 10 deposition was served in hand on Stephen Bloom, and the appropriate fees tendered to him.

Response to No. 3:

While a subpoena may have been served on Stephen Bloom, the subpoena had no effect because defendant/third-party plaintiff failed to tender the appropriate fees required by Fed.R.Civ.P. Rule 45(a)(3)(b) and 28 U.S.C. § 1821.

4. Mr. Lovejoy then telephoned the attorney for Mr. Douglas to ask, in behalf of Stephen Bloom, that the deposition be rescheduled to August 7, 2003.

Response to No. 4:

Not true; counsel for plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust never telephoned Attorney Ciampa in March 2003 (or at any other time) and requested that the deposition be rescheduled for August 7, 2003. The Notice of Deposition carrying the August 7, 2003 date was served on counsel for plaintiff Norman C. Bloom without first conferring with him as to that date.

3

5.  On July 29, 2003, a re-notice of Stephen Bloom's deposition, now to be conducted on August 7, was mailed to Stephen Bloom and to Mr. Lovejoy.

Response to No. 5:

Assumed to be true.

6.  Later that same day, July 29, Mr. Lovejoy requested of Mr. Douglas' counsel, in behalf of the deponent, that Stephen Bloom's deposition be changed to August 5, 2003. Counsel memorialized their agreement to that change by letter dated July 29.

Response to No. 6:

Not true; counsel for plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust requested a change in date because of a conflict with his own schedule.

7.  Mr. Lovejoy subsequently telephoned the attorney for Mr. Douglas, to say that because of a conflict Stephen Bloom would not appear on August 5, 2003; but, Mr. Lovejoy has to this date failed to provide alternative convenient dates.

Response to No. 7:

True; on the afternoon of August 4, 2003, counsel for plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust received a voicemail message from Stephen Bloom stating that he had a conflict on August 5, 2003, and could not appear on that

date. Counsel for plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust refused to act as intermediary. Additionally, he advised Attorney Ciampa that if he sought to take Mr. Steven Bloom's deposition after the August 15, 2003 discovery cutoff, he should seek the leave of court.

8. In mid-August, in response to Mr. Douglas' counsel's inquiry, Mr. Lovejoy said he had no authority to propose dates convenient to Stephen Bloom.

Response to No. 8:

True; Attorney Ciampa was also previously advised of this fact.

9. On August 19, 2003, counsel for Mr. Douglas wrote directly to Stephen Bloom, asking him to contact Douglas' counsel to discuss convenient deposition dates. There has never been any response.

Response to No. 9:

Unknown.

10. The attorney for Mr. Douglas has conferred with the attorney for Mr. Bloom in an effort to arrive at a mutually satisfactory resolution. An affidavit of one of Mr. Douglas' counsel, pursuant to D.Conn.L.Civ.R. 9(d)2, is attached to this motion.

Response to No. 10:

Untruth; while Attorney Ciampa discussed the deposition of Norman C. Bloom with counsel for plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable

5

Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust, no discussion was ever had with respect to Steven Bloom. Moreover, Attorney Ciampa waited three (3) plus months to serve his motion to compel without first contacting counsel for plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust.

11. This motion involves no disputed issues of law and is, therefore, not accompanied by a written memorandum of law.

Response to No. 11:

Not true; this motion involves the legal issues of the validity of the subpoena served on a non-party witness and whether a party can compel a deposition of a non-party witness via a party.

## AS TO THE MOTION CONCERNING MARK ERRICO:

1. Upon information and belief, Mark Errico is a long-time employee of plaintiff and third-party defendant Norman C. Bloom.

Response to No. 1:

Untrue; Mr. Errico works for Sound Business Services, LLC, a professional limited liability company which receives a 1099 form from a company which is owned by Norman C. Bloom. The company that is owned by plaintiff is not a party to this lawsuit.

2. On March 12, 2003, Mr. Douglas' attorneys mailed to Norman C. Bloom's attorney, Frederick A. Lovejoy, a notice of the deposition of Mark Errico, to be taken on April 9, 2003.

Response to No. 2:

Believed to be true.

3. On March 13, 2003, a subpoena for the April 9 deposition was served in hand on Stephen Bloom, and the appropriate fees tendered to him.

Response to No. 3:

While a subpoena may have been served on Stephen Bloom, the subpoena had no effect because defendant/third-party plaintiff failed to tender the appropriate fees required by Fed.R.Civ.P. Rule 45(a)(3)(b) and 28 U.S.C. § 1821.

4. Mr. Lovejoy then telephoned the attorney for Mr. Douglas to ask, in behalf of Mark Errico, that the deposition be rescheduled to August 5, 2003.

Response to No. 4:

Not true; counsel for plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust never telephoned Attorney Ciampa in March 2003 (or at any other time) and requested that the deposition be rescheduled for August 5, 2003. The Notice of Deposition carrying the August 5, 2003 date was served on counsel for plaintiff Norman C. Bloom without first conferring with him as to that date.

5. On July 29, 2003, a re-notice of Mark Errico's deposition, now to be conducted on August 5, was mailed to Mark Errico and to Mr. Lovejoy.

Response to No. 5:

Assumed to be true.

6.  Later that same day, July 29, Mr. Lovejoy requested of Mr. Douglas' counsel, in behalf of the deponent, that Mark Errico's deposition be changed to a date during the week of August 11, to be chosen by the deponent in consultation with Mr. Lovejoy. Counsel memorialized their agreement to that change by letter dated July 29.

Response to No. 6:

True; because Attorney Ciampa had not, prior to serving his Notice of Deposition of Mr. Errico, discussed with counsel for plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust, counsel's availability on that date. Additionally, it appeared that Mr. Errico was out of town.

7.  In mid-August, in response to Mr. Douglas' counsel's inquiry, Mr. Lovejoy said he had no authority to propose dates convenient to Mark Errico.

Response to No. 7:

True; Attorney Ciampa was also previously advised of this fact.

8.  On August 19, 2003, counsel for Mr. Douglas wrote directly to Mark Errico, asking him to contact Douglas' counsel to discuss convenient deposition dates. There has never been any response.

Response to No. 8:

Unknown.

9. The attorney for Mr. Douglas has conferred with the attorney for Mr. Bloom in an effort to arrive at a mutually satisfactory resolution. An affidavit of one of Mr. Douglas' counsel, pursuant to D.Conn.L.Civ.R. 9(d)2, is attached to this motion.

Response to No. 9:

Untruth; while Attorney Ciampa discussed the deposition of Norman C. Bloom with counsel for plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust, no discussion was ever had with respect to Steven Bloom. Moreover, Attorney Ciampa waited three (3) plus months to serve his motion to compel without first contacting counsel for plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust.

10. This motion involves no disputed issues of law and is, therefore, not accompanied by a written memorandum of law.

Response to No. 10:

Not true; this motion involves the legal issues of the validity of the subpoena served on a non-party witness and whether a party can compel a deposition of a non-party witness via a party when they have failed to properly subpoena a non-party witness.

## LEGAL ARGUMENT

Rule 45(b)(1) of the Fed.R.Civ.P. states in full:

> A subpoena may be served by any person who is not a party and is not less than 18 years of age. <u>Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is</u>

<u>commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law</u>. When the subpoena is issued on behalf of the United States or an officer or agency thereof, fees and mileage need not be tendered. Prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b).
(emphasis added)

28 U.S.C. § 1821(b) states:

(b) <u>A witness shall be paid an attendance fee of $40 per day for each day's attendance</u>. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

\* \* \*

(2) <u>A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed</u>, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government <u>shall be paid to each witness who travels by privately owned vehicle</u>. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.
(emphasis added)

Simply stated, because counsel for defendant/third-party plaintiff Michael A. Douglas tendered the State Court fee of $3.00, his subpoenas are invalid and cannot be a basis for compelling the witnesses' attendance on these motions. The mandatory language of Rule 45 and 28 U.S.C. § 1821 is clear that some other insufficient sum will not suffice. See also: <u>Gonzalez v. Fenner</u>, 128 F.R.D. 606 (S.D.N.Y. 1989) and <u>In re Food Supplement Co., Inc.</u> 33 B.R. 188 (B.C. S.D. Fla. 1983)

Additionally, counsel for defendant/third-party plaintiff Michael A. Douglas has proffered no legal authority for the proposition that a non-party witness; i.e., an individual, can be compelled to attend his deposition because he is the brother of a party or he does work for a company that is not a party to a lawsuit, but is owned by one of the parties to the suit. Simply put, we submit that there is none.

Dated: Easton, Connecticut  
       December 8, 2003

LOVEJOY & ASSOCIATES  
Attorneys for Plaintiff Norman C. Bloom

By: _____  
Frederick A. Lovejoy (CT 03121)  
276 Center Road  
P.O. Box 56  
Easton, Connecticut 06612  
(203) 459-9941  
(203) 459-9943 (telefax)

DouglasOppositionMotions.doc

Exhibit A

Although this case is a year old and it is not clear why so much of the discovery remains uncompleted, the recitation in the motion (filed after the time for disclosure elapsed) warrants a limited exception. All discovery, except for experts will be completed by August 15, 2003. Experts will be identified and these reports produced by August 29, 2003 by plaintiff and September 19 by defendants. Experts depositions will be completed by October 3, 2003. Dispositive motions will be filed, as per the supplemental order by October 31, 2003, at which time a Trial Preparation Order will enter.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

                     3:02CV907(PCD)

MICHAEL A. DOUGLAS,
    *Defendant.*
------------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff,*

v.                               April 15, 2003

NORMAN C. BLOOM, NORMAN R.
BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
------------------------------------X

## MOTION ON CONSENT FOR A REVISED SCHEDULING ORDER

NOW COME plaintiff/third-party defendants Norman C. Bloom, Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Trust, and move this Court for a revised Scheduling Order, and state in support of same as follows:

1.    That the undersigned has spoken with George R. Ciampa, Esq., counsel for defendant/third-party plaintiff Michael A. Douglas, who joins in plaintiff/third-party defendants Norman C. Bloom, Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Trust's application for a 160 day extension of the discovery period commencing on April 15, 2003 and ending on October 15, 2003.

## CERTIFICATION

This is to certify that a copy of the attached was mailed on December 8, 2003, postage prepaid, to:

George R. Ciampa, Esq.
Slavitt, Connery & Vardarmis
618 West Avenue
Norwalk, Connecticut 06850

FREDERICK A. LOVEJOY