UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

v.

MICHAEL A. DOUGLAS,
    *Defendant.*
------------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff,*

v.

NORMAN R. BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
------------------------------------X

FILED
Dec 29   2 25 PM '03

3:02CV907(PCD)

December 26, 2003

PLAINTIFF NORMAN C. BLOOM AND THIRD-PARTY DEFENDANTS,
NORMAN R. BLOOM REVOCABLE TRUST, NORMAN R. BLOOM FAMILY
SPRAY TRUST, AND NORMAN R. BLOOM IRREVOCABLE INSURANCE
TRUST'S OBJECTION TO DEFENDANT/THIRD-PARTY PLAINTIFF
MICHAEL A. DOUGLAS', DECEMBER 23, 2003, MOTION FOR ENLARGEMENT OF TIME
TO
REPLY TO PLAINTIFF AND THIRD-PARTY DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

Now come plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust, and for their objection to defendant/third-party plaintiff Michael A. Douglas' Motion for Summary Judgment, state as follows:

1.    Defendant/third-party plaintiff Michael A. Douglas is an attorney licensed to practice in the State of New York, and as such, is familiar with the requirements and deadlines that courts impose to orderly conduct their business.

1

2. Defendant/third-party plaintiff Michael A. Douglas was well aware that plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust would be filing a Motion for Summary Judgment on or about December 5, 2003, because he consented to plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust's Motion for Extension of Time for Dispositive Motions to be Filed (Docket No. 28), which was filed specifically for that purpose. In fact, that Motion, dated October 22, 2003, had to be made because defendant/third-party plaintiff Michael A. Douglas did not appear for his deposition scheduled for October 15, 2003. This was after plaintiff filed a motion, on consent, to enlarge the time to take the deposition of Michael A./ Douglas because he claimed that he could not appear on the agreed to date.

3. That defendant/third-party plaintiff Michael A. Douglas, an attorney in New York, has repeatedly thumbed his nose at the deadlines set by the Court; i.e., he **failed to appear for his deposition on five occasions,** even though he had agreed to the dates well in advance. Moreover, the undersigned now has learned that Michael A. Douglas did not appear at either the September 2003 or the November 2003 dates on which his deposition was scheduled because he elected to attend meetings with his clients rather than appear for his deposition, even though extensions for the same had been obtained with his consent from your Honor.

4. That even though the Court imposed <u>an October 10, 2003, cutoff date by which the parties were to exchang expert opinions</u>, a date which was extended from August 30, 2003 because Michael A. Douglas had failed to appear on the August 2003 date he agreed to for his deposition (See Docket No. 27), **Michael A. Douglas served his expert report on December 5, 2003, almost**

**two months beyond this Court's deadline**. Moreover, Michael A. Douglas did the same without the courtesy of advising the undersigned and/or seeking an extension from this Court.[1]

5.  Defendant/third-party plaintiff Michael A. Douglas has proffered no justifiable excuse as to why the requested extension of time should be granted by the Court especially in light of Michael A. Douglas' repeated failure to abide by the deadlines that he agreed to and which were Ordered by this Court.

## CONCLUSION

Because defendant/third-party plaintiff Michael A. Douglas has repeatedly thumbed his nose at the deadlines imposed by the Court, which has resulted in prejudice to plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust, and has resulted in undue expense to them, defendant/third-party plaintiff Michael A. Douglas's motion for a thirty (30) day extension of time, which can only further delay this matter, should be denied.

Dated: Easton, Connecticut
December 26, 2003

LOVEJOY & ASSOCIATES
Attorneys for Plaintiff Norman C. Bloom and
Third-Party Defendants Norman R. Bloom
Revocable Trust, Norman R. Bloom Family Spray
Trust, and Norman R. Bloom Irrevocable Insurance
Trust

By: _____
Frederick A. Lovejoy (CT 03121)
276 Center Road
P.O. Box 56
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

---

[1] The failure of Michael A. Douglas to appear for his deposition on five separate occassions and in serving his expert opinions well beyond the cutoff set by the Court without obtaining its consent will be the subject of a separate motion to preclude and for sanctions.

3

## CERTIFICATION

This is to certify that a copy of the attached was mailed on December 26, 2003, postage prepaid, to:

George R. Ciampa, Esq.
Slavitt, Connery & Vardamis
618 West Avenue
Norwalk, Connecticut 06850

_____
FREDERICK A. LOVEJOY