UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

v.

    3:02CV907(PCD)

MICHAEL A. DOUGLAS,
    *Defendant.*
------------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff,*

v.

NORMAN R. BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
------------------------------------X

December 5, 2003

FILED

## LOCAL CIVIL RULE 56(a)(1) STATEMENT

1. That in 1995, plaintiff Norman C. Bloom met defendant/third-party plaintiff Michael A. Douglas.

2. That Michael A. Douglas is licensed to practice law in the State of New York.

3. That Michael A. Douglas at no time has been licensed to practice law in Connecticut.

4. That Norman R. Bloom died on October 22, 1989.

5. That Michael A. Douglas convinced plaintiff Norman C. Bloom that he could provide valuable legal advice to him so that he could obtain his fair share of his father's estate. (See 28 U.S.C. § 1746 Statement of Norman C. Bloom)

6. That to that end, Michael A. Douglas drafted an agreement entitled "Agreement" which he had plaintiff Norman C. Bloom execute in Connecticut on June 19, 1995. (Exhibit A)

1

7.    That the June 19, 1995 Agreement calls for Michael A. Douglas to act as plaintiff Norman C. Bloom's "Legal Consultant". (Exhibit A)

8.    That the June 19, 1995 Agreement requires Michael A. Douglas to review certain legal documents; i.e., wills, codicils, trust documents, correspondence, probate papers, tax documents, etc., and to advise plaintiff Norman C. Bloom with respect to his rights vis-à-vis the aforementioned documents. (Exhibit A)

9.    That the June 19, 1995 Agreement requires Michael A. Douglas to provide legal advice to plaintiff Norman C. Bloom with respect to the actions of " . . . the executors, trustees, and others related to the estate." (Exhibit A)

10.    That the June 19, 1995 Agreement requires Michael A. Douglas to provide to plaintiff Norman C. Bloom legal advice as to ". . . planning strategy both in relation to the executor, trustees, and their attorneys so as to best protect the client's interest." (emphasis added) (See Exhibit A)

11.    That the billings which Michael A. Douglas sent to plaintiff Norman C. Bloom between 1995 and 2002 clearly state that Norman C. Bloom was being billed for ". . . Legal Services Rendered" or for "Legal Expenses." (Exhibit C)

12.    That the Second Amendment to Agreement, which defendant/third-party plaintiff Michael A. Douglas drafted and had plaintiff Norman C. Bloom execute in January 1997, requires Michael A. Douglas to accompany plaintiff Norman C. Bloom "to legal proceedings and meetings and to actively join the new attorneys COHN & WOLF (sic) in the decision making process." (See Exhibit B)

13.    That from June 19, 1995 to March 1996, plaintiff Norman C. Bloom relied solely on Michael A. Douglas for his legal advice.

14. That from March 1996 to and including September 2001, plaintiff Norman C. Bloom received legal advice from both defendant/third-party plaintiff Michael A. Douglas and from the law firm of Cohen & Wolf, P.C.; i.e., they were co-counsel for plaintiff. (See 28 U.S.C. Sec. 1746 Statement of Norman C. Bloom and Exhibit E)

15. That from September 17, 2001 to and including March, 2002, after Cohen & Wolf, P.C. had stopped representing plaintiff Norman C. Bloom, plaintiff Norman C. Bloom again relied solely on defendant/third-party plaintiff Michael A. Douglas for his legal advice relating to the issues involving the estate of his father Norman R. Bloom, and with respect to the split up and tax issues relating to Tallmadge Brothers, Inc. (See Exhibit E)

16. That defendant/third-party plaintiff Michael A. Douglas advised plaintiff Norman C. Bloom with respect to the retainer agreement between Cohen & Wolf, P.C. and Norman C. Bloom. (See Exhibit F)

17. That defendant/third-party plaintiff Michael A. Douglas provided legal advice to plaintiff Norman C. Bloom with respect to the Divisive Reorganization Agreement, which purpose was to divide Tallmadge Brothers, Inc., a Connecticut corporation, and which is governed by Connecticut law. (See Exhibit D and G)

18. That defendant/third-party plaintiff Michael A. Douglas provided legal advice; i.e., acted as plaintiff Norman C. Bloom's lawyer, for the period of June 1995 to and including March 2002. (See 28 U.S.C. Sec. 1746 Statements of Norman C. Bloom, Deborah Bloom and Mark Errico)

19. That defendant/third-party plaintiff Michael A. Douglas demonstrate that he was dealing with attorney who represented other parties and performing tasks normally considered to be legal work. (See Exhibits H, I and J)

20. That on June 19, 1997, defendant/third-party plaintiff Michael A. Douglas in a telefax to Richard J. DiMarco, Esq., defendant/third-party plaintiff Michael A. Douglas admits that he is claiming legal fees. (See Exhibit K at page 2)

21. That the memoranda of defendant/third-party plaintiff Michael A. Douglas clearly indicate that he was representing plaintiff Norman C. Bloom as a lawyer and providing legal advice to plaintiff Norman C. Bloom. (See Exhibit L)

22. That defendant/third-party plaintiff Michael A. Douglas is prohibited from collecting a fee because he engaged in the unauthorized practice of law in the State of Connecticut, which prohibits the payment of the same.

Dated: Easton, Connecticut
December 5, 2003

LOVEJOY & ASSOCIATES
Attorneys for Plaintiff Norman C. Bloom and
Third-Party Defendants Norman R. Bloom
Revocable Trust, Norman R. Bloom Family Spray
Trust, and Norman R. Bloom Irrevocable Insurance
Trust

By: _____
Frederick A. Lovejoy (CT 03121)
276 Center Road
P.O. Box 56
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

BloomRule56Statement.doc

4

## CERTIFICATION

This is to certify that a copy of the attached was mailed on December 5, 2003, postage prepaid, to:

George R. Ciampa, Esq.
Slavitt, Connery & Vardamis
618 West Avenue
Norwalk, Connecticut 06850

FREDERICK A. LOVEJOY