UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

v.

MICHAEL A. DOUGLAS,
    *Defendant.*
------------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff,*

v.

NORMAN R. BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
------------------------------------X

FILED

Jan 12  3 50 PM '04

3:02CV907(PCD)
NEW HAVEN CONN

December 5, 2003

## 28 U.S.C. SEC. 1746 STATEMENT
## OF MARK ERRICO

That I, Mark Errico, declare under penalty of perjury that the foregoing is true and correct:

1. That I am eighteen (18) years of age or greater and understand the obligation of an oath.

2. That I have known plaintiff Norman C. Bloom for the period of 25 years.

3. That I have performed professional services for Norman C. Bloom as a public accountant on an independent contractor basis from 1978 to present.

4. That I am familiar with defendant/third-party plaintiff Michael A. Douglas and have known him since 1995.

1

5. That I assisted plaintiff Norman C. Bloom in his dispute with his uncle Hillard Bloom, Sr., in his attempt to gain that share of his father Norman R. Bloom's estate, to which he was entitled.

6. That it was my understanding from my repeated and continuous contacts with defendant/third-party plaintiff Michael A. Douglas between 1995 and 2002 that he was acting as a lawyer on behalf of plaintiff Norman C. Bloom.

7. That defendant/third-party plaintiff Michael A. Douglas openly stated to me and to other persons that he was plaintiff Norman C. Bloom's lawyer.

8. That given my experience of having dealt with various lawyers over the years, I believed that the advice that I observed him giving to plaintiff Norman C. Bloom was no different than what the lawyers I had previously interacted with had given.

9. That I was present and/or met with defendant/third-party plaintiff Michael A. Douglas on many hundreds of occasions in the State of Connecticut in which defendant/third-party plaintiff discussed probate matters, estate matters, wills and trusts, and litigation against certain individuals and/or corporations which were preventing plaintiff Norman C. Bloom from receiving his fair share of his father Norman R. Bloom's estate.

10. That I have reviewed Exhibits H & J, and that, based on my review of the same, I can state that the overwhelming majority of the persons the defendant/third-party plaintiff Michael A. Douglas billed plaintiff Norman C. Bloom for was with persons who are/were attorneys representing various interests in the estate and/or corporate legal battles involving Norman R. Bloom and/or Tallmadge Brothers, Inc. or with Michael A. Douglas's co-counsel Cohen & Wolf, P.C.

Dated: Easton, Connecticut
       December 5, 2003

_/s/ Mark Errico_
MARK ERRICO

DouglasAffidavit2.doc

## CERTIFICATION

This is to certify that a copy of the attached was mailed on December 5, 2003, postage prepaid, to:

George R. Ciampa, Esq.
Slavitt, Connery & Vardamis
618 West Avenue
Norwalk, Connecticut 06850

FREDERICK A. LOVEJOY