UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
NORMAN C. BLOOM,
     *Plaintiff,*

v.

MICHAEL A. DOUGLAS,
     *Defendant.*
------------------------------------X
MICHAEL A. DOUGLAS,
     *Third-Party Plaintiff,*

v.

NORMAN R. BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
     *Third-Party Defendants.*
------------------------------------X

FILED

Jan 12   3 50 PM '04

3:02CV907(PCD)

December 5, 2003

## 28 U.S.C. SEC. 1746 STATEMENT OF NORMAN C. BLOOM

That I, Norman C. Bloom, declare under penalty of perjury that the foregoing is true and correct:

1. That I am eighteen (18) years of age or greater and understand the obligation of an oath.

2. That I am one of three sons (myself, Robert Bloom, and Stephen Bloom) of my father Norman R. Bloom, who died on October 22, 1989.

3. That at the time of his death, my father Norman R. Bloom's estate was believed to be worth approximately 10 to 15 million dollars.

4. That for many years following the date of my father Norman R. Bloom, my uncle, Hillard Bloom, Sr., prevented me from obtaining my just share of my father's estate.

1

5. That I met with Michael A. Douglas, Esq. in 1995 when he was living at 1 and 2 Seaside Place, East Norwalk, Connecticut.

6. That through a number of meetings and discussions with Michael A. Douglas, Esq., Mr. Douglas convinced me that he had the necessary legal knowledge to help me obtain my portion of my father's estate.

7. As such, Michael A. Douglas represented to me that he could provide me with the legal advice that would result in my obtaining my share of my father's estate.

8. That the reason I entered into the "Agreement" dated June 19, 1995 was specifically to obtain legal advice from Michael A. Douglas, Esq. so that I could obtain my fair share of my father's estate and for no other reason.

9. That for the period from June 1995 to March 2002, Michael A. Douglas, Esq. provided legal advice to me on how to obtain my share of my father's estate both with respect to what legal actions might be brought and with respect to my corporate legal rights as they concerned Tallmadge Brothers, Inc.

10. That during that period of time, Michael A. Douglas, Esq. reviewed numerous documents concerning my father's estate and assets, and advised me concerning my legal rights in relating to those documents.

11. That Michael A. Douglas, Esq. advised me as to various types of legal actions that could be brought against my uncle Hillard Bloom, Sr., and later his children, as a result of them depriving me of the assets which were due me as my part of my father's estate.

12. That from June 1995 until the time that Cohen & Wolf, P.C. was retained at the suggestion of defendant/third-party plaintiff Michael A. Douglas; i.e., in March 1996, I relied almost exclusively on defendant/third-party plaintiff Michael A. Douglas for legal advice.

13. That from September, 2001 when Cohen & Wolf no longer represented me to and including March, 2002, I relied almost exclusively, with respect to estate matters, on the legal advice I received from defendant/third-party plaintiff Michael A. Douglas.

14. That defendant/third-party plaintiff Michael A. Douglas met with me on hundreds of occasions and attended hundreds of meetings with me and/or other attorneys in Connecticut during the time period of June 1995 to and including March 2002, the purpose of which was to provide me with legal advise and/or negotiate on my behalf.

15. That defendant/third-party plaintiff Michael A. Douglas accompanied me to all court proceedings that were held involving my father's estate and/or involving Tallmadge Brothers, Inc. from June 1995 to March 2002, although he did not make an official appearance on the court's records, and to all meetings in which negotiations took place concerning the division of Tallmadge Brothers, Inc., and to all meetings concerning negotiations with my brothers, Robert Bloom and Stephen Bloom and their attorneys.

16. That had defendant/third-party plaintiff Michael A. Douglas not offered to provide me with legal advice concerning my father's estate, etc. I would have never have agreed to retain him.

Dated: Easton, Connecticut
       December 5, 2003

                                                 Norman C. Bloom

DouglasAffidavit.doc

CERTIFICATION

This is to certify that a copy of the attached was mailed on December 5, 2003, postage prepaid, to:

George R. Ciampa, Esq.
Slavitt, Connery & Vardamis
618 West Avenue
Norwalk, Connecticut 06850

_____
FREDERICK A. LOVEJOY