UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff*

    v.                                                         3:02-CV-907 (PCD)

MICHAEL A. DOUGLAS,
    *Defendant.*
-----------------------------------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff*

    v.

NORMAN C. BLOOM, NORMAN R.
BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST,
    *Third-Party Defendants*
-----------------------------------------------------------X     JANUARY 19, 2004

## MOTION OF ROBERT A. SLAVITT AND OF GEORGE R. CIAMPA TO WITHDRAW THEIR APPEARANCES IN BEHALF OF MICHAEL A. DOUGLAS

Messrs. Slavitt and Ciampa, each of whom has entered his appearance in behalf of Michael A. Douglas, move for leave to withdraw. See D.Conn.L.Civ.R. 15.

The defendant's attorneys do not enjoy the confidence of Mr. Douglas, who has repeatedly rejected their advice concerning

- The importance of his attending his own deposition. Despite its having several times been noticed for dates Mr. Douglas had said were available to him, he failed to appear on any of these dates, despite the movants' admonition that this failure would materially and adversely affect his position.

- The necessity of his responding to written discovery requests. The movants have always counseled Mr. Douglas of his need to supply them with responsive documents culled from his own records, and to arrange them in categories corresponding to the requests. Although he has provided many documents, the undersigned counsel do not believe he has conducted a record search so thorough that they can certify that the disclosure is complete, as is contemplated by Fed.R.Civ.P. 26(g)(1).

- The need for his prompt selection and retention of at least one expert witness. Only after months of repetitive urging by the undersigned did Mr. Douglas retain such an expert. Even then, his retention was not timely, so that the expert's report was prepared after the deadline in the court's scheduling order, and is consequently now the subject of a motion to preclude the report as untimely.

- The desirability of settlement and timing of negotiations toward that end. The movants have often advised Mr. Douglas that no fruitful settlement discussions would occur until after the court's denial of the pending motion for summary judgment. Mr. Douglas nevertheless believes that the movants are in dereliction of their duty because we have not settled his claims.

- The need for discovery depositions of several witnesses to be proffered by the opposing parties. Mr. Douglas' attorneys have advised him frequently of the need for these depositions, and of his obligation under our agreement with him that he bear the costs of the reporter's appearance and of the transcripts. He has nevertheless declined to authorize the depositions.

- The importance of Mr. Douglas' working with his attorneys in crafting his opposition to the pending motion for summary judgment. His attorneys have been unsuccessful in reaching him by telephone and have mailed and faxed letters to him advising of the need that he appear immediately in this office to help prepare the opposing papers, including his own affidavit. There has never been a response.

- His compliance with his contractual obligation to his attorneys to pay the costs of the litigation. In reliance on the written retention agreement to that effect between Mr. Douglas and his attorneys, the movants have advanced costs of several thousand dollars. We have requested of Mr. Douglas that he reimburse us for those costs. Although has made some payments, he has not fully complied with his contractual obligation.

*

Although Mr. Douglas' attorneys advised him several weeks ago that because of these circumstances we could no longer represent him, he has failed to engage other counsel or to file a *pro se* appearance.

\*

In light of these circumstances, the undersigned seek leave to withdraw their appearances.

RESPECTFULLY SUBMITTED,

_____
Robert A. Slavitt (ct06901)

_____
George R. Ciampa (ct03551)
**SLAVITT, CONNERY & VARDAMIS**
618 West Avenue
Norwalk, CT 06850
(203) 838-7555
(203) 866-9724 (telefax)

## CERTIFICATE OF SERVICE

This is to certify that I have this day mailed a copy of the foregoing Motion of Robert A. Slavitt and of George R. Ciampa to Withdraw Their Appearances in Behalf of Michael A. Douglas, by certified mail, return receipt requested, to:

Michael A. Douglas, Esq.
13 East 16th Street, 2nd Floor
New York, NY 10003,

and that I mailed a copy hereof to

Frederick A. Lovejoy, Esq.
Lovejoy & Associates
276 Center Road
Easton, CT 06612
*(Attorney for plaintiff and third-party defendants)*

Date:  January 19, 2004

                                               George R. Ciampa