# United States District Court

### DISTRICT OF   CONNECTICUT

NORMAN C. BLOOM,
         **Plaintiff**

v                             **CASE NUMBER: 3:02CV907(PCD)**

MICHAEL A. DOUGLAS
            **Defendant and Third Party**
**Plaintiff**

      v

**NORMAN C. BLOOM, NORMAN R. BLOOM**
**REVOCABLE TRUST, NORMAN R. BLOOM**
**FAMILY SPRAY TRUST and NORMAN R.**    MARCH 4, 2004
**BLOOM IRREVOCABLE INSURANCE**
**TRUST**
          **Third Party Defendants**

## AFFIDAVIT OF MICHAEL A. DOUGLAS

1  I am the defendant, and counterclaimant in the above action

2.  make this Affidavit in support of our Motion for Extension of Time Within Which

to Respond to Plaintiff's Motion for Summary Judgment, and in partial response to some of

the issues to be raised in response to that motion

3  This Affidavit does not purport to be a full response to the latter, which will be done, with the court's permission, after I and my new counsel receive a copy of the moving papers and Memorandum in support thereof.

4.  I understand that the day after Mr. Grudberg filed his appearance on my behalf, Mr. Slavitt called and left a message on his voicemail concerning the matter.  Although Mr. Grudberg returned that call on three different occasions late last week, as of Monday morning, March 1, 2004, they had not spoken   They spoke on Monday afternoon, but and Mr. Grudberg does not yet have the file and, more importantly, the moving papers on the Summary Judgment motion.

5  The suggestion by Mr. Slavitt and his office that I had not been cooperative in defending the initial Declaratory Judgment action, or our counterclaims, is not true.   spent countless hours with the case documentation, and in consulting with counsel in order to prepare our defense and counterclaims.  Further, I have advanced more than $10,000 for out of pocket expenses, either directly to providers or for reimbursement for claimed expenditures by the Slavitt firm, which had never been itemized for me.  I first received, through Attorney Grudberg, that itemization on March 2, 2004

6  In late November,   received two letters from Mr. Ciampa from the Slavitt firm One, faxed and mailed, told me that, because of my inability a day or two before to attend a

2

scheduled deposition of myself, the firm could no longer represent me. In addition, there was a letter dated November 21st, post-marked November 25th sending me responses to Interrogatories concerning an expert witness.    received it on December 1st, promptly signed it before a notary and returned it to Mr. Ciampa.

7. Beginning the morning of December 15, 2003, to January 3, 2004,   was away from the office for the holiday season, including Chanukah, Christmas and the New Year. In retrospect,   perhaps should have notified counsel of my whereabouts, but I had no idea a Summary Judgment Motion had just been filed. When   returned and checked in where messages can be left,   found no messages left there by anyone at the Slavitt firm   The number at my office that is used as both a fax and a private phone has not been very functional. It takes a prior phone call to set it up to act as a fax.    never received such a call. The claim that they faxed me care of a Kinko's makes no sense. There are probably five Kinko facilities within a ten block radius of my office, and I would have had no reason to have checked them.

8. The apparent claim that counsel was unable to do at least most of the work in response and objection to the Summary Judgment Motion, without me, is hard to understand   Mr. Slavitt and his office have billed me for reproduction of 15,000 copies, all or virtually all of which must have come from me. That was done in January 2003. They

billed me for close to 400 hours of work on the file; there is no question but that they were fully aware of all the issues. They were in possession of a memorandum from me setting forth my thoughts about the claim that I could not be paid because of my alleged unauthorized practice of law. They were in possession of an expert opinion, procured by and paid for by me, authored by the Chairman of the appropriate committee of the Connecticut Bar Association  They had full knowledge with which to brief and argue the matter, and to prepare for my signature a proposed Affidavit in response, all based on information they already had in their files, and lengthy prior conversations had with me concerning that specific issue. It is difficult for me to be more specific here because   have never seen the plaintiff's moving papers, affidavits, exhibits and briefing  Mr. Grudberg similarly has never seen those.

9.    believe the root of the problem in counsel not aggressively putting forth my case involves two separate conflicts of interest. Mr. Slavitt had represented Mr. Bloom in the exact same disputes with his uncle and other members of his family concerning which Douglas was later hired, between 1991 and approximately 1994. Mr. Lovejoy suggested that Mr. Slavitt should withdraw because of a conflict; Mr. Slavitt assured both Lovejoy and myself that it was not a problem and he did not have a conflict.

4

10    also felt that Lovejoy could not properly sue me because he was a necessary witness whom I wished counsel to depose.  There is testimony in a deposition of another of Bloom's attorneys that while Lovejoy and I were both working together on behalf of Bloom, Lovejoy stated I would not be paid because a claim would be made concerning unauthorized practice of law.  That remark was made to other counsel long before the issue of the defense of my claim was ever raised, and shows bad faith on the part of both Bloom and Lovejoy.

11    Although  urged Mr. Slavitt and his firm to depose Lovejoy, Bloom and Mark Errico concerning relevant matters, Mr. Slavitt admitted in front of others that he could not because he had a conflict of interest.  That occurred approximately one and one-half years after he and his firm were retained by me.    believe the above seriously prejudiced my ability to defend Mr. Bloom's action, and to press my counterclaims.

12    am not filing with this Affidavit memoranda and papers concerning the defense and prosecution of my side of the case, because   believe it would be prejudicial to show some of that material at this time to Mr. Bloom and/or his lawyer.  If the court will require further backup for this so as to allow me, with Mr. Grudberg, to file a vigorous response to

the Summary Judgment Motion, we will do so. believe that basic fairness under the circumstances requires that we be able to respond fully to the pending motion The only thing I know about these papers, from Mr. Slavitt's office, is that there are "three inches of paper" -- which I have not seen, and Mr. Grudberg has not seen. We may possibly have to seek further time to fully and fairly respond depending on when Mr. Grudberg obtains the file and the motion papers.

Dated this 5th day of March, 2004

Michael Douglas

Subscribed and sworn to before me this 5th day of March, 2004

Notary Public
BAHRIJA PERAZIC
Notary Public, State Of New York
No. 01PE6058555
Qualified In New York County
Commission Expires May 14, 07

- 6 -

THE DEFENDANT/THIRD PARTY PLAINTIFF
MICHAEL A. DOUGLAS.

BY _____
Ira B. Grudberg (ct00178)
JACOBS, GRUDBERG, BELT & DOW. P.C
350 Orange Street
P.O. Box 606
New Haven. CT  06503
(203) 772 3100

## CERTIFICATION

hereby certify that a copy of the Affidavit was mailed first class, postage prepaid on

March 8 , 2004 to:

Robert A. Slavitt, Esq.
George R. Ciampa, Esq.
Slavitt, Connery & Vardamis
618 West Avenue
Norwalk, CT 06850


Frederick A. Lovejoy, Esq.
Lovejoy & Associates, LLC
276 Center Road
Easton, CT 06612-1604



Ira B. Grudberg