UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

    v.

MICHAEL A. DOUGLAS,
    *Defendant.*
------------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff,*

    v.

NORMAN R. BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
------------------------------------X

3:02CV907(PCD)

March 10, 2004

**PLAINTIFF NORMAN C. BLOOM AND THIRD-PARTY DEFENDANTS NORMAN R. BLOOM REVOCABLE TRUST, NORMAN R. BLOOM FAMILY SPRAY TRUST, AND NORMAN R. BLOOM IRREVOCABLE INSURANCE TRUST'S OBJECTION TO DEFENDANT/THIRD-PARTY PLAINTIFF MICHAEL A. DOUGLAS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF NORMAN C. BLOOM AND THIRD-PARTY DEFENDANTS NORMAN R. BLOOM REVOCABLE TRUST, NORMAN R. BLOOM FAMILY SPRAY TRUST, AND NORMAN R. BLOOM IRREVOCABLE INSURANCE TRUST'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED**

Now come plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust, and as and for their objection to defendant/third-party plaintiff Michael A. Douglas's Motion for Extension of Time to April 1, 2004 to Respond to Plaintiff Norman C. Bloom and Third-Party Defendants Norman R. Bloom Revocable Trust, Norman R. Bloom

1

Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust's December 5, 2003 Motion for Summary Judgment (Docket Nos. 47, 48, 49, 50, 51, 52 and 53), state as follows:

1. That the undersigned has read the Affidavit of Michael A. Douglas, and has found numerous inaccuracies therein.

2. That as this Court will remember, Michael A. Douglas failed to appear for his scheduled deposition on <u>five</u> separate occasions, always canceling them at the last minute. (See Exhibit A attached hereto)

3. That Michael A. Douglas was not aware that plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust were serving a Motion for Summary Judgment on December 5, 2003 is baseless because the reason that plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust had to file a Motion for an Extension of Time to file Dispositive Motions on October 28, 2003 (Docket No. 28) was because Michael A. Douglas failed to show up for his deposition. Thereafter, plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust had to serve their Motion for Summary Judgment on December 5, 2003, without the benefit of Michael A. Douglas' deposition transcript when Michael A. Douglas again failed to show up for his deposition scheduled in late November, 2003. This was the fifth occasion that he failed to appear,

4. That although the Court ordered expert reports disclosed <u>by October 10, 2003</u>, Michael A. Douglas' expert report was not disclosed until <u>December 5, 2003</u>, and I understand this was because Michael A. Douglas was not timely in cooperating with his own expert witness.

5. That the remark that Michael A. Douglas cites to; i.e., that Richard DiMarco testified concerning a statement made by me to him, is inaccurate.

6. That I understand from speaking with my clients that Michael A. Douglas often advised Norman C. Bloom that they should attempt to have various attorneys that represented his uncle in the estate litigation conflicted out as a method of gaining leverage against his uncle, and that it appears that is what Michael A. Douglas is attempting to do again herein. Perhaps Mr. Slavitt and/or Mr. Ciampa thought that pursuing such tactics herein would constitute a violation of Fed. R. Civ. P., Rule 11

7. That Michael A. Douglas' claim that he has not had access to plaintiff Norman C. Bloom and Third-Party Defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust's Summary Judgment pleadings rings hollow, as they can be downloaded via the Pacer Service, and Michael A. Douglas' present counsel, Ira Grudberg, Esq's office are not far from the United States District Courthouse in New Haven where they repose.

8. Frankly, I do not believe much of Michael A. Douglas' March 4, 2004 Affidavit because at one time, in an attempt to get Norman C. Bloom to pay him, Michael A. Douglas offered to generate fictitious legal bills, send them to a Bloom company for which one of Norman C. Bloom's company could borrow money to pay him.

## CONCLUSION

Because of Michael A. Douglas' repeated violations of this Court's discovery orders, scheduling orders, et cetera, this Court should deny defendant/third-party plaintiff Michael A. Douglas' Motion for an Extension of Time (Docket No. 56) and let stand its early order denying Michael A. Douglas' first request for an extension (Docket No. 44).

Dated: Easton, Connecticut
March 10, 2004

LOVEJOY & ASSOCIATES
Attorneys for Plaintiff Norman C. Bloom and Third-Party Defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust's

By: _____
Frederick A. Lovejoy (CT 03121)
P.O. Box 56
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

DouglasObjection3.doc

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

v().

MICHAEL A. DOUGLAS,
    *Defendant.*
------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff,*

v.

NORMAN R. BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
------------------------------X

FILED
Dec 29  2 25 PM '03
U.S. DISTRICT COURT

3:02CV907(PCD)

December 26, 2003

PLAINTIFF NORMAN C. BLOOM AND THIRD-PARTY DEFENDANTS,
NORMAN R. BLOOM REVOCABLE TRUST, NORMAN R. BLOOM FAMILY
SPRAY TRUST, AND NORMAN R. BLOOM IRREVOCABLE INSURANCE
TRUST'S OBJECTION TO DEFENDANT/THIRD-PARTY PLAINTIFF
MICHAEL A. DOUGLAS', DECEMBER 23, 2003, MOTION FOR ENLARGEMENT OF TIME
TO
REPLY TO PLAINTIFF AND THIRD-PARTY DEFENDANTS'
<u>MOTION FOR SUMMARY JUDGMENT</u>

Now come plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust, and for their objection to defendant/third-party plaintiff Michael A. Douglas' Motion for Summary Judgment, state as follows:

1.    Defendant/third-party plaintiff Michael A. Douglas is an attorney licensed to practice in the State of New York, and as such, is familiar with the requirements and deadlines that courts impose to orderly conduct their business.

1

2.  Defendant/third-party plaintiff Michael A. Douglas was well aware that plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust would be filing a Motion for Summary Judgment on or about December 5, 2003, because he consented to plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust's Motion for Extension of Time for Dispositive Motions to be Filed (Docket No. 28), which was filed specifically for that purpose. In fact, that Motion, dated October 22, 2003, had to be made because defendant/third-party plaintiff Michael A. Douglas did not appear for his deposition scheduled for October 15, 2003. This was after plaintiff filed a motion, on consent, to enlarge the time to take the deposition of Michael A./ Douglas because he claimed that he could not appear on the agreed to date.

3.  That defendant/third-party plaintiff Michael A. Douglas, an attorney in New York, has repeatedly thumbed his nose at the deadlines set by the Court; i.e., he **failed to appear for his deposition on five occasions,** even though he had agreed to the dates well in advance. Moreover, the undersigned now has learned that Michael A. Douglas did not appear at either the September 2003 or the November 2003 dates on which his deposition was scheduled because he elected to attend meetings with his clients rather than appear for his deposition, even though extensions for the same had been obtained with his consent from your Honor.

4.  That even though the Court imposed <u>an October 10, 2003, cutoff date by which the parties were to exchang expert opinions</u>, a date which was extended from August 30, 2003 because Michael A. Douglas had failed to appear on the August 2003 date he agreed to for his deposition (See Docket No. 27), **Michael A. Douglas served his expert report on December 5, 2003, almost**

<u>two months beyond this Court's deadline</u>. Moreover, Michael A. Douglas did the same without the courtesy of advising the undersigned and/or seeking an extension from this Court.[1]

5. Defendant/third-party plaintiff Michael A. Douglas has proffered no justifiable excuse as to why the requested extension of time should be granted by the Court especially in light of Michael A. Douglas' repeated failure to abide by the deadlines that he agreed to and which were Ordered by this Court.

## CONCLUSION

Because defendant/third-party plaintiff Michael A. Douglas has repeatedly thumbed his nose at the deadlines imposed by the Court, which has resulted in prejudice to plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust, and has resulted in undue expense to them, defendant/third-party plaintiff Michael A. Douglas's motion for a thirty (30) day extension of time, which can only further delay this matter, should be denied.

Dated: Easton, Connecticut
December 26, 2003

LOVEJOY & ASSOCIATES
Attorneys for Plaintiff Norman C. Bloom and
Third-Party Defendants Norman R. Bloom
Revocable Trust, Norman R. Bloom Family Spray
Trust, and Norman R. Bloom Irrevocable Insurance
Trust

By: _____
Frederick A. Lovejoy (CT 03121)
276 Center Road
P.O. Box 56
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

---

[1] The failure of Michael A. Douglas to appear for his deposition on five separate occassions and in serving his expert opinions well beyond the cutoff set by the Court without obtaining its consent will be the subject of a separate motion to preclude and for sanctions.

3

## CERTIFICATION

This is to certify that a copy of the attached was mailed on December 26, 2003, postage prepaid, to:

George R. Ciampa, Esq.
Slavitt, Connery & Vardamis
618 West Avenue
Norwalk, Connecticut 06850

_____
FREDERICK A. LOVEJOY

## CERTIFICATION

This is to certify that a copy of the attached was mailed on March 12, 2004, postage prepaid, to:

George R. Ciampa, Esq.
Slavitt, Connery & Vardarmis
618 West Avenue
Norwalk, Connecticut 06850

Ira B. Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, Connecticut 06503

FREDERICK A. LOVEJOY

5