UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Norman C. BLOOM, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:02cv907 (PCD) |
| : | |
| Michael A. DOUGLAS, : | |
|     Defendant. : | |
| -------------------------------------------------- | |
| Michael A. DOUGLAS, : | |
|     Third-Party Plaintiff, : | |
| : | |
| v. : | |
| : | |
| Norman C. BLOOM, NORMAN R. : | |
| BLOOM REVOCABLE TRUST, : | |
| NORMAN R. BLOOM FAMILY SPRAY : | |
| TRUST, AND NORMAN R. BLOOM : | |
| IRREVOCABLE INSURANCE TRUST : | |
|     Third-Party Defendants. : | |

**RULING ON MOTIONS TO COMPEL**

Pursuant to Fed. R. Civ. P. 37(a)(2)(B), Defendant/Third-Party Plaintiff ("Defendant") moves for orders compelling the attendance of Plaintiff/Third-Party Defendant Norman Bloom ("Plaintiff"), and non-parties Mark Errico and Stephen Bloom at deposition. Defendant also requests costs with respect to these motions.

**I.  BACKGROUND:**

Discovery in this case was to end by August 15, 2003. Defendant contends that on March 12, 2003 notice of the deposition of Errico and Bloom to take place on April 9 and 10 respectively was mailed to Plaintiff's attorney. On March 13, 2003, a subpoena for the April 10 deposition was served on Bloom. Apparently no subpoena was served on Errico. Neither

1

deposition took place.

With respect to the deposition of Plaintiff, Defendant's Motion suggests that the deposition was thwarted by Plaintiff's failure to produce certain documents as scheduled, which were to be the subject of the deposition.[1]

## II.   STANDARD OF REVIEW:

"[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992), quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The scope of discovery, however, is not without bounds, and limitations are imposed where the discovery is "unreasonably cumulative or duplicative," overly "burdensome . . . [or] expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  With respect to a subpoena, "on timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3).  Whether a subpoena imposes upon a witness an undue burden depends upon such factors as relevance and the need of the party for the information sought,

---

[1] The Motion itself is somewhat confusing, referencing a purportedly pending Fed. R. Civ. P. 37(a)(2)(B) motion for an order compelling disclosure. No such motion is pending on the Court's docket.

balanced against the burden imposed.  Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (citation omitted).  "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings."  Night Hawk Ltd. v. Briarpatch Ltd., 03 Civ. 1382 (RWS), 2003 U.S. Dist. LEXIS 23179, at *23 ( S.D.N.Y. Dec. 23, 2003).  Provided that relevance is established, the burden is on the party opposing disclosure to establish good cause.  Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).  An order compelling discovery may be rendered after consideration of the arguments of the parties, and such order may be tailored to the circumstances of the case.  Gile v. United Airlines, Inc., 95 F.3d 492, 496 (7th Cir. 1996).

**III.   DISCUSSION:**

As to the depositions of non-parties Errico and Bloom, Defendant does not establish relevance.  All that is established in the Motions is that Errico is a long-time employee of Plaintiff and that Bloom is Plaintiff's brother, has been an employee of Plaintiff, and lives in a residence owned by Plaintiff.  Defendant makes no argument at all as to how this information establishes relevance.  Accordingly, Defendant's Motions to Compel the depositions of Errico and Bloom are **denied**.[2]

With respect to Plaintiff, a party to this action, there is no question of relevance.  Plaintiff's only objection to the Motion to Compel seems to be that it was not his fault that the deposition did not take place and that, in this sense, Defendant has misrepresented the facts.  The

---

[2] It is noted, however, that the proper way to oppose a subpoena is to file a motion to quash not simply fail to comply as Plaintiff has chosen to do here.  See Fed. R. Civ. P. 45(c)(3) ("[O]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . subjects a person to undue burden").

Court takes no position on the veracity of either parties' factual contentions. What is clear is that the parties should have been able to work out a mutually convenient time to depose Plaintiff in this action. Indeed, Plaintiff's arguments do not amount to a contention that the deposition should not have taken place, merely that it was not his fault that it did not. Accordingly, Defendant's Motion to Compel the deposition of Plaintiff is **granted**. Given the pending motion for summary judgment, the deposition shall take place on or before April 23, 2004. Should the parties be unable to agree on a mutually convenient time and place, Defendant shall determine the time and place of the deposition. Defendant's request for costs associated with the filing of these Motions is **denied**.

### IV.    CONCLUSION:

For the reasons stated herein, Defendant's Motion to Compel the deposition of Plaintiff [Doc. No. 32] is **granted**. Defendant's Motions to Compel the deposition of non-parties Bloom and Errico [Doc. Nos. 37 and 40] are **denied**. Defendant's request for fees is **denied**.

SO ORDERED.

Dated at New Haven, Connecticut, April  15 , 2004.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court