# **EXHIBIT C**

DEC. 30. 2003 11:23PM    BLAVITT CONNERY 2300
Case 3:02-cv-00907-PCD    Document 69-3    Filed 04/15/2004    Page 2 of 9    203 335 3252    P.06/11

# COHEN AND WOLF, P. C.
## ATTORNEYS AT LAW

AUSTIN K. WOLF
MARTIN F. WOLF
RICHARD L. ALBRECHT
JONATHAN S. BOWMAN
IRVING J. KERN
MARTIN J. ALBERT
STEWART L. EDELSTEIN
NEIL R. MARCUS
DAVID L. GROGINS
ROBERT B. ADELMAN
MICHAEL S. ROSTEN
GRETA E. SOLOMON
JORAM HIRSCH
PAUL S. EDELBERG
ROBIN A. KAHN
RICHARD G. KENT
RICHARD L. NEWMAN
RICHARD GLAVIN
FREDERICK S. GOLD
LINDA LEDERMAN
DANIEL S. NAGEL
RICHARD J. DI MARCO

DAVID B. ZABEL
MARK A. KIRSCH
CHRISTOPHER J. SMITH
NEIL W. SUTTON
DAVID M. LEVINE
JOSEPH G. WALSH
ALEXANDER H. SCHWARTZ
MARY ANN CONNORS
ROBIN G. FREDERICK
MARCI J. SILVERMAN
DAVID A. BALL
MICHAEL F. EWING
JENNIFER H. CHODOR
JOCELYN R. HURWITZ
SHARON B. BOWLER
STUART M. KATZ
STEVEN L. ELBAUM
MONTE E. FRANK
ELLEN A. JAWITZ
DURWIN R. JONES
JESSICA S. RUBIN
JEFFREY S. WILDSTEIN

OF COUNSEL
ROBERT J. ASHKINS
STUART A. EPSTEIN

HERBERT L. COHEN
(1918-1983)

JACK E. McGREGOR
BUSINESS AND ECONOMIC DEVELOPMENT ADVISOR
ADMITTED IN PENNSYLVANIA ONLY

1115 BROAD STREET
P. O. BOX 1821
BRIDGEPORT, CONNECTICUT 06601/821
TELEPHONE (203) 368-0211
FACSIMILE (203) 576-8504

158 DEER HILL AVENUE
DANBURY, CONNECTICUT 06810
TELEPHONE (203) 792-2771
FACSIMILE (203) 791-8149

999 SUMMER STREET
P. O. BOX 1194
STAMFORD, CONNECTICUT 06904-1194
TELEPHONE (203) 964-9900
FACSIMILE (203) 967-4652

PLEASE REPLY TO ...    **Bridgeport**

WRITER'S DIRECT DIAL (203)    **337-4118**

March 27, 1996

Mr. Norman C. Bloom
5 Fifth Street
Norwalk, CT  06855

Re:  Norman C. Bloom, Individually, Co-Trustee, Director,
     and Next Friend and Natural Guardian of James Bloom and
     Jeanne Bloom, Minor Children, and The Westport Bank
     and Trust Company, P.C., Co-Trustee vs. Tallmadge Bros., Inc.

Dear Mr. Bloom:

    This letter shall serve to confirm the agreements we have reached
regarding our representation of the named Plaintiffs in the above
matter and other claims of said Plaintiffs regarding the Estate of
Norman R. Bloom.

    This Agreement shall supersede our letter Retainer Agreement,
dated March 12, 1996, upon approval hereof by The Westport Bank and
Trust Company, P.C., as your Co-Trustee in the trusts created by your
father.

    You have represented to us that the value of the trusts' share of
your father's estate, including a 1/6th interest in the outstanding
stock of Tallmadge Bros., Inc. ("Tallmadge"), which has already been
distributed to the trusts, is in excess of $5,000,000, and that the
purpose of our representation is to obtain a redemption or other sale
of said stock for value and the distribution of the trusts'
inheritance from the Estate.  Further, you have represented to us your
belief that the Estate Executor has failed to include numerous assets
in the Estate and Tallmadge and your uncle have substantially
undervalued the stock of Tallmadge for the purposes of redemption.

# COHEN AND WOLF, P. C.

Mr. Norman C. Bloom
March 27, 1996
Page 3

You will reimburse all costs that we incur on your behalf. These costs may include, but are not limited to, court filing fees, sheriffs fees, transcript fees, copying, postage, facsimile services, and the like. Where there is an outside provider, it is our normal policy for our clients to promptly pay the disbursement directly to the provider of such service. For example, we will forward to you any bill received from a court reporter for transcript which you will pay to the provider.

### 3.  Provision for Payment of Unpaid Fees and Contingency.

You have indicated to us that you have a limited ability to pay ongoing legal fees, paralegal fees and costs after we have applied the $25,000.00 retainer referred to above. Notwithstanding, we expect that you will make reasonable efforts to make some payment thereon. You have requested that we accept this representation on a partial contingent fee basis in light of these circumstances, as well as the complexity of the matter. Accordingly, the balance of any unpaid sums due and owing to us based upon the difference between our Billing Rates and the Interim Payment Rate, together with any amounts not previously paid, including interest, and any additional sums due and owing to us based upon the contingency fee arrangement set forth below shall be paid from the trust or by you personally. Such payment shall be made from any distribution and/or from the proceeds of any redemption and/or of Tallmadge stock as referred to below.

The contingent fees shall be based upon the fair market value of any distribution, whether by cash, personal property, real property or choses in action, including notes, distributed by the Estate to the trusts and/or to you, to you directly, and/or to any other beneficiary, and the value of any redemption and/or other sale of the Tallmadge stock distributed to the trusts or otherwise to be distributed to you and/or your children.

If in determining any contingent fee, the parties hereto are in dispute as to "the fair market value of any distribution", said dispute shall be resolved by final and binding arbitration by one arbitrator pursuant to the Arbitration Rules of the American Arbitration Association in the State of Connecticut. Each party shall share equally in the costs of the arbitration and shall be responsible for their own attorneys fees in that regard.

There will be no contingent fee on such distribution, redemption and/or sale value, up to, but not including $3,000,000; however, any unpaid sums, as described above, shall be paid forthwith from said distribution, redemption and/or sale value. We shall be paid a

# COHEN AND WOLF, P. C.

Mr. Norman C. Bloom
March 27, 1996
Page 2

1. <u>Retainer</u>. You personally shall make the following retainer payments to this firm:

(a) $2,500.00 forthwith, receipt of which is hereby acknowledged;

(b) $10,000.00 within sixty (60) days of today's date;

(c) $10,000.00 within one hundred twenty (120) days of today's date; and

(d) $2,500.00 within one hundred eighty (180) days of today's date.

The foregoing retainer shall be in payment of, and as security for, our fees for services set forth below.

2. <u>Legal Fees</u>.

(a) <u>Billings on Hourly Rates</u>. We will represent your interests as a Director of Tallmadge, Co-Trustee of the trusts, individual interests, interests as a beneficiary of the trusts and your children's interests as beneficiaries of the trusts. We will bill you monthly at our hourly rates which range from approximately $110.00 per hour to $275.00 per hour ("Billing Rates"), and my rate is $275.00 per hour. Additionally, you will be billed for the services of non-lawyer paralegals at the rate of $90.00 per hour. We will notify you if our hourly rates change.

Interim monthly payments to be made for attorneys fees shall be paid at the blended rate of $165.00 per hour for the services of any lawyer associated with this law firm ("Interim Payment Rate") together with payment for the services of non-lawyer paralegals and costs. The foregoing retainer shall be applied to our billings based upon such Interim Payment Rate. The difference between legal fees billed at our Billing Rates less any payments made at the Interim Payment Rate, paralegal fees and costs that remain unpaid, shall accrue simple interest thereon commencing thirty (30) days after the date of our monthly invoice, at the rate of seven and one-half (7½%) percent per annum, until full payment, as described below, is received. Such payment shall be promptly made from any distribution and/or from the proceeds of any redemption and/or sale of Tallmadge stock as referred to in Paragraph 3 below.

# COHEN AND WOLF, P. C.

Mr. Norman C. Bloom
March 27, 1996
Page 4

contingent fee of: five (5%) percent of the value of any
distribution, redemption and/or sale value from $3,000,000 up to, but
not including $5,000,000; plus, six (6%) percent from $5,000,000 up
to, but not including, $7,000,000; plus, seven (7%) percent from and
over $7,000,000.

Although you have expressed your present desire to seek a
redemption and/or sale of the Tallmadge stock, it is understood that
that might not occur for any one of a number of reasons including
realignment of management of Tallmadge, restructuring Tallmadge, or
personal choices made by you.  As a consequence the value of the
redemption and/or sale could not be included in the contingent fee
formula.  Notwithstanding, such a result may have considerable benefit
to you and the result would not have been achieved but for the
representation herein.  Under such circumstances, we reserve the right
to seek a premium legal fee payment for such beneficial result.  If
such additional legal fee is sought, and there is disagreement
regarding same, said dispute shall be resolved by one (1) arbitrator
pursuant to the Arbitration Rules of the American Arbitration
Association in the State of Connecticut.  The arbitration shall be
final and binding and each party shall share equally in the costs of
the arbitration and shall be responsible for their own attorneys fees
in that regard.

In the event there is a distribution which is not liquid, you
agree to provide us with a mortgage or mortgages and, where
appropriate, a pledge or Uniform Commercial Code lien on property
received to secure the payment of outstanding sums due us.  You agree
to cooperate in liquidating such distribution as soon as practicable
in order to pay such outstanding sums, if any.

This Retainer Agreement shall not oblige this law firm to bring
or defend a proceeding, or assert or controvert an issue therein,
unless there is a basis for doing so that is not frivolous.

This Retainer Agreement is intended to cover the conduct of any
appeals subject to the understanding that all costs and disbursements
for any appeal shall be paid on a current basis.  We reserve the right
to not take an appeal if we believe that same is not appropriate for
legal or ethical reasons.

If it becomes necessary to bring a lawsuit for the collection of
the amounts due us under this Agreement, you will also be responsible
for our court costs and reasonable attorneys fees.

In entering into this Retainer Agreement, you acknowledge that
you have had the benefit of independent counsel, Michael Douglas, a

# COHEN AND WOLF, P. C.

Mr. Norman C. Bloom
March 27, 1996
Page 5


member of the Bar of the State of New York, who has participated directly in all discussions leading up to this Agreement, and has reviewed same.

This Retainer Agreement can only be modified by a written document signed by both parties.

You acknowledge receiving an executed duplicate original copy of this Retainer Agreement.

This Retainer Agreement shall be governed by the laws of the State of Connecticut.

Your signature in the place indicated below indicates your approval and acceptance of the terms of this Retainer Agreement.

COHEN AND WOLF, P.C.

By _____
Richard L. Albrecht, Esq.

APPROVED AND ACCEPTED:

_____          Dated: __4_/4_/_96__
Norman C. Bloom, Individually,
Co-Trustee, Director and as Next
Friend and Natural Guardian
of James Bloom and Jeanne Bloom


TO THE EXTENT PAYMENT OF THE FOREGOING FEES IS TO BE PAID FROM ANY TRUSTS, THE UNDERSIGNED CO-TRUSTEE APPROVES AND CONSENTS TO THIS AGREEMENT.

THE WESTPORT BANK AND TRUST,
P.C., CO-TRUSTEE


Dated: _____          By _____

# <u>EXHIBIT D</u>

SECOND AMENDMENT TO AGREEMENT
------------------------------------------------

SECOND AMENDMENT TO AGREEMENT dated June 19,1995, between
NORMAN C. BLOOM, residing at 5 Fifth Street, East Norwalk, Connecticut, hereinafter
known as "BLOOM" and MICHAEL A. DOUGLAS, attorney with offices at 13 East 16th
Street, New York, N.Y. hereinafter known as "DOUGLAS", agree to the following:

1-  That due to a change of strategy, it was agreed between the parties that
"BLOOM' would retain separate attorneys  in Connecticut  to represent his interests,
. instead of depending on the attorneys for the Trustee i.e. Westport Bank & Trust Co.

2-  In addition to retaining new Counsel it was agreed between the "BLOOM" and
"DOUGLAS"  that Douglas would play a more active role, i.e. accompanying
"BLOOM"  at legal proceedings and meetings and actively join the new attorneys .
COHN &WOLF  in the decision making process.

3-  As such , it was agreed between the parties that while the aforementioned
AGREEMENT (June19,1995) and the first AMENDMENT ( September 19, 1995)
is still in effect, due to changes in "DOUGLAS'S" role , "BLOOM " on receipt
of  "DOUGLAS'S " bill shall pay "DOUGLAS" for his expenses and make an
occasional payment against the accumulated HOURLY WORK bill when
possible.

4-  "DOUGLAS", acknowledges payment by "BLOOM" OF $10,000.00 against
the aforementioned bill.

5-  'BLOOM" acknowledges the outstanding bill of $106,800. Dating from June of
1995 going through November 30,1996.

_Norman C Bloom_

NORMAN C. BLOOM

_Michael Douglas_

MICHAEL A. DOUGLAS

Dated: January    1997
       East Norwalk, CT