UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Norman C. BLOOM, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:02cv907 (PCD) |
| : | |
| Michael A. DOUGLAS, : | |
|     Defendant. : | |
| ------------------------------------------------------ | |
| Michael A. DOUGLAS, : | |
|     Third-Party Plaintiff, : | |
| : | |
| v. : | |
| : | |
| Norman C. BLOOM, NORMAN R. : | |
| BLOOM REVOCABLE TRUST, : | |
| NORMAN R. BLOOM FAMILY SPRAY : | |
| TRUST, AND NORMAN R. BLOOM : | |
| IRREVOCABLE INSURANCE TRUST : | |
|     Third-Party Defendants. : | |

## ORDER

Plaintiff/Third-Party Defendants have filed a motion for summary judgment [Doc. No. 47], and Defendant/Third-Party Plaintiff has filed an opposition memoranda [Doc. No. 68].[1] In accordance with the Local Rules, the parties have filed 56(a) statements [Doc. No. 49; Doc. No. 68, Exh. H]. Because of deficiencies on both sides, Plaintiff's motion cannot be adequately reviewed absent compliance with this Order.

Local Rule 56(a)(3) provides that

Each statement of material fact by a movant in a Local Rule 56(a)(1) Statement or by an opponent in a Local Rule 56(a)(2) Statement, and each denial in an opponent's Local Rule 56(a)(2) Statement, must be followed by a *specific* citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. . . . Counsel . . . [is] hereby notified that failure to provide *specific* citations to evidence in the record as required by this Local Rule may result in sanctions,

---

[1] For the purposes of this Order, references to "Plaintiff" include Plaintiff and Third-Party Defendants, and references to "Defendant" include Defendant and Third-Party Plaintiff.

including, when the movant fails to comply, an order denying the motion for summary judgment, and, when the opponent fails to comply, an order granting the motion.

D. CONN. L. CIV. R. 56(a)(3) (emphasis added). Both Plaintiff's and Defendant's Local Rule 56(a) statements contain deficiencies. For example,[2] certain of Plaintiff's 56(a)(1) statements contain no citation to the record. *See e.g.* Pl. Local R. 56(a)(1) Statement, ¶¶1-4, 13. Other of Plaintiff's statements include citations to expansive documents, without citing to *specific* evidence on *specific* pages, thereby inviting the Court to speculate. *See e.g.* Pl. Local R. 56(a)(1) Statement, ¶ 17 (citing to Exhibit D, a 45 page deposition, without directing the Court to any particular evidence on a specific page); Pl. Local R. 56(a)(1) Statement, ¶ 19 (citing to Exhibit H, a 25 page response to interrogatories, Exhibit I, apparently a 21 page continuation of the interrogatory responses, and Exhibit J, an approximately 40 page (with unnumbered pages) response to production requests, without pointing the Court to any specific citation of evidence within the myriad of pages).

Similarly, Defendant's 56(a)(2) statement contains deficiencies. For example, certain of Defendant's statements of denial contain no citation to the record. *See e.g.* Def. Local R. 56(a)(2) Statement, ¶ 17. Moreover, Defendant also cites to numerous pages of documents without citing to specific evidence on specific pages. *See e.g.* Def. Local R. 56(a)(2) Statement, ¶ 13 (citing to Exhibit E, approximately 12 pages of deposition excerpts, and Exhibit F, approximately 15 pages of deposition excepts, without pointing to particular evidence on a specific page).

"FED. R. CIV. P. 56 does not impose an obligation on a district court to perform an independent review of the record." *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d

---

[2] The parties should not limit their corrections to the examples pointed out in this Order.

Cir. 2002) (citing *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030-31 (9th Cir. 2001) (holding that it is unfair to the district court and to other litigants to impose a duty on the district court to "search and sift the factual record . . . ."); *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 405-06 (6th Cir. 1992)  ("Nothing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record. . . . What concept of judicial economy is served when judges . . . are required to do the work of a party's attorney?"); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988) (interpreting FED. R. CIV. P. 56(e) to impose a requirement that a party designate evidence from a particular exhibit)).  "[D]istrict courts are entitled to order litigants to provide specific record citations." *Amnesty Am.*, 288 F.3d at 470.

Moreover, upon a summary review of the parties' memoranda, it is apparent that Plaintiff's memorandum in support of summary judgment contains general citations that fail to cite to specific evidence in the record.  *See e.g.* Pl. Mem. at 7-8.

Accordingly, in the interest of justice the parties are hereby **ORDERED** to file amended 56(a) statements and memoranda on or before April 30, 2004, *amended only to the extent necessary to provide citations to the specific evidence in the record already submitted.*[3]

SO ORDERED.

Dated at New Haven, Connecticut, April  21 , 2004.

/s/
Peter C. Dorsey
United States District Judge

---

[3] The parties should also note that, as each party includes exhibits, they shall be clear in identifying which of the multiple exhibits they refer to (i.e. where each party has its own "Exhibit A," a vague reference to "Exhibit A" does not identify which Exhibit A the party intends to refer.

3