UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NORMAN C. BLOOM,
    Plaintiff

v

                                            CASE NUMBER: 3:02CV907(PCD)

MICHAEL A. DOUGLAS
    Defendant and Third Party Plaintiff

v
NORMAN C. BLOOM, NORMAN R. BLOOM
REVOCABLE TRUST, NORMAN R. BLOOM
FAMILY SPRAY TRUST and NORMAN R.
BLOOM IRREVOCABLE INSURANCE TRUST         JUNE 16, 2004
    Third Party Defendants

**SUR-REPLY IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

    Defendant/Third Party Plaintiff[1] respectfully offers the following sur-reply in support of its opposition to plaintiff/third party defendants' ("movants") Motion for Summary Judgment with particular reference to the arguments set forth in movants' Reply Brief dated May 27, 2004.

**I.    Background**

    The background to this case was substantially set forth in defendant's Opposition to Summary Judgment dated April 15, 2004, to which movants' reply brief is substantially unresponsive. The chronology and legal arguments detailed there will not be repeated here. Nor will defendant engage movants in a line by line "he said she said" to rebut the innumerable unsubstantiated *ad homonym* statements contained in the Reply Brief. The issue before the Court is not whether movants have a

---

[1] For ease of reading, defendant/third party plaintiff Michael Douglas will be referred to simply as "defendant."

strong opinion, but rather whether, through their Motion for Summary Judgment, they have demonstrated the absence of disputed material facts. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). They have not. New issues raised in their reply brief are addressed below.

## II.    Defendant Was Not Unqualified For The Work Performed

Movants first contend that defendant "admits" to having "no legal expertise," making him unqualified to perform the services outlined in the parties' June 19, 1995 contract. Other than to impugn the defendant, it is unclear how this argument relates to the summary judgment Motion. Neither movants' Complaint, nor their Motion for Summary Judgment takes issue wit the quality of defendant's services (whatever their nature). Nor does any pleading or discovery response filed in this case. Rather, movants' entire case is built on its attempt avoid payment by categorizing defendants' work as "legal." Issues related to quality or amount of work can be addressed at trial.

## III.    The Cited Billing Statements and Contract Language Do Not Demonstrate the Absence of Disputed Material Facts

Movants rely heavily on the wording of the parties June 19, 1995 agreement and of various billing statements. In doing so, they violate their own "old adage." Instead of focusing on how the duck walks and talks – they focus only on what the duck is called. The June 19th, 1995 Agreement does contain the words "legal consultant." But it also carefully notes that Douglas' role is to be "Consultant" not "Attorney." Plainly, defendant was aware of the interstate practice prohibition. More plain, he took steps to ensure that Norman C. knew "from day one" of his unlicensed status and to secure local counsel to maintain responsibility for issues implicating Connecticut law.

Further, there is a material dispute over the purpose and nature of Douglas' services. The Agreement does provide that Douglas will review documents and actions related to the estate dispute; help in ascertaining the true value of the estate; and help in planning strategy. But nowhere does it state that Douglas will provide legal advice as to these items.

Already having Connecticut counsel, and maintaining Connecticut counsel throughout the underlying litigation, Norman C. did not need another "attorney." Rather, he needed someone to assist him in valuing his father's estate, locating hidden assets, and especially in orchestrating the division of Talmadge Brothers. It was on these aspects of the case that defendant was hired to consult. Although movants offer their own interpretation of the Agreement, one that would relieve them of a bill worth several hundred thousand dollars for seven years of service, the dispute over the Agreements' meaning just gives the Court another reason to submit the case to the factfinder. See, Rogath v. Siebenmann, 129 F.3d 261 (2nd Cir. 1997) (where contract language is subject to differing interpretations, its meaning becomes a question for the factfinder).

Regarding the billing statements – the response is similar. Movants would rather focus on the wording of bill than the particulars of the work. Being a New York attorney, it is not unbelievable that bills generated from Douglas' office contain the phrase "legal services rendered." This fact does not relieve Movants of the burden of detailing the work in fact performed and proving that it fell exclusively within the province of Connecticut attorneys.

**IV.   The Court Should Not Disregard Douglas' Affidavit**

Movants next argue that Douglas' affidavit should be treated as one "that contradicts prior testimony; i.e., disregarded by the Court." Though novel and stunning, the argument is not compelling. It is well settled that an affidavit may be offered in opposition to a summary judgment motion without regard to whether it is consistent with other evidence in the case. See, e.g., Harris v. Provident Life and Acc. Ins. Co., 310 F.3d 73 (2nd Cir. 2002) (court must consider submitted affidavits, exhibits, interrogatory answers, and depositions and consider all permissible inferences in favor of that party). Moreover, Douglas' affidavit is only inconsistent with the June 19th Agreement and the cited billing statements if the Court accepts in its entirety movants' interpretation of those

documents. At the summary judgment stage, drawing inferences in favor of the movants is not permissible.

Further, the cases movants cite in support of this proposition are unavailing. Both stand for the unremarkable proposition that an affiant may not create an issue of material fact simply by submitting an affidavit that contradicts <u>prior sworn deposition testimony</u>. <u>See</u>, <u>Martin v. Merrel Dow Pharmaceuticals, Inc.</u>, 851 F.2d 703 (3rd Cir. 1988); <u>Hackman v. International Brotherhood of Teamsters</u>, 932 F.2d 239 (3rd Cir. 1991). These holdings are unhelpful where the alleged "contradiction" relates only to the moving party's interpretation of proffered evidence.

### V.     Estoppel Is Inapplicable

Finally, movants argue that the doctrine of *estoppel* precludes defendant from arguing that his services were not legal in nature. Again, movants rely exclusively on their own interpretation of the parties' billing statements and June 15, 1995 Agreement.

The elements of estoppel are (1) material representation, (2) reliance and (3) detriment. <u>Lee v. Burkhart</u>, 991 F.2d 1004, 1008 (2nd Cir. 1993). In order to prevail on the theory, the claimant must demonstrate the existence of extraordinary circumstances, such as an intentional inducement that goes beyond the concept of reasonable reliance. <u>Id</u>. Movants have shown neither the elements of estoppel, nor "extraordinary circumstances" to justify its application. There was no "material misrepresentation" since defendant <u>fully informed</u> movants of his unlicensed status and ensured that local counsel was present to represent Norman C.'s interests. Nor could there be "reasonable reliance" in such circumstances. Moreover, even assuming there was a misrepresentation, which there was not, there is <u>no evidence</u> that movants relied to <u>their detriment</u>. In fact, there is not even <u>an allegation</u> that movants are in a worse position than they otherwise would have been had Douglas not been retained. Indeed, as detailed in defendants Memorandum in Opposition, Douglas role was essential in securing Norman C. his fair share of assets.

THE DEFENDANT/THIRD PARTY PLAINTIFF
MICHAEL A. DOUGLAS


BY /s/ Joshua D. Lanning
   Joshua D. Lanning (CT 24529)
   JACOBS, GRUDBERG, BELT & DOW, P.C.
   350 Orange Street
   P.O. Box 606
   New Haven, CT  06503
   (203) 772-3100 (PHONE)
   (203) 772-1691 (FAX)
   jlanning@jacobslaw.com

## CERTIFICATION

I hereby certify that a copy of the Sur-Reply in Opposition to Motion for Summary Judgment dated June 16, 2004, was mailed first class, postage prepaid to:

Frederick Lovejoy, Esq.
P. O. Box 56
Easton, CT  06612

                                                                /s/Joshua D. Lanning
                                                                Joshua D. Lanning