UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

    v.                                                              3:02CV907(PCD)

MICHAEL A. DOUGLAS,
    *Defendant.*
------------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff,*

    v.                                                              June 18, 2004

NORMAN R. BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
------------------------------------X


### PLAINTIFF NORMAN C. BLOOM AND THIRD-PARTY DEFENDANTS NORMAN R. BLOOM REVOCABLE TRUST, NORMAN R. BLOOM FAMILY SPRAY TRUST, AND NORMAN R. BLOOM IRREVOCABLE INSURANCE TRUST REPLY PURSUANT TO THE COURT ORDER DATED JUNE 14, 2004 (DOCKET NO. 84) IN REPONSE TO DEFENDANT/THIRD-PARTY PLAINTIFF MICHAEL A. DOUGLAS'S SUR-REPLY IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, DATED JUNE 16, 2004 (DOCKET NO. 85)

Plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust submit this response pursuant to the Court Order dated June 14, 2004 (Docket No. 84) in response to defendant/third-party plaintiff Michael A. Douglas's Sur-Reply in Opposition to Motion for Summary Judgment, dated June 16, 2004 (Docket No. 85).

1) <u>No Genuine Issue Of Material Fact Exists Regardless Of The Fact That Michael A. Douglas Attempts To Create One</u>

Again, in his Sur-Reply, Michael A. Douglas attempts to create a genuine issue of material fact by claiming that the written agreements that Michael A. Douglas drafted himself, and which he had plaintiff Norman C. Bloom execute, are subject to interpretation; i.e., Michael A. Douglas claims that he performed no legal work for plaintiff Norman C. Bloom, but only provided business advice.

This argument is disingenuous at best. It is axiomatic that contractual language will be given its plain meaning by the courts. Simply put, Michael A. Douglas has cited this court to no portion of the three agreements drafted by Michael A. Douglas and executed by plaintiff Norman C. Bloom, which states that he was to provide business advice and/or strategy, as Michael A. Douglas now claims. Simply put, the agreements taken as a whole or individually indicate that Michael A. Douglas was to provide legal advice.

The June 19, 1995 Agreement unequivocally refers to Michael A. Douglas as being Norman C. Bloom's:

> ". . . own legal consultant whose duties would be the following:
>
> a) To review all documents since the inception, i.e., wills, codicils, trust documents, correspondence, probate papers, tax documents, etc.
> b) Review all actions of the executors, trustees, and others related to the estate.
> c) Help in asserting the true value of and extent of the assets of the estate.
> d) Helping in planning strategy both in relation to the executor, trustees and their attorneys so as to best protect the client's interest.

Then in January, 1997, Michael A. Douglas had Norman C. Bloom execute a "Second Amendment to Agreement" in which it states:

2

2.  In addition to retaining new Counsel it was agreed between the "BLOOM" and "DOUGLAS" that Douglas would play a more active role, i.e., <u>accompanying "BLOOM" at legal proceedings and meetings and actively join the new attorneys COHN & WOLF in the decision making process</u>.
(emphasis ours)

The argument in Michael A. Douglas's Sur-Reply Brief that acting as a "legal consultant" does not amount to providing legal advice stands reason on its head. Simply put, the definition for the word consultant appearing in Webster's Ninth New Collegiate Dictionary states:

1. one who consults another
2. one who gives professional advice or services

Thus, because Michael A. Douglas used the term "legal consultant" in the Agreement," rather than "legal advisor," <u>et cetera</u>, does not change the nature of the services to be rendered; i.e. legal advice.

Simply put, the agreements entered into between Michael A. Douglas and Norman C. Bloom are not reasonably subject to open-ended interpretation, as suggested by Mr. Douglas. Moreover, the fact that their purpose and that the services provided by Michael A. Douglas were legal services is confirmed repeatedly in the bills that Michael A. Douglas submitted to plaintiff Norman C. Bloom over a period of approximately seven years that state that Michael A. Douglas was billing Norman C. Bloom for "legal services" or "legal expenses."

Had Michael A. Douglas been as careful as his counsel now claims in making sure that he was not, in fact, providing legal services to Norman C. Bloom in the State of Connecticut, he would have surely issued billings that stated something other than that they were for "legal services" or "legal expenses."

3

2) <u>Douglas Affidavit Should Be Disregarded By This Court</u>

Michael A. Douglas's counsel's argument that this Court cannot disregard Michael A. Douglas's affidavit, dated March 4, 2004, because it only contradicts the written agreements that Michael A. Douglas drafted, and had Norman C. Bloom execute, as opposed to a prior sworn testimony, is specious. Simply put, here we have a written contract, with clearly unambiguous language, executed by the drafting party that he now is attempting to deny in order to create a genuine issue of material fact.[1] Simply stated, plaintiff Norman C. Bloom and the third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust submit there is no difference between prior written contracts of an affiant and the prior deposition testimony of an affiant.

3) <u>Defendant/Third-Party Plaintiff Michael A. Douglas's Counsel Admit In Their June 16, 2004 Sur-Reply Brief That Michael A. Douglas Was Aware Of An Interstate Practice Prohibition</u>

Michael A Douglas, in his June 16, 2004 Sur-Reply Brief, admits that he was aware of the interstate practice prohibition when his counsel admits at p. 2 thereof:

> Plainly, <u>defendant was aware of the interstate practice prohibition.</u>

(emphasis ours)

As Michael A. Douglas's counsel argues, Michael A. Douglas was patently aware that he could not provide legal services to Norman C. Bloom, yet he knowingly ignored that prohibition in order to reap the "pot-of-gold," i.e., hundreds of thousands of dollars that he found as the result of his Norwalk, Connecticut neighbor's, i.e., Norman C. Bloom's problems that emanated

---

[1] As the Court will remember, it ordered that Michael A. Douglas's deposition was to be taken by October 30, 2003, but Michael A. Douglas inexplicably elected to ignore this Court's Order and did not appear for his deposition. In fact, Michael A. Douglas failed to appear for his deposition on the five occasions on which he had agreed to have his deposition taken.

4

out of the Bloom family dispute over the probate of his father's Connecticut estate, which involved a closely held Connecticut corporation.

Simply put, Michael A. Douglas knowingly violated the interstate practice prohibition against practicing law in the State of Connecticut and applicable Connecticut law that requires that he not be allowed to recover a fee for such violation. As such, plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust's Motion for Summary Judgment should be granted.

## CONCLUSION

Based on the foregoing, plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust's Motion for Summary Judgment should be granted by this Court. No genuine issue of material fact exists herein.

Dated: Easton, Connecticut
June 18, 2004

LOVEJOY & ASSOCIATES
Attorneys for Plaintiff Norman C. Bloom and Third-Party Defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust

By: _____
Frederick A. Lovejoy (CT 03121)
P.O. Box 56
276 Center Road
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

DouglasRescheduling.doc

6