*United States District Court*
DISTRICT OF   CONNECTICUT

NORMAN C. BLOOM,
    Plaintiff

v

MICHAEL A. DOUGLAS
    Defendant and Third Party Plaintiff

    v

NORMAN C. BLOOM, NORMAN R. BLOOM REVOCABLE TRUST, NORMAN R. BLOOM FAMILY SPRAY TRUST and NORMAN R. BLOOM IRREVOCABLE INSURANCE TRUST
    Third Party Defendants

CASE NUMBER: 3:02CV907(PCD)

SEPTEMBER 1, 2004

### DEFENDANT/THIRD PARTY PLAINTIFF'S MOTION FOR PERMISSION TO DISCLOSE EXPERT

Defendant/Third Party Plaintiff[1] respectfully requests this Court's permission to disclose an expert notwithstanding that the time previously set for expert disclosure has expired. In support if this motion, defendant/third party plaintiff avers as follows:

1. This is an action concerning a contract for services first entered into in 1995 and amended several times thereafter.

2. Plaintiff filed the present action on May 24, 2002, slightly over two years ago.

---

[1] Defendant/third party plaintiff is hereafter referred to as "defendant" and plaintiff/third party defendants are hereafter referred to as "plaintiff."

3. From that time, until late January, 2004 defendant was represented by attorney's George Ciampa and Robert Slavitt, of Slavitt, Connery & Vardamis. Unfortunately, the relationship between defendant and his attorneys deteriorated and both attorneys moved to withdraw their representation on January 21, 2004.

4. The defendant then retained Jacobs, Grudberg, Belt & Dow, P.C. and attorneys Ira B. Grudberg and Joshua D. Lanning entered their appearance on his behalf.

5. Prior to the withdrawal of attorneys Slavitt and Ciampa, the Court, on April 28th 2003, entered a scheduling order providing, in relevant part, that plaintiff's experts be disclosed by August 29, 2003 and that defendant's experts be disclosed by September 19, 2003.

6. One aspect of the case that will likely benefit from expert testimony is the value of certain assets held by the estate of Norman R. Bloom and eventually distributed to the plaintiff. These valuations are important because the agreement between the parties calls for defendant to be compensated, in part, based upon a percentage of plaintiff's share of his father's (Norman R. Bloom's) estate. **(Exhibit A)**. In addition to real estate, the estate of Norman R. Bloom also contained a half share of Talmadge Brothers, Inc. and rights to oyster beds, the valuation of which is somewhat complicated and will benefit from specialized knowledge.

7. The case file the undersigned received from prior counsel reveals that on several occasions prior to the September 19th expert disclosure deadline, defendant attempted to persuade counsel to disclose an expert as to these matters. Clearly, however, counsel failed to take action in this regard and no expert was disclosed with respect to valuation.

8. Lack of an expert in this area will prejudice defendant at trial. Valuation of Norman C. Bloom's share of his father's estate will constitute the primary portion of defendant's damages analysis. Expert assistance will benefit the jury in fairly and accurately making a damages award.

9. Plaintiff need not be prejudiced by an expert disclosure at this stage. Defendant would willingly agree to make his expert available for deposition at the plaintiff's convenience, and has no objection to plaintiff's disclosing an expert of his own. Moreover this case has not yet been scheduled for a trial date certain so no delay need be created in that regard.

THE DEFENDANT/THIRD PARTY PLAINTIFF
MICHAEL A. DOUGLAS

BY_____
Joshua D. Lanning (ct 24529)
JACOBS, GRUDBERG, BELT & DOW, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT 06503
(203) 772-3100

**CERTIFICATION**

I hereby certify that a copy of the Defendant/Third Party Plaintiff's Motion for Permission to Disclose Expert was mailed first class, postage prepaid sent September 1, 2004, to:

Frederick Lovejoy, Esq.
P.O. Box 56
Easton, CT 06612

Joshua D. Lanning

# EXHIBIT A

# EXHIBIT A

# AGREEMENT

AGREEMENT between Norman C. Bloom residing at 3 Fifth Street, East Norwalk, Connecticut, hereinafter known as "Bloom" and Michael A. Douglas, attorney licensed to practice in the state of N.Y with office at 13 E 16 Street, N.Y. N.Y. Hereinafter known as "Douglas" agree to the following:

1. That "Bloom" is an heir to his father's estate. His father Norman R. Bloom died in October 22, 1989 and probate proceeding currently is going on in the district of Norwalk Connecticut.

2. That while the proceedings has been going on "Bloom" has not retained satisfactory probate council but has instead relied on the council for the trustee of the various trusts to represent his various interests within and without the estate.

3. It is the intention and desire of "Bloom" that it would be in his best interest to have his own legal consultant whose duties would be the following:
    a) To review all documents since the inception, i.e. wills, codicils, trust documents, correspondence, probate papers, tax documents, etc.
    b) Review all actions of the executors, trustees, and others related to the estate.
    c) Help in asserting the true value of and extent of the assets of the estate.
    d) Helping in planning strategy both in relation to the executor, trustees and their attorneys so as to best protect the client's interest.

4. It is understood that "Douglas" role shall be that of "Consultant" not attorning in these proceeding.

5. It is agreed between the parties that "Douglas" shall be paid at the rate of $200.00 per hour, having consulted approximately ten hour to date.
    a) The parities shall sign a time sheet in hours on a monthly basis.
    b) Additionally, over and above the hourly rate: Because "Douglas" shall not be paid until the estate is settled, any moneys, derived over and above the agreed current estimated value of "Bloom" share "Douglas" shall be entitle to 5% of gross value. *The Parties shall meet within two weeks from this date to mutually determine the current estimated value of "Bloom's" share.* *MD, N.B.*

19 day of June, 1995

By /s/ Norman C. Bloom
(Norman C. Bloom)

/s/ Michael A. Douglas
Michael A. Douglas

## AMMENDMENT to AGREEMENT

AMENDMENT to AGREEMENT of June 19, 1995 between Norman C. Bloom residing at 3 Fifth Street, East Norwalk, Connecticut, hereinafter known as "Bloom" and Michael A. Douglas, attorney licensed to practice in the State of New York with offices at 13 E 16 Street, N.Y., N.Y. Hereinafter known as "Douglas" agree to the following:

1. That as per paragraph "5" subdivision "b" of the agreement between the parties dated June 19, 1995. The parties met within two weeks of signing to determine the estimated value of the estate as of June 19, 1995 and agreed to put off this determination until the present date.

2. It is agreed between "Bloom" and "Douglas" that paragraph "5" subdivision "B" of agreement of June 19, 1995 be amended in the following manner:

At the settlement of the Estate in addition to the fee arrangement covered in paragraph "5" subdivision "A", "Douglas" fee shall also include a percentage of "Bloom"'s share of the Estate of his father in the following manner:

a) 5% of the share of the amount between Three Million Dollars and Four Million Dollars.
b) 2% of his share for the amount between Four Million Dollars and Five Million Dollars.
c) 6% of his share for the amount between Five Million Dollars and Six Million Dollars.
d) 6% of his share for the amount between Six Million Dollars and Seven Million Dollars.
e) 6% of his share for the amount between Seven Million Dollars and Eight Million Dollars.
f) 5% of his share for any amounts over Eight Million Dollars.

3. This amount shall represent the fee to "Douglas" as per the agreement due of June 19, 1995 sub "B" as well as the Hourly fee arrangement covered in paragraph "5" sub(a).

4. The Bloom gross share amount shall be the gross amount determined as "Bloom"'s share consisting of the various Trusts and properties including the value of the grounds and Estate.

5. "Douglas" fee shall be paid by "Bloom" promptly on resolution of the monetary issues of the estate by the parties. Said fee is a personal obligation of Bloom to Douglas and Douglas fee is not contingent of Court approval.

6. Monies are not due and owing to Douglas from Bloom even afer resolution of financial issue until "Bloom" receives his share of the estate through distribution there of. However, if "Bloom" receives installment distribution then Douglas will be entitled to

his proportional share, in regard to subdivision b (5%).
   "Douglas" hourly fee should be due and paid immediately on final distribution of the estate, whether it be installment or wholly distributed.

*[signature]* Norman C. Bloom

*[signature]* Michael A. Douglas

Dated: 29 September 1995
      East Norwalk, CT.

## SECOND AMENDMENT TO AGREEMENT

SECOND AMENDMENT TO AGREEMENT dated June 19,1995, between NORMAN C. BLOOM, residing at 5 Fifth Street, East Norwalk, Connecticut, hereinafter known as "BLOOM" and MICHAEL A. DOUGLAS, attorney with offices at 13 East 16th Street, New York, N.Y. hereinafter known as "DOUGLAS", agree to the following:

1- That due to a change of strategy, it was agreed between the parties that "BLOOM" would retain separate attorneys in Connecticut to represent his interests, instead of depending on the attorneys for the Trustee i.e. Westport Bank & Trust Co.

2- In addition to retaining new Counsel it was agreed between the "BLOOM" and "DOUGLAS" that Douglas would play a more active role, i.e. accompanying "BLOOM" at legal proceedings and meetings and actively join the new attorneys COHN & WOLF in the decision making process.

3- As such, it was agreed between the parties that while the aforementioned AGREEMENT (June19,1995) and the first AMENDMENT (September 19,1995) is still in effect, due to changes in "DOUGLAS'S" role, "BLOOM" on receipt of "DOUGLAS'S" bill shall pay "DOUGLAS" for his expenses and make an occasional payment against the accumulated HOURLY WORK bill when possible.

4- "DOUGLAS", acknowledges payment by "BLOOM" OF $10,000.00 against the aforementioned bill.

5- 'BLOOM" acknowledges the outstanding bill of $106,800. Dating from June of 1995 going through November 30,1996.

_____
NORMAN C. BLOOM

_____
MICHAEL A. DOUGLAS

Dated: January 1997
East Norwalk, CT