UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

    v.                                 3:02CV907(PCD)

MICHAEL A. DOUGLAS,
    *Defendant.*
------------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff,*

    v.                             September 21, 2004

NORMAN R. BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
------------------------------------X

PLAINTIFF NORMAN C. BLOOM AND THIRD-PARTY DEFENDANTS
NORMAN R. BLOOM REVOCABLE TRUST, NORMAN R. BLOOM FAMILY
SPRAY TRUST, AND NORMAN R. BLOOM IRREVOCABLE INSURANCE
TRUST'S OBJECTION TO DEFENDANT/THIRD-PARTY PLAINTIFF MICHAEL
A. DOUGLAS'S MOTION FOR PERMISSION TO DISCLOSE EXPERT

Now comes plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust, and for their objection to the defendant/third-party plaintiff Michael A. Douglas's Motion for Permission to Disclose Expert, state as follows:

Once again, defendant/third-party plaintiff Michael A. Douglas's new counsel bases a motion on the purported ills of defendant/third-party plaintiff Michael A. Douglas's former counsel, without submitting any documentary support for the same. Simply put, counsel hides behind the attorney-client privilege in order to obtain a ruling from this court, thus resulting in

1

prejudice to plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust. If counsel wishes to rely on the supposed instructions of Michael A. Douglas to prior counsel, such documents should be disclosed, otherwise plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust are prejudiced in that they cannot respond to the said assertions, or the Court should strike the references thereto and not rely on defendant/third-party plaintiff Michael A. Douglas's belated claims.

This Court should not now allow defendant/third-party plaintiff Michael A. Douglas to disclose another expert witness <u>one year after</u> this Court's second cut-off date by which Michael A. Douglas was to disclose expert witnesses.

Unfortunately, while the defendant/third-party plaintiff Michael A. Douglas's counsel correctly recites that the Court ordered the defendant/third-party plaintiff to disclose its expert witness <u>by September 19, 2003</u>, they fail to advise this Court that it was not until <u>December 3, 2003</u>, although on its face defendant/third-party plaintiff Michael A. Douglas's Expert Disclosure is dated <u>November 17, 2003</u>, that defendant/third-party plaintiff Michael A. Douglas actually disclosed his expert witness. (See Exhibit A attached hereto)

Moreover, the explanation that George C. Ciampa proffered at the time for the out-of-time expert disclosure was that Michael A. Douglas, himself, had not been available to consult with his expert witness, so that his expert witness could timely write his report. This fact comports with the fact that Michael A. Douglas failed to appear for his deposition on numerous occasions during the same time period. Also, in disclosing Attorney Sid M. Miller as its expert,

defendant/third-party plaintiff Michael A. Douglas failed to comply with Fed. R. Civ. P., Rule 26.

Additionally, defendant/third-party plaintiff Michael A. Douglas has failed to produce its expert witness for deposition.

Additionally, Michael A. Douglas failed on *five* separate occasions to appear for his scheduled deposition.

As such, plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust have been severely prejudiced by Michael A. Douglas's actions throughout such. To allow Michael A. Douglas to repeatedly thwart the Orders of this Court, plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust submit, should be not allowed.

To allow defendant/third-party plaintiff to now disclose another expert witness will require that disclosure of expert witnesses be reopened for all parties.

Additionally, the value of the assets; i.e., oyster beds, which Michael A. Douglas now belatedly requests to disclose an additional expert on, was a value that Michael A. Douglas determined himself, and which was used in splitting up the Bloom family businesses.

Based on the foregoing, and to prevent repeated prejudice to plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust, defendant/third-party plaintiff Michael A. Douglas's Motion to Disclose an additional expert witness should be denied.

Dated: Easton, Connecticut
September 21, 2004

LOVEJOY & ASSOCIATES
Attorneys for Plaintiff Norman C. Bloom and Third-Party Defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust

By: _____
Frederick A. Lovejoy (CT 03121)
P.O. Box 56
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

DouglasObjDisclose.doc

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------------X
NORMAN C. BLOOM,
    *Plaintiff*

v.                                                              3:02-CV-907 (PCD)

MICHAEL A. DOUGLAS,
    *Defendant.*
----------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff*

v.

NORMAN C. BLOOM, NORMAN R.
BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST,           NOVEMBER 17, 2003
    *Third-Party Defendants*
----------------------------------X

## DEFENDANT/THIRD-PARTY PLAINTIFF'S DISCLOSURE OF EXPERT WITNESS

In accordance with Fed.R.Civ.P. 26(a)(2), Michael A. Douglas discloses to the plaintiff and to the third-party defendants the expert witness who will be used at trial to present evidence under Fed.R.Evid. 702, 703, 704, and 705.

1.    Attorney Sid M. Miller, Miller & Goldman, 2764 Whitney Avenue, Hamden, CT 06518-2590 [(203) 281-3223].

CERTIFICATION

This is to certify that a copy of the attached was mailed on September 21, 2004, postage prepaid, to:

Joshua Lanning, Esq.
Ira B. Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
New Haven, Connecticut 06503

FREDERICK A. LOVEJOY

5