UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

v().                                                           3:02CV00907(PCD)

MICHAEL A. DOUGLAS,
    *Defendant.*
------------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff,*

v.                                                          January 20, 2005

NORMAN R. BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
------------------------------------X

### PLAINTIFF AND THIRD-PARTY DEFENDANTS' MOTION FOR MODIFICATION OF THE COURT'S SCHEDULING ORDER

Now come plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust, and move this Court, on the consent of defendant/third-party plaintiff Michael A. Douglas, for a modification of the Court's Trial Preparation Order (Docket No. 93), and state in support thereof as follows:

1.     That this is the second request made by the undersigned for an extension.

2.     That since the beginning of the new year the undersigned had to unexpectedly travel to the Bahamas to assist in proceedings involving the arrest of a clients ship.

3.     That the undersigned contracted the flu on his return and has been ill.

1

4. That on January 14, 2005 the undersigned filed a Motion <u>In Limine</u> in which plaintiff seeks to have defendant/third-party plaintiff's defenses stricken and/or certain testimony precluded due to 1) his failure to be deposed, 2) his failure to serve a damages analysis in this case, 3) his failure to timely disclose his expert an to serve an expert report, and his failure to produce his expert for deposition.

5. That based on the plaintiff's failure is has been impossible for the undersigned to identify actually what documents out of the thousands produced by plaintiffs need to be marked as exhibits for trial.

6. That if plaintiff's were to mark all such document its exhibit list would nember in the high hundreds

7. That the undersigned requests an extension of time to a date reasonably following the Court's ruling on plaintiff's Motion <u>In Limine</u> to submit the submission required in the Courts Trial Preparation Order; i.e., (Docket No.: 93)

8. That this motion is not being made for purposes of harassment or delay.

Dated: Easton, Connecticut
January 20, 2005

LOVEJOY & ASSOCIATES
Attorneys for Plaintiff Norman C. Bloom and Third-Party Defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust

By: _____
Frederick A. Lovejoy (CT 03121)
P.O. Box 56
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

DouglasConsent.doc

2

SO ORDERED:

_____
U.S.D.J.

3

SO ORDERED:

U.S.D.J.

## CERTIFICATION

This is to certify that a copy of the attached was mailed on January 20, 2005, postage prepaid, to:

Joshua Lanning, Esq.
Ira B. Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
New Haven, Connecticut 06503

                                            FREDERICK A. LOVEJOY