UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

    v.                                                3:02CV00907(PCD)

MICHAEL A. DOUGLAS,
    *Defendant.*
-----------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff,*

    v.                                                  January 14, 2005

NORMAN R. BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
-----------------------------------X

PLAINTIFF NORMAN C. BLOOM AND THIRD-PARTY DEFENDANTS NORMAN R. BLOOM REVOCABLE TRUST, NORMAN R. BLOOM FAMILY SPRAY TRUST, AND NORMAN R. BLOOM IRREVOCABLE INSURANCE TRUST'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO: 1) STRIKE THE COUNTERCLAIMS AND DEFENSES OF DEFENDANT/ THIRD-PARTY PLAINTIFF MICHAEL A. DOUGLAS AND/OR PRECLUDE THE TESTIMONY OF ATTORNEY MICHAEL A. DOUGLAS; 2) TO PRECLUDE DEFENDANT/THIRD-PARTY PLAINTIFF MICHAEL A. DOUGLAS'S EXPERT WITNESS SID M. MILLER FROM TESTIFYING IN THIS MATTER; 3) TO STRIKE THE COUNTERCLAIMS AND DEFENSES AND/OR PRECLUDE THE TESTIMONY OF DEFENDANT/THIRD-PARTY PLAINTIFF MICHAEL A. DOUGLAS FOR FAILING TO SERVE A DAMAGE ANALYSIS AS REQUIRED BY THE REPORT OF PARTIES PLANNING MEETING, PARAGRAPH E (9) WHICH WAS APPROVED AND ADOPTED AS AN ORDER OF THIS COURT (DOCKET NO. 21); AND 4) FOR THE COURT REPORTER'S CHARGES DUE TO THE BELATED CANCELLATION BY DEFENDANT/THIRD-PARTY PLAINTIFF MICHAEL A DOUGLAS OF FOUR (4) DEPOSITION DATES TO WHICH HE HAD SPECIFICALLY AGREED.

                                          LOVEJOY & ASSOCIATES
                                          Attorneys for Plaintiff Norman C. Bloom and
                                          Third-Party Defendants Norman R. Bloom Revocable
                                          Trust, Norman R. Bloom Family Spray Trust, and
                                          Norman R. Bloom Irrevocable Insurance Trust
                                          P.O. Box 56
                                          Easton, Connecticut 06612
                                          (203) 459-9941
                                          (203) 459-9943 (telefax)

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

## TABLE OF CONTENTS

**Page**

PLAINTIFF NORMAN C. BLOOM AND THIRD-PARTY DEFENDANTS
NORMAN R. BLOOM REVOCABLE TRUST, NORMAN R. BLOOM FAMILY
SPRAY TRUST, AND NORMAN R. BLOOM IRREVOCABLE INSURANCE
TRUST'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE
TO: 1) STRIKE THE COUNTERCLAIMS AND DEFENSES OF DEFENDANT/
THIRD-PARTY PLAINTIFF MICHAEL A. DOUGLAS AND/OR PRECLUDE
THE TESTIMONY OF ATTORNEY MICHAEL A. DOUGLAS;
2) TO PRECLUDE DEFENDANT/THIRD-PARTY PLAINTIFF MICHAEL A.
DOUGLAS'S EXPERT WITNESS SID M. MILLER FROM TESTIFYING IN
THIS MATTER; 3) TO STRIKE THE COUNTERCLAIMS AND
DEFENSES AND/OR PRECLUDE THE TESTIMONY OF DEFENDANT/
THIRD-PARTY PLAINTIFF MICHAEL A. DOUGLAS FOR FAILING TO
SERVE A DAMAGE ANALYSIS AS REQUIRED BY THE REPORT OF
PARTIES PLANNING MEETING, PARAGRAPH E (9) WHICH WAS APPROVED
AND ADOPTED AS AN ORDER OF THIS COURT (DOCKET NO. 21); AND
4) FOR THE COURT REPORTER'S CHARGES DUE TO THE BELATED
CANCELLATION BY DEFENDANT/THIRD-PARTY PLAINTIFF
MICHAEL A DOUGLAS OF FOUR (4) DEPOSITION DATES
TO WHICH HE HAD SPECIFICALLY AGREED ............................................... 1

STATEMENT OF FACTS ...................................................................................... 2

A. ATTEMPTS TO TAKE THE DEPOSITION OF MICHAEL A. DOUGLAS ........... 2

B. DISCLOSURE OF DEFENDANT AND THIRD-PARTY PLAINTIFFS' EXPERT . 5

C. DEFENDANT/THIRD-PARTY PLAINTIFF MICHAEL A. DOUGLAS'S
   FAILURE TO SERVE A DAMAGE ANALYSIS AS REQUIRED BY THE
   REPORT OF PARTIES PLANNING MEETING, PARAGRAPH E(9), WHICH
   WAS APPROVED AND ADOPTED AS AN ORDER OF THIS COURT ............... 7

POINT I ................................................................................................................... 8

THE REPEATED FAILURE OF DEFENDANT AND THIRD-PARTY PLAINTIFF TO
APPEAR FOR PROPERLY NOTICED DEPOSITIONS IS SANCTIONABLE UNDER
RULE 37(d) AND HIS AFFIRMATIVE DEFENSES SHOULD BE STRICKEN AND
HIS COUNTERCLAIM SHOULD BE DISMISSED OR HIS TESTIMONY SHOULD
BE PRECLUDED. .................................................................................................. 8

A. THE STANDARD ........................................................................................... 8

B. DISCUSSION .................................................................................................. 9

POINT II .................................................................................................................. 14

DEFENDANT AND THIRD-PARTY PLAINTIFF'S DESIGNATION OF HIS EXPERT
AND SUBMISSION OF THE EXPERT'S REPORT WERE UNTIMELY AND THE
DELINQUENT DISCLOSURE IS NOT JUSTIFIABLE AND HAS CAUSED
SUBSTANTIAL HARM TO PLAINTIFF AND THIRD-PARTY DEFENDANTS
THEREBY WARRANTING PRECLUSION OF THE EXPERT AT TRIAL OF THIS
ACTION. ................................................................................................................. 14

A.   THE STANDARD ........................................................................................ 14

B.   DISCUSSION OF THE *KAUFMAN* FACTORS ...................................... 15

(i)   FACTOR ONE .............................................................................................. 16

(ii)  FACTOR TWO ............................................................................................. 17

POINT III ................................................................................................................. 22

THE FAILURE OF DEFENDANT/THIRD-PARTY PLAINTIFF MICHAEL A
DOUGLAS TO SERVE DAMAGE ANALYSIS AGREED TO BY COUNSEL IN
THE REPORT OF PARTIES' PLANNING MEETING PARAGRAPH E(9) AND
ORDERED BY THIS COURT SHOULD RESULT IN THIS COURT'S STRIKING
DEFENDANT/THIRD-PARTY PLAINTIFF MICHAEL A. DOUGLAS'S
AFFIRMATIVE DEFENSES AND DISMISSING HIS COUNTERCLAIMS ................... 22

CONCLUSION ......................................................................................................... 23

DouglasTOC.doc

ii

## TABLE OF AUTHORITIES

**CASES:**                                                                                          **Page**

Akeva L.L.C. v. Mizuno Corp., 212 F.R.D. 306 .................................................................. 17

Al Barnett & Son, Inc. v. Outboard Marine, Corp., 611 F.2d 32 (3rd Cir. 1979) .................. 10

Blue Grass Steel, Inc. v. Miller Building, Corp., 162 F.R.D. 493 (E. D. Pa. 1995) .............. 13,14

Burnet v. Venturi, 903 F. Supp. 304 (N.D.N.Y. 1995) ......................................................... 11,12

Burton v. R.J. Reynolds Tobacco, Co., 203 F.R.D. 636 (D. Kan. 2001) .............................. 16

Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.,
602 F.2d 1062 (2nd Cir. 1979) ................................................................................................ 18

Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp., 79 F.3d 182 (1st Cir.) ..... 21

Connell v. City of New York, 230 F.Supp.2d 432 (S.D.N.Y. 2002) .................................... 13

Dunlap-McCuller v. Riese Org., 980 F.2d 153 (2d Cir. 1992) ............................................. 20

Eadie v. McMahon, 199 F.R.D. 45 (D. Conn. 2001) ............................................................ 19

El-Yafi v. 360 East 72nd Owners Corp., 164 F.R.D. 12 (S.D.N.Y. 1995) ........................... 14

Equant Integrations Services, Inc. v. United Rentals (North America), Inc.,
217 F.R.D. 113 (D. Conn. 2003) ............................................................................................ 19

Furlong v. Circle Line Statue of Liberty Ferry, Inc., 902 F. Supp. 65 (S.D.N.Y. 1995) ....... 20

Handwerker v. AT&T Corp., 211 F.R.D. 203 (S.D.N.Y. 2002), aff'd, 93 Fed. Appx. 328
(2nd Cir 2004) ......................................................................................................................... 13

Haraway v. Nat'l. Ass'n. For Stock Car Auto Racing, Inc., 213 F.R.D. 161
(D. De. 2003) ......................................................................................................................... 11

Heidtman v. County of El-Paso, 171 F.3d 1038 (5th Cir. 1999) ........................................... 21

Hicks v. Feeney, 124 F.R.D. 79 (D. De. 1987) ..................................................................... 11,12

Hyun v. South Kent School, 1997 U.S. Dist. LEXIS 14622, No. 3:95CV2235(AHN)
(D. Conn. Sept. 17, 1997) ...................................................................................................... 18,19

In Sook Yoon v. Celebrity Cruises, Inc., 1999 U.S. Dist. LEXIS 2779,
No. 3808 (DC), at *14-15 (S.D.N.Y. March 10, 1999) .................................................. 12

Inmuno Vital, Inc. v. Telemundo Group, Inc., 203 F.R.D. 561 (S.D. Fla. 2001) .................. 13

Kaufman v. National Railroad Passenger Corp., 2004 U.S. Dist. LEXIS 414,
3:02 CV1700 (D. Conn. Jan. 15, 2004) .....................................................................15,16,17,18,19,21

Klonski v. Mahlab, 156 F.3d 255 (1st Cir. 1998) ............................................................ 21

Lew v. Kona Hospital, 1985 U.S. App. LEXIS 22202 at *16 (9th Cir. 1984) ...................... 12

Penthouse International, Ltd. v. Playboy Enterprises, Inc., 663 F.2d 371 (2d Cir. 1981) ..... 9

Rehwaltdt v. Electronic Data Systems, Corp., 1996 U.S. Dist. LEXIS 22125,
No. 95-876, at *27 (W.D.N.Y. March 28, 1996) ............................................................ 12

Salgado v. General Motors Corp., 150 F.3d 735 (7th Cir. 1998) ..................................... 21

Shamis v. Ambassador Factors, Corp., 34 F. Supp.2d 879 (S.D.N.Y.) .............................. 13

Softel, Inc. v. Dragon Med. And Scientific Communications, Inc., 118 F.3d 955
(2d Cir. 1997) ................................................................................................................ 20

Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277 (8th Cir. 1994) ........................ 21

Szilvassy v. United States of America, 82 F.R.D. 752 (S.D.N.Y. 1979) *quoting*
National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976)
(per curiam) .................................................................................................................. 10,11

T.B.I. Industrial Corp. v. Emery Worldwide, 900 F.Supp. 687 (S.D.N.Y. 1995) ................. 14

United States of America v. One Lot of U.S. Currency Totaling $506,537.00,
628 F. Supp. 1473 (S.D. Fla. 1986) ................................................................................ 11

Update Art, Inc. v. Modiin Publishing Ltd., 843 F.2d 67 (2nd Cir. 1988) .......................... 9,22

Wolak v. Spucci, 217 F.3d 157 (2d Cir. 2000) ................................................................ 20

**STATUTES & RULES:**

Fed. R. Civ. Proc. 16(b) .................................................................................................. 16

Fed. R. Civ. Proc. 26 ..................................................................................................... 2

Fed. R. Civ. Proc. 26(a) ................................................................................................ 19,21

Fed. R. Civ. Proc. 26(2) ................................................................................................ 15

Fed. R. Civ. Proc. 26(f) ................................................................................................. 16

Fed. R. Civ. Proc. 30 ..................................................................................................... 2

Fed. R. Civ. Proc. 37 ..................................................................................................... 2,8,9,10,13,21

Fed. R. Civ. Proc. 37(a) ................................................................................................ 11

Fed. R. Civ. Proc. 37(b) ................................................................................................ 21

Fed. R. Civ. Proc. 37(c)(1) ............................................................................................ 15

Fed. R. Civ. Proc. 37(d) ................................................................................................ 8,11,12,14

**TREATISES:**

6 Moore's Federal Practice, § 26.02 (Matthew Bender 3d ed.) ................................... 18

6 Moore's Federal Practice, §26.27[2][b] (Matthew Bender 3d ed.) ........................... 16

6 Moore's Federal Practice, §26.23[2] (Matthew Bender 3d ed.) ............................... 18

DouglasTOA.doc

iii

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

    v.                                            3:02CV00907(PCD)

MICHAEL A. DOUGLAS,
    *Defendant.*
------------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff,*

    v.                                             January 14, 2005

NORMAN R. BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
------------------------------------X

PLAINTIFF NORMAN C. BLOOM AND THIRD-PARTY DEFENDANTS
NORMAN R. BLOOM REVOCABLE TRUST, NORMAN R. BLOOM FAMILY
SPRAY TRUST, AND NORMAN R. BLOOM IRREVOCABLE INSURANCE
TRUST'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE
TO: 1) STRIKE THE COUNTERCLAIMS AND DEFENSES OF DEFENDANT/
THIRD-PARTY PLAINTIFF MICHAEL A. DOUGLAS AND/OR PRECLUDE
THE TESTIMONY OF ATTORNEY MICHAEL A. DOUGLAS;
2) TO PRECLUDE DEFENDANT/THIRD-PARTY PLAINTIFF MICHAEL A.
DOUGLAS'S EXPERT WITNESS SID M. MILLER FROM TESTIFYING IN
THIS MATTER; 3) TO STRIKE THE COUNTERCLAIMS AND DEFENSES
AND/OR PRECLUDE THE TESTIMONY OF DEFENDANT/THIRD-PARTY
PLAINTIFF MICHAEL A. DOUGLAS FOR FAILING TO SERVE A DAMAGE
ANALYSIS AS REQUIRED BY THE REPORT OF PARTIES PLANNING MEETING,
PARAGRAPH E (9) WHICH WAS APPROVED AND ADOPTED AS AN ORDER
OF THIS COURT (DOCKET NO. 21); AND 4) FOR THE COURT REPORTER'S
CHARGES DUE TO THE BELATED CANCELLATION BY DEFENDANT/
THIRD-PARTY PLAINTIFF MICHAEL A. DOUGLAS OF FOUR (4) DEPOSITION
DATES TO WHICH HE HAD SPECIFICALLY AGREED.

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

1

Now come plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust, and submit this Memorandum of Law in support of their motion *in limine*: 1) to strike the affirmative defenses and counterclaim of defendant and third-party plaintiff, Michael A. Douglas, Esq., and/or to preclude the testimony of Attorney Douglas at trial for repeated failure to appear for properly noticed depositions without justifiable excuse; 2) to preclude the testimony at trial of Sid M. Miller, Esq., the attorney delinquently disclosed as an expert witness by defendant and third-party plaintiff, Michael A. Douglas; 3) to strike the counterclaims and defenses and/or preclude the testimony of defendant/third-party plaintiff Michael A. Douglas for failing to serve a damage analysis as required by the Report of Parties Planning Meeting, paragraph E (9) which was approved and adopted as an order of this Court (Docket No. 21); and 4) for the court reporter's fees due to the belated cancellation by Attorney Michael A. Douglas of four (4) scheduled depositions. The motion to strike the pleadings and/or preclude the testimony of Attorney Douglas and to preclude the expert testimony of Sid M. Miller, Esq. is made pursuant to Rules 26 and 37 of the Fed. R. Civ. Proc. In support of their motion, plaintiff and third-party plaintiffs also submit the accompanying 28 U.S.C. §1746 Statement of their counsel, Frederick A. Lovejoy, Esq.

## STATEMENT OF FACTS

A.  Attempts to Take the Deposition of Michael A. Douglas, Esq.[1]

Over a period of six months, plaintiff and third-party defendants served a total of seven Notices of Deposition upon Attorney Douglas pursuant to Rule 30 of the Fed.R. Civ. Proc.; i.e.,

---

[1] Unlike the situation in most cases, here Michael A. Douglas is a practicing lawyer admitted in 1967 to the Bar of the State of New York, who surely was, at all times, well aware of his duties to cooperate in the discovery in this case and to abide by the deadlines and Orders issued by this Court.

on April 15, 2003, July 28, 2003, August 4, 2003, August 25, 2003, September 12, 2003, October 1, 2003, and November 20, 2003. *See* Lovejoy 28 U.S.C. §1746 Statement, ¶ 7. Each of these Notices is annexed as Exhibits 1 through 7 to the Lovejoy 28 U.S.C. §1746 Statement. Despite diligent efforts by plaintiff/third-party defendants to obtain the pretrial testimony of Attorney Douglas, he has repeatedly failed to appear on the dates noticed for his deposition. He has used an endless parade of excuses that ranged from illness to bad weather to sudden unavailability. Full details of Attorney Douglas's attempts to avoid appearing for his deposition are provided in the Lovejoy 28 U.S.C. §1746 Statement, *see* ¶¶s 6 to 26, and are not set forth at length here. In short, Attorney Douglas habitually cancelled depositions at the last possible moment, often with less than 24 hours advance notice thereby causing plaintiff and third-party plaintiff's severe and undue prejudice in their preparation for trial. Not only have they been unable to obtain the testimony of Attorney Douglas despite repeated efforts, but they have also been forced to incur unnecessary and duplicative legal fees for multiple preparations for the same deposition. *See* Lovejoy 28 U.S.C. §1746 Statement, ¶¶ 14 and 15. Moreover, court reporter costs have been incurred for the "no shows" of Attorney Douglas on the scheduled deposition dates. *See* Lovejoy 28 U.S.C. §1746 Statement, ¶ 11. While the court reporter's billings for Attorney Douglas's "no shows" were forwarded to his counsel by letter dated January 7, 2005 (see Exhibit 9 to the 28 U.S.C. §1746 Statement of Frederick A. Lovejoy), Attorney Michael A. Douglas has failed to voluntarily pay those charges.

Additionally, plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust were prejudiced by Attorney Douglas's refusal to be deposed in that plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R.

3

Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust were required to file their Motion for Summary Judgment by December 5, 2003 (Docket Nos. 47 and 48), but had to do so without the benefit of having taken Attorney Douglas's deposition. (See Exhibit 16 to Lovejoy 28 U.S.C. §1746 Statement)

Thus, plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust believes that Attorney Michael A. Douglas was improperly able to create issues of material fact, for the purposes of defeating plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust's Motion for Summary Judgment where none, in fact, existed. His actions resulted in plaintiff/third-party defendants' Motion for Summary Judgment being denied, in full, and in causing plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust in incurring substantial legal fees and costs associated in filing their Motion for Summary Judgment.

Not only did Attorney Michael A. Douglas not show for his depositions on seven (7) occasions, but he repeatedly caused the other depositions that counsel for plaintiff Norman C. Bloom/third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust had noticed to be postponed and/or rescheduled because Attorney Michael A. Douglas wanted to personally attend at each and every deposition that was to be taken in this matter.

Certainly, it is inexplicable how Attorney Michael A. Douglas was able to attend the depositions of six (6) witnesses over the period of a year, yet not be able to make his own

deposition on any of the dates to which he had specifically agreed. (See Lovejoy 28 U.S.C. §1746 Statement, ¶¶ 19 – 23 and 26 and Exhibits 10, 11, 12, 13 and 14 attached thereto) As such, it would be obvious that Attorney Douglas's purpose was to avoid the taking of his deposition and to cause the plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust to incur substantial additional legal fees and expenses. Since Attorney Douglas knew that counsel for plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust would have to review the thousands of pages of documents he produced he was also no doubt aware of the time that would be required to prepare for the taking of his deposition.

B.  Disclosure of Defendant and Third-Party Plaintiffs' Expert

This Court's Endorsed Scheduling Order dated September 2, 2003 set **October 10, 2003** as the last and final date for defendant and third-party plaintiff to disclose its experts and provide its experts' reports. That same order established **November 14, 2003** as the date by which plaintiff's and defendant's experts had to be deposed.[2]

Despite the foregoing cut-off dates, defendant and third-party plaintiff did not disclose its expert witness or provide its expert's report until **December 3, 2003**. *See* Lovejoy 28 U.S.C. §1746 Statement, ¶¶ 27, 28, 29 and 30, and Exhibit 15 attached thereto. This is the date on

---

[2] This represented the second extension of the cut-off date for discovery specifically regarding experts. The Court's Endorsement Order dated April 28, 2003 (filed April 29, 2003), had set September 19, 2003 as the first extended date by which defendant and third-party plaintiff had to disclose his expert and the expert's report. The court granted both extensions of the deadlines regarding discovery on experts pursuant to motions on the consent of both parties. The reason that both extensions had been requested was that defendant/third-party plaintiff Michael A. Douglas had failed to appear for his properly noticed deposition, and plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust believed they needed Michael A. Douglas's deposition transcript to provide to their expert for the purpose of Professor Curtis's providing his expert opinion. Professor Curtis's expert opinion was, nonetheless, served within the deadlines set by this Court.

5