UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

v.                                                          3:02CV00907(PCD)

MICHAEL A. DOUGLAS,
    *Defendant.*
------------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff,*

v.                                                          January 14, 2005

NORMAN R. BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
------------------------------------X

28 U.S.C. §1746 STATEMENT OF FREDERICK A. LOVEJOY
IN SUPPORT
OF PLAINTIFF NORMAN C. BLOOM AND THIRD-PARTY DEFENDANTS
NORMAN R. BLOOM REVOCABLE TRUST, NORMAN R. BLOOM FAMILY
SPRAY TRUST, AND NORMAN R. BLOOM IRREVOCABLE INSURANCE
TRUST'S MOTION IN LIMINE TO: 1) STRIKE THE COUNTERCLAIMS AND
DEFENSES OF DEFENDANT/THIRD-PARTY PLAINTIFF MICHAEL A.
DOUGLAS AND/OR PRECLUDE THE TESTIMONY OF ATTORNEY
MICHAEL A. DOUGLAS; 2) TO PRECLUDE DEFENDANT/THIRD-PARTY
PLAINTIFF MICHAEL A. DOUGLAS'S EXPERT WITNESS SID M. MILLER
FROM TESTIFYING IN THIS MATTER; 3) TO STRIKE THE COUNTERCLAIMS AND
DEFENSES AND/OR PRECLUDE THE TESTIMONY OF DEFENDANT/THIRD-PARTY
PLAINTIFF MICHAEL A. DOUGLAS FOR FAILING TO SERVE A DAMAGE
ANALYSIS AS REQUIRED BY THE REPORT OF PARTIES PLANNING MEETING,
PARAGRAPH E (9) WHICH WAS APPROVED AND ADOPTED AS AN ORDER OF
THIS COURT (DOCKET NO. 21); AND 4) FOR THE COURT REPORTER'S CHARGES
DUE TO THE BELATED CANCELLATION BY DEFENDANT/THIRD-PARTY
PLAINTIFF MICHAEL A DOUGLAS OF FOUR (4) DEPOSITION
DATES TO WHICH HE HAD SPECIFICALLY AGREED.

1.     That I am over the age of eighteen (18) years and understand the obligation of an

oath.

1

2. That I am counsel for plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust, and as such, am fully familiar with the facts and circumstances of this matter.

3. That the defendant/third-party plaintiff Michael A. Douglas is an attorney admitted to practice in the State of New York, having been admitted in 1967.

4. That on January 20, 2003, counsel for the parties executed their Report of Parties' Planning Meeting, which included dates by which the parties were to depose witnesses, disclose expert reports, conduct expert depositions, and to serve damage analyses (Docket No. 21).

5. That by Order of this Court dated February 5, 2003, this Court adopted as its Order the Report of Parties Planning Meeting with certain modifications thereto.

6. That because defendant/third-party plaintiff Michael A. Douglas habitually failed to show up for his deposition on the various dates that he had specifically agreed, the undersigned was forced on at least three occasions to file a Motion to Enlarge the Time to: 1) take depositions, 2) serve expert reports and take expert depositions, and 3) file dispositive motions (see Docket Nos. 25, 27 and 28, and the Court's Orders dated April 29, 2003, September 9, 2003 and October 31, 2003 relating thereto).

7. That during this litigation, during a six-month period, seven (7) Notices of Deposition were served noticing the deposition of Attorney Michael A. Douglas for seven dates that had previously been agreed to by Attorney Michael A. Douglas prior to the issuance of the Notices of Deposition (see Exhibits 1, 2, 3, 4, 5, 6, and 7 attached hereto).

8. That on at least five of the occasions that Attorney Michael A. Douglas had agreed to have his deposition taken and an appropriate Notice of Deposition had been served, I

received on the day before the deposition, late afternoon or evening telephone messages or calls from counsel for Attorney Michael A. Douglas in which his counsel stated that Attorney Michael A. Douglas would not be appearing for his deposition on the following day; i.e., the depositions scheduled for May 7, 2003, August 12, 2003, September 19, 2003, October 15, 2003, and November 24, 2003.

9. That, thereafter, on each occasion I immediately telephoned the Court Reporter that I had engaged to cover the deposition of Attorney Michael A. Douglas to advise her of the cancellation.

10. That I understand that because of the tardy notice of the cancellation of his depositions, the Court Reporter Marion Strachman could not obtain work for four of the dates in question; i.e., August 17, 2003, September 19, 2003, October 15, 2003, and November 24, 2003.

11. That the Court Reporter Marion Strachman billed my office for her appearance fees for the four dates that Attorney Michael A. Douglas did not provide proper and sufficient advance notification of the cancellation of his depositions. (Attached hereto as Exhibit 8 is the November 25, 2003 Invoice of Marion Strachman)

12. That I presented the Court Reporter, Marion Strachman's, November 25, 2003 Invoice to Attorney Michael A. Douglas's counsel by letter dated January 27, 2004, for payment, but Attorney Michael A. Douglas has refused or neglected to pay the Court Reporter's invoice. (See Exhibit 9 attached hereto)

13. That on one occasion; i.e., the May 7, 2003 deposition date, I received a belated cancellation of Attorney Michael A. Douglas and advised the Court Reporter, Marion Strachman, of the cancellation, who was on this occasion able to find substitute work for the date in question.

14. That on four of the six occasions when defendant/third-party plaintiff Michael A. Douglas's counsel personally telephoned and advised that Attorney Michael A. Douglas was not going to keep his word and appear for his depositions, I objected to Attorney Michael A. Douglas's postponement or cancellation of his deposition, pointing out to his counsel that this matter was complex and involved a huge number of documents, which required the undersigned to spend a substantial amount of time preparing on each occasion for Attorney Michael A. Douglas's deposition, and that the repeated preparations for Michael A. Douglas's depositions were resulting in my client incurring unnecessary legal fees.

15. That on the two of the six occasions when Attorney Michael A. Douglas cancelled his depositions, I telephoned his counsel the next day and objected to the cancellations due to the fact that I had set aside the date in question, spent a considerable amount of time preparing for Attorney Michael A. Douglas's deposition, and it was repeatedly costing my client significant legal fees because of Attorney Michael A. Douglas's actions.

16. That the purpose in taking Attorney Michael A. Douglas's deposition was multifold. In particular, I desired Attorney Michael A. Douglas's deposition for the purpose of providing his deposition transcript to plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust's expert witness Professor Dennis Curtis, prior to having him render his expert opinion, and for the purpose of using it in conjunction with filing a Motion for Summary Judgment on behalf of plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust.

17. That I made known to counsel for Attorney Michael A. Douglas why I was seeking the deposition of Michael A. Douglas other than the standard reasons I wished to depose Attorney Michael A. Douglas.

18. That some time after Attorney Michael A. Douglas's tardy cancellation of his deposition scheduled for September 19, 2003, I learned that the reason that Attorney Michael A. Douglas provided to his counsel, which was relayed to me, for not being able to attend his deposition scheduled for September 19, 2003 was not truthful; i.e., Hurricane Isabelle, but the real reason for the cancellation of the September 19, 2003 deposition was that Attorney Michael A. Douglas had gone to Miami, Florida to meet with prospective clients from Dubai.

19. That the deposition of Richard DiMarco, Esq. was taken on <u>August 8, 2003</u>, and Attorney Michael A. Douglas attended that deposition. (See Exhibit 10 - highlighting ours)

20. That the deposition of Richard Zeisler, Esq. was taken on <u>August 14, 2003</u>, and Attorney Michael A. Douglas attended that deposition. (See Exhibit 11 - highlighting ours)

21. That when I saw Attorney Michael A. Douglas at the deposition of Richard Zeisler, Esq., on August 14, 2003, I stated to Attorney Michael A. Douglas that I was surprised to see him because his attorney had advised me that he was ill, and in response to my comment Attorney Michael A. Douglas smiled and stated, "I had a miraculous recovery."

22. That at the deposition of Richard Zeisler, Esq., Attorney Zeisler stated that he had lunch with Attorney Michael A. Douglas prior to the taking of his deposition. (See Exhibit 12 - highlighting ours)

23. That the depositions of Mario J. Zangari, Esq. and Christine Barker, Esq. were taken on August 15, 2003, and Attorney Michael A. Douglas attended. (See Exhibits 13 and 14 attached hereto – highlighting ours)

24. That I believe, based on observing Attorney Michael A. Douglas at the depositions of Richard Zeisler, Esq., Mario Zangari, Esq. and Christine Barker, Esq., and based on the comment that he made to me at the deposition of Richard Zeisler, Esq., that Attorney Michael A. Douglas had not been truthful in claiming that the reason that he could not have his deposition taken on August 12, 2003 was that he was ill.

25. That based on the inaccurate information, which I was unaware of at the time, I filed plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust's Motion for an Extension of Time to take Attorney Michael A. Douglas's deposition, and to reset the dates for the disclosure of expert reports, the taking of expert depositions, and the filing of dispositive motions. (See Docket No. 28 at paragraph 6)

26. That Attorney Michael A. Douglas also personally attended the depositions that were taken of John Volk and Norman Bloom.

27. That on or about October 15, 2003, I telephoned counsel for Attorney Michael A. Douglas to determine the whereabouts of defendant/third-party plaintiff Michael A. Douglas's expert disclosure, which was to be served by October 10, 2003, and was advised by his counsel at that time that he believed that Attorney Michael A. Douglas would not be disclosing any expert witnesses.

28. That on December 3, 2003, I receive by telefax the Defendant/Third-Party Plaintiff's Disclosure of Expert Witness, dated November 17, 2003. (See Exhibit 15 attached hereto – highlighting ours)

29. That when I telephoned counsel for Attorney Michael A. Douglas to complain about: 1) the tardy service of defendant/third-party plaintiff's Disclosure of Expert Witness some

6

fifty-four (54) days after the Court Ordered deadline of October 10, 2003; 2) the fact that he had previously advised me that Attorney Michael A. Douglas would not be disclosing an expert witness, and 3) the fact that the document contained a Certification indicating service on November 17, 2003, but that the first I received it was on December 3, 2003, Michael A. Douglas's counsel, George R. Ciampa, Esq., admitted to me that the defendant/third-party plaintiff's Disclosure of Expert Witness had not been served; i.e., mailed, on November 17, 2003.

30. That when I pressed Attorney Michael A. Douglas's counsel for an explanation of why defendant/third-party plaintiff's Disclosure of Expert Witness was <u>fifty-four (54) days late, and well past the November 14, 2003 deadline for the taking of expert depositions</u>, all that George R. Ciampa, Esq. stated was that Attorney Michael A. Douglas had been responsible for obtaining the expert and his report.

31. Additionally, I stated to counsel for Attorney Michael A. Douglas during the aforementioned telephone conversation that plaintiff Norman C. Bloom/third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust's Motion for Summary Judgment was due on December 5, 2003; i.e., in two days, and that it was my opinion that the actions of Attorney Michael A. Douglas in failing to appear for his deposition and in failing to timely disclose his expert had resulted in substantial prejudice to plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust.

32. That in the plaintiff Norman C. Bloom/third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable

Insurance Trust's Motion for Summary Judgment, dated December 5, 2003, I indicated to the Court that I believed that the actions of Attorney Michael A. Douglas had resulting in prejudice in respect to the Motion for Summary Judgment they had filed. (See Exhibit 16 attached hereto – highlighting ours)

33. That on February 20, 2003, I served Expert Interrogatories on counsel for Michael A. Douglas, and on February 26, 2003, counsel for Attorney Michael A. Douglas responded, claiming that Attorney Michael A. Douglas had yet to select an expert witness. (See Exhibits 18 and 19)

34. Thereafter, on or about December 8, 2003, the undersigned received defendant/third-party plaintiff Michael A. Douglas's Supplemental Responses to Expert Interrogatories Propounded by Plaintiff. (See Exhibit 20)

35. That defendant/third-party plaintiff Michael A. Douglas's December 8, 2003 Responses to Interrogatories were served some <u>59 days after</u> this Court had ordered the final date for the service of expert reports/expert disclosures in this case; i.e., October 10, 2003.

36. That at no time has defendant/third-party plaintiff Michael A. Douglas served on the undersigned his damage analysis as agreed, and as Ordered by the Court.

Dated: Easton, Connecticut
January 14, 2005

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*
FREDERICK A. LOVEJOY

Douglas1746StatementFAL.doc