UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------X
NORMAN C. BLOOM,
                    Plaintiff

                    3:02CV907(PCD)
   v.

MICHAEL A. DOUGLAS,
                    Defendant and Third
                    Party Plaintiff

   v.

NORMAN C. BLOOM, NORMAN R.                   JANUARY 21, 2005
BLOOM RECOVABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY TRUST
and NORMAN R. BLOOM IRREVOCABLE
INSURANCE TRUST
                    Third Party Defendants

## DEFENDANT/THIRD-PARTY PLAINTIFF'S OPPOSITION PLAINTIFF'S MOTION FOR MODIFICATION OF THE COURT'S SCHEDULING ORDER

Defendant/Third-Party Plaintiff (defendant), through counsel, **objects** to plaintiff/third-party defendants' (plaintiffs) eleventh hour motion dated January 20, 2005 to modify this Court's Trial Preparation Order dated November 10, 2004, as amended on December 9, 2004. Plaintiffs' Motion 1) contains **material and deliberate misrepresentations** as to defendant's consent; 2) is **untimely and prejudicial**, coming on the **day compliance is due** and after plaintiffs have had **in excess of two months** to prepare their compliance; and 3) does not justify further delay in a case originally filed in 2001 whose underlying events date back to 1995.

### Background

The undersigned counsel first entered his appearance on behalf of defendant Michael Douglas on February 26, 2004. Since that time (and by the record well prior), plaintiff's counsel, Frederick Lovejoy, has been nothing but epically uncooperative and

difficult.  To make matters unbelievably worse, on numerous occasions he has been less than truthful with defense counsel and with the Court.  Presumably hoping such behavior will compensate for his failure to prepare for the upcoming trial (Jury Selection is currently scheduled to begin in less than two weeks), attorney Lovejoy submits the present Motion, along with one flagrant misrepresentation, and several misleading statements designed to paint defendant at fault.  Defense counsel respectfully urges the Court to see the Motion for the unethical tactical move it really is.

On November 10, 2004, this Court issued a Trial Preparation Order mandating that the parties' pre-trial compliance be due in three separate stages.  See Trial Preparation Order, Exhibit A.  Section A was to be due on December 20, 2004, with sections B and C to be due on successive weeks thereafter.  Sometime prior to the December 20, 2004 deadline, Frederick Lovejoy, attorney for plaintiffs, called the undersigned defense counsel to request a 30 day extension, stating that he had a pre-existing obligation related to the death of his father-in-law.  We consented and on December 9, 2004 this Court granted an enlargement of time, moving each deadline back one month.  Under the current Order, Section A of the Trial Preparation Order was due on January 20, 2005.

1.    **Plaintiffs' Motion Misrepresents Defendants' Consent**

Plaintiffs' Motion to Modify expressly states that it is made "on the consent of defendant/third-party plaintiff Michael A. Douglas."  This is not truthful.

On the <u>afternoon</u> before the January 20, 2005 deadline, defense counsel Joshua Lanning received a voicemail from attorney Lovejoy stating, in substance, that he was "going to file for an extension because of the Motion in Limine" filed five days prior.  In that message, attorney Lovejoy requested defense counsel's consent.  See Exhibit B, Affidavit of Joshua Lanning.  At approximately 3:00 p.m., attorney Lanning delivered the

2

message to defense counsel Ira Grudberg who, immediately phoned attorney Lovejoy. In no uncertain terms, attorney Grudberg stated: "We **do not** consent to an extension. We are prepared to file our Trial Preparation Compliance." See, Affidavit of Attorney Lanning, Exhibit B; Affidavit of Ira Grudberg, Exhibit C. Attorney Lovejoy responded that the compliance was to be sent to opposing counsel, not filed with the Court. Attorney Grudberg, indicated that he understood, and the conversation ended.

On June 20, 2005, defense counsel completed their Trial Preparation Compliance, sent Section A to attorney Lovejoy, and filed notice with the Court. Instead of complying with the Trial Preparation Order, Attorney Lovejoy executed a Motion for Modification of the Court's Scheduling Order which, unbelievably, states that it is made "on the consent of defendant/third-party plaintiff Michael A. Douglas."

That statement is not truthful, and it is not an error. Coming less than 24 hours after attorney Lovejoy had been denied consent, he could not have been "confused" or "mistaken" about defense counsel's position. Moreover, the wording of the phrase belies the possibility that this is a dictation error or otherwise a mistake. That attorney Lovejoy took the time to type "on the consent of," implies that the wording was deliberate. It is not a phrase subject to careless errors, as in "does consent"/"does not consent". Most significantly, as detailed more fully below, attorney Lovejoy is not new to misleading this Court.

**2.    Plaintiffs' Motion is Untimely and Prejudicial**

Plaintiffs' Motion for Modification of the Trial Preparation Order is dated on the day Compliance was due, January 20, 2005. His call requesting consent (which was not

3

granted) came on January 19, 2005, after noon. Plaintiffs' thus have let the deadline lapse with no ruling on the requested extension.

In order to comply with the Court's Order, defense counsel spent over thirty hours researching the relevant law, digesting potential exhibits, and isolating each proposed claim of fact. Defendant Douglas has traveled from his home in New York City on two occasions, spending all day with defense counsel in preparing the pre-trial compliance. Notice of Compliance has been filed with the Court and Compliance with Section A was sent to attorney Lovejoy on November 20, 2005. See Defendants Compliance, Exhibit D.

Were the Court to grant the requested extension, defendants would be unquestionably prejudiced. Plaintiffs have defendant's compliance, which outlines his entire case. Given another month to prepare their own compliance, plaintiffs would have the benefit of defendant's disclosure, and its map of defendant's case, laid out for them. Defendant, by contrast, would have to sit idly by, receiving plaintiffs' compliance perhaps moments before trial. In an adversarial system premised on notice full disclosure, such an advantage is unconscionable.

Moreover, defendant's dilemma is a <u>direct result</u> of plaintiffs' failure to secure a timely Order. Had plaintiffs filed their Motion on <u>any day before</u> the day Pre-Trial Compliance was due, the Court could have ruled on the requested extension, and <u>both</u> parties could still serve simultaneous compliance. By waiting literally until the eleventh hour[1], plaintiffs placed defendant in the unenviable position of either 1) violating the Court's Scheduling Order or 2) serving their Pre-Trial Compliance and conferring on defendants a distinct tactical advantage. Defendant deferred to the Court's order. If the

---

[1] Plaintiffs gave no reason for filing their Motion on the last day, nor for failing <u>entirely</u> to comply with the Court's Scheduling Order.

4

Court accedes to plaintiffs requested extension, defendant will be unjustly prejudiced for doing so – and plaintiffs unfairly rewarded for their unfair tactics.

3.     **No Modification of the Court's Scheduling Order is Warranted**

Finally, even if attorney Lovejoy's Motion had been truthful, and even if timely filed and ruled on, it would in no way justify the requested extension.

As in every filed Motion since the undersigned's appearance, Attorney Lovejoy leans on his failure to depose defendant and defendant's expert to justify the requested relief. And as in every such filing, he fails to inform the Court that this has been his choice. Attorney Lovejoy, for example, cites defendant's supposed "failure to produce his expert for deposition." He does not, however, inform the court that plaintiffs have never, in over four years of litigation, noticed or requested such a deposition.

He also cites defendant's supposed "failure to be deposed."[2] This statement is totally misleading. On numerous occasions since the undersigned became involved, defense counsel has offered to make defendant Michael Douglas available for deposition. On each occasion, attorney Lovejoy has refused to take advantage of such offers while simultaneously complaining to the Court of defendants "failure to produce himself for deposition."

Specifically, at plaintiff Norman Bloom's deposition on June 9, 2004, defense counsel Ira Grudberg told attorney Lovejoy that if he would suggest deposition dates, attorney Grudberg would make Mr. Douglas available. See Affidavit of Ira Grudberg, Exhibit C; Affidavit of Joshua Lanning, Exhibit B. Attorney Lovejoy responded that he would. In the eight succeeding months, he never has.

---

[2] Defendant will reply the each of these allegations in further detail in response to Plaintiffs' Motion to Strike and To Preclude dated January 14, 2005.

5

On June 17, 2004, the undersigned sent a letter to attorney Lovejoy reiterating the offer. It stated:

> P.S. Why don't you give me some days in the next four to six weeks when you will be available to depose Mr. Douglas. Give me as much lead time as possible and I will get back to you promptly concerning his availability. <u>If we set date, he will appear</u>.

Exhibit E (emphasis added). Attorney Lovejoy suggested no dates.

Finally, on December 15, 2004, at a Settlement Conference in front of PJO Lawrence Ianotti, Attorney Lovejoy flatly refused to discuss settlement, complaining that he had "never had the opportunity" to depose Douglas. Speciousness notwithstanding, the undersigned <u>again</u> offered to make Douglas available if attorney Lovejoy would just provide dates. PJO Ianotti also told Mr. Lovejoy that he could and should depose Douglas. True to form, he declined. To make matters worse, he fabricated a story to the effect that defense counsel had undertaken to seek permission from the Court to permit Douglas' deposition to be taken though the discovery deadline had passed. Defense counsel never discussed such an undertaking with attorney Lovejoy, nor would it have been necessary, as we offered to facilitate a deposition without objection.

In short, the situation of which attorney Lovejoy now complains is one of his own creation. Moreover, in his zeal to place defendant at a tactical disadvantage, Mr. Lovejoy fails to inform the Court that the dates for which he requests modification are dates he <u>specifically requested</u>. <u>See</u> Motion for Modification dated December 7, 2005, Docket No. 94. It is patently unfair for him to complain of those dates now.

This Court should not be persuaded to extend its deadline merely because there are potentially "hundreds" of exhibits to be disclosed. Plaintiffs have had defendants' disclosure since January 10, 2003. If they have not digested the significant documents in the past two years, they are unlikely to do so in the remaining weeks before trial.

Moreover if attorney Lovejoy were incapable of preparing disclosure of that magnitude, he could simply have referred the matter to a larger, more capable firm.

Finally, attorney Lovejoy requests an extension on the grounds that he had an emergency trip to the Bahamas[3], and a bout of flu. Curiously, he mentioned neither of these in either his message to attorney Lanning nor his conversation with attorney Grudberg. Nor does he state for what time period he was unable to prepare his pre-trial compliance as a result of these "emergencies."

**4. Conclusion**

Based on the above, the patent misrepresentations of Mr. Lovejoy, the blatant failure to comply with the Trial Preparation Order without securing a court order, and the incurable prejudice to defendant, who complied, defendant respectfully requests a default judgment in defendant's favor, in accordance with the Courts Trial Preparation Order, which states "Non-compliance with the above dates by counsel can result in an automatic dismissal or default of the above-captioned case."

                THE DEFENDANT/THIRD PARTY PLAINTIFF
                MICHAEL A. DOUGLAS

                BY_____
                Ira B. Grudberg (ct 24529)
                JACOBS, GRUDBERG, BELT,DOW & KATZ, P.C.
                350 Orange Street, P.O. Box 606
                New Haven, CT  06503
                Phone: (203) 772-3100
                Fax: (203) 772-1691
                igrudberg@jacobslaw.com

---

[3] It is perhaps ironic, in view of the plaintiffs' "unauthorized practice of law" defense to defendant's counterclaim, that Mr. Lovejoy relies on necessary legal work to be performed in the Bahamas. We have no specific information in that regard, but the undersigned would be stunned if opposing counsel were a member of the Bahamian bar.

## CERTIFICATION

I hereby certify that a copy of the Notice of Compliance With Trial Preparation Order was mailed first class, postage prepaid on January 21, 2005, to:

Frederick Lovejoy, Esq.
P.O. Box 56
Easton, CT  06612

                                        Ira B. Grudberg