UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------X
NORMAN C. BLOOM,
                Plaintiff

                                    3:02CV907(PCD)

    v.

MICHAEL A. DOUGLAS,
                Defendant and Third
                Party Plaintiff

    v.

NORMAN C. BLOOM, NORMAN R.               JANUARY 21, 2005
BLOOM RECOVABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY TRUST
and NORMAN R. BLOOM IRREVOCABLE
INSURANCE TRUST
                Third Party Defendants

## **AFFIDAVIT OF ATTORNEY JOSHUA D. LANNING**

The undersigned, under penalty of perjury, avers as follows:

1.    I am counsel for defendant Michael Douglas in the above-captioned matter.

2.    On January 19, 2005 at about 2:00 p.m. I received a voicemail message from attorney Frederick Lovejoy, counsel for plaintiff/third-party defendants.

3.    In substance, attorney Lovejoy's message stated that he planned to file a motion to modify the Court's current Trial Preparation Order on the ground that he had, five days earlier, filed a <u>Motion in Limine</u>.  The message requested our consent.

4.    I immediately directed the message to my superior, Ira Grudberg, who thereupon called attorney Lovejoy in my presence.

5.    Attorney Grudberg told attorney Lovejoy, in no uncertain terms, that we did not consent to any further extension to the Trial Preparation Order.

6.     Attorney Grudberg then confirmed that Notice would be filed with the Court, and Compliance with PTO Section A sent directly to Attorney Lovejoy.  The conversation then ended.

7.     Since filing an appearance in the case, I and attorney Grudberg have on numerous occasions offered to make our client, defendant Michael Douglas, available for deposition.

8.     On June 9, at the deposition of defendant Norman Bloom (which was obtained only on Motion to Compel) I saw Ira Grudberg offer to attorney Lovejoy to make attorney Douglas available for deposition if attorney Lovejoy would provide dates.

9.     Attorney Lovejoy indicated that he would provide dates but never did.

10.    On at least one occasion prior to that, I spoke with attorney Lovejoy by telephone and informed him that if he would provide dates for defendants' deposition, we would make defendant available.  He never did.

11.    On December 15, 2004, at a settlement conference before PJO Lawrence Ionotti, attorney Grudberg again indicated that we would make Michael Douglas available for deposition.

12.    PJO Ionotti even suggested that he provide dates if he was truly concerned about taking defendant's deposition.

12.    Attorney Lovejoy refused to provide dates for such a deposition, but has continued to complain about his "inability to depose defendant" ever since.

13.    Attorney Lovejoy also refused to participate in settlement discussions on the ground that he had not taken defendant's deposition.

Sworn to and signed this 21st day of January, 2005.

_____
Joshua D. Lanning

_____
Commissioner of Superior Court