UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------------------X
NORMAN C. BLOOM,
                       Plaintiff
                                                    3:02CV907(PCD)
       v.

MICHAEL A. DOUGLAS,
                       Defendant and Third
                       Party Plaintiff

       v.

NORMAN C. BLOOM, NORMAN R.                          JANUARY 21, 2005
BLOOM RECOVABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY TRUST
and NORMAN R. BLOOM IRREVOCABLE
INSURANCE TRUST
                       Third Party Defendants
```

## AFFIDAVIT OF ATTORNEY IRA GRUDBERG

The undersigned, under penalty of perjury, avers as follows:

1. I am counsel for Michael Douglas in the above-captioned matter.

2. On January 19, 2004 my co-counsel Joshua D. Lanning brought to my attention that attorney Frederick Lovejoy had requested an extension of time related to the filing of Pre-Trial Compliance.

3. I immediately called attorney Lovejoy, and informed him that we did not consent to a further extension of time and that we were ready to file our Compliance.

4. Attorney Lovejoy noted that only notice was to be filed with the Court, while compliance should be sent directly to him.

5. At no time did he state that he would fail comply with the Court's order.

6. Prior to that, on June 9, 2004, I took the deposition of plaintiff Norman C. Bloom, which went forward only upon this Court's Order compelling his attendance.

7. On that date, notwithstanding the passage of the discovery deadline, I informed attorney Lovejoy that if he would provide available dates, we would make Michael Douglas available for deposition.

8. He indicated that he would get back to me with such dates. He never did.

9. A few days later, on June 17, 2004 I wrote to attorney Lovejoy, reiterating that I would make Michael Douglas available for deposition if attorney Lovejoy would provide dates. There was no reply.

10. Six months later, at a settlement conference before PJO Lawrence Ionotti, Lovejoy refused to participate in settlement discussions because he had been "denied the opportunity to depose defendant." Notwithstanding that this was entirely false, I reiterated that we would make defendant available for deposition.

11. At that point, attorney Lovejoy falsely stated that I had undertaken to request the Court's permission to permit attorney Lovejoy to take my client's deposition, notwithstanding that the discovery deadline had passed.

12. I have never undertaken to do so, nor would it have been necessary, as I was willing to produce Michael Douglas for deposition, regardless of any objection I had available.

13. PJO Ionotti suggested that Lovejoy provide some dates if he was interested in taking the deposition.

14. Lovejoy refused to do so.

Sworn to and signed this 21st day of January, 2005.

_____
Joshua D. Lanning

_____
Commissioner of Superior Court