UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 JAN 31 A 8:59

U.S. DISTRICT COURT
NEW HAVEN, CT

3:02CV00907(PCD)

------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

v.

MICHAEL A. DOUGLAS,
    *Defendant.*
------------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff,*

v.

NORMAN R. BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
------------------------------------X

January 28, 2005

PLAINTIFF NORMAN C. BLOOM AND THIRD-PARTY DEFENDANTS
NORMAN R. BLOOM REVOCABLE TRUST, NORMAN R. BLOOM
FAMILY SPRAY TRUST, AND NORMAN R. BLOOM IRREVOCABLE
INSURANCE TRUST'S REPLY TO DEFENDANT/THIRD PARTY PLAINTIFF
MICHAEL A. DOUGLAS'S OPPOSITION (SIC) PLAINTIFF'S MOTION FOR
MODIFICATION OF THE COURT'S SCHEDULING ORDER

Now come plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust; Norman R. Bloom Family Spray Trust; and Norman R. Bloom Irrevocable Insurance Trust, and state as follows in reply to Defendant/Third-Party Plaintiff's Opposition to Motion for Modification of the Court's Scheduling Order:

First: While the undersigned inadvertently left one of three references in Plaintiff and Third-Party Defendants' Motion for Modification of the Court's Scheduling Order, dated January 20, 2005, from the template used for its December 7, 2004 motion, defendant/third-party

plaintiff's counsel's personal attack and accusations against the undersigned are unfounded. (See Exhibit 1 attached hereto – highlighting ours)

Obviously, if counsel had either inadvertently or purposely misrepresented Mr. Grudberg's position, he would certainly bring it to the Court's attention. Here, Mr. Grudberg not only brought the issue to the Court's attention, but has attempted to gain advantage out of it. Simply put, he appears to attempt to divert the Court's attention from the repeated violations of his client, defendant/third-party plaintiff Michael A. Douglas, in failing to comply with this Court's orders; i.e., 1) damages analysis disclosure, 2) expert witness disclosure and deposition, and 3) his failure to repeatedly appear for his deposition.

<u>Second</u>: Counsel for defendant/third-party plaintiff Michael A. Douglas's recitations that they agreed to make Michael A. Douglas available for deposition are inaccurate. Simply put, the only discussion that took place concerning Michael A. Douglas's deposition was instigated by the undersigned on June 9, 2004, immediately following the conclusion of Norman C. Bloom's deposition with Mr. Grudberg. At that time, Mr. Grudberg had instructed Joshua Lanning to go have photocopies of the exhibits to Norman C. Bloom's depositions made and Mr. Lanning was not in the room during the discussions. (This probably is why Mr. Lanning states at para. 8 that, "... I saw ...")

Simply put, on June 9, 2004, I attempted to get Ira Grudberg to, at that very time, to agree to a specific date for a deposition of Michael A. Douglas because Mr. Douglas was in attendance at plaintiff Norman C. Bloom's deposition. (See Exhibit 2) Mr. Grudberg refused to provide a date unless I would agree to allow him to re-open defendant/third-party plaintiff's discovery, to which I would not agree. This very position was memorialized in the correspondence I sent to Ira Grudberg, Esq. two days later on June 11, 2004. (See Exhibit 3)

Moreover, Attorneys Grudberg and Lanning cannot even get their purported story straight. In their affidavits dated January 21, 2005, both claim that Ira Grudberg offered to produce Michael A. Douglas. However, in Defendant's Reply Brief in Support of Motion For Permission to Disclose Expert, dated October 5, 2004, Mr. Lanning states that he offered to produce Michael A. Douglas:

> Plaintiff took Defendant's deposition on June 9, 2004. At the end of the deposition, <u>plaintiff's counsel (Frederick Lovejoy) inquired</u> about defendant's availability for deposition. <u>The undersigned informed Mr. Lovejoy</u> that, if he would provide proposed dates for Mr. Douglas's deposition, we would make him available promptly. There has been nothing but resounding silence from plaintiff's counsel over the succeeding months. We are still more than willing to make Mr. Douglas available for deposition.

What is true is that I asked for deposition dates for Michael A. Douglas while he was at Mr. Grudberg's office on June 9, 2004 and he refused to provide me with dates.

Additionally, after receiving Mr. Grudberg's letter dated June 17, 2004, in which he thought Michael A. Douglas's deposition was so important that he <u>mentions it in a post script</u>, I telephoned him to find out if the strings previously attached to the taking of Michael A. Douglas's deposition had been removed, and if so, to provide some dates on which he and Michael A. Douglas would be available. His response was that he would get back to me. I, however, never heard back from Mr. Grudberg.

Simply put, our position, thereafter, is that Michael A. Douglas was an attorney and clearly knew of his obligation to be deposed <u>and</u> that I was not obligated or required by the Fed.R.Civ.P. to beg him to appear for his deposition.

<u>Third</u>: Additionally, the correspondence dated January 28, 2005 sent by Ira Grudberg, Esq. to Ms. Patricia Villano appears to indicate that Mr. Grudberg has existing conflicts that run well into late March, 2005. As such, any additional amount of time that the Court might grant

plaintiff/third-party defendants will not prejudice defendant/third-party plaintiff Michael A. Douglas. (See Exhibit 4)

Finally, with respect to the settlement conference held before PJO Ianotti, we believe that it is unethical for Mr. Grudberg or Mr. Lanning to discuss. At no time did plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust; Norman R. Bloom Family Spray Trust; and Norman R. Bloom Irrevocable Insurance Trust refuse to cooperate in the settlement process. What the undersigned did inform PJO Ianotti was that I believed that my client was being prejudiced because Michael A. Douglas had refused to have his deposition taken, and that plaintiff was further prejudiced because, prior to the commencement of this litigation, Michael A. Douglas had claimed a certain sum, and now was claiming a substantially greater amount, and Michael A. Douglas had never provided a damage analysis.

## CONCLUSION

Based on the foregoing, plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust; Norman R. Bloom Family Spray Trust; and Norman R. Bloom Irrevocable Insurance Trust's Motion for Modification of the Court's Scheduling Order should be granted.

Dated: Easton, Connecticut
January 28, 2005

LOVEJOY & ASSOCIATES
Attorneys for Plaintiff Norman C. Bloom and
Third-Party Defendants Norman R. Bloom
Revocable Trust, Norman R. Bloom Family Spray
Trust, and Norman R. Bloom Irrevocable
Insurance Trust

By: _____
Frederick A. Lovejoy (CT 03121)
P.O. Box 56
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

DouglasReplyToOpp.doc

4

# Exhibit 1

Case 3:02-cv-00907-PCD    Document 107    Filed 01/31/2005    Page 5 of 17

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
---------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

v.                             3:02CV00907(PCD)

MICHAEL A. DOUGLAS,
    *Defendant.*
---------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff,*

v.

                                December 7, 2004

NORMAN R. BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
---------------------------------X

### PLAINTIFF AND THIRD-PARTY DEFENDANTS' MOTION ON CONSENT FOR MODIFICATION OF THE COURT'S SCHEDULING ORDER

Now come plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust, and move this Court, on the consent of defendant/third-party plaintiff Michael A. Douglas, for a modification of the Court's Trial Preparation Order (Docket No. 93), and state in support thereof as follows:

    1.    That this motion is made with the consent of counsel for defendant/third-party plaintiff Michael A. Douglas.

    2.    That on June 27, 2004, the undersigned's father-in-law passed away; Sam D. Eggleston

1

3. That because of various court commitments of the undersigned and because of work commitments of my wife, we were only able to attend the funeral and return to Connecticut.

4. That because of the brief period of time that we were able to assist my mother-in-law in late June 2004, we agreed to spend 11 days with her; i.e., from December 22, 2004 to January 1, 2005, so that we might assist her in going through my father in laws belongings, et cetera, at her home and otherwise assisting her.

5. That we have, heretofore, made and paid for travel arrangements from Connecticut to Virginia and back for the above-referenced time period.

6. That the undersigned would like to honor his commitment in respect to the aforementioned one time only obligation.

7. That because of the above and because of various other deadlines in other cases which fall between December 15 and December 20, 2004, the undersigned respectfully requests that the three dates contained in the Court's Order (Docket No. 93) be rescheduled, for a period of 30 days, respectively to January 20, 2005 from December 20, 2004 (Section A), January 27, 2005 from December 27, 2004 (Section B) and February 5, 2005 from January 5, 2005 (Section C).

8. That this motion is not being made for purposes of harassment or delay.

Dated: Easton, Connecticut
December 7, 2004

LOVEJOY & ASSOCIATES
Attorneys for Plaintiff Norman C. Bloom and Third-Party Defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust

By: _____
Frederick A. Lovejoy (CT 03121)
P.O. Box 56
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

DouglasConsent.doc

SO ORDERED:

_____
U.S.D.J.

# Exhibit 2

```
 1              UNITED STATES DISTRICT COURT
 2                 DISTRICT OF CONNECTICUT
 3
        ------------------------------x VOLUME II
 4   NORMAN C. BLOOM,                 :
 5         Plaintiff,                 :
 6      -versus-                      : No. 3:02CV907
                                              (PCD)
 7   MICHAEL A. DOUGLAS,              :
 8         Defendant and              :
           Third-Party Plaintiff,
 9
        -versus-                      :
10
     NORMAN C. BLOOM; NORMAN R.       :
11   BLOOM REVOCABLE TRUST; NORMAN
     R. BLOOM FAMILY SPRAY TRUST;
12   and NORMAN R. BLOOM IRREVOCABLE
     INSURANCE TRUST,                 :
13
           Third-Party Defendant :
14   ------------------------------x
15
16           Continued Deposition of
17   NORMAN C. BLOOM, taken pursuant to the
18   Federal Rules of Civil Procedure, at the
19   law offices of Jacobs, Grudberg, Belt &
20   Dow, P.C., 350 Orange Street, New Haven,
21   Connecticut, before Gerald Gale, L.S.R.
22   00027, Registered Merit Reporter and a
23   Notary Public in and for the State of
24   Connecticut, on June 9, 2004, at 1:50 p.m.
25
```

SANDERS, GALE & RUSSELL                          (203)624-4157

```
 1    A P P E A R A N C E S:
 2            For the Plaintiff:
 3            FREDERICK A. LOVEJOY, ESQ.
              276 Center Road
 4            Easton, Connecticut   06612
 5
              For the Defendant and Third-Party
 6            Plaintiff:
 7            JACOBS, GRUDBERG, BELT & DOW, P.C.
              350 Orange Street
 8            New Haven, Connecticut   06510
              By:  IRA B. GRUDBERG, ESQ.
 9                 JOSHUA D. LANNING, ESQ.
                   (203) 772-3100
10
11
12    A L S O    P R E S E N T:
13            Michael A. Douglas
              Karla Heczkova, Intern
14
15
16
17
18
19
20
21
22
23
24
25
```

# Exhibit 3

# LOVEJOY & ASSOCIATES
ATTORNEYS AT LAW

Frederick A. Lovejoy*

Jennifer L. Hayes☐
Patricia A. Shepard†

*Admitted NY, CT, RJ and NJ
☐Admitted in NY and CT
†Admitted in CT

276 CENTER ROAD
EASTON, CONNECTICUT 06612
TELEPHONE (203) 459-9941
TELEFAX (203) 459-9943
EMAIL ADDRESS: LOVEJOYADM@AOL.COM

June 11, 2004

Re:  Norman C. Bloom v.
     Michael A. Douglas
     Docket No. 3:02CV907(PCD)
     (Our File 02-307-1)

Ira Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
New Haven, Connecticut 06503

Dear Mr. Grudberg:

As agreed, at Mr. Bloom's deposition, enclosed is the November 25, 2003 invoice of Court Reporter Marion Strachman, which was forwarded to George R. Ciampa, Esq. on January 7, 2004 for payment. Please have Mr. Douglas pay it forthwith.

Additionally, at the deposition of Mr. Bloom, at which Mr. Douglas was present, I requested that you agree to produce Mr. Douglas for deposition, to which you stated that you would not agree, unless I in turn agreed to allow the defendant/third-party plaintiff to take additional depositions as well. Simply put, we will not agree to reopen defendant/third-party plaintiff's discovery in this matter. You are, of course free, to go to Judge Dorsey; however, we will oppose any such motion.

Yours very truly,

Frederick A. Lovejoy

FAL/jl
Enclosure
DouglasGrudberg.doc

RHODE ISLAND OFFICE:
1536 WESTMINSTER STREET, PROVIDENCE, RHODE ISLAND 02909
TELEPHONE: (401) 273-7747   TELEFAX: (401) 421-4818

NEW YORK OFFICE:
82 WALL STREET, SUITE 1105, NEW YORK, NEW YORK 10005
TELEPHONE: (212) 344-1717   TELEFAX: (203) 459-9943

# Exhibit 4

LAW OFFICES OF

# Jacobs, Grudberg, Belt & Dow, P.C.

350 ORANGE STREET
POST OFFICE BOX 606
NEW HAVEN, CONNECTICUT 06503-0606

TELEPHONE (203) 772-3100
FAX (203) 772-1691

OUR FILE NUMBER

HOWARD A. JACOBS
IRA B. GRUDBERG
DAVID L. BELT
WILLIAM F. DOW, III
JONATHAN KATZ
DAVID T. GRUDBERG
BERNARD CHRISTIANSON
ROSEMARIE PAINE
JOSEPH J. PACKTOR
ALINOR C. STERLING
ANDREW I. SCHAFFER
TRISHA M. MORRIS
EDWARD J. McMANUS
JOSHUA D. LANNING

ISRAEL J. JACOBS (1918-1963)

Ms. Patricia A Villano
Deputy Clerk
United States District Court
District Of Connecticut
141 Church Street
New Haven, Connecticut 06510

January 28, 2005

Re:  Bloom v. Douglas
Docket No.: 3:02CV907 (PCD)

Dear Ms. Villano:

Pursuant to the Court's Amended Jury Selection Calendar, I am writing to advise you as to potential scheduling conflicts related to trial of the above-captioned matter. Although Jury Selection is scheduled for February 3, 2005, the Court's current scheduling order makes the case "trial ready" after February 18, 2005.

Following that date, I have the following matters currently scheduled:

1) On February 14, 2005 I am scheduled to begin evidence in a criminal matter in New Haven Superior Court, the jury for which has already been seated. The trial is expected to last one and one-half weeks.

2) On February 17, 2005 I am scheduled to begin jury selection in a civil matter in the New Haven Superior Court. Likewise on February 23, 2005 I am scheduled to begin jury selection in a separate civil matter in the New Haven Superior Court. It is, however, likely that I will be able to have other attorneys from my office handle these matters.

3) On February 24 and February 25, 2005, arbitration hearings are scheduled in a matter to which I am a party. Five attorneys' schedules were accommodated to secure these dates, and it would be exceptionally difficult to reschedule.

Jacobs,
Grudberg,
Belt &
Dow, P.C.

3)   On March 10, I am scheduled to begin jury selection in a matter before the New Haven Superior Court which, among the attorneys in my firm, only I am reasonably able to try.

Please contact me if you have any questions or need further information from my office on these matters.

Very truly yours,

Ira B. Grudberg

P.S. Related to this matter, I did receive one message this morning from opposing counsel Frederick Lovejoy, which came while I was at a federal sentencing proceeding in Hartford. I returned the call early this afternoon only to get his voicemail, and thereafter received his fax, which appears to imply that I failed respond to his "good faith effort" to contact me.

TOTAL P.05

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on January 28, 2005, postage prepaid, to:

Joshua Lanning, Esq.
Ira B. Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
New Haven, Connecticut 06503

Frederick A. Lovejoy

5

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on January 28, 2005, postage prepaid, to:

Joshua Lanning, Esq.
Ira B. Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
New Haven, Connecticut 06503

Frederick A. Lovejoy

5