# **EXHIBIT K**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

NORMAN C. BLOOM,
     *Plaintiff,*

           v.

                               3:02CV1416 (PCD)

MICHAEL A. DOUGLAS,
     *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

MICHAEL A. DOUGLAS,
     *Third-Party Plaintiff,*

           v.

                             May 5, 2003

NORMAN C. BLOOM, NORMAN R.
BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
     *Third-Party Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PLAINTIFF/THIRD-PARTY DEFENDANTS' OBJECTIONS AND RESPONSES TO
DEFENDANT AND THIRD-PARTY PLAINTIFF MICHAEL A. DOUGLAS' AMENDED
REQUEST FOR PRODUCTION OF DOCUMENTS, DATED FEBRUARY 25, 2003 TO
<u>PLAINTIFF AND ALL THIRD-PARTY DEFENDANTS</u>**

Pursuant to Federal Rule of Civil Procedure, Rules 26 and 34, Plaintiff/Third-Party

Defendants hereby object and respond to "Defendant/Third-Party Plaintiff Michael A. Douglas'

Amended Request to Plaintiff and All Third-Party Defendants For production of Documents" (the

"Discovery Requests") on the grounds set forth below and as follows:.

I.    <u>GENERAL OBJECTIONS</u>

The following General Objections are incorporated into each specific objection to each

interrogatory and/or request for production below as if fully set forth therein.

1.      Plaintiff/Third-Party Defendants object to the Discovery Requests to the extent that they purport to require the production of information and documents not required by the Federal Rules of Civil Procedure or any other applicable statute or rule.

2.      Plaintiff/Third-Party Defendants object to the Discovery Requests to the extent that they purport to impose obligations on Plaintiff/Third-Party Defendants beyond those set forth in the Federal Rules of Civil Procedure or any other applicable statute or rule.

3.      Plaintiff/Third-Party Defendants object to the Discovery Requests to the extent that any specific interrogatory or request purports to seek the production, disclosure, or identification of any documents or information not within the possession, custody or control of Plaintiff/Third-Party Defendants.

4.      Plaintiff/Third-Party Defendants object to the definition of "You" in the Instructions and Definitions of the Discovery Requests as overly broad and beyond the scope of Plaintiff/Third-Party Defendants' obligations under the Federal Rules of Civil Procedure to the extent that the definition purports to require Plaintiff/Third-Party Defendants to produce, disclose, or identify documents and information from Plaintiff/Third-Party Defendants' "affiliates or other people acting on its behalf." The below objections, as well as any subsequent objections or responses, to the Discovery Requests are on behalf of Plaintiff/Third-Party Defendants only, and where applicable, its officers, managers, agents and/or representatives.

5.      Plaintiff/Third-Party Defendants object to certain Discovery Requests as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

6.      Plaintiff/Third-Party Defendants object to the Discovery Requests on the grounds that (a) they are overly broad, unduly burdensome, vague and ambiguous, and/or (b) they seek the

2

disclosure of information or documents that are not reasonably calculated to lead to the discovery of admissible evidence.

7.    Plaintiff/Third-Party Defendants object to the Discovery Requests to the extent that they purport to seek the production of documents or disclosure of information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from discovery. Plaintiff/Third-Party Defendants expressly reserve the right to demand the return of such documents, without prejudice to any claim of privilege, in the event any such document is inadvertently produced.

8.    In providing these Objections to the Discovery Requests, Plaintiff/Third-Party Defendants do not in any way waive or intend to waive, but rather intend to preserve and are preserving:

(a)    all objections as to the competency, relevance, materiality, and admissibility of the requests, interrogatories or Plaintiff/Third-Party Defendants' responses, or the subject matter thereof of any documents produced;

(b)    all objections as to vagueness, ambiguity, and undue burden;

(c)    all rights to object on any ground to the use of any of said documents or responses, or the subject matter thereof, in any subsequent proceedings;

(d)    all rights to object on any ground to any request for further responses to these or any other requests for documents or interrogatories or to other discovery requests involving or related to the subject matter of the Discovery Request; and

(e)    its right to supplement these Objections and provide responses in the future.

3

9.      Plaintiff and the Third-Party Defendants object to these Requests for Production of Documents to the extent that the requests seek documentation for any individual and/or entity that is not a party to this lawsuit.

## RESPONSES AND OBJECTIONS TO REQUEST FOR PRODUCTION

REQUEST NO. 1:

Please produce all documents which support

(i)     the claims you assert against Michael A. Douglas; and
(ii)    your defense to the claims Michael A. Douglas asserts against you.

Response:

(i)     All documents produced by Defendant/Third-Party Plaintiff Michael A. Douglas in this litigation to date and all documents that will be obtained from non-party witnesses through discovery in this case.  Defendant/Third-Party Plaintiff Michael A. Douglas may inspect the aforementioned documentation at a time and place mutually agreed to by counsel for the parties (presently believed to be over 15,000 sheets of paper).

(ii)    Plaintiff Norman C. Bloom and the Third-Party Defendants have not yet identified any such documents other than those referred to in Response to Request No. 1 (i) above.

REQUEST NO. 2:

Please product all documents which you shall proffer at any evidentiary hearing in this matter.

Response:

Plaintiff Norman C. Bloom and the Third-Party Defendants object to this request as vague and overboard.  Plaintiff Norman C. Bloom and the Third-Party Defendants object to this

request as they will be unable to determine what documents they shall proffer "at any evidentiary hearing" until such time as they are appraised as to the nature and scope of such hearing.


REQUEST NO. 3:

Please produce all written retainer agreements between Norman C. Bloom and any Connecticut-licensed attorney (exclusive of Lovejoy & Associates for services related to the prosecution and defense of this action) for legal services related to the distribution of the assets of the Estate of Norman R. Bloom.

Response:

See Exhibit A attached hereto.


REQUEST NO. 4:

Please produce all written retainer agreements between each of the three trusts and any Connecticut-licensed attorney (exclusive of Lovejoy & Associates for services related to the prosecution and defense of this action) for legal services related to the distribution of the assets of the Estate of Norman R. Bloom.

Response:

See Exhibit B attached hereto.


REQUEST NO. 5:

Please produce the agreement between Norman C. Bloom and Cohen and Wolf, which settles the issue of Cohen and Wolf's fees for legal services to Norman C. Bloom related to (i)

the distribution of the assets of the Estate of Norman R. Bloom, and (ii) the negotiation and execution of the Divisive Reorganization Agreement of Tallmadge Bros., Inc.

Response:

Plaintiff Norman C. Bloom and the Third-Party Defendants object to this request as the said agreement is subject to a confidentiality agreement. Additionally, plaintiff Norman C. Bloom and the third-party defendants object to this request as immaterial and irrelevant to the dispute herein and not likely to lead to the discovery of admissible evidence.

REQUEST NO. 6

Please produce the agreements among the three trusts and Cohen and Wolf which settle the issue of Cohen and Wolf's fees for legal services to the three trusts related to the distribution of the assets of the Estate of Norman R. Bloom.

Response:

See response to Request No. 5 above.

REQUEST NO. 7:

Please produce all evidence of payments (exclusive of payments to Lovejoy & Associates for services related to the prosecution and defense of this action) by Norman C. Bloom and by any of the three trusts to any Connecticut-licensed attorney for legal services related to the distribution of the assets of the Estate of Norman R. Bloom.

Response:

Plaintiff Norman C. Bloom and the Third-Party Defendants object to this request as any payments to Cohen & Wolf, P.C. are the subject of a confidentiality agreement. Additionally,

6

plaintiff Norman C. Bloom and the third-party defendants object to this request on the grounds of immateriality and irrelevance and because this request is not likely to lead to the discovery of admissible evidence.

REQUEST NO. 8

Please produce all evidence of payments to Lovejoy & Associates by Norman C. Bloom and by any of the three trusts for legal services related to:

(i)     representation before Connecticut shellfish commissions;
(ii)    representation before the marine division of the Norwalk police department; and
(iii)   an action arising from damage allegedly caused by underwater cables in Long Island Sound.

Response:

Plaintiff Norman C. Bloom and the Third-Party Defendants object to this request as immaterial and irrelevant and not likely to lead to the discovery of admissible evidence. Additionally, plaintiff Norman C. Bloom and the third-party defendants object to this request as it is proffered to cause undue burden and expense to plaintiff Norman C. Bloom and the third-party defendants. Additionally, plaintiff Norman C. Bloom and third-party defendants object to Request 8 (ii) and 8 (iii) as unintelligible and are, therefore, not able to respond to said requests.

REQUEST NO. 9:

Please produce all written retainer agreements between Norman C. Bloom and any Connecticut-licensed attorney for legal services related to the distribution of the assets of the Estate of Norman R. Bloom.

Response:

None.

7

REQUEST NO. 10

Please produce all contracts for the purchase, from 1995 to the present, of real estate in Connecticut, New Jersey, and Vermont, by Norman C. Bloom.

Response:

None.

REQUEST NO. 11:

Please produce all contracts and leases authorizing the use by Norman C. Bloom or by any entity in which Norman C. Bloom had an interest, of oyster grounds in Connecticut and in New Jersey during the years 1995 through 2002.

Response:

Plaintiff Norman C. Bloom objects to this request, as it is immaterial and irrelevant to the subject matter of this lawsuit and is not likely to lead to the discovery of admissible evidence is burdensome and proffered for the purpose of causing undue expense and harassment to plaintiff Norman C. Bloom and the third-party defendants. Additionally, plaintiff Norman C. Bloom objects to this request to the extent that it requests that he produce documentation of another individual or legal entity not a party to this lawsuit.

REQUEST NO. 12

Please produce all bills of sale for all boats acquired by Norman C. Bloom or by any entity in which Norman C. Bloom had an interest, during the years 1995 through 2002.

Response:

Plaintiff Norman C. Bloom objects to this request, as it is immaterial and irrelevant to the subject matter of this lawsuit and is not likely to lead to the discovery of admissible evidence and is proffered to cause undue expense and harassment to plaintiff Norman C. Bloom and the third-party defendants.    Additionally, plaintiff Norman C. Bloom is in the process of providing Interrogatory responses, which contain the information requested herein.    The Bills of Sale, if they exist, are pro forma U.S. Coast Guard Bills of Sale which indicate "0" consideration thereon.    Plaintiff Norman C. Bloom, further, objects to this request to the extent that it requests that he produce documentation of another individual or legal entity not a party to this lawsuit.

REQUEST NO. 13:

Please produce all bills of sale and all leases for all motor vehicles owned or leased by Norman C. Bloom or by any entity in which Norman C. Bloom had an interest, during the years 1995 through 2002.

Response:

Plaintiff Norman C. Bloom objects to this request, as it is immaterial and irrelevant to the subject matter of this lawsuit and is not likely to lead to the discovery of admissible evidence and is proffered to cause undue expense and harassment to plaintiff Norman C. Bloom and the third-party defendants. Additionally, plaintiff Norman C. Bloom objects to this request to the extent that it requests that he produce documentation of another individual or legal entity not a party to this lawsuit.

REQUEST NO. 14:

Please produce all records of planting and transplanting seed oysters in Connecticut, by Norman C. Bloom or by any entity in which Norman C. Bloom had an interest, during the years 1995 through 2002.

Response:

Plaintiff Norman C. Bloom objects to this request, as it is immaterial and irrelevant to the subject matter of this lawsuit and is not likely to lead to the discovery of admissible evidence, is unduly burdensome, and is proffered to cause undue expense and harassment to plaintiff Norman C. Bloom and the third-party defendants. Additionally, plaintiff Norman C. Bloom objects to this request to the extent that it requests that he produce documentation of another individual or legal entity not a party to this lawsuit.

Plaintiff Norman C. Bloom reserves the right to amend these responses based on any new information they might obtain via discovery or otherwise.

Dated: Easton, Connecticut
     May 5, 2003

LOVEJOY & ASSOCIATES
Attorneys for Plaintiff/Third-Party Defendants

By: _____
Frederick A. Lovejoy (CT 03121)
276 Center Road
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

BloomRespondRead.doc

10

Exhibit A

# COHEN AND WOLF, P.C.

## ATTORNEYS AT LAW

AUSTIN K. WOLF
MARTIN F. WOLF
RICHARD L. ALBRECHT
JONATHAN S. BOWMAN
IRVING J. KERN
MARTIN J. ALBERT
STEWART I. EDELSTEIN
NEIL R. MARCUS
DAVID L. GROGINS
ROBERT B. ADELMAN
MICHAEL S. ROSTEN
GRETA E. SOLOMON
JORAM HIRSCH
PAUL B. EDELBERG
ROBIN A. KAHN
RICHARD G. KENT
RICHARD L. NEWMAN
RICHARD SLAVIN
FREDERICK S. GOLD
LINDA LEDERMAN
DANIEL S. NAGEL
RICHARD J. DI MARCO

DAVID B. ZABEL
MARK A. KIRSCH
CHRISTOPHER J. SMITH
NEIL W. SUTTON
DAVID M. LEVINE
JOSEPH G. WALSH
ALEXANDER H. SCHWARTZ
MARY ANN CONNORS
ROBIN G. FREDERICK
MARCI J. SILVERMAN
DAVID A. BALL
MICHAEL F. EWING
JENNIFER L. CHOBOR
JOCELYN B. HURWITZ
SHARON B. BOWLER
STUART M. KATZ
STEVEN L. ELBAUM
MONTE E. FRANK
ELLEN A. JAWITZ
DURWIN P. JONES
JESSICA S. RUBIN
JEFFREY S. WILDSTEIN

OF COUNSEL
ROBERT J. ASHKINS
STUART A. EPSTEIN

HERBERT L. COHEN
(1926-1963)

JACK E. McGREGOR
BUSINESS AND ECONOMIC DEVELOPMENT ADVISOR
ADMITTED IN PENNSYLVANIA ONLY

1115 BROAD STREET
P. O. BOX 1821
BRIDGEPORT, CONNECTICUT 06601-1821
TELEPHONE (203) 368-0211
FACSIMILE (203) 576-8504

158 DEER HILL AVENUE
DANBURY, CONNECTICUT 06810
TELEPHONE (203) 792-2771
FACSIMILE (203) 791-8149

595 SUMMER STREET
P. O. BOX 1194
STAMFORD, CONNECTICUT 06904-1194
TELEPHONE (203) 964-9907
FACSIMILE (203) 967-4452

PLEASE REPLY TO _____ Bridgeport

WRITERS DIRECT DIAL (203) 337-4118

March 27, 1996

Mr. Norman C. Bloom
5 Fifth Street
Norwalk, CT 06855

Re:  Norman C. Bloom, Individually, Co-Trustee, Director,
     and Next Friend and Natural Guardian of James Bloom and
     Jeanne Bloom, Minor Children, and The Westport Bank
     and Trust Company, P.C., Co-Trustee vs. Tallmadge Bros., Inc.

Dear Mr. Bloom:

This letter shall serve to confirm the agreements we have reached
regarding our representation of the named Plaintiffs in the above
matter and other claims of said Plaintiffs regarding the Estate of
Norman R. Bloom.

This Agreement shall supersede our letter Retainer Agreement,
dated March 12, 1996, upon approval hereof by The Westport Bank and
Trust Company, P.C., as your Co-Trustee in the trusts created by your
father.

You have represented to us that the value of the trusts' share of
your father's estate, including a 1/6th interest in the outstanding
stock of Tallmadge Bros., Inc. ("Tallmadge"), which has already been
distributed to the trusts, is in excess of $5,000,000, and that the
purpose of our representation is to obtain a redemption or other sale
of said stock for value and the distribution of the trusts'
inheritance from the Estate. Further, you have represented to us your
belief that the Estate Executor has failed to include numerous assets
in the Estate and Tallmadge and your uncle have substantially
undervalued the stock of Tallmadge for the purposes of redemption.

Mr. Norman C. Bloom
March 27, 1996
Page 2

1.  <u>Retainer</u>.  You personally shall make the following retainer
payments to this firm:

(a)  $2,500.00 forthwith, receipt of which is hereby
acknowledged;

(b)  $10,000.00 within sixty (60) days of today's date;

(c)  $10,000.00 within one hundred twenty (120) days of
today's date; and

(d)  $2,500.00 within one hundred eighty (180) days of
today's date.

The foregoing retainer shall be in payment of, and as security
for, our fees for services set forth below.

2.  <u>Legal Fees</u>.

(a)  <u>Billings on Hourly Rates</u>.  We will represent your interests
as a Director of Tallmadge, Co-Trustee of the trusts, individual
interests, interests as a beneficiary of the trusts and your
children's interests as beneficiaries of the trusts.  We will bill you
monthly at our hourly rates which range from approximately $110.00 per
hour to $275.00 per hour ("Billing Rates"), and my rate is $275.00 per
hour.  Additionally, you will be billed for the services of non-lawyer
paralegals at the rate of $90.00 per hour.  We will notify you if our
hourly rates change.

Interim monthly payments to be made for attorneys fees shall be
paid at the blended rate of $165.00 per hour for the services of any
lawyer associated with this law firm ("Interim Payment Rate") together
with payment for the services of non-lawyer paralegals and costs.  The
foregoing retainer shall be applied to our billings based upon such
Interim Payment Rate.  The difference between legal fees billed at our
Billing Rates less any payments made at the Interim Payment Rate,
paralegal fees and costs that remain unpaid, shall accrue simple
interest thereon commencing thirty (30) days after the date of our
monthly invoice, at the rate of seven and one-half (7½%) percent per
annum, until full payment, as described below, is received.  Such
payment shall be promptly made from any distribution and/or from the
proceeds of any redemption and/or sale of Tallmadge stock as referred
to in Paragraph 3 below.

Mr. Norman C. Bloom
March 27, 1996
Page 3


You will reimburse all costs that we incur on your behalf. These costs may include, but are not limited to, court filing fees, sheriffs fees, transcript fees, copying, postage, facsimile services, and the like. Where there is an outside provider, it is our normal policy for our clients to promptly pay the disbursement directly to the provider of such service. For example, we will forward to you any bill received from a court reporter for transcript which you will pay to the provider.


3.    <u>Provision for Payment of Unpaid Fees and Contingency</u>.

You have indicated to us that you have a limited ability to pay ongoing legal fees, paralegal fees and costs after we have applied the $25,000.00 retainer referred to above. Notwithstanding, we expect that you will make reasonable efforts to make some payment thereon. You have requested that we accept this representation on a partial contingent fee basis in light of these circumstances, as well as the complexity of the matter. Accordingly, the balance of any unpaid sums due and owing to us based upon the difference between our Billing Rates and the Interim Payment Rate, together with any amounts not previously paid, including interest, and any additional sums due and owing to us based upon the contingency fee arrangement set forth below shall be paid from the trust or by you personally. Such payment shall be made from any distribution and/or from the proceeds of any redemption and/or of Tallmadge stock as referred to below.

The contingent fees shall be based upon the fair market value of any distribution, whether by cash, personal property, real property or choses in action, including notes, distributed by the Estate to the trusts and/or to you, to you directly, and/or to any other beneficiary, and the value of any redemption and/or other sale of the Tallmadge stock distributed to the trusts or otherwise to be distributed to you and/or your children.

If in determining any contingent fee, the parties hereto are in dispute as to "the fair market value of any distribution", said dispute shall be resolved by final and binding arbitration by one arbitrator pursuant to the Arbitration Rules of the American Arbitration Association in the State of Connecticut. Each party shall share equally in the costs of the arbitration and shall be responsible for their own attorneys fees in that regard.

There will be no contingent fee on such distribution, redemption and/or sale value, up to, but not including $3,000,000; however, any unpaid sums, as described above, shall be paid forthwith from said distribution, redemption and/or sale value. We shall be paid a

COHEN AND WOLF, P. C.

Mr. Norman C. Bloom
March 27, 1996
Page 4

contingent fee of: five (5%) percent of the value of any
distribution, redemption and/or sale value from $3,000,000 up to, but
not including $5,000,000; plus, six (6%) percent from $5,000,000 up
to, but not including, $7,000,000; plus, seven (7%) percent from and
over $7,000,000.

Although you have expressed your present desire to seek a
redemption and/or sale of the Tallmadge stock, it is understood that
that might not occur for any one of a number of reasons including
realignment of management of Tallmadge, restructuring Tallmadge, or
personal choices made by you. As a consequence the value of the
redemption and/or sale could not be included in the contingent fee
formula. Notwithstanding, such a result may have considerable benefit
to you and the result would not have been achieved but for the
representation herein. Under such circumstances, we reserve the right
to seek a premium legal fee payment for such beneficial result. If
such additional legal fee is sought, and there is disagreement
regarding same, said dispute shall be resolved by one (1) arbitrator
pursuant to the Arbitration Rules of the American Arbitration
Association in the State of Connecticut. The arbitration shall be
final and binding and each party shall share equally in the costs of
the arbitration and shall be responsible for their own attorneys fees
in that regard.

In the event there is a distribution which is not liquid, you
agree to provide us with a mortgage or mortgages and, where
appropriate, a pledge or Uniform Commercial Code lien on property
received to secure the payment of outstanding sums due us. You agree
to cooperate in liquidating such distribution as soon as practicable
in order to pay such outstanding sums, if any.

This Retainer Agreement shall not oblige this law firm to bring
or defend a proceeding, or assert or controvert an issue therein,
unless there is a basis for doing so that is not frivolous.

This Retainer Agreement is intended to cover the conduct of any
appeals subject to the understanding that all costs and disbursements
for any appeal shall be paid on a current basis. We reserve the right
to not take an appeal if we believe that same is not appropriate for
legal or ethical reasons.

If it becomes necessary to bring a lawsuit for the collection of
the amounts due us under this Agreement, you will also be responsible
for our court costs and reasonable attorneys fees.

In entering into this Retainer Agreement, you acknowledge that
you have had the benefit of

COHEN AND WOLF, P.C.

Mr. Norman C. Bloom
March 27, 1996
Page 5

member of the Bar of the State of New York, who has participated
directly in all discussions leading up to this Agreement, and has
reviewed same.

This Retainer Agreement can only be modified by a written
document signed by both parties.

You acknowledge receiving an executed duplicate original copy of
this Retainer Agreement.

This Retainer Agreement shall be governed by the laws of the
State of Connecticut.

Your signature in the place indicated below indicates your
approval and acceptance of the terms of this Retainer Agreement.

COHEN AND WOLF, P.C.

By_____
Richard L. Albrecht, Esq.

APPROVED AND ACCEPTED:

_Norman C. Bloom_                  Dated: _4/4/96_
Norman C. Bloom, Individually,
Co-Trustee, Director and as Next
Friend and Natural Guardian
of James Bloom and Jeanne Bloom

TO THE EXTENT PAYMENT OF THE FOREGOING FEES IS TO BE PAID
FROM ANY TRUSTS, THE UNDERSIGNED CO-TRUSTEE APPROVES AND
CONSENTS TO THIS AGREEMENT.

THE WESTPORT BANK AND TRUST,
P.C., CO-TRUSTEE

Dated:_____     By_____

Exhibit B

COHEN AND WOLF, P.C.
ATTORNEYS AT LAW

HERBERT L. COHEN
(1928-1983)

AUSTIN K. WOLF
MARTIN F. WOLF
RICHARD L. ALBRECHT
JONATHAN S. BOWMAN
IRVING J. KERN
MARTIN J. ALBERT
STEWART I. EDELSTEIN
NEIL R. MARCUS
DAVID L. GROGINS
GRETA E. SOLOMON
ROBIN A. KAHN
RICHARD G. KENT
RICHARD SLAVIN
DANIEL S. NAGEL
RICHARD J. Di MARCO

DAVID B. ZABEL
MARK A. KIRSCH
DAVID M. LEVINE
JOSEPH G. WALSH
DAVID A. BALL
JOCELYN B. HURWITZ
STUART M. KATZ
MONTE E. FRANK
PATRICIA C. SULLIVAN
VINCENT M. MARINO
ANN B. MULCAHY
RANDY P. KABAKOFF
MARNIE J. RUBIN

SPECIAL COUNSEL
G. KENNETH BERNHARD

OF COUNSEL
ROBERT J. ASHKINS
STUART A. EPSTEIN
JACK E. McGREGOR

1115 BROAD STREET
P. O. BOX 1821
BRIDGEPORT, CONNECTICUT 06601-1821
TELEPHONE (203) 368-0211
FACSIMILE (203) 394-9901

158 DEER HILL AVENUE
DANBURY, CONNECTICUT 06810
TELEPHONE (203) 792-2771
FACSIMILE (203) 791-8149

190 MAIN STREET
WESTPORT, CONNECTICUT 06880
TELEPHONE (203) 222-1034

112 PROSPECT STREET
STAMFORD, CONNECTICUT 06904
TELEPHONE (203) 964-9907
FACSIMILE (203) 576-8504

PLEASE REPLY TO __Bridgeport__
337-4140
WRITER'S DIRECT DIAL: (203) _____

June 12, 2000

Mr. Norman C. Bloom
5 Fifth Street
Norwalk, CT 06855

Mr. Paul Zill
221 Smith Ridge Road
South Salem, New York   10590

Re: Supplement to Retainer Agreement between Norman C. Bloom and Cohen and Wolf, P.C. dated March 27, 1996 regarding the Estate of Norman R. Bloom, Tallmadge Brothers, Inc., and the Trusts f/b/o Norman C. Bloom et al.

Dear Norman and Paul:

Norman entered into a retainer agreement with Cohen and Wolf, P.C. dated March 27, 1996 (the "Retainer Agreement") in his individual capacity and as trustee under three trusts created for his benefit by his father, Norman R. Bloom, under the Norman R. Bloom Revocable Trust, the Norman R. Bloom Irrevocable Insurance Trust, and the Norman R. Bloom Family Spray Trust, respectively (the "Trusts"). At that time, Westport Bank and Trust Company ("WBTC") was the trustee of the Trusts. WBTC has resigned as trustee of the Trusts and Paul has agreed to act as successor trustee.

The purpose of this letter agreement is for the current trustees to acknowledge and reaffirm the Retainer Agreement, a copy of which is appended hereto.

By countersigning this letter, Norman Bloom, in your individual capacity and in your capacity as trustee of the trusts, and Paul Zill, in your capacity as trustee of the Trusts, adopt and agree to the terms and conditions of the Retainer Agreement dated March 27, 1996.

June 12, 2000
Page 2

You also acknowledge that through May 25, 2000 you have received bills from Cohen and Wolf, P.C. in connection with these matters totaling $289,134.92, and have made payments of $62,629.76, so that the unpaid legal fees and disbursements due to Cohen and Wolf, P.C. are $226,505.16, which you agree to pay, along with any future fees, as soon as practicable. The above-stated net fee amount has been calculated using normal billing rates, and does not include any premium or interest, which are provided for under the Retainer Agreement. Please review the Retainer Agreement for an explanation of these items.

Again, your signature in the place indicated below indicates your approval and acceptance of the terms of the Retainer Agreement and this letter.

COHEN AND WOLF, P.C.

By
Richard J. Di Marco, Esq.

RLA:dlm
Enclosure

APPROVED AND ACCEPTED:

*Norman C. Bloom*
Norman C. Bloom
Date: June 30, 2000

*Paul Zill*
Paul Zill
Date: June 30, 2000

<u>CERTIFICATION</u>

This is to certify that a copy of the attached was mailed on May 5, 2003, postage prepaid,

to:

George R. Ciampa, Esq.
Slavitt, Connery & Vardarmis
618 West Avenue
Norwalk, Connecticut 06850

FREDERICK A. LOVEJOY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - X
NORMAN C. BLOOM,
    *Plaintiff,*

    v.

                              3:02CV907 (PCD)

MICHAEL A. DOUGLAS,
    *Defendant.*
- - - - - - - - - - - - - - - - - - - - - - - X
MICHAEL A. DOUGLAS,
       *Third-Party Plaintiff,*

    v.

NORMAN C. BLOOM, NORMAN R.            August 4, 2003
BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
       *Third-Party Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - X

**PLAINTIFF NORMAN C. BLOOM AND THIRD-PARTY DEFENDANTS
RESPONSES AND OBJECTION TO DEFENDANT/THIRD-PARTY PLAINTIFF
MICHAEL A. DOUGLAS' SECOND REQUEST TO PLAINTIFF FOR
PRODUCTION OF DOCUMENTS, DATED MARCH 28, 2003**

Pursuant to Federal Rule of Civil Procedure, Rule 34, Plaintiff/Third-Party Defendants

hereby object to and respond to the Second Request to Plaintiff for Production of Documents of

Defendant/Third-Party Plaintiff as follows.

**REQUEST FOR PRODUCTION:**

Please produce all records of telephone calls, including statements from the service

provider and any notes made by Norman C. Bloom, during the period of July 1, 1995 through

April 30, 2002, made from the plaintiff's (a) home; (b) office; and (c) cell phone, to the

defendant and third-party plaintiff's New York office.

1

rec'd 8/4/03

Plaintiff Norman C. Bloom and the Third-Party Defendant object to this Request for Production of Documents as unduly burdensome and proffered to cause unnecessary and undue expense to plaintiff Norman C. Bloom and the third-party defendants. Additionally, plaintiff Norman C. Bloom and the third-party defendants object to this request because the defendant/third-party plaintiff Michael A. Douglas' own records should reflect any and all telephone calls received by him at his New York address.

Without waiving the aforementioned objects plaintiff Norman C. Bloom and the third-party defendant respond as follows.

Response:

The third-party defendants do not possess nor have they ever possessed any of the documents requested.

Plaintiff Norman C. Bloom cannot locate any documents that are responsive to defendant/third-party plaintiff Michael A. Douglas' request.

Plaintiff Norman C. Bloom/Third-Party Defendants reserve the right to amend the aforementioned responses based on any further information they might obtain via discovery or otherwise.

Dated: Easton, Connecticut
      August 5, 2003

LOVEJOY & ASSOCIATES
Attorneys for Third-Party Defendants

By: _____
Frederick A. Lovejoy (CT 03121)
276 Center Road
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

BloomResp8403.doc

3

## CERTIFICATION

This is to certify that a copy of the attached was mailed on August 4, 2003, postage prepaid, to:

George R. Ciampa, Esq.
Slavitt, Connery & Vardarmis
618 West Avenue
Norwalk, Connecticut 06850

FREDERICK A. LOVEJOY

4