# EXHIBIT L

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------X

NORMAN C. BLOOM,
*Plaintiff*

3:02-CV-907 (PCD)

v.

MICHAEL A. DOUGLAS,
*Defendant.*

-----------------------------------------------------------X

MICHAEL A. DOUGLAS,
*Third-Party Plaintiff*

v.

JANUARY 10, 2003

NORMAN C. BLOOM, NORMAN R.
BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST,
*Third-Party Defendants*

-----------------------------------------------------------X

## DEFENDANT AND THIRD-PARTY PLAINTIFF MICHAEL A. DOUGLAS' RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Your federal, state and City of New York income tax return for the years 1995 to 2001, inclusive.

**Response:**

The defendant hereby provides the following tax returns:

1995:   after appropriate inquiry, the defendant has found no responsive documents.

1996:   federal, state and city tax returns are provided;

1997:   federal, state and city tax returns are provided;

1998:   federal, state and city tax returns are provided;

1999:   federal, state and city tax returns are provided;

2000:   federal, state and city tax returns are provided; and

2001:   Amended returns will be provided once completed.


2.)     All telephone statements and/or telefax confirmations, e-mails, documents and/or other writings, which concern and/or reflect communications you made and/or received with respect to the work/services you claim to have performed for Norman C. Bloom or his trusts (hereinafter "Bloom").

Defendant's agreements with Bloom do not require the defendant to create the documents requested. To the extent the defendant possesses these documents, they are herewith provided as follows, all marked "A" plus the corresponding numbers.

2

"A"

 (1)    March 15, 2002 - fax from Douglas to attorney Zangari
         re: NRB Corporation and re: Bivalve;

 (2)    September 17, 2001 correspondence from M. Douglas to
         attorney Barker re: Cohen and Wolf representation;

(3)    Siegal, O'Connor promotional material;

(4)    Probate inventory of July 17, 1997: Estate of Norman R. Bloom;

(5)    November 15, 1998 draft memo from attorney DeMarco to
       attorney Richichi;

(6)    Undated and unexecuted probate inventory: Estate of Norman R. Bloom;

(7)    December 7, 1998 letter from attorney Mott re: Estate
       activities.  November 10, 1998 letter from attorney Mott re:
       letter from Judge Egan;

(8)    November 5, 1998 letter from attorney DiMarco to attorney Mott
       re: Mott's November 2 letter;

(9)    November, 1998 draft order by Judge Capuano, Westport
       Probate Court;

(10)   September 4, 1998 order by Norwalk Probate Court removing
       Robert W. Bloom as executor of Estate of Norman R. Bloom;

(11)   September 14, 1998  letter from attorney DiMarco to Judge
       Egan re: Estate of Norman R. Bloom;

(12)   September 10, 1998 letter from attorney Bochinski to Judge
       Egan, Norwalk Probate Court re: nomination of administrator;

(13)   September 30, 1998 draft memorandum from attorney DiMarco
       to attorney Mott re: "summary of action items . . . ."

(14)   September 4, 1998 petitioner's responsive brief filed in
       Norwalk Probate Court by attorney Albrecht in Estate of
       Norman R. Bloom;

3

"A"

    (15)    September 2, 1998 letter from attorney Pacifico to Judge Egan, Norwalk Probate Court re: stay of proceedings to remove executor of Estate of Norman R. Bloom;

    (16)    August 25, 1998 "appendix," prepared by Cohen and Wolf re: summary of status of real property in Estate of Norman R. Bloom;

    (17)    August 21, 1998 memorandum, filed in Norwalk Probate Court in Estate of Norman R. Bloom by attorney Pacifico, re: stay of execution;

    (18)    August 21, 1998 memorandum filed in Norwalk Probate Court in Estate of Norman R. Bloom by attorney Pacifico, re: motion to stay removal;

    (19)    January 1, 1984 lease of 100 Water Street, Norwalk by Hillard Bloom and Norman Bloom to Donald Miklovich;

    (20)    August 19, 1998 inventory of real property;

    (21)    August 21, 1998 letter from attorney Bochinski to Judge Egan, Norwalk Probate Court re: "memorandum regarding stay of execution";

    (22)    Three faxes (August 19, 1998; August 22, 1998; and August 17, 1998) from Douglas to attorney Albrecht re: Bloom motion and re: Bloom rents;

    (23)    August 20, 1998 "petitioner's brief" filed in Norwalk Probate Court by attorney Albrecht in Estate of Norman R. Bloom;

    (24)    August 17, 1998 draft "petitioner's brief" to be filed in Norwalk Probate Court by attorney Albrecht in Estate of Norman R. Bloom;

    (25)    Probate administration guidelines;

no ∼ (26)    July 17, 1998 letter from attorney DiMarco to Judge Egan re: hearing dates;

    (27)    July 2, 1998 petition to Norwalk Probate Court for removal of Robert W. Bloom as executor of Estate of Norman R. Bloom;

"A"

(28)  June 9, 1998 and June 18, 1998 letters from attorney DiMarco to
      attorney Pacifico re: collection by Robert Bloom of past rents;

(29)  June 24, 1998 letter from attorney Pacifico to attorney DiMarco
      re: collection of rents;

(30)  June 23, 1998 decree allowing appeal from Probate;

(31)  June 23, 1998 motion by Robert W. Bloom for appeal from Probate
      decree of May 26, 1998 sustaining objections to executor's final
      accounting;

(32)  Pages 3 - 12, 14 - 24, of draft complaint, prepared by Cohen and Wolf
      against Hillard Bloom;

(33)  June 30, 1998 letter from attorney DiMarco to Judge Egan re: stay of
      execution. June 18, 1998 letter from attorney DiMarco to attorneys
      Pacifico and Bochinski re: collection of rents at 100 Water Street and
      at 7 Edgewater Place;

(34)  June 26, 1998 draft petition by attorney Albrecht for removal of
      Robert W. Bloom as executor;

(35)  June 26, 1998 unexecuted petition by attorney Albrecht for removal
      of Robert W. Bloom as executor;

(36)  May 26, 1998 "memorandum of decision" by Judge Egan re: objections to
      inventory and to account;

(37)  Pages 1, 4 and 5 of draft of June 19, 1998 petition to Probate Court
      for removal of Robert W. Bloom as executor;

(38)  April 7, 1998 letter from attorney DiMarco to Judge Egan re: removal
      of Robert Bloom as executor;

(39)  March 26, 1998 letter from attorney Bochinski re: 1997 income to and
      expenses of Estate of Norman R. Bloom;

5

"A"

(40)   March 31, 1998 draft letter from attorney DiMarco to Judge Egan;

(41)   Undated letter from Robert W. Bloom to Hillard Bloom re: distribution of "balance of Tallmadge Notes . . . .:"

(42)   March 17, 1998 letter from attorney DiMarco to attorney Garfunkel re: property at 120 Water Street, co-owned by Estate of Norman R. Bloom;

(43)   March 14, 1998 letter from attorney Bochinski reporting recent actions taken by executor;

(44)   October 20, 1997 draft objection to inventory and accounting, to be filed in Norwalk Probate Court by attorney Albrecht;

(45)   January 26, 1998 letter from attorney Ayres to Judge Egan re: due date of reply brief;

(46)   August, 1997 brief filed by attorney Pacifico in Norwalk Probate Court on behalf of Robert W. Bloom, executor of Estate of Norman R. Bloom. January 23, 1998 letter from attorney Bochinski to Judge Egan re: executor's brief;

(47)   January 6, 1998 draft of brief by attorney Albrecht on objection to substitute inventory and substitute final accounting and petition for surcharge of executor;

(48)   January 23, 1998 brief by attorney DiMarco filed in Norwalk Probate Court on objection to substitute inventory and substitute final accounting and petition for surcharge of executor;

(49)   Undated inventory of Estate real property;

(50)   September 4, 1996 "objection . . . " filed by attorney DiMarco in Norwalk Probate Court;

(51)   January 29, 1991 judgment of Superior Court re: dissolution of marriage of Donald L. Miklovich and Leslie E. Miklovich;

(52)   September 11, 1992 lease of 100 Water Street to City of Norwalk;

6

"A"

(53) February 2, 1995 clip from Norwalk Hour re: Hillard Bloom's forbearance of rent at 100 Water Street;

(54) May 28, 1996 letter from attorney Mercer-Falkoff to attorney DiMarco, transmitting notice of substitute annual meeting of shareholders of Tallmadge Brothers, Inc.;

(55) March, 1996 draft of plaintiff's preliminary memorandum of law by attorney Albrecht to be filed in Fairfield Superior Court re: inspection of books of Tallmadge Bros., Inc.;

(56) February 9, 1993 letter from attorney Coates to attorney DeSarbo on behalf of Norman R. Bloom. April 6, 1993 letter from attorney Coates to attorney DeSarbo, in behalf of Norman Bloom;

(57) December 8, 1989 letter from attorney DeSarbo to Robert Bloom re: outline of father's estate plan;

(58) November 19, 1992 letter from attorney Reichert to Norman C. Bloom re: year-end accounting of Estate of Norman R. Bloom;

(59) April 4, 1995 letter from attorney Coates to attorney Diviney re: financial matters;

(60) April 26, 1993 letter from attorney Coates to Norman Bloom re: issues in settlement of estate;

(61) May 28, 1993 letter from attorney Reichert to attorney Coates re: estate administration;

(62) September 30, 1993 deed to 120 Water Street, Norwalk, CT;

(63) 1998 unexecuted various trust documents;

(64) Undated handwritten summary by Norman C. Bloom;

(65) May 7, 1993 letter from Norman C. Bloom to Robert W. Bloom re: distribution of cash from the estate;

(66) August 21, 1992 letter from attorney Reichert to Norman C. Bloom re: requests for information about Estate of Norman R. Bloom;

"A"

(67)   July 7, 1993 letter from attorney Reichert to attorney Coates re: Estate of Norman R. Bloom;

(68)   1993 agreement (unexecuted) between Norman C. Bloom and Hillard E. Bloom re: indemnification of independent trustee after resignation;

(69)   Fourteen 1993 and 1994 letters from attorney Coates re: estate administration issues;

(70)   Undated final accounting, together with fourteen (14) schedules, of Estate of Norman R. Bloom, submitted to Norwalk Probate Court by Robert W. Bloom, executor;

(71)   1990 appraisals of real property in Estate of Norman R. Bloom. 1989 balance sheets of businesses in Estate of Norman R. Bloom. Schedules in tax returns (Form 706) of Estate of Norman R. Bloom;

(72)   April, 1995 correspondence between attorney Mark Errico and law department of City of Norwalk, re: lease of "Bloom Marina";

(73)   June 14, 1993, July 7, 1993, and July 19, 1993 letters from attorney Coates to attorney Reichert re: Norman C. Bloom's interests in Estate of Norman R. Bloom;

(74)   January 23, 1991 letter from attorney DeSarbo to Robert Bloom re: acquisition of Tallmadge stock;

(75)   1992 and 1994 correspondence re: tax questions as to (i) Bloom & Bloom, (ii) Tallmadge Brothers, Inc, (iii) Bridgeport Dry Dock, (iv) Bivalve Packaging, (v) Peterson Packaging, (vi) Norman R. Bloom Irrevocable Insurance Trust, (vii) Norman R. Bloom Family Spray Trust, and (viii) Norman R. Bloom Revocable Trust;

(76)   September 11, 1992 lease from Hillard E. Bloom and Robert W. Bloom, executor, to City of Norwalk, of 100 Water Street, Norwalk, CT;

(77)   1992 and 1992 "agenda" and closing letter from IRS relating to tax liability of Estate of Norman R. Bloom;

"A"

(78)    1993, 1995, 1995 letters from and to Norman C. Bloom re:
        (i) accounting of Norman R. Bloom Revocable Trust, (ii) accounting of
        Norman R. Bloom Family Spray Trust, and (iii) tax liability of
        Irrevocable Trust. "N. Bloom tax calc 1993." August 11, 1994 letter from
        attorney Reichert to Norman B. Bloom re: tax return of
        Norman R. Bloom Irrevocable Insurance Trust #1. January 12, 1995
        letter from Robert Bloom to Peter Pisaretz re: appraisal letters.
        December 26, 1994 letter from Internal Revenue Service to Hillard
        Bloom re: "adjustment to . . . account" of Norman R. Bloom
        Irrevocable Insurance Trust #1.

(79)    Two 1992 letters from accountant Mark Errico to attorney Reichert.
        "6-22-95" handwritten notes re" "conversation with Gallagher."
        August 21, 1992 letter from attorney Reichert to Norman C. Bloom
        re: estate distribution issues. August 23, 1992 letter from accountant
        Mark Errico to Edward Holub re: tax returns, with attached list of
        questions and request for additional information. August 3, 1992 letter
        from Mark Errico to attorney Reichert re: review of tax returns;

(80)    February 1, 1991 letter from attorney DeSarbo to Norman C. Bloom,
        et al. re: sale of Tallmadge Brothers, Inc. stock and related real estate;

(81)    July 7, 1993 letter from attorney Reichert to attorney Coates re:
        division of estate assets. August 21, 1992 - letter from attorney
        Reichert to Norman C. Bloom re: estate distribution issues;

(82)    1989 appraisals (handwritten) of real estate owned by Estate of Norman R.
        Bloom. 1989 appraisals (handwritten) of real estate owned by Tallmadge
        Bro., Inc.;

(83)    1984 Model Rules of Professional Conduct;

(84)    February 24, 1976 Deed by Philip DiMarco to Norman Bloom and
        Hillard Bloom of certain oyster plantation in the Town (sic) of Norwalk.
        December 27, 1978 deem from Norman Bloom and Hillard E. Bloom to
        Tallmadge Brothers, Inc. of certain oyster plantations in the Town (sic) of
        Norwalk;

"A"

(85) October 12, 1995 letter from Robert Bloom, executor, to Shawmut
Bank re: Norman R. Bloom's accounts.  September 1, 1992 letter from
Robert Bloom to attorney Musicaro, Cummings & Lockwood re:
response to list of questions and re: additional information requested.
Page one of executor's deed by Robert W. Bloom, executor, to Hillard
E. Bloom, trustee;

(86) September 8, 1999 letter from attorney Mott to Judge Egan re:
distribution of assets of estate.  November 2, 1998 letter from attorney
Mott to M. Douglas, et al. re: estate administration issues;

(87) July 16, 1991 promissory note from Robert W. Bloom to Hillard E.
Bloom and Norman Bloom.  Recapitalization of Norman Bloom's estate.
September 30, 1993 assignment by Robert W. Bloom to Hillard E. Bloom
of interest in December 27, 1989 promissory note;

(88) Undated "tax timetable," Estate of Norman R. Bloom. January 12, 1995
letter from Norman C. Bloom to P. Pisaretz re: appraisals of Norman R.
Bloom Estate;

(89) August 9, 1994 letter from Norman C. Bloom to attorney Reichert re:
Irrevocable Trust 1993 tax return;

(90) August 1, 1995 letter from C. P. Gallagher, Westport Bank & Trust,
to attorney Reichert re: probate assets of Estate of Norman R. Bloom;

(91) November 4, 1993 letter from K. M. Griffin, Fleet Investment
Services to attorney Coates re: assumption of duties as co-trustee of
Norman Bloom trusts;

(92) December 13, 1994 letter from C. P. Gallagher, Westport Bank &
Trust to attorney Reichert re: tax returns for Tallmadge Brothers
and its subsidiaries, and re: 1990 tax return for Bridgeport Drydock
Corp.;

(93) Transcript of July 17, 1997 probate hearing before Judge Egan in
Estate of Norman R. Bloom;

10

"A"

(94)    September, October, November, and December, 1995, and February,
1996 correspondence from Hillard E. Bloom, from Freedom Information
Commission, and from Mark Errico re: FOIA appeal;

(95)    February 7, 2000, February 8, 2000 and February 14, 2000 "fax
memo[s]," from Corporate Renewal Services, Inc. re: Tallmadge
Brothers, Inc. financial matters;

(96)    February 25, 2000 "overview" of Thomas Group re: appraisal of
Tallmadge Brothers' marine assets; and

(97)    February 28, 2000 financial information re: Tallmadge Brothers,
prepared by Corporate Renewal Services, Inc.

(98)    Unexecuted and undated "shareholders' agreement" re: divisive
reorganization of Tallmadge Brothers, Inc.

(99)    May 2, 2002 agenda of meeting of board of directors of Tallmadge
Brothers, Inc. January 26, 2000 "business management process" memo
prepared by Corporate Renewal Services, Inc. January 27, 2000
agenda of meeting of board of directors of Tallmadge Brothers, Inc.
January 11, 2000 "inter-office memo" prepared by Corporate Renewal
Services, Inc. re: "Tallmadge - Engagement Agenda." January 11,
2000 letter from Corporate Renewal Services, Inc. to Hillard E. Bloom
re: "Board Meeting, January 7, 2000." January 12, 2000 fax from
Corporate Renewal Services, Inc. re: January 27, 2000 "presentation."
December 31, 1999 "report prepared by Corporate Renewal Services, Inc.
re: Talmadge Brothers and related entities. Undated memo from
Corporate Renewal Services, Inc. re: Tallmadge Brothers and titled "chief
financial officer - recruiting and selection process." March 16, 2001 letter
from attorney Gordon to Corporate Renewal Services, Inc. re:
"amendment of Tallmadge permits."

11

"A"

(100)    January 21, 2000 promotional material from gofish.com. Undated memo
from Corporate Renewal Services, Inc. re: "multi-generation family
business issues." December 23, 1999 fax report from Corporate Renewal
Services, Inc. re: Tallmadge Brothers . . . . " Undated fax from attorney
DiMarco, Cohen and Wolf, to M. Douglas, enclosing December 31, 1999
report by Corporate Renewal Services, Inc. re: "Tallmadge Brothers and
related entities . . . ." November 15, 2000 "preliminary draft" re: value and
allocation of Tallmadge Brothers, Inc. (2 documents). March 20, 2001
"sales agency resolution" by Tallmadge Bothers, Inc. Undated memo
from Cohen and Wolf re: June 26, 2001 billing rates. February 21, 2001
fax from Richard Wirth re: "reorganization recommendation -
SOSZ/CRSI." February 7, 2001 fax from attorney Gordon re: Zangari
authorization. February 5, 2001 "response to alterative (sic) A", sent by
ARG at Miller & Gordon.

(101)    February 7, 2001 fax from attorney Zangari re: attorney Gordon's
response to alternative A. February 6, 2001 fax from attorney Zangari re:
attorney Gordon's response. January 10, 2001 fax from Corporate
Renewal Services, Inc. re: reorganization meeting on January 16, 2001.
March 19, 2001 fax from attorney Gordon to Corporate Renewal Services,
Inc. re: Bridgeport facility condemnation. March 19, 2001 fax from
Corporate Renewal Services, to M. Douglas re: attorney Gordon's
information request dated March 16, 2001. March 8, 2001 fax from Dick
Wirth, Corporate Renewal Services, Inc. re: "global settlement issues."
March 19, 2001 draft letter from attorney Gordon to Richard W. Wirth,
Corporate Renewal Services, re: purchase of coastal oyster farms.
Minutes of board of directors' meeting March 20, 2001. March 22, 2001
letter from attorney Gordon to Richard W. Wirth, Corporate Renewal
Services, re: "Tallmadge -Pollution Fund Claim." March 23, 2001 fax
from attorney Zangari to M. Douglas re: postponement of March 28, 2001
board of directors meeting. March 23, 2001 fax from attorney Gordon to
M. Douglas re: March 28, 2001 directors' meeting. March 24, 2014 (sic)
handwritten fax re: 2000 - 2001 shell planted, and "CT oyster inventory."
March 26, 2001 memo from Dick Wirth, Corporate Renewal Services, Inc.
re: "implementation, sales agency resolution." March 29, 2001 fax from
attorney Gordon re: minutes of March 20, 2001 board of directors'
meeting and re: sale agency resolution. March 23, 2001 fax from
attorney Gordon re: minutes of March 20, 2001 board of directors'
meeting and re: sales agency resolution. March 13, 2001 fax from
Corporate Renewal Services, Inc. re: Tallmadge pricing. Draft notice of
March 2001 meeting of board of directors' of Tallmadge Brothers, Inc.

"A"

(101)    March 8, 2001 memo from Dick Wirth, Corporate Renewal Services, Inc.,
(cont.)  to M. Douglas re: (cont.) global settlement issues.  Page 4 of May 26,
         2000 fax from Corporate Renewal Services, Inc., describing "current
         status of MMCC" and "Marinas: Port Norris and Lamp Reach."  March
         13, 2000 letter from attorney Zangari to attorney Mott re: distributions
         from Estate of Norman Bloom.  Statement of interest earnings of Hillard
         Bloom and of Norman Bloom for calendar year 1989 from Connecticut
         National Bank re: bank accounts of Norman R. Bloom on his date of
         death.  January 10, 2001 letter from attorney Barker at Siegel, O'Connor
         to Mr. Douglas re: executed settlement agreement.  December 13, 2000
         memo from Dick Wirth, Corporate Renewal Services, Inc., re: "update on
         our Committee meeting today.  January 1, 2001 memo from Dick Wirth,
         Corporate Renewal Services, Inc. rescheduling committee meetings.
         Agenda of November 17, 2000 Tallmadge meeting.  Undated clam
         price data.  Undated appraisals of real estate and boats.  Agenda of
         February, 29, 2000 meeting of board of Tallmadge Brothers, Inc.
         March 30, 2000 memo from Richard W. Wirth, CEO, Corporate Renewal
         Services, Inc. to M. Douglas, enclosing documents for review.  March 27,
         2000 fax from Richard Wirth, Corporate Renewal Services, Inc., re:
         materials for April 4th meeting of Tallmadge Brothers, Inc.  March 29,
         2000 schedule, prepared by Corporate Renewal Services, Inc., of Coast
         Guard documentation of Tallmadge Brothers, Inc. vessels.  January 7,
         2000 "recommended *initial* action plan" for Tallmadge Brothers, et al.
         (sic)  Chowder and shellfish sales and purchases January 1, 2000 - June
         30, 2000.  May 10, 2000 memo from Dick Wirth re: May 9, 2000 meeting
         notes.  May 10, 2000 fax memo from Dick Wirth re: visit to New
         Jersey.  May 16, 20000 memo from Dick Wirth re: acquisition of oyster
         dredge Laurel.  Undated draft of "consent resolutions "of the voting
         shareholders of Tallmadge Brothers, Inc.  Addresses and phone numbers
         of L. M. Lapine, Norman Bloom and Steven Bloom.  May 16, 2000
         meeting notes of operating and valuation committee.  May 26, 2000 fax
         from Richard Wirth, CEO, Corporate Renewal Services, Inc., to M.
         Douglas transmitting summary of May 24, 2000 trip to New Jersey by
         Bob Bloom.  Undated fax from Richard With to Norman Bloom,
         transmitting agenda for May 30, 2000 meeting of operating and
         valuation committee.  May 25, 2000 memo from Dick Wirth re:
         improving performance of New Jersey operations.  June 1, 2000 memo
         from Dick Wirth re: agenda of June 6, 2000 meeting of operating and
         valuation committee.  June 2, 2000 fax from attorney Zangari to M.
         Douglas, transmitting "revised 6/02/00 revision after comments" of

13

"A"

(101)   "consent resolutions of all the shareholders of Tallmadge Brothers, Inc."
(cont.)  June 2, 2000 fax from attorney Zangari to M. Douglas re: consents of
         board of directors and shareholders to resolutions of Tallmadge
         Brothers, Inc.  April 3, 2000 letter from Thomas Industries Appraisal
         Corporation to Corporate Renewal Services, Inc. re: appraisal of
         fourteen Tallmadge Brothers properties. "Aged payables of Tallmadge
         Brothers, Inc. as of March 31, 2000."  Tallmadge Brothers, Inc. and
         other entities' balance sheet, income statement, and aged receivables,
         January 2000 - March 2000.  Agenda for Tallmadge Brothers, Inc.'s
         board meeting, April 4, 2000.   March 30, 2000 memo from Linda
         Simmons to Dick Wirth re: information request for Norman and Steven.
         March 22, 2000 letter from Tallmadge Bros. to Accurate Accounting
         Services re: retention of new accounting firm.  March 27, 2000 memo
         from Richard Wirth, Corporate Renewal Services, Inc. to M. Douglas
         re: performance improvement recommendation for Tallmadge
         Brothers, Inc.  April 5, 2000 fax  memo from Richard Wirth, Corporate
         Renewal Services re: notes of     meeting of board of directors of
         Tallmadge Brothers.  April 5, 2000 memo from Corporate Renewal
         Services, Inc. re:  Tallmadge Brothers - April 4, 2000 board meeting
         follow-up actions.  April 17, 2000 chart re: division of boats.  April 17,
         2000 fax from Corporate Renewal Services, Inc. re: "revised 50/50 list."
         April 17, 2000 memo of issues identified at April 14, 2000 meeting of
         family members/shareholders.  April 11, 2000 "fax memo" from Dick
         Wirth, Corporate Renewal Services, re: new general counsel and auditor at
         Tallmadge Brothers, Inc.  April 18, 2000 "fax message" from Dick Wirth,
         Corporate Renewal Services, Inc. re: annual shareholders meeting.  April
         17, 2000 "fax memo" from Dick Wirth, Corporate Renewal Services, Inc.
         re: "revised 50/50 list."  April 21, 2000 fax from Richard Wirth, Corporate
         Renewal Services, Inc. to M. Douglas re: May 2, 2000 meeting of board of
         directors of Tallmadge Brothers, Inc.  April 27, 2000 fax from Dick Wirth,
         Corporate Renewal Services, Inc., to M. Douglas re: "information package
         - May 2, 2000 board meeting."  Agenda for February 29, 2000 meeting of
         board of Tallmadge Brothers, Inc.  Undated consent resolutions of voting
         shareholders of Tallmadge Brothers, Inc.  Notice of February 7, 2000
         meeting of shareholders of Tallmadge Brothers, Inc.

(102)   December 23, 1997 draft petitioner's brief to be filed by attorney
         Albrecht in Norwalk Probate Court on Estate of Norman R. Bloom.

(103)   August 11, 1998 memo from M. Douglas to attorneys DiMarco and
         Albrecht re: "points for . . . submission to [court]."

14

"A"

(104)    September 4, 1998 "memorandum of decision" from Norwalk Probate
          Court, denying executor's request for stay, and removing Robert Bloom as
          executor.

(105)    December 18, 1997 letter from attorney DiMarco to attorneys Pacifico
          and Bochinski re: copies of time records and of bills.

(106)    September 3, 1998 unexecuted petitioner's responsive brief, to be filed by
          attorney Albrecht in Norwalk Probate Court in Estate of Norman R.
          Bloom.

(107)    August 16, 1998 fax from attorney DiMarco to M. Douglas, transmitting
          draft of "petitioner's brief on removal issue", to be filed in Norwalk
          Probate Court in Estate of Norman R. Bloom.

(108)    Transcript of probate hearing of November 19, 1997.


      In further response, the following documents are also provided, all marked "B" plus the
corresponding numbers.

"B"

(1)    July 26, 2001 agreement re: divisive reorganization of Tallmadge Bros., Incorporated.

(2)    May 1, 1995 interstate shippers list.  Seafood task force reports, believed to be dated January 7, 1997.

(3)    Connecticut statutes re: shellfish.

(4)    Technical papers from 1994 Milford aquaculture seminar.

(5)    April 20, 2001 summons, verified complaint, application for temporary injunction, order to show cause, verification of complaint, and amount in demand, filed by attorneys Albrecht and Gordon in behalf of Norman C. Bloom against Hillard E. Bloom.

(6)    Page 1 of October 26, 1999 letter from Cohen and Wolf, in behalf of Norman Bloom re: tax returns and financial statements of Tallmadge Brothers, Inc.

(7)    October 26, 1999 letter from Attorney DiMarco to Attorney Richichi re: proposed October 27, 1999 directors' meeting of Tallmadge Brothers, Inc.

(8)    November 1, 1999 and November 3, 1999 letters from Attorney DiMarco to attorney Zeisler re: minutes of December 16, 1995 meeting of stockholders and directors of Tallmadge Bros. Inc.

(9)    November 10, 1999 fax from attorney DiMarco, re: notice of meeting of directors of Tallmadge Brothers, Inc.

16

"B"

(10) November 22, 1999 fax from M. Douglas to attorneys Albrecht and DeMarco (sic), giving advice on Bloom estate.

(11) October 8, 1999 fax from attorney Mott re: notice of October 25, 1999 meeting of directors of Tallmadge Brothers, Inc.

(12) April 13, 2000 proposal re: division of assets between Hillard Bloom and Norman Bloom.

(13) June 14, 2000 letter from attorney DiMarco to R. Wirth, Corporate Renewal Strategies (sic) and to attorney Zangari re: "disappearing bank account." November 30, 2001 e-mail from attorney DiMarco re: Norman Bloom promissory note. December, 2001 draft promissory note.

(14) April 6, 2000 letter from attorney DiMarco re: Iroquois Gas settlement. September 28, 1998 memo from attorney DiMarco re: meeting with new administrator of Estate of Norman R. Bloom. September 17, 1998 memorandum of decision of Probate Court in Estate of Norman R. Bloom.

(15) Fax from attorney Erico re: sales of seafood by Tallmadge Brothers, Inc. below market price. Draft 1993 "indemnification agreement" between Norman C. Bloom and Hillard E. Bloom. November 15, 1996 letter from attorney DeSarbo to Steven J. Bloom re: Hillard Bloom's service as independent trustee of Norman R. Bloom Trust F/B/O Steven J. Bloom. August 5, 1995 financial documents relating to Tallmadge Brothers, Inc. 1990, 1991 , 1992, and 1995 tax returns of Tallmadge Bros., Inc.

(16) May 31, 2000 letter from Attorney Zeisler re: withdrawal of appeal in Estate of Norman Bloom.

(17) February 14, 2000 memo from M. Douglas to attorney Ziesler re: division of assets of Tallmadge Brothers, Inc.

(18) April 18, 2001 from attorney Gordon, transmitting proposed minutes of April 10, 2001 meeting of directors of Tallmadge Bros., Inc. (sic).

(19) April 18, 2001 fax from attorney Lapine re: April 19, 2001 meeting of directors of Tallmadge Brothers, Inc.

17

"B"

(20)    April 22, 2001 fax from M. Douglas to attorney Gordon re: application for injunction.

(21)    April 23, 2001 fax from attorney Gordon, canceling April 24th meeting of directors of Tallmadge Brothers, Inc.

(22)    April 23, 2001 fax from attorney Zangari re: consent resolutions of directors and shareholders of Tallmadge Brothers, Inc.

(23)    April 20, 2001 fax from attorney Gordon re: signed minutes of April 3, 2001 and April 10, 2001 meetings of directors of Tallmadge Bros., Inc.

(24)    Transcript of April 16, 2001 "special stockholders' meeting" of Tallmadge Bros., Incorporated (sic).

(25)    April 12, 2001 e-mail from attorney Barker re: stock books. April 10, 2001 schedule of shareholders of Tallmadge Brothers, Inc. April 16, 2001 draft letter from attorneys Albrecht, Zeisler and Gordon re: "attempted stockholders' meetings" of Tallmadge Brothers, Inc. March 1, 2001 memorandum from attorney Barker re: draft of divisive reorganization agreement.

(26)    April 2, 2001 fax from attorney Lapine re: continued board of directors' meeting of April 3rd.

(27)    April 4, 2001 revision of March 26, 2001 memo from Dick Wirth, Corporate Renewal Services re: implementation of sales agency resolution.

(28)    April 4, 2001 fax from Richard Wirth, Corporate Renewal Services, amending minutes of March 20, 2001 directors' meeting.

(29)    April 2, 2001 fax from attorney Zangari re: questions about Coastal Oyster Farms, Inc.

(30)    April 10, 2001 fax from attorney Barker, transmitting list of Tallmadge Brothers, Inc. stockholders.

18

"B"

(31)   April 12, 2001 letter from attorney Gordon re: Tallmadge carve-outs.
        December 22, 2000 retainer agreement between Norman C. Bloom and
        attorney Gordon.  March 15, 2001 memo from attorney Gordon re:
        Tallmadge negotiating meeting.

(32)   April 11, 2001 fax to M. Douglas from attorney Gordon re: postponement
        of meeting of directors of Tallmadge Bros, Inc. (sic).  April 12, 2001 fax
        from attorney Gordon to Corporate Renewal Services, Inc. re: minutes of
        meetings of directors of Tallmadge Bros., Inc. (sic).

(33)   Undated fax from M. Douglas to Steve Ayres re: draft of preliminary
        agreement.  September 30, 1998 fax from M. Douglas to attorney
        DeMarco (sic) re: Bloom/Mott.  August 12, 1997 fax from M. Douglas to
        attorney DiMarco re: Bloom motion.

(34)   February 5, 2001 fax from attorney Gordon re: response to alternative A.
        March 16, 2001 fax from attorney Gordon transmitting notice of special
        meeting of board of Tallmadge Brothers, Inc.

(35)   December 14, 1999 memo re: Bloom - vote of incapacitated director.
        Minutes of December 18, 1991 annual meeting of stockholders of
        Tallmadge Brothers, Inc. Portions of corporate bylaws.  October 11, 1999
        letter from attorney Albrecht to attorney Lapine re: resolution of dispute
        between Hillard and Norman Bloom.

(36)   April 3, 2002 fax letter and signature pages from attorney Barker re:
        approval of appointment of substitute arbitrator.

(37)   February, 2002 draft letter to Internal Revenue Service re: pre-submission
        conference on letter ruling request.

(38)   June 23, 2000 memorandum from attorney Zangari re: June 29, 2000
        meeting of attorneys.  April 18, 2001 letter from attorney Zangari re: April
        19, 2001 board meeting.

(39)   June 12, 2000 fax from attorney Zangari re: rescheduling Tallmadge
        Brothers, Inc. meeting.  June 16, 2000 memorandum from attorney
        Zangari re: signature versions of consent resolutions of directors and of
        shareholders of Tallmadge Brothers, Inc.  June 9, 2000 memorandum from
        attorney Zangari re: extraordinary meeting of attorneys re: consents.  June
        8, 2000 revisions to consents.

**"B"**

(40)   May 1, 2000 fax from Corporate Renewal Services re: May 2, 2000 board meeting. Agenda for April 4, 2000 board meeting. March 27, 2000 report from Corporate Renewal Services re: recommendations for improvement at at Tallmadge Brothers, Inc.

(41)   June 14, 2000 memo from Dick Wirth re: committee meeting of June 13th. June 8, 2000 status report from Dick Wirth re: operational performance and reorganization. December 23, 1999 report by Corporate Renewal Services. November, 1999 unexecuted consulting agreement with Corporate Renewal Services, Inc.

(42)   March 5, 2001 fax from M. Douglas to Norman Bloom "review[ing] the events of the last few months . . . ." March 7, 2001 fax from M. Douglas to Norman Bloom re: 16 issues. May 23, 2001 fax from M. Douglas from Norman Bloom re: "review of . . . outstanding questions . . . ."

(43)   April 16, 2002 fax from attorney Barker re: Tallmadge arbitration. June 15, 2001 revisions to divisive reorganization agreement.

(44)   March 4, 2002 letter from attorney Barker re: "issues . . . requir[ing] immediate attention" in matter of NRB Corp. counsel.

(45)   November 30, 2001 e-mail from attorney DiMarco re: promissory note from Norman Bloom. November 2, 2001 e-mail from attorney DiMarco re: Norman Bloom's legal fees.

(46)   June 13, 2001 e-mail from attorney Barker re: "withdrawal from CCF."

(47)   April 17, 2002 e-mail from attorney Barker re: "Tallmadge Arbitrator Issue-Update." April 16, 2002 e-mail to and from attorney Barker and M. Douglas re: "communicating." April 17, 2002 e-mails from attorney Goldberg and Mike Lyons re: Judge Eagen (sic) and an arbitrator. April 16, 2002 e-mail from M. Douglas re: acquiring an arbitrator. April 16, 2002 e-mail from attorney Barker re: "family chair meeting." April 16, 2002 e-mail from M. Lyons re: replacement arbitrator. April 16, 2002 e-mail from attorney Barker to M. Lyons re: replacement arbitrator. April 16, 2002 e-mail from attorney Goldberg re: Judge Owen Egan. April 16, 2002 e-mail from attorney Barker re: arbitration through AAA. April 16, 2002 e-mail from attorney Barker re: communication among counsel. April 16, 2002 e-mail from M. Douglas to attorney Barker re: reinstitution of old action.

"B"

(48)   October 13, 2000 e-mails from attorney DiMarco re: purchase of
       Tallmadge product.

(49)   June 12, 2001 e-mail from attorney Barker re: schedule of stock
       ownership.  July 11, 2001 e-mail to attorney Barker re: meeting of
       lawyers.

(50)   July 6, 2001 e-mail from attorney Barker re: draft of divisive
       reorganization agreement.

(51)   July 6, 2001 e-mail from attorney Barker re: "blacklined revised draft" of
       divisive reorganization agreement.

(52)   October 13, 2000 e-mail from attorney DiMarco re: purchase by Norman
       Bloom and his brothers of one-half of production of Tallmadge Brothers,
       Inc.

(53)   October 22, 2001 e-mail from attorney DiMarco re: taking "the money out
       of the company . . . ."  October 22, 2001 e-mail from attorney DiMarco re:
       "difficulties in collection."

(54)   October 3, 2001 e-mail from attorney Barker re: loan to Bloom brothers
       from Bivalve.  October 9, 2001 e-mail from attorney DiMarco re:
       collecting debt from Norman Bloom.  October 10, 2001 e-mail from
       attorney DiMarco re: payment of debt by Norman Bloom.  October 10,
       2001 e-mail to attorney DiMarco re: loan to Norman Bloom.

(55)   Two October 22, 2001 e-mails to M. Douglas re: financial statements for
       Bivalve Packing Co., Inc.

(56)   August 18, 2000 fax from M. Dogulas to attorney DiMarco re: suit against
       Hillard Bloom.

(57)   May 22, 2000 fax from M. Douglas re: suit against Hillard Bloom.

(58)   November 20, 2001 fax from M. Douglas re: "estate/loan" and re: draft
       promissory note.

(59)   November 23, 2001 fax from M. Douglas re: "estate/loan."

21

"B"

(60)   December 12, 2001 fax from M. Douglas re: payment of attorneys and of consultants from profits of Bivalve.

(61)   May 21, 1998 letter from attorney Lovejoy re: appointment of Norman Bloom to advisory committee of Norwalk shellfish commission.

(62)   July 15, 1992 "agricultural report" from Conn. Dept. of Agriculture. Undated state tax calculation for Tallmadge.

(63)   21 CFR Part 123. December 5, 1995 memo from Food and Drug Administration re: "seafood HACCP regulations." August 16, 2001 letter from attorney Barker re: Tallmadge Brothers, Inc. Divisive Reorganization Agreement. Two documents re: HACCP plan.

(64)   January 9, 2001 letter from R. Wirth, Tallmadge Brothers, Inc. re: siting council application.

(65)   May 1, 2001 fax from M. Douglas re: "proposal [for] potential collaboration . . . ."

(66)   March 15, 2002 fax from M. Douglas re: issues in "Estate/Tallmadge/DeMarco (sic)."

(67)   October 2, 2001 letter from attorney Barker re: proposed term sheet agreements between Tallmadge Brothers and The Bridgeport Port Authority.

(68)   Tallmadge Brothers, Inc. balance sheet as of May 31, 2001.

(69)   July 18, 2001 draft of schedule 6 of summary of divisive reorganization of Tallmadge Brothers, Inc.

(70)   March 1, 2001 draft of divisive reorganization agreement.

(71)   May 28, 2001 draft of divisive reorganization agreement.

(72)   June 15, 2001 draft of divisive reorganization agreement. June 26, 2001 draft of divisive reorganization agreement.

(73)   July 20, 2001 draft of divisive reorganization agreement.

**"B"**

(74)    May 28, 2001 draft of divisive reorganization agreement.

(75)    July 8, 2001 draft of divisive reorganization agreement.

(76)    June 12, 2001 draft of divisive reorganization agreement.

(77)    June 27, 1996 announcement of agriculture and food exposition.

(78)    Undated list of assets.

(79)    August 6, 1996, July 31, 1996, July 24, 1996, and August 6, 1996 pleadings in superior court re: FOIA suit.

(80)    Items . . . approved at the State Bond Commission meeting held on August 27, 1993.

(81)    May 22, 1997 notes of meeting with John Volk, Dept. of Aquaculture (sic).

(82)    April 8, 1997 letter from attorney Albrecht re: stipulation and order.  April 25, 1996 letter from attorney Albrecht re: inspection of records of Tallmadge Bros., Inc. (sic)

(83)    September 4, 1997 fax from M. Douglas re: action v. Hillard Bloom and draft complaint.

(84)    August 22, 1997 draft of petitioner's reply brief in Estate of Norman R. Bloom.

(85)    August 11, 1997 fax from M. Douglas re: comments on motion papers.

(86)    1989 interest earnings statement, from Connecticut National Bank to Hillard Bloom and Norman Bloom, c/o Tallmadge Bros Inc (sic).

(87)    November 10, 1999 FOIA request from attorney Lovejoy to Norwalk Shellfish Commission.  November 10, 1999 letter from attorney Lovejoy to Norwalk Shellfish Commission re: December, 1999 commission meeting.

(88)    Undated newspaper clipping re: cocaine addiction.

23

"B"

(89)    January 9, 2001 letter from Richard Wirth, Tallmadge Brothers, Inc. re: Cross Sound Cable application.

(90)    December 18, 2001 letter from attorney Zeisler re: distribution of construction funds.

(91)    January 20, 2002 fax from M. Douglas to attorney Pacifico re: viable issues re: Tallmadge.

(92)    August 31, 2001 letter from J. Bononcini, CPA to M. Douglas re: loans from capital construction fund. November 13, 2001 fax from M. Douglas re: "guidelines for a loan for Bivalve." November 12, 2001 letter from attorney Bezz to M. Douglas re: possible loan from Bivalve Packing Co.

(93)    November 12 and November 13, 2001 faxes from M. Douglas re: loan from Bivalve.

(94)    March 7, 2001 fax letter from attorney Gordon re: purchase by Hillard Bloom and David Hopp of Coastal.

(95)    Executor's brief on issue of removal, filed August 18, 1997 in Norwalk Probate Court.

(96)    Two June 28, 2001 e-mails to attorney Zeisler re: estate administration issues.

(97)    April 16 and April 17, 2002 e-mails from M. Douglas re: selection of arbitrator.

(98)    June 7, 2001 letter from attorney Gordon to attorney Barker re: "Tallmadge, Suggested Revisions in Agreement." June 7, 2001 letter from attorney Gordon to attorney Barker re: "Bloom - Draft re: Arbitration." June 7, 2001 "draft re: arbitration," prepared by attorney Gordon. June 29, 2001 ruling by superior court on application by Norman C. Bloom, et al. for temporary injunction. July 2, 2001 letter

24

"B"

(98)     from attorney Gordon to M. Douglas, et al., transmitting ruling on
(cont.)  temporary injunction.  July 2, 2001 letter from attorney Gordon to M.
         Douglas, et al. re: appeal of temporary injunction.  July 3, 2001 letter from
         attorney Gordon to attorney Barker re: revisions to June 26th Tallmadge
         divisive reorganization agreement.

(99)     July 31, 2001 ruling by superior court on defendant Hillard E. Bloom's
         motion to articulate.

(100)    March 3, 2000 fax memo from R. W. Wirth to H. E. Bloom re: CRSI -
         Phase IV.   March 27, 2000 memo from R. Wirth re:   findings on
         performance improvements.  Agenda of April 4, 2000 board meeting of
         Tallmadge Brothers, Inc.  January 12, 2001 fax from M. Douglas to
         attorney Gordon re: meeting/conference call.

(101)    June 13, 2001 letter from attorney Lapine to attorney Barker re: comments
         on revised draft.  June 14, 2001 "temporary letter of permission"
         (unexecuted) by Tallmadge Brothers, Inc. to NRB Corporation and HEB
         Corporation.  June 18, 2001 letter from attorney Lapine to attorney Barker
         re: additional comments on draft agreement.

(102)    October 2, 1996 letter from attorney Lapine to Judge Cioffi: re: Tallmadge
         Brothers, Inc. v. Iroquois Gas Transmission.  December 11, 1992 request
         by Conn. Dept. of Agriculture to legislature for bonding authority to
         purchase additional oyster shells.

(103)    April 24, 2001 fax from M. Douglas to attorney Lapine re: settlement
         draft.  April 22, 2001 fax from M. Douglas to attorney Lapine transmitting
         "draft of principles" in settlement agreement contained in divisive
         reorganization of Tallmadge Corporation.  May 22, 2000 fax from M.
         Douglas re: issues in lawsuit against Hillard Bloom.

(104)    June 29, 2001 e-mail from M. Douglas to attorney Barker transmitting
         comments on divisive reorganization agreement.

(105)    May 6, 2001 memorandum from M. Douglas and R. DiMarco re:
         suggested amendments to divisive reorganization agreement.

(106)    June 11, 2001 memorandum of law from attorney Gordon re: Yanow case.

25

"B"

(107)  August 11, 2000 fax from attorney Lapine to M. Douglas re: "allegations of past wrongdoing by Hillard Bloom." Page 2 of April 22, 2001 memo re: divisive reorganization (author unknown). June 11, 2001 letter from attorney Lapine to attorney Gordon re: payment by NRB Corporation of certain expenses. June 12, 2001 fax from M. Douglas re: "comments sent to Zangari." June 12, 2001 fax from M. Douglas to attorney Zangari re: "issues . . . need[ing] immediate response . . . ."

(108)  January 12, 2001 fax from M. Douglas to attorney Gordon re: issues for meeting and conference call.

(109)  December 7, 2000 draft of settlement agreement among, *inter alia*, Estate of Norman R. Bloom and Norman C. Bloom.

(110)  December 3, 2001 memorandum of law from M. Douglas to Norman Bloom, "review[ing] the various claims . . . ."

(111)  April 15, 2002 letter to Norman C. Bloom from attorney Barker, containing notice of change in family chair appointment and transmitting forms for the signature of Norman C. Bloom.

(112)  December 4, 2000 draft of settlement, general release and mutual distribution agreement. December, 2000 application (unexecuted) to Probate Court for an order of distribution of Estate of Norman R. Bloom. Undated and unexecuted probate inventories in Estate of Bloom, Norman R.

(113)  Probate inventory (unexecuted) of Estate of Bloom, Norman R.

(114)  August 23, 2001 letter from attorney DiMarco to Norman C. Bloom re: fee due Cohen and Wolf.

(115)  April 10, 2002 docket sheet from judicial branch web site re: <u>Norman C. Bloom v. Hillard E. Bloom</u>.

(116)  July 18, 2001 fax from M. Douglas to Norman Bloom, transmitting for execution a "shareholders' agreement" in divisive reorganization of Tallmadge Brothers, Inc.

"B"

(117)  June 6, 2001 fax letter to M. Douglas from attorney Barker re: finishing memo on Tallmadge Brothers, Inc.

(118)  May 4, 2001 memo from Cohen and Wolf re: "claims excepted from the release."

(119)  May 7, 2001 fax from attorney DiMarco to M. Douglas, et al. re: divisive reorganization agreement. May 7, 2001 letter from attorney DiMarco to attorney Lapine, enclosing memo on remaining issues on divisive reorganization agreement in Tallmadge settlement.

(120)  May 18, 2001 fax from M. Douglas to attorney Zangari re: cash redemption of canceled insurance policies. May 23, 2001 fax from attorney Zangari to M. Douglas re: "written demand to Joe and Larry." May 29, 2001 fax from M. Douglas to attorney Zangari re: cash redemption of canceled insurance policies.

(121)  May 18, 2001 fax from M. Douglas to attorney DiMarco re: a) canceled insurance policies; b) Hill/Hopp; c) Zeigler corporate opportunity; and, suggested changes in divisive reorganization agreement.

(122)  May 29, 2001 fax from M. Douglas to attorney Zangari re: cash redemption on canceled insurance policies. May 29, 2001 fax from M. Douglas to attorney Zangari re: answers to attorney Lapine's questions, and re: cash redemption of insurance policies, and re: financial data.

(123)  May 29, 2001 fax from M. Douglas to attorney Gordon re: "getting Worth out."

(124)  May 30, 2001 fax from attorney Gordon re: completion of hearing in Bloom v. Bloom. April 5, 2001 letter from attorney Gordon to attorney DiMarco, enclosing minutes of April 3, 2001 continued meeting of board of directors, to be executed by Norman C. Bloom.

"B"

(125) July 31, 1999 fax from M. Douglas to attorney DeMarco (sic) re: Bloom complaint.

(126) March 1994 NOAA publication re: fishing vessel capital construction fund. August 27, 1996 letter from attorney Mercer-Falkoff to attorney DiMarco re: inspection of Bivalve Packing. August 27, 1996 letter from attorney Mercer-Falkoff to attorney DiMarco re: conditions for inspection of New Jersey facilities by Norman Bloom. Summary of Bivalve capital construction fund. Summary of Peterson Packing capital construction fund. November 3, 2000 memo re: capital construction fund.

(127) April 15, 1996 stipulation for an order for disclosure and production in <u>Norman C. Bloom, et al. v. Tallmadge Brothers, Inc.</u>

(128) October 16, 1995 list of real property in Estate of Norman R. Bloom, "as of 10-22-1989."

(128) (sic) November 1997 estimates of value of real property in Estate of Norman R. Bloom.

(129) May 20, 1997 Norwalk police memo re: donation by Tallmadge Brothers.

(130) 1996 draft letter from Norman C. Bloom re: truck registration.

(131) April 10, 1996 fax from attorney Diviney to attorney DeMarco (sic) re: "communications from the DeSarbo law offices."

(132) Will of Francis D. Dolan.

(133) January 4, 1995 "Connecticut Weekly Agricultural Report."

(134) Undated schedule (portions handwritten) of assets in Estate of Norman R. Bloom.

**"B"**

(135)   Suggested inquiries for deposition of Robert Bloom

(136)   Lafayette American Bank records of account of successor independent
          trustee of Norman R. Bloom Revocable Trust.

In further response, the following documents are also provided, all marked "C" plus the
corresponding numbers:

29

"C"

(1)     Billing memos and statements from Cohen and Wolf;

(2)     Invoices from Siegel, O'Connor, et al. re: "post-effective date matters";

(3)     2000 appraisal of commercial real estate owned by Tallmadge Bros., Incorporated;

(4)     2000 tabulation of Tallmadge Brothers, Inc. average price per month;

(5)     1998 income tax return of Tallmadge Bros., Inc.;

(6)     1998 and 1999 balance sheets of Bivalve Packing Co., Inc.;

(7)     Draft of #8 of divisive reorganization agreement of Tallmadge Bros., Incorporated;

(8)     December 23, 1999 summary by Corporate Renewal, Inc. of assets of Tallmadge Brothers, Inc.;

(9)     April 4, 1978 Norman R. Bloom Irrevocable Insurance Trust Indenture;

(10)    November 28, 1984 Norman R. Bloom Family Spray Trust Indenture;

(11)    April 4, 1998 Norman R. Bloom Revocable Trust Indenture;

(12)    Will of Norman R. Bloom;

(13)    March 1994 removal of independent trustee of three trusts;

(14)    Invoices to Tallmadge Brothers, Inc. from Corporate Renewal Services, Inc. re: evaluation and management of Tallmadge;

(15)    Statements from Simione, et al., CPAs, re: valuation of Tallmadge Brothers, Inc.;

(16)    August 1997 publication by The Long Island Sound Steward;

(17)    June 26, 1998 letter from attorney DiMarco to attorney Diviney re: appointment of successor independent trustee;

30

"C"

(18)    December 19, 2000 memo from Wirth re: meeting of Tallmadge Brothers, Inc. reorganization committee;

(19)    Draft #10 of Divisive Reorganization Agreement re: Tallmadge Brothers, Inc.;

(20)    Draft #9 of Divisive Reorganization Agreement re: Tallmadge Brothers, Inc.;

(21)    1997 application for renewal of liquor permit by Sono Seaport Seafood Market, Inc.;

(22)    Douglas' 1995 summary of value of Bloom estate;

(23)    Police report of 4/4/95 re: Norman Bloom, Jr.;

(24)    Documents related to appraisals of real estate in Bloom estate;

(25)    April 20, 1993 memorandum of law re: rights of minority shareholders;

(26)    Handwritten summary by Norman Bloom;

(27)    Appraisals by Murphy of Tallmadge Brothers;

(28)    Correspondence prepared by M. Douglas for N. Bloom's signature;

(29)    February 5, 1996 draft letter from attorney Diviney to Westport Bank;
(30)    Documents relating to the probate of the estate of Mildred Bloom;

(31)    Income tax returns for Tallmadge Bros., Inc.;

(32)    Income tax returns for Bivalve Packing Co., Inc.;

(33)    Appendix to Tallmadge Brothers' brief in appellate court;

(34)    There is no item #34;

(35)    January 3, 1997 letter from attorney DiMarco to attorney Lamere re: Bloom v. Tallmadge Brothers;

31

"C"

(36)    February 4, 1997 letter from attorney Lamere to attorney DiMarco re: Bloom v. Tallmadge Brothers;

(37)    Freedom of Information Commission on decision of July 3, 1996 re: shellfish surveys;

(38)    Tax return of Bivalve Packing Co., Inc.;

(39)    September 23, 1992 letter from Roy to Tallmadge Brothers re: lobbying;

(40)    Business cards of investigators interviewed by Douglas;

(41)    Letter from attorney DeSarbo to attorney Diviney;

(42)    Portion of draft complaint against Tallmadge Brothers, Inc.;

(43)    Letter from attorney DiMarco re: inspection of New Jersey location;

(44)    Tallmadge Bros., Inc. income statement;

(45)    June 27, 2000 story from Connecticut Post re: oysters;

(46)    September 6, 1996 memo from attorney DiMarco re: Tallmadge Brothers, Inc.;

(47)    Correspondence relating to subpoena to DeSarbo;

(48)    April 8, 1996 letter from Gallagher to Hillard Bloom;

(49)    Fax to Douglas from Errico re: insurance for oyster grounds;

(50)    Draft analysis by Schwartz re: Bivalve Packing Co.;

(51)    Memorandum from Conn. Dept. of Agriculture re: shellfish industry;

(52)    Corrspondence from attorney Diviney to attorney DeSarbo, and attorney Diviney's reply, re: accounting issues;

32

"C"

(53)    Correspondence from attorney Albrecht at Cohen and Wolf re: conflicts of
         interest.  Second draft of verified complaint prepared by attorney Albrecht;

(54)    Transcript of December 18, 1996 deposition of Robert Bloom;

(55)    Correspondence from attorney Bochinski re: executor's response to
         petitioner's reply brief;

(56)    Notices of depositions of (i) Robert W. Bloom and of (ii) Norman C.
         Bloom;

(57)    Douglas' proposed inquiries for deposition of Robert Bloom;

(58)    Attorney DiMarco's proposed inquiries for deposition of Robert Bloom;

(59)    September 11, 1996 letter from attorney Albrecht re: continuance of
         hearing and re: deposition of Robert W. Bloom.  September 11, 1996 letter
         from attorney Albrecht to Robert W. Bloom re: deposition;

(60)    December 27, 1996 letter from attorney DiMarco to attorney Bochinski re:
         copying file;

(61)    July 31, 1996 draft objection to executor's final account;

(62)    September 3, 1997 response by attorney Pacifico to petitioner's reply
         brief;

(63)    May 31, 1996 draft of supplemental objections to executor's final account;

33

"C"

(64)    August 23, 1996 letter from attorney Mercer-Falkoff to attorney DiMarco re: inspection of New Jersey facility. August 20, 1996 letter from attorney Mercer-Falkoff to attorney DiMarco re: inspection of New Jersey facility;

(65)    February 14, 1997 memo from Roy Schwartz, and accompanying financial statements, re: "Bloom Bros. Marina.";

(66)    July 10, 1997 draft complaint against Hillard E. Bloom;

(67)    July 9, 1997 draft complaint against Hillard Bloom. August 21, 1997 fax from M. Douglas to attorney DiMarco re: Bloom estate;

(68)    April 18, 1997 fax from M. Douglas to attorney DiMarco re: response to Pacifico letter;

(69)    July 23, 1997 draft by attorney Albrecht of petitioner's brief;

(70)    October 30, 1998 memo from attorney DiMarco re: agreement of three brothers (page 2 missing);

(71)    October 19, 1998 correspondence from attorney Mott re: meeting with Judge Egan;

(72)    October 6, 1998 memo from M. Douglas to attorneys DiMarco and Albrecht re: negotiations with Hillard Bloom;

(73)    October 1, 1998 memo from attorney DiMarco to attorney Mott re: estate administration issues;

(74)    September 11, 1998 letter from attorney DiMarco to attorney Diviney re: draft agreement among Lafayette American Bank and trustees of three trusts;

(75)    September 9, 1998 motion for reconsideration filed in Probate Court by attorney Pacifico. August 14, 1998 memo by M. Douglas to attorney Albrecht re: "Bloom motion to remove.";

(76)    August 21, 1998 memorandum by attorney Pacifico re: stay of execution in Probate Court;

34

"C"

(77)    August 18, 1998 fax from attorney Albrecht re: letter from attorney
        Pacifico.  August 18, 1998 fax from M. Douglas to attorney Albrecht re:
        actions by executor;

(78)    Letters from attorney DiMarco, dated June 18, 1998, June 9, 1998 and
        August 11, 1998 re: actions by executor;

(79)    August 12, 1998 fax from M. Douglas to attorneys DiMarco and Albrecht
        re:  petitioner's draft brief.  August 14, 1998 draft petitioner's brief on
        removal issues;

(80)    Documents of June 1998 re: petition for removal of Robert Bloom as
        executor;

(81)    June 19, 1998 fax from attorney DiMarco re: draft motion.  June 26, 1998
        fax from M. Douglas to attorney DiMarco re: draft motion;

(82)    March 19, 1998 letter from attorney DiMarco re: marina slips;

(83)    March 14, 1998 letter from attorney Bochinski re: disbursements by
        executor;

(84)    December 30, 1997 fax from M. Douglas to attorney DiMarco re: Bloom
        brief;

(85)    August 20, 1997 fax from M. Douglas to attorneys R. DiMarco and R.
        Albrecht re: response brief;

(86)    October 6, 1997 fax from M. Douglas to attorney R. Albrecht re:
        Tallmadge Bros., Inc. by-laws;

(87)    November 13, 1998 memorandum from attorney DiMarco re: revised
        complaint against Hillard E. Bloom and Robert W. Bloom;

(88)    July 27, 1998 letter from attorney DiMarco re: probate hearing;

(89)    Undated fax from attorney DiMarco to M. Douglas re: executor's brief;

(90)    November 17, 1998 fax from M. Douglas to J. Tesorire re: negotiations;

35

"C"

(91)    November 4, 1998 draft letter from attorney DiMarco to Peter Mott;

(92)    April 16, 1997 memorandum from M. Douglas to attorney DiMarco re: response to Pacifico letter;

(93)    Draft by M. Douglas of proposed inquiries by attorney DiMarco at Robert Bloom deposition;

(94)    December 8, 1998 fax from M. Douglas to attorney DiMarco re: "various trade-offs.";

(95)    December 18, 1998 fax from M. Douglas to attorney Albrecht re: "current issues.";

(96)    December 29, 1998 correspondence from attorney Ayres re: proposed appraisers;

(97)(1) July 25, 1997 draft by attorney DiMarco of Bloom brief;

(97)(2) July 25, 1997 memorandum from attorney DiMarco re: estate inventory and accounting;

(98)(1) July 10, 1997 draft of complaint against Hillard E. Bloom;

(98)(2) June 19, 1997 letter from M. Douglas to attorney DiMarco re: claim against Tallmadge;

(99)    April 29, 1997 correspondence from attorney DiMarco to Norwalk Probate Court;

(100)   Real estate description;

(101)   April 17, 1997 letter from attorney DiMarco to attorney Pacifico;

(102)   Undated fax from Errico;

(103)(1) January 28, 1999 letter from attorney Peter T. Mott re: updated appraisals;

36

"C"

(103)(2) February 17, 1999 letter from attorney Peter T. Mott re: (i) appraisals and (ii) corporate tax returns;

(103)(3) February 22, 1999 letter from attorney Bochinski re: appraisals;

(104)(1) June 6, 2000 correspondence from attorney DiMarco to Richard Zeisler;

(104)(2) January 26, 1999 memorandum from Attorney DiMarco re: damages attributable to Bobby;

(105) March 11, 1999 memorandum from M. Douglas to attorney Albrecht re: Bloom complaint;

(106)(1) March 8, 1999 correspondence from attorney Peter T. Mott re: settlement;

(106)(2) February 5, 1999 correspondence from attorney DiMarco to attorney Bochinski re: accounting;

(107) April 21, 1999 draft by attorney DiMarco of reasons of appeal to superior court;

(108) May 20, 1999 memorandum from M. Douglas to attorney DiMarco re: Bloom Trust Agreement;

(109) May 23, 1999 draft of shareholders agreement;

(110) May 15, 1999 memorandum from M. Douglas to attorney DiMarco re: Robert Bloom;

(111) May 14, 1999 and May 28, 1999 drafts of shareholders agreement;

(112) April, 1999 drafts of "resignations[s] of independent trustee[s].";

(113) June 1, 1999 draft of shareholders agreement;

"C"

(114)   June 15, 1999 letter from attorney Zeisler to M. Douglas re: shareholder agreement;

(115)   Undated memorandum reciting "stated goals of Norman C. Bloom, Robert W. Bloom and Steven J. Bloom.";

(116)   June 23, 1999 memorandum from attorney Pacifico re: June 21, 1999 draft agreement;

(117)   June 21, 1999 draft of shareholders agreement;

(118)   July 17, 1999 correspondence from attorney Peter Mott re: settlement discussions;

(119)   August 17, 1999 draft of shareholders agreement;

(120)   August 17, 1999 drafts of (i) voting trust agreement and (ii) stock pledge agreement;

(121)   August 25, 1999 draft of "voting and cooperation agreement" among Norman C. Bloom, Robert W. Bloom, and Steven J. Bloom;

(122)   Memorandum of August 29, 1999 from M. Douglas and from attorney DiMarco re: Zeisler redraft of Bloom brothers' agreement;

(123)   Fax of August 30, 1999 from M. Douglas to attorney Zeisler and others re: Zeisler redraft of Bloom brothers' agreement;

(124)   Fax of September 22, 1999 from M. Douglas to attorney DiMarco re: meeting of directors of Tallmadge Bros., Incorporated;

38

## "C"

(125)    Fax of September 22, 1999 from M. Douglas to attorney DiMarco re: complaint against Hillard Bloom;

(126)    Correspondence of September 10, 1999 from attorney DiMarco re: estate administration;

(127)    Correspondence of September 7, 1999 from attorney Zeisler re: modification to agreement;

(128)    Correspondence of October 7, 1999 from attorney Peter T. Mott re: estate administration issues;

(129)    Undated fax from M. Douglas to attorney Zeisler re: removal of independent trustee. Two instruments removing independent trustees of Norman R. Bloom Irrevocable Life Insurance Trust and of Norman R. Bloom Family Spray Trust; and

(130)    Correspondence of May 7, 1999 from attorney Steven E. Ayres to First County Bank.

3.    All documents, statements for services, records and/or other writings which reflect the period(s) of time which you claim to have performed work/services for Bloom.

**Response:**

Defendant's agreements with Bloom do not require the defendant to create the documents requested. To the extent the defendant possesses these documents, they are herewith provided.

4.    All documents, statements, records and/or other writings which reflect disbursements/expenses you claim to have incurred in respect to the work/services you claim to have performed for Bloom.

**Response:**

Defendant herewith provides the requested records for the year 2000 and 2001. After reasonable inquiry, defendant has located no other responsive documents.

MICHAEL A. DOUGLAS

By: _George L. Ciampa_

George R. Ciampa (ct03551)
His Attorneys
SLAVITT, CONNERY & VARDAMIS
618 West Avenue
Norwalk, CT 06850
Telephone No. (203) 838-7555
Facsimile No.  (203) 866-9724