UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

    v.                                             3:02CV00907(PCD)

MICHAEL A. DOUGLAS, ESQ.,
    *Defendant.*
------------------------------------X
MICHAEL A. DOUGLAS, ESQ.,
    *Third-Party Plaintiff,*

    v.                                             March 2, 2005

NORMAN R. BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
------------------------------------X

## PLAINTIFF'S SECTION C TRIAL PREPARATION ORDER COMPLIANCE

1)      The names, addresses and telephone number of the attorneys who will try the case.

         Frederick A. Lovejoy, Esq.
         Lovejoy & Associates, LLC
         P.O. Box 56
         276 Center Road
         Easton, Connecticut 06612
         (203) 459-9941
         (203) 459-9943 (telefax)

2)      Whether the case is a jury or court case.

         Jury case.

3)      A realistic estimate of trial time required for the presentation of each party's case.

         The Court has scheduled five (5) days for the trial of this matter.

1

4) Whether the parties have agreed to have the case tried by United States Magistrate Judge Joan J. Margolis, and thereupon enter final judgment.

> No. The parties have not consented to have this case tried to a Magistrate Judge.

5) A list of any further proceedings prior to trial, setting forth the reasons and necessity therefore.

> Motions in Limine to strike defendant/third-party plaintiff Michael A. Douglas's pleadings and/or preclude certain testimony.

6) Whether settlement, assisted by a settlement conference, is reasonably likely.

> Settlement is not likely.

### DEFENDANT/THIRD PARTY PLAINTIFF'S SECTION C COMPLIANCE

1-6. See Addendum A.

7. Federal Jurisdiction in this matter is based on diversity.

8. Nature of Each Cause of Action and Relief Sought: Plaintiff Norman C. Bloom seeks to have a contract he entered into with defendant Michael A. Douglas held void and/or voidable because defendant Michael A. Douglas: 1) engaged in the unauthorized practice of law; 2) misrepresented what he was to do for Norman C. Bloom; 3) never performed in full as agreed; 4) quit working for Norman C. Bloom and never caused the promises he had represented would come to fruition to occur, and 5) over billed for his services. Third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust seek a determination that they are not liable on the third-party claim as they were not parties to the contract and for the reasons heretofore stated above.

9. Proposed jury questions were previously submitted and a jury has been seated.

10. This case involves the retention of defendant Michael A. Douglas by plaintiff Norman C. Bloom to act in the capacity of his lawyer in June 1995. Douglas is admitted to the bar of the State of New York, but not to the bar of the State of Connecticut. Bloom believes that he hired Douglas to provide him solely with legal advice. Douglas, however, now claims that all he agreed to do was to locate and value assets of plaintiff Norman C. Bloom's late father's estate; i.e., the estate of Norman R. Bloom.

Because Norman C. Bloom believed he was to receive legal services from Michael A. Douglas, he agreed to pay Douglas $200.00 per hour and a contingency fee. The

2

agreement states that whatever monies might be owed to Douglas are to be paid at the conclusion of the case.

Thereafter, in March 1996, after having claimed to have spent 500 hours of time on Bloom's case, Douglas advised Bloom that he would need to also hire a local Connecticut law firm to act as trial counsel, as Douglas claimed he could not appear in the Connecticut courts. Douglas helped to select the law firm of Cohen & Wolf, P.C. in Bridgeport, Connecticut, and helped to negotiate and draft the retainer agreement; i.e., contract, entered into between Bloom and Cohen & Wolf, P.C. At the time of the hiring of Cohen & Wolf, P.C., Douglas advised Bloom that Douglas was owed the sum of $106,000.00. Although Douglas had Bloom sign off on time sheets to this effect, no detailed time sheets/statements for services were ever presented to Bloom by Douglas. Douglas, however, advised Bloom that all of the time he claimed to have spent was to be reviewed at the end of the case.

In 1998, the firm of Cohen & Wolf, P.C. was able to have the executor, Robert Bloom, removed, and assets which were commingled with corporate assets restored to the Estate of Norman R. Bloom. Thereafter, in 2001, a division of the Estate assets was agreed on between the two opposing sides of the Bloom family and amongst the three sons of Norman R. Bloom. Additionally, the Blooms agreed to dissolve Tallmadge Brothers, Inc. and split the assets between the two sides of the family. The division of Tallmadge Brothers, Inc. was/is contingent upon a favorable ruling by the Internal Revenue Service (IRS), which remains pending as of the date of this trial. Once Cohen & Wolf had negotiated the split up of the Estate and the division of Tallmadge Brothers, Inc., both Cohen & Wolf and Michael A. Douglas demanded to be paid their legal fees in full.

11. See Addendum B attached hereto.

Dated: Easton, Connecticut  
March 2, 2005

LOVEJOY & ASSOCIATES, LLC  
Attorneys for Plaintiff Norman C. Bloom and  
Third-Party Defendants Norman R. Bloom  
Revocable Trust, Norman R. Bloom Family Spray  
Trust, and Norman R. Bloom Irrevocable  
Insurance Trust

By: _____  
Frederick A. Lovejoy (CT 03121)  
P.O. Box 56  
Easton, Connecticut 06612  
(203) 459-9941  
(203) 459-9943 (telefax)

DouglasSectionC.doc