**BR)** Draft Objection to Inventory/Accounting (10/20/1997)

*Objection: Relevance.*

**BS)** Douglas Billing Statements 11/20/97 to February 25, 2001

*No objection.*

**BT)** Douglas correspondence to DiMarco(12/30/97)

*No objection.*

**BU)** Draft Objection to Inventory/Accounting (1/6/1997)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**BV)** Brief of Steven Bloom re: Final Accounting (1/22/98)

*Objection: Relevance.*

**BW)** Objection to Inventory and Final Accounting (1/23/98)

*Objection: Relevance.*

**BX)** Bochinski correspondence to DiMarco, Ayres, Diviney (3/14/1998)

*Objection: Relevance.*

**BY)** Bochinski correspondence to DiMarco, Ayres, Diviney (3/26/1998)

*Objection: Relevance.*

**BZ)** Draft DiMarco correspondence to Probate Court (3/31/1998)

*Objection: Relevance.*

33

**CA)** DiMarco correspondence to Probate Court (4/7/1998)

*Objection: Relevance.*

**CB)** Order re: Objection to Invetory and Final Accounding (5/26/98)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**CC)** Draft Complaint by Cohen & Wolf faxed to Douglas (6/??/98)

*Objection: Relevance.*

**CD)** Gordon correspondence to Barker (6/7/98)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**CE)** DiMarco correspondence to Pacifico, Bochinski (6/9/1998)

*Objection: Relevance.*

**CF)** DiMarco correspondence to Pacifico, Bochinski (6/18/1998)

*Objection: Relevance.*

**CG)** Douglas correspondence to DiMarco(6/26/98)

*No objection.*

**CH)** Douglas correspondence to DiMarco(6/26/98)

*No objection.*

**CI)** Draft Petition for Removal (6/26/1998)

*Objection: Relevance.*

**CJ)** DiMarco correspondence to Probate Court (6/30/1998)

*Objection: Relevance.*

**CK)** Petition for Removal of Executor (7/2/98)

*Objection: Relevance.*

**CL)** Douglas correspondence to DiMarco, Albrecht (8/11/98)

*No objection.*

**CM)** Douglas correspondence to Dimarco(8/12/98)

*No objection.*

**CN)** Draft Brief on Removal Issue

*Objection: Relevance.*

**CO)** Douglas Memo to Albrecht (8/17/1998)

*No objection.*

**CP)** Draft Brief (8/17/1998)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**CQ)** Douglas Memo to Albrecht (8/19/1998)

*No objection.*

**CR)** Brief re Opp. to Stay and Supporting Removal (8/20/98)

*Objection: Relevance.*

**CS)** Bochinski Letter to Egan 8/21/98

*Objection: Relevance.*

35

**CT)** Douglas Memo to Albrecht (8/22/1998)

*No objection.*

**CU)** Appendix Summary of Real Property (8/25/98)

**CV)** NormanC Brief re: removal

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**CW)** Order Removing Robert Bloom (9/4/98)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**CX)** DiMarco Letter to Egan (9/14/98)

*Objection: Relevance.*

**CY)** Douglas correspondence to DiMarco (9/30/98)

*No objection.*

**CZ)** DiMarco Fax to Douglas (9/30/98)

*No objection.*

**DA)** DiMarco correspondence to Mott(10/1/98)

*Objection: Relevance.*

**DB)** Douglas correspondence to DiMarco, Albrecht(10/6/98)

*No objection.*

**DC)** Mott correspondence to Bochinski, Ayres, Douglas, Pacifico, DeMarco (11/2/98)

*No objection.*

**DD)** DiMarco Letter to Motte (11/5/98)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**DE)** DiMrco Draft Memo to Richidi (11/15/98)

*Objection: Relevance.*

**DF)** Mott letter re: Outstanding Estate Issues (12/7/98)

*No objection.*

**DG)** Douglas correspondence to DiMarco(12/8/98)

*No objection.*

**DH)** Douglas correspondence to Albrecht(12/18/98)

*No objection.*

**DI)** Douglas correspondence to Albrecht(3/11/99)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**DJ)** Douglas correspondence to DiMarco(5/15/99)

*No objection.*

**DK)** Douglas correspondence to Albrecht(5/20/99)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**DL)** DiMarco correspondence to Douglas(5/24/99)

*No objection.*

37

**DM)** Draft Shareholder's Agreement(5/28/99)

*Objection: Relevance.*

**DN)** Ambler Estate documents related to Oyster Bed Sale to Norman C. Bloom

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**DO)** Zeisler correspondence to Douglas(6/15/99)

*No objection.*

**DP)** Douglas correspondence to DiMarco-Albrecht (7/31/99)

*No objection.*

**DQ)** Divinney - Billing Statement (8/3/99)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**DR)** Douglas correspondence to Zeisler-Pacifico-Albrecht-DiMarco(8/30/99)

*No objection.*

**DS)** Mott correspondence to Probate Court (9/8/99)

*Objection: Relevance.*

**DT)** Douglas correspondence to DiMarco-Albrecht(9/22/99)

*No objection.*

**DU)** Douglas correspondence to DiMarco(9/22/99)

*No objection.*

**DV)** Douglas correspondence to Albrecht-DiMarco (11/22/99)

*No objection.*

38

**DW)** Cohen&Wolf Legal Intraoffice Legal Memorandum (12/14/99)

*Objection: Relevance.*

**DX)** CRS Summary of Tallmadge Assets (12/23/99)

*Objection: Relevance.*

**DY)** Memo from Corporation Renewal Services, Inc. Re: Tallmadge Brothers, Inc. financial matters (2/7/00)

*Objection: Relevance.*

**DZ)** Douglas correspondence to Zeisler (2/14/00)

*No objection.*

**EA)** Corporation Renewal Services review of Tallmadge financial information (2/28/00)

*Objection: Relevance.*

**EB)** DiMarco correspondence to Douglas (5/18/00)

*No objection.*

**EC)** Douglas correspondence to Albrecht, DiMarco, Zeisler, Pacifico (5/22/00)

*No objection.*

**ED)** Douglas correspondence to Albrecht, DiMarco, Zeisler, Pacifico (5/22/00)

*No objection.*

**EE)** DiMarco correspondence to Norman C. (6/12/00)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

39

**EF)** Douglas correspondence to DiMarco (6/19/00)

*No objection.*

**EG)** DiMarco correspondence to Norman C (6/30/00)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**EH)** CRS Real Estate Appraisals (7/28/00)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**EI)** Douglas correspondence to DiMarco (8/18/00)

*No objection.*

**EJ)** Douglas correspondence to Errico (9/18/00)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**EK)** Douglas correspondence to DiMarco (9/23/00)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**EL)** Connecticut Department of Agriculture Press Release (11/13/01)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**EM)** Mutual Distribution Agreement (12/8/00)

*Objection: Relevance.*

**EN)** Douglas correspondence to Albrecht (12/19/00)

*No objection.*

**EO)** Gordon Retainer (12/22/00)

*Objection: Relevance.*

**EP)** Mutual Distribution Agreement (1/9/01)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**EQ)** Transenergie Settlement (1/9/01)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**ER)** Douglas correspondence to Gordon (1/12/01)

*No objection.*

**ES)** Order of Judge Egan Approving Final Distribution (2/27/01)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**ET)** Douglas correspondence to Norman C (3/5/01)

*No objection.*

**EU)** Douglas correspondence to Norman C, Steven (3/7/01)

*No objection.*

**EV)** Tallmadge Board of Directors Minutes (3/20/01)

*Objection: Relevance.*

**EW)** Gordon correspondence to Wirth (3/22/01)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**EX)** Tallmadge BOD Minutes (4/3/01)

*Objection: Relevance.*

41

**EY)** Gordon correspondence to Attorneys and Others (4/5/01)

*Objection: Relevance.*

**EZ)** Zangari correspondence to Lapine, Douglas (4/18/01)

*No objection.*

**FA)** Complaint re: Injunction (04/20/04)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**FB)** Douglas correspondence to Gordon (4/22/01)

*No objection.*

**FC)** DiMarco correspondence to Lapine (5/7/01)

*Objection: Relevance.*

**FD)** Douglas correspondence to Zangari (5/18/01)

*No objection.*

**FE)** Douglas correspondence to DiMarco (5/18/01)

*No objection.*

**FF)** Douglas correspondence to Norman C (5/23/01)
*No objection.*

**FG)** Douglas correspondence to Gordon (5/29/01)

*No objection.*

**FH)** Gordon correspondence to Barker (6/7/01)

*Objection: Relevance.*

42

**FI)**  Douglas correspondence to Zangari (6/12/01)

*No objection.*

**FJ)**  Douglas correspondence to Barker (6/13/01)

*No objection.*

**FK)**  Injunction Order (6/29/01)

*Objection: Relevance.*

**FL)**  Gordon correspondence to Barker (7/3/01)

*Objection: Relevance.*

**FM)**  Barker correspondence to Attorneys and Others (7/6/01)

*No objection.*

**FN)**  Divisive Reorganization Agreement (7/26/01)

*No objection.*

**FO)**  Gordon correspondence to Tallmadge (8/14/01)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**FP)**  Cohen&Wolf Bills (8/20/01)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**FQ)**  DiMarco correspondence to Norman C (8/23/01)

*No objection.*

43

**FR)** Douglas Letter to Barker (9/17/01)

*No objection.*

**FS)** Barker correspondence to Attorneys and Others (10/2/01)

*Objection: Relevance.*

**FT)** Douglas correspondence to NormanC, Errico (11/20/01)

*No objection.*

**FU)** DiMarco correspondence to Douglas (11/21/01)

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

**FV)** Douglas correspondence to Norman C (11/23/01)

*No objection.*

**FW)** Douglas correspondence to Norman C (12/3/01)

*No objection.*

**FX)** Douglas correspondence to Pacifico (1/20/02)

*No objection.*

**FY)** Douglas Fax to Zangari (3/15/02)
*No objection.*

**FZ)** Douglas correspondence to Norman C (3/15/02)

*No objection.*

**GA)** Barker correspondence to Attorneys and Others (4/12/02)

*No objection.*

44

**GB)** Barker correspondence to Attorneys and Others (4/16/02)

*No objection.*

**GC)** Barker correspondence to Attorneys and Others (4/17/02)

*No objection.*

**GD)** Article: Benefit of Connecticut Oyster Farming Industry

*Objection: Relevance.*

**GE)** Douglas Times Summaries for work performed

*Objection: Relevance, never disclosed or produced by Michael A. Douglas.*

5) **PROPOSED WITNESSES**

A) **Michael A. Douglas** is expected to testify to his background; the circumstances under which he met Norman C. Bloom; the agreements reached between the parties; the work he performed pursuant to those agreements; the value of that work; the representations made by Norman C. Bloom during the course of their relationship; the work performed by attorneys involved in the case.

*Disagree. Douglas' testimony is subject to a Motion in Limine to Preclude. Additionally, to the extent defendant will attempt to offer expert testimony, plaintiff objects because no disclosure concerning the same has been timely made by Douglas.*

B) **Richard DiMarco** is expected to testify regarding his representation of Norman C. Bloom related to the resolution of his father's estate; the negotiation and execution of the Divisive Reorganization agreement; the division of labor between Cohen and Wolf, P.C. and Michael A. Douglas; his observations of

45

Michael A. Douglas' work; his conversations with attorney Frederick Lovejoy related to Michael A. Douglas.

*Disagree. Witness never disclosed in discovery by Douglas pursuant to Fed R.C.P. Rule 26(a)(1)(A).*

**C) Richard Albrecht** is expected to testify regarding his representation of Norman C. Bloom related to the resolution of his father's estate; the negotiation and execution of the Divisive Reorganization agreement; the division of labor between Cohen and Wolf, P.C. and Michael A. Douglas; his observations of Michael A. Douglas' work.

*Disagree. Witness never disclosed in discovery by Douglas pursuant to Fed R.C.P. Rule 26(a)(1)(A).*

**D) Sid Miller:** without waiving any objection to the admissibility of expert testimony on issues of domestic law, if such testimony is deemed admissible, attorney Miller is expected to testify as an expert witness on the unauthorized practice of law issue. His report was previously produced and is not appended to this document.

*Disagree. Bloom objects to any testimony being offered by Sid Miller as he was not timely disclosed as an expert pursuant to Court order and failed to appear for a deposition noticed by Bloom. Additionally, Bloom objects to his testimony because he is not qualified to testify as an expert in this case. Miller's "expert report" was based solely on his conversations with Douglas. Miller reviewed no documents or testimony of anyone else in rendering his "expert" opinion.* <u>Daubert</u>.

46

E) **Norman C. Bloom** is expected to testify to his background; to the circumstances that led to his entering into the series of Agreements and Amendments with Michael A. Douglas; to the work that Michael A. Douglas performed; to the nature of his agreement with Michael A. Douglas; to the value of his father's estate at the time it settled in February of 2001.

F) **Reynolds Gordon** is expected to testify regarding his representation of Norman C. Bloom related to the resolution of his father's estate; the negotiation and execution of the Divisive Reorganization agreement; the division of labor between Cohen and Wolf, P.C. and Michael A. Douglas; his observations of Michael A. Douglas' work.

*Disagree. Witness never disclosed in discovery by Douglas pursuant to Fed R.C.P. Rule 26(a)(1)(A).*

G) **John Volk** is expected to testify related to his work as Director of Acquaculture at the Connecticut Department of Agriculture and provide testimony related to the value of Tallmadge Brothers, Inc.'s rights in state shellfish grounds.

*Disagree. Bloom objects to any expert testimony that Douglas will attempt to admit. Volk has not timely been disclosed as an expert witness. Additionally, in the Court's order dated November 17, 2004 (Docket No. 94), the Court refused to allow Douglas to disclose an expert witness on valuation of shellfish grounds as untimely. As such, this appears to be an attempt by Douglas to circumvent the aforementioned Court order.*

47

H) **Robert Bloom** is expected to testify to his interaction with Michael A. Douglas between 1995 and 2001; his work as executor to the estate of Norman R. Bloom; to representations made by Norman R. Bloom during negotiations over the settlement of that estate and to the terms of settlement between the heirs of the Estate of Norman R. Bloom; to his knowledge of Tallmadge assets; to his knowledge of the settlement agreement between Tallmadge Brothers, Inc and Transenergie.

*Disagree. Witness never disclosed in discovery by Douglas pursuant to Fed R.C.P. Rule 26(a)(1)(A).*

I) **Stephen Bloom** is expected to testify to his interaction with Michael A. Douglas between 1995 and 2001; and to the terms of settlement between the heirs of the Estate of Norman R. Bloom.

*Disagree. Witness never disclosed in discovery by Douglas pursuant to Fed R.C.P. Rule 26(a)(1)(A).*

J) **Frederick Lovejoy** is expected to testify to the timeframe in which he was retained to represent Norman C. Bloom in matters related to this litigation; and to his interaction with Michael A. Douglas following the effective date of the Divisive Reorganization agreement.

*Not applicable. Withdrawn by Douglas as a witness by Douglas.*

K) **Mark Errico** is expected to testify to his work as an accountant for Norman C.

48