Bloom; his involvement in assisting Norman C. Bloom locate and value estate assets; his relationship with Michael A. Douglas; and his observations of the work Michael A. Douglas performed.

*Disagree. Witness never disclosed in discovery by Douglas pursuant to Fed R.C.P. Rule 26(a)(1)(A).*

L) **Deborah Bloom** is the wife of Norman C. Bloom. She is expected to provide testimony related to her observation of the relationship between Norman C. Bloom and Michael Douglas; her role in creating her affidavit submitted in support of Bloom's Motion for Summary Judgment.

*Disagree. Witness not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas.*

M) **Paul Zill:** is expected to testify as to his experience as co-trustee to the Bloom Trusts; his observation of Michael Douglas' work during the relevant time periods; his understanding and knowledge of the agreements in effect between Douglas, Bloom and the Bloom Trusts.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas.*

N) **David Hopp:** is expected to testify as to the manner of operation of Tallmadge Brothers, Inc.; the assets of Tallmadge Brothers, Inc.; the operating issues raised relative to Tallmadge Brothers, Inc. during the negotiation of the Divisive Reorganization.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas. Additionally to the extent that Douglas will attempt to elicit expert*

49

*testimony from David Hopp, it should be precluded as he was not disclosed as an expert witness.*

**O) Leslie Miklovich:** is Hillard Bloom's daughter. She is expected to testify as to her experience during the negotiation of the Divisive Reorganization agreement; her interaction with Michael Douglas during the relevant time period; the identity and value of Tallmadge Brothers, Inc. assets.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas. Additionally to the extent that Douglas will attempt to elicit expert testimony from Leslie Miklovich, it should be precluded as she was not disclosed as an expert witness.*

**P) Hillard Bloom, Jr.** Is Hillard Bloom's son. He is expected to testify as to his experience during the negotiation of the Divisive Reorganization agreement; his interaction with Michael Douglas during the relevant time period; the identity and value of Tallmadge Brothers, Inc. assets.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas. Additionally to the extent that Douglas will attempt to elicit expert testimony from Hillard Bloom, Jr., it should be precluded as he was not disclosed as an expert witness.*

**Q) Richard Worth** is expected to testify to his experience as CEO of Tallmadge Brothers, Inc; his observations of the negotiating process related to the Divisive Reorganization agreement; his interactions with Michael Douglas.

*Disagree. Witness not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas.*

50

R) **Linda Simmons** was Richard Worth's assistant. She is expected to testify as to the role of Corporate Renewal Services' role in managing Tallmadge Brothers, Inc.; her observations of the negotiating process related to the Divisive Reorganization agreement; her interactions with Michael Douglas.

*Disagree. Witness not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas.*

S) **Christine Barker:** is expected to testify to her experience as attorney for Tallmadge Brothers, Inc.; her interaction with Michael Douglas during negotiations leading up to the Divisive Reorganization Agreement; her observation of the relationship between Douglas, Bloom and the Bloom Trusts.

*Disagree. Witness not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas.*

T) **Mario Zangari** is expected to testify to his experience as attorney for Tallmadge Brothers, Inc.; his interaction with Michael Douglas during negotiations leading up to the Divisive Reorganization Agreement; his observation of the relationship between Douglas, Bloom and the Bloom Trusts.

*Disagree. Witness not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas.*

U) **Gregory Bezz:** is expected to testify to his experience as attorney for Tallmadge Brothers, Inc.; his interaction with Michael Douglas during negotiations leading up to the Divisive Reorganization Agreement; his observation of the relationship between Douglas, Bloom and the Bloom Trusts.

51

*Disagree. Witness not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas.*


V) **Joseph A. Verilli** was an accountant for the firm of Dworken, Hillman, Lammorte & Sterczala, P.C. He is expected to provide testimony related to Michael Douglas work for Norman Bloom and the Bloom Trusts, particularly related to Douglas' work in identifying and valuing assets of Tallmadge Brothers, Inc.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas.*

W) **Richard Diviney** is expected to provide testimony related to his representation of Westport Bank and Trust, co-trustee to the Bloom Trusts; his work in advocating for and representing the interests of Norman C. Bloom; his interaction with Norman C. Bloom and Mark Errico.

*Disagree. Witness not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas.*


X) **Charles Gallagher** is expected to provide testimony related to Westport Bank and Trusts's experience as co-trustee to the Bloom Trusts; its work to identify and value the assets of the Estate of Norman R. Bloom; its interaction with Hillard Bloom and representatives of Hillard Bloom; its interaction with Norman C. Bloom and Mark Errico.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas.*

52

**Y)** **Joseph Bononcini** was at all relevant times CPA for Tallmadge Brothers, Inc.'s New Jersey operations; he is expected to provide testimony related to assets and income of Tallmadge's New Jersey subsidiaries.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas.*

**Z)** **Steven Fleetwood** was manager of Tallmadge Brothers, Inc.'s New Jersey Operations. He is expected to provide testimony related to assets and income of Tallmadge's New Jersey subsidiaries.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas.*

**AA)** **Keeper of Records**, Connecticut Department of Agriculture: is expected to provide records related to shellfish production and income both for the State of Connecticut as a whole and for Tallmadge Brothers, Inc specifically.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas. Additionally to the extent that Douglas will attempt to elicit expert testimony from the Keeper of Records, it should be precluded as he/she was not disclosed as an expert witness.*

**BB)** **Keeper of Records**, Connecticut Department of Environmental Protection is expected to provide records related to shellfish production and income both for the State of Connecticut as a whole and for Tallmadge Brothers, Inc specifically.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas. Additionally to the extent that Douglas will attempt to elicit expert*

*testimony from the Keeper of Records, it should be precluded as he/she was not disclosed as an expert witness.*

**CC)** **Peter Mott** was the appointed administrator for the Estate of Norman C. Bloom. He is expected to provide testimony related to the collection and final inventory of estate assets; his interaction with the parties; his observations of the work of Michael Douglas.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas.*

**DD)** **Steven Ayers** was attorney for Stephen Bloom. He is expected to provide testimony related to his observations of the work of Michael Douglas; the negotiations between the Bloom brothers leading up to the Mutual Distribution Agreement; the negotiations leading up to the Divisive Reorganization agreement.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas.*

**EE)** **Lawrence Lapine, Esq.** is expected to testify to his experience as attorney for Tallmadge Brothers, Inc. and for Hillard Bloom; his interaction with Michael Douglas during negotiations leading up to the Divisive Reorganization Agreement; his observation of the relationship between Douglas, Bloom and the Bloom Trusts.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas.*

**FF)** **Michael Lyons** is expected to testify to his experience as attorney for Stephen Bloom; his interaction with Michael Douglas during negotiations leading up to the Divisive Reorganization Agreement; his observation of the relationship between Douglas, Bloom and the Bloom Trusts.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas.*

**GG)** **Paul Pacifico** is expected to testify to his experience as attorney for Robert Bloom; his interaction with Michael Douglas during negotiations leading up to the Divisive Reorganization Agreement; his observation of the relationship between Douglas, Bloom and the Bloom Trusts.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas.*

**HH)** **Joseph Richichi, Esq.** is expected to testify to his experience as attorney for Tallmadge Brothers, Inc. and for Hillard Bloom; his interaction with Michael Douglas during negotiations leading up to the Divisive Reorganization Agreement; his observation of the relationship between Douglas, Bloom and the Bloom Trusts.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas.*

**II)** **Joseph Tesoriere** is expected to testify to his experience as business consultant to

55

Robert Bloom; his interaction with Michael Douglas during negotiations leading up to the Divisive Reorganization Agreement; his observation of the relationship between Douglas, Bloom and the Bloom Trusts.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas.*

**JJ) Richard Zeisler** is expected to testify to his experience as attorney for Robert Bloom; his interaction with Michael Douglas during negotiations leading up to the Divisive Reorganization Agreement; his observation of the relationship between Douglas, Bloom and the Bloom Trusts.

**KK)** **David H. Carey** is expected to testify related to his work as Director of Acquaculture at the Connecticut Department of Agriculture and provide testimony related to the value of Tallmadge Brothers, Inc.'s rights in state shellfish grounds.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas. Additionally to the extent that Douglas will attempt to elicit expert testimony from David H. Carey, it should be precluded as he was not disclosed as an expert witness.*

**LL)** **James Sullivan** was chairman of the Connecticut Bond Commission at all relevant times. He is expected to testify to the process by which bonds were issued for purchase and planting of shell between 1989 and 1995; to the information put before the bond commission on the same.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas. Additionally to the extent that Douglas will attempt to elicit expert testimony from James Sullivan, it should be precluded as he was not disclosed as an expert witness.*

**MM)** **William C. Cibes** was Secretary to the State Bond Commission during the relevant time period. He is expected to testify to the process by which bonds were issued for purchase and planting of shell between 1989 and 1995; to the information put before the bond commission on the same.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas. Additionally to the extent that Douglas will attempt to elicit expert testimony from William C. Cibes, it should be precluded as he was not disclosed as an expert witness.*

**NN)** **Melanie J. Atwater** is legislative assistant to the Department of Agriculture. She is expected to testify that John Volk was responsible for writing website material related to the shellfish industry in Connecticut.

*Disagree. Not disclosed in discovery pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A) by Douglas. Additionally to the extent that Douglas will attempt to elicit expert testimony from Melanie J. Atwater, it should be precluded as she was not disclosed as an expert witness.*

**6.   ADDITIONAL ITEMS OF PROPOSED EVIDENCE**

Plaintiffs/Third-Party Defendants reserve the right to submit evidence produced in respect to trial subpoena or otherwise that heretofore has not been available.

Dated: Easton, Connecticut  
March 2, 2005

LOVEJOY & ASSOCIATES, LLC  
Attorneys for Plaintiff Norman C. Bloom and Third-Party Defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust

By: *[signature]*  
Frederick A. Lovejoy (CT 03121)  
P.O. Box 56  
Easton, Connecticut 06612  
(203) 459-9941  
(203) 459-9943 (telefax)

## **CERTIFICATION**

I hereby certify that a copy of the Notice of Compliance With Trial Preparation Order was mailed first class, postage prepaid on March 2, 2005, to:

Joshua D. Lanning
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
New Haven, Connecticut 06503

Frederick A. Lovejoy

59