# **Addendum B**

## Plaintiff's Proposed Jury Instructions

**Definition of an Express Contract**

Defendant and third-party plaintiff, Michael A. Douglas, claims he entered into a contract with plaintiff and third-party defendant, Norman C. Bloom. A contract is an agreement between two or more parties to do or not do a particular thing which is legally enforceable. If the parties reach their agreement in writing, the contract is called an express contract.

**Meeting of the Minds**

In order to form a binding contract, there must be mutual assent to its terms at the time the contract was formed. This is referred to as a "meeting of the minds" of the parties. In order for there to be a true meeting of the minds, the parties must agree that they have entered into a contract and they must also have a similar understanding as to its essential terms. The agreement cannot be based on the secret intention or understanding of one party not conveyed to the other. In determining whether or not there was any contract, you must decide whether there was a meeting of the minds between the parties as to the alleged terms and that there was a present intention to be bound by the agreement.

**Consideration**

To be enforceable, a contract must be supported by valuable consideration. Consideration may take the form of a promise to *do* or to *give* something of value. Alternatively, it may be a promise *not* to do something. The essence of consideration is a benefit or a detriment that has been bargained for and exchanged for the promise. Plaintiff, Norman Bloom, contends that the consideration supplied by defendant, Michael Douglas, as support for the contract, namely, the services he agreed to provide as a "legal consultant," was illegal in that it constituted the

unauthorized practice of law in Connecticut. If you find that the services constituted the unauthorized practice of law, then you must find the contract is void as unsupported by sufficient consideration because illegal consideration is insufficient consideration.

**Effect of Contract Language**

The parties have a dispute as to the meaning of the language of the contract that states that the defendant Michael A. Douglas would provide services as a "legal consultant". Here, the plaintiff, Norman Bloom, claims that this term means that Douglas would act as an attorney and provide legal services in connection with the resolution of issues pending in the probate of Bloom's father's estate. Defendant, Douglas, on the other hand, claims that he was merely retained to provide ordinary business consulting services that did not require him to be licensed to practice law in Connecticut. The plaintiff must prove by a preponderance of the evidence that the disputed term meant that Douglas agreed to provide services commonly performed by attorneys and for which a license to practice law in Connecticut was required.

To determine whether the contract provided for the provision of "legal" services rather than ordinary "business" services, you must decide whether it was the parties' intent to have provided "legal services." The first place to look to find the parties' intent is the wording that was used in the contract. Words in a contract are to be given their ordinary meaning. If you cannot determine what was intended from the language, you may consider the circumstances surrounding the entering into the contract or other legal doctrines that I will provide to you in these instructions.

**Consideration of Surrounding Circumstances**

To determine the intent of the parties, you may interpret the contract language in light of the situation of the parties and the circumstances surrounding the making of the contract. You also

2

may consider the motives of the parties and the ends that they sought to accomplish by their contract.

However, the circumstances surrounding the making of a contract, the purposes that the parties sought to accomplish and their motives cannot prove an intent that is contrary to the *plain meaning* of the language.

**Contract Construed Against the One Who Drew It**

If you are unable to determine the intent of the parties from the language and the surrounding circumstances, you may construe that language against Michael A. Douglas, the party who wrote the contract.

However, you should not construe the contract against Douglas, the party who drafted the contract, if it leads you to a result that you determine was not intended by the parties or if it leads you to a result that is not a reasonable meaning of the contract.

**Breach**

If one party does not perform its obligations under the contract, it is called a breach of contract and the other party is entitled to damages. Breach of contract means the failure, in the absence of legal excuse (about which I will instruct you later), to perform any promise that forms the contract or any part of it. A party may breach either an express or implied provision of the contract. An express provision is one that is specifically agreed to by the parties either orally or in writing. An implied provision is either one that is recognized by the parties to exist and bind them in their actions even if it was not specifically spelled out in their agreement, or it is a provision that is implied by operation of the law.

**Burden of Proof**

Douglas bears the burden of proving by a preponderance of the evidence that Norman Bloom breached any of the obligations in the contract, or that Norman Bloom prevented Douglas from performing his obligations. Therefore, Douglas bears the burden of proving each of the following points:

    (1) that Douglas entered into a contract with Bloom;

    (2) that Douglas either substantially performed what he was requested to do under the contract or was excused from doing any more under the contract;

    (3) that Bloom breached the contract without; and

    (4) that Bloom's failure to perform caused the damages Douglas seeks to recover; and

    (5) the amount of those damages.

If Douglas meets the foregoing burden, the burden then shifts to Bloom who bears the burden of establishing a legal excuse that voids the contract or excuses its breach.

**Quasi-contract (Unjust enrichment)**

Michael Douglas, on a theory of quasi-contract, seeks to recover the value of services he provided because he alleges that Norman Bloom was unjustly enriched by those services. Quasi-contract is an equitable remedy that prevents the injustice of one party retaining the benefit of another's labor without paying for the benefit. However, for you to find for Douglas under this principle, you must first find there was no written or oral contract expressed in words and no contract implied by conduct for Douglas to provide services. If you find that there *was* a contract for Douglas to provide services you may not find that Bloom was unjustly enriched. Moreover, if you find that Attorney Douglas was engaged in the unauthorized practice of law in Connecticut,

recovery is barred as a matter of law for no recovery may be had even on equitable grounds where one has violated a statute.

**Quantum Meruit**

Michael Douglas claims that Norman Bloom is entitled to recover under a theory of law known as *quantum meruit*. However, if you find that Attorney Douglas was engaged in the unauthorized practice of law in Connecticut, recovery under a quantum meruit theory is barred as a matter of law.

**Burden of Proof - Affirmative Defenses**

The defendant in this case, in addition to denying the claims made by the plaintiff, has affirmatively asserted certain special defenses to the plaintiff's claims. I will review these special defenses with you in a moment. The defendant has the burden of proof as to the allegations of any special defenses upon which the defendant relies. The plaintiff does not have the burden to disprove the allegations of the defendant's special defenses. Rather, each party has the burden of proving that party's own claims and no burden to disprove the claims of that party's adversary.

**Unauthorized Practice of Law**

Connecticut General Statutes §51-88 bars the unauthorized practice of law in Connecticut. Even though an attorney is admitted to practice in another jurisdiction, he may not recover compensation for legal services unless he has been admitted to practice in the state where the services were rendered. This same rule applies to a claim based on quantum meruit. The practice of law embraces the giving of legal advice on a large variety of subjects. The term "practice of law" does not require the unauthorized party to make appearances in court. No valid distinction can be drawn between the part of the work of the lawyer which involves appearance in court and the part which involves advice and the drafting of instruments. The work of the

5

office lawyer has profound effect on the whole scheme of the administration of justice. It is of importance to the welfare of the public that these manifold customary functions be performed by persons who are members of the bar of this state. Accordingly, the statute forbids "the performance of any acts, by persons not admitted as attorneys, in or out of court, commonly understood to be the practice of law." Taft v. Amsel, 23 Conn. Supp. 225 (Conn. Super. Ct., Jud, Dist. Fairfield. Co., 1962 *quoting* Grievance Committee v. Payne, 128 Conn. 325, 330 (1941).

**Fraud**

Norman Bloom and the other third-party defendants in this action, have asserted fraud, deceit and misrepresentation as an affirmative defense to the third-party complaint brought by Douglas. Fraud is a false representation of fact, whether by words, conduct or concealment, which misleads and is intended to mislead another so that the recipient relies on this false representation to his injury. To successfully assert an affirmative defense on the basis of fraud, third-party defendants must prove by clear and convincing evidence that (1) Douglas knowingly made a false representation of facts to Bloom that he had a duty to disclose truthfully; (2) Douglas' false representation of facts was material to the transaction; (3) the false representation by Douglas was made with the intent to mislead Bloom; (4) Bloom was justified in relying on the false representation and did, in fact, so rely; (5) Bloom was injured; and (6) the injury was proximately caused by Bloom's reliance on Douglas' false representation.

For the affirmative defense to succeed, Douglas' knowing false representation must be *material*. This means it must be important to or have influence upon the transaction at issue in this case.

A representation is false when it is not substantially true. The truth or falsity of a representation depends on the natural and obvious meanings of the words taking into consideration all the surrounding circumstances including the relative positions of the parties to the transaction.

6

A person intends to mislead another to rely on a representation when it is his purpose to mislead. A person's intent is known only to himself unless it is expressed to others or is indicated by conduct. Intent is determined from the way in which the representation is made, the means used, and all the facts and circumstances in evidence.

In this case, Bloom contends that Douglas falsely represented that he could provide services as a "legal consultant" in connection with the probate of Bloom's father's estate, even though Douglas was not licensed to practice law in Connecticut. Bloom further contends that any reasonable layperson would have understood the services to be offered by Douglas to be legal in nature and of the sort normally to be provided by an attorney-at-law. Bloom also contends that Douglas made his representations concerning the nature of the services Douglas would provide with the intent that Bloom rely upon Douglas as an attorney. Bloom is justified in relying on Douglas' representations if a person of ordinary care would have construed and relied on such representations as Bloom did.

If you find that Bloom has proved all six elements of fraud by clear and convincing evidence, you must enter a verdict for Bloom.

**Mutual Mistake**

Norman Bloom and the other third-party defendants have claimed as an affirmative defense the doctrine of mistake. The legal excuse of mistake comes in two forms: mutual mistake and unilateral mistake. I will instruct you in a moment about the doctrine of unilateral mistake. For now, I want to describe for you the excuse of mutual mistake. The law recognizes that certain contracts may be unenforceable because the parties to the contract made inaccurate assumptions about the very basis of their contract. Typically, this situation is referred to as a *mutual mistake*. A mistake is defined as a belief that does not match the facts. A mistake by both parties over a

7

basic fact underlying their agreement, which was made when they entered their contract and which has a material effect on the agreed exchange or performance allows the aggrieved party to choose not to have the agreement enforced. A mutual mistake is *material* where, if the parties had known the real facts, they would not have entered into the contract. Here, Norman Bloom contends that both he and Douglas had mutual mistaken assumptions about the meaning of the term "legal consultant." Bloom asserts that he understood this term to provide for the provision of legal services such as would ordinarily be performed by an attorney-at-law. Douglas, on the other hand, contends that he understood the services of a "legal consultant" to be ordinary business consulting services not requiring him to be an attorney licensed to practice law in Connecticut.

If you find that a mutual mistake of a material fact was made regarding the contract, you must find there was no enforceable contract.

**Unilateral Mistake**

The second form of mistake which may excuse legal performance in certain instances is what is known as unilateral mistake. This is a mistake made by only one of the parties to the transaction. A mistake on the part of only *one* of the parties in ordinary circumstances does not prevent the formation of a contract. In other words, a contract normally will be enforced even though its terms are not what one party supposed them to be. However, in particular circumstances, even a unilateral mistake as to an essential element is a valid affirmative defense to a claim for breach of contract. These circumstances include those in which the non-breaching party caused or knew of the mistake by the mistaken party.

In this case, Norman Bloom claims he understood that the services to be provided by Douglas were "legal services" of the type normally rendered by attorneys-at-law. If you find that this

8

constitutes a unilateral mistake on the part of Norman Bloom, you must then determine whether defendant Michael A Douglas caused or knew of the error, and nevertheless took advantage of that mistake. If you find that Douglas caused or knew of Bloom's mistake, the contract will be unenforceable.

**Covenant of Good Faith and Fair Dealing**

In addition to the express terms of the contract, the obligation of good faith and fair dealing in performance and enforcement are implicit in every contract. Good faith is defined as honesty in fact in all aspects of the transaction and the observance of commercially reasonable standards of fairness. A party fulfills the obligations of good faith and fair dealing when it is faithful to the agreed-upon common purpose of the contract and acts consistently with the reasonable expectations of the other party. You may find that a party breaches this duty where there is a violation of professional or industry standards of decency, fairness, or reasonableness.

If it is shown that a party breached these implied obligations, you must find that party liable for breach of the contract, just as if the party had breached on of the terms clearly spelled out on the contract's face.

**Admissions from Pleadings**

You have been presented with the allegation that the plaintiff Norman Bloom made in his complaint that defendant Douglas provided "legal services" in Connecticut. You have also been presented with the answer by defendant Douglas denying that the services he performed were "legal services". As to defendant Douglas, you should, therefore, consider that this fact has been effectively denied and Douglas is estopped from controverting his denial at trial.

It is still up to you to decide what weight or importance this fact has, if any, in deciding the issues in the case.

9

**Damages**

If you find that the defendant Douglas is entitled to damages (money), you must determine the necessity, value and reasonableness of the fees he has claimed.

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on March 2, 2005, postage prepaid, to:

Joshua Lanning, Esq.
Ira B. Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
New Haven, Connecticut 06503

                                                          Frederick A. Lovejoy

4