UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

    v.                                                                      3:02CV00907(PCD)

MICHAEL A. DOUGLAS,
    *Defendant.*
------------------------------------X
MICHAEL A. DOUGLAS,
    *Third-Party Plaintiff,*

    v.                                                                      March 3, 2005

NORMAN R. BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
------------------------------------X

PLAINTIFF NORMAN C. BLOOM AND THIRD-PARTY DEFENDANTS
NORMAN R. BLOOM REVOCABLE TRUST, NORMAN R. BLOOM
FAMILY SPRAY TRUST, AND NORMAN R. BLOOM IRREVOCABLE
INSURANCE TRUST'S MOTION IN LIMINE TO: 1) PRECLUDE
DEFENDANT/THIRD-PARTY PLAINTIFF MICHAEL A. DOUGLAS
FROM OFFERING TESTIMONY OF MATERIAL WITNESSES HE FAILED TO
DISCLOSE DURING THE COURSE OF DISCOVERY PURSUANT TO
FED.R.CIV.P., RULE 26(a)(1)(A), AND 2) PRECLUDE THE WITNESSES
DEFENDANT/THIRD-PARTY PLAINTIFF MICHAEL A. DOUGLAS
IS ATTEMPTING TO HAVE TESTIFY ON THE ISSUE OF THE VALUE OF
TALLMADGE BROTHERS, INC.'S SHELLFISH GROUNDS, A SUBJECT THIS
COURT HAD DISALLOWED BELATED DISCLOSURE OF AN EXPERT WITNESS
BY DEFENDANT/THIRD-PARTY PLAINTIFF MICHAEL A. DOUGLAS

    Now come plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust; Norman R. Bloom Family Spray Trust; and Norman R. Bloom Irrevocable Insurance Trust, and move this Court for an Order in support of their motion *in limine* to: 1) preclude defendant/third-party plaintiff Michael A. Douglas from offering testimony of material

1

witnesses he failed to disclose during the course of discovery pursuant to Fed.R.Civ.P., Rule 26(a)(1)(A), and 2) preclude the witnesses defendant/third-party plaintiff Michael A. Douglas is attempting to have testify on the issue of the value of Tallmadge Brothers, Inc.'s shellfish grounds, a subject this court had disallowed belated disclosure of an expert witness by defendant/third-party plaintiff Michael A. Douglas.

First: In defendant's January 20, 2005 "Compliance with Trial Preparation Order" he discloses for the first time the names of 40 witnesses that defendant intends to call at the trial of this matter.

Due to defendant Douglas's failure to comply with Fed.R.Civ.P., Rule 26(a)(1)(A), which states:

> The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

Plaintiff has been prejudiced in that he has not been afforded the opportunity to take deposition the said witnesses or to serve other discovery that might elicit information in defendant's possession/knowledge that might assist plaintiff in the prosecution or defense of his case.

Because of defendant's flagrant violations of Fed.R.Civ.P. Rule 26(a)(1)(A) and because of the substantial prejudice to plaintiff, defendant should be precluded from offering the testimony of the undisclosed witnesses at the trial of this matter.

Second: In an apparent attempt to circumvent this Court's ruling dated November 16, 2004 (Docket No. 94), in which the Court refused to belatedly grant defendant leave to disclose an expert of the valuation of Tallmadge Brothers, Inc.'s assets, defendant has now listed a number of witnesses, never previously disclosed as expert witnesses or otherwise, in an attempt to get evidence of valuation before this Court.

Because the witnesses were never properly disclosed as expert witnesses pursuant to Fed.R.Civ.P., Rule 26(a)(2), nor disclosed as potential witnesses pursuant to Fed.R.Civ.P., Rule 26(a)(1)(A), plaintiff will be prejudiced if they are allowed to testify because he has: 1) not had timely notice, 2) not been allowed to depose them, and 3) not had an opportunity to retain an expert witness on the issue in order to rebut the testimony. The witnesses concerned are John Volk, Robert Bloom, Stephen Bloom, David Hopp, Leslie Miklovich, Hillard Bloom, Jr., Richard Worth, Linda Simmons, Joseph A. Verilli, Joseph Bononcini, Steven Fleetwood, Keeper of Records of the Connecticut Department of Agriculture, Keeper of Records of the Connecticut Department of Environmental Protection, Peter Mott, Steven Ayers, Lawrence Lapine, Jr., Joseph Tesoriere, David Carey, James Sullivan, William Cibes, and Melanie Atwater.

Because of defendant's failure to comply with the requisites concerning expert disclosure, the aforesaid witnesses should be precluded from testifying at the trial of this matter.

| | |
|---|---|
| Dated: Easton, Connecticut<br>March 3, 2005 | LOVEJOY & ASSOCIATES<br>Attorneys for Plaintiff Norman C. Bloom and<br>Third-Party Defendants Norman R. Bloom<br>Revocable Trust, Norman R. Bloom Family Spray<br>Trust, and Norman R. Bloom Irrevocable<br>Insurance Trust |

By: _____
Frederick A. Lovejoy (CT 03121)
P.O. Box 56
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

DouglasMotionInLimine2.doc

3

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on March 3, 2005, postage prepaid, to:

Joshua Lanning, Esq.
Ira B. Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
New Haven, Connecticut 06503

_____
Frederick A. Lovejoy

4