UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------------X
NORMAN C. BLOOM,
                      Plaintiff

                                                    3:02CV907(PCD)
    v.

MICHAEL A. DOUGLAS,
                      Defendant and Third
                      Party Plaintiff

    v.

NORMAN C. BLOOM, NORMAN R.              MARCH 4, 2005
BLOOM RECOVABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY TRUST
and NORMAN R. BLOOM IRREVOCABLE
INSURANCE TRUST
                      Third Party Defendants

**DEFENDANT'S MOTION *IN LIMINE* TO LIMIT THE SCOPE OF EXPERT TESTIMONY**

        Defendant in the above-captioned matter respectfully requests a ruling limiting the scope of expert testimony at trial. Plaintiff intends to offer his expert, Yale Professor Dennis Curtis, to testify that defendant "engaged in the unauthorized practice of law" in the State of Connecticut. [Exhibit A]. This testimony is inadmissible. While Professor Curtis, if qualified, may testify as to what constitutes the practice of law in Connecticut, he may not testify as to the legal issue of what is authorized and what is not authorized. Further, he may not testify that Douglas violated the law. The latter topics are issues of law exclusively within the province of the Court.

**I.     Introduction**

        This is an action related to compensation for services rendered. Between 1995 and 2002, defendant worked for plaintiff and third party defendants related to their attempts to identify and secure assets belonging to the estate of plaintiff's father, Norman

R. Bloom. Though plaintiff does not dispute an agreement was reached as to compensation, he nonetheless claims defendant is not entitled to payment because he engaged in "the unauthorized practice of law in Connecticut."

Obviously, a critical issue <u>for the jury</u> will be whether defendant engaged in the unauthorized practice of law, and if so, how much of his work is not entitled to compensation. <u>See</u>, <u>e.g.</u>, Ruling on Motion for Summary Judgment, Docket No. 87 p. 15. Because an expert may not testify as to the applicable law, however, plaintiff may not offer evidence through professor Curtis as to what constitutes the "unauthorized practice of law" or that Douglas in fact "engaged in the unauthorized practice of law."

## II.     An Expert Witness May Not Instruct The Jury On The Law

It is well-settled that determinations as to the applicable law, and instructions to the jury on that law, are exclusively within the province of the Court. <u>Federal Aviation Administration v. Landy</u>, 705 F.2d 624 (2nd Cir. 1983). "[I]it would be very confusing to a jury to have opposing opinions of law admitted into evidence as involving a factual question for them to decide." <u>U.S. v. Ingredient Technology Corp.</u>, 698 F.2d 88, 97 (2nd Cir. 1983). "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge in the function of instructing the jury." <u>Hygh v. Jacobs</u>, 961 F.2d 359, 364 (1992).

Accordingly, the Second Circuit "is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion." <u>Hygh</u>, 961 F.2d at 363 (1992); <u>U.S. v. Scop</u>, 846 F.2d 135 (2nd Cir. 1988) ("Rule 704 was not intended to allow expert opinions embodying legal conclusions). "Even if a jury were not misled into adopting an outright legal conclusion proffered by an expert witness, the testimony would remain objectionable by communicating a legal standard – explicit or implicit – to the jury. <u>Hygh</u>, 961 F.2d at 364.

### III. Professor Curtis' Proposed Testimony That Douglas Engaged In The Unauthorized Practice of Law Must Be Excluded

Here, there are several legal issues which will require the Courts instruction to the jury. The jury will have to be instructed that a party is not entitled to compensation for services which constitute the unauthorized practice of law in Connecticut; that an out-of-state attorney who practices law in a state in which he is not licensed is nonetheless entitled to compensation if he discloses his out of state status and associates with Connecticut counsel; that Douglas is entitled to compensation for all work he performed in New York, where he is licensed to practice law; and that Douglas is entitled to compensation for all work that does not constituted the practice of law. [See, Defendant's Proposed Jury Instructions].

These are all straightforward legal issues that must be resolved by the court. Federal Aviation Administration, 705 F.2d at 632. It would be absurd, for example for Professor Curtis to tell the jury that Douglas is <u>not</u> legally entitled to compensation for work performed with Connecticut counsel, or that such behavior is "unauthorized", when the Court will give the jury the opposite instruction. In effect, plaintiff proposes to offer expert testimony on the scope of Connecticut General Statutes §51-88, which prohibits the unauthorized practice of law by those not admitted not admitted in this state. As noted, questions soliciting the meaning of the law, or its applicability to a particular case, invade the role of the Court and are improper. Federal Aviation, 705 F.2d at 632.

Nor may professor Curtis apply the law to the facts for the jury, and provide an opinion as to whether Douglas' conduct <u>constitutes</u> the practice of law. Just as an expert may not define the law to a jury, he may not testify that a party violated the law. Marx & Co. v. Diners Club, Inc., 550 F.2d 505, 509-10 (2nd Cir.), cert denied, 434 U.S. 861 (1977) (expert in securities law could testify to what securities attorneys generally do in their profession, but not as to legal relationship between parties or whether on party was in compliance with securities laws); Hygh, 961 F.2d at 363 (expert could not testify that

force was excessive under the applicable law); Andrews v. Metro N. Commuter RR, 882 F.2d 705, 709 (2nd Cir. 1989) (expert may not testify that defendant was "negligent").

The testimony of Professor Curtis (and of defendant's expert Sid Miller) is more properly confined to the definition of "practice of law" in Connecticut. Although even this issue is legal in nature, the determination of what constitutes the "practice of law" in this state turns on the factual issue of what acts are "commonly understood" to be the practice of law in this state. See, e.g., State Bar Assoc. v. Connecticut Bank & Trust Co., 145 Conn. 222, 234, 140 A.2d 863 (1958); Ruling on Motion for Summary Judgment, Docket No. 87 p. 9. Accordingly experts on this issue, if qualified to do so, might shed light on what acts are "commonly understood" to be the practice of law in Connecticut.

## IV.   Conclusion

For the foregoing reasons, the Court should enter an Order precluding testimony as to what acts are authorized or unauthorized in Connecticut, and whether defendant's constituted violated Connecticut General Statutes §51-88 in that it did (or did not) constituted the unauthorized practice of law.

THE DEFENDANT/THIRD PARTY PLAINTIFF
MICHAEL A. DOUGLAS

BY _____
Joshua D. Lanning (ct 24529)
JACOBS, GRUDBERG, BELT, DOW & KATZ P.C.
350 Orange Street, P.O. Box 606
New Haven, CT 06503
Phone: (203) 772-3100
Fax: (203) 772-1691
E-Mail: jlanning@jacobslaw.com

## **CERTIFICATION**

I hereby certify that a copy of the Defendant's Motion In Limine To Limit The Scope Of Expert Testimony was mailed first class, postage prepaid on March 4, 2005, to:

Frederick Lovejoy, Esq.
P.O. Box 56
Easton, CT 06612

_____
Joshua D. Lanning