UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------X
NORMAN C. BLOOM,
                Plaintiff

                                              3:02CV907(PCD)

v.

MICHAEL A. DOUGLAS,
                Defendant and Third
                Party Plaintiff

v.

NORMAN C. BLOOM, NORMAN R.          MARCH 4, 2005
BLOOM RECOVABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY TRUST
and NORMAN R. BLOOM IRREVOCABLE
INSURANCE TRUST
                Third Party Defendants

### DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE RELATING TO OFFERS OF SETTLEMENT OR COMPROMISE

Defendant in the above-captioned matter respectfully moves this Court, *in limine*, to preclude evidence proposed by the plaintiff/third party defendants that relates to offers of compromise or settlement. Such evidence is inadmissible under Rule 408 of the Federal Rules of Civil Procedure.

In furtherance of the public policy of encouraging settlements and avoiding wasteful litigation, Rule 408 bars the admission of most evidence of offers of compromise and settlement. Trebor Sportswear Co., Inc. v. The Limited, 865 F.2d 506 (2nd Cir. 1989). That rule provides:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.

Fed. R. Evid., Rule 408 (2005). Under the rule, "[e]vidence of conduct or statements made in compromise negotiations is likewise not admissible. Pierce v. F.R. Tripler & Co., 955 F.2d 820 (2nd Cir. 1992).

Here, plaintiff proposes to offer evidence of statements defendant made during compromise discussions between the parties. One such item is a settlement offer sent to plaintiff by defendant. (Exhbit A). The document was sent in April of 2002, less than two months before this action was filed, and well after plaintiff began to dispute defendant's right to compensation. Further, defendant was careful to note that the document was not intended to be an admission as to the value of his claim, but rather one of compromise. The document reads: "Without prejudice. For discussion purposes only." Accordingly, the document should be inadmissible. See, *e.g.*, Etim v. Board of Trustees of Connecticut State University, 164 F.3d 617 (2nd Cir. 2002) (court properly excluded University's settlement offer of $50,000). A contrary ruling would plainly deter parties from making good faith compromise offers in order to head off litigation.

Further, plaintiff's counsel has verbally indicated that certain letters sent from defendant's prior counsel would be offered because they contain demands for a particular amount. The undersigned does not have copies of such letters, but should they exist, they are plainly offers to compromise a disputed claim, and are likewise inadmissible. Pierce v. F.R. Tripler & Co., 955 F.2d 820 (2nd Cir. 1992) (noting that where a party has retained counsel and litigation is threatened, any offer made is presumed to be within the scope of

Rule 408).

                    THE DEFENDANT/THIRD PARTY PLAINTIFF
                    MICHAEL A. DOUGLAS

BY _____
    Joshua D. Lanning (ct 24529)
    JACOBS, GRUDBERG, BELT, DOW & KATZ P.C.
    350 Orange Street, P.O. Box 606
    New Haven, CT 06503
    Phone: (203) 772-3100
    Fax: (203) 772-1691
    E-Mail: jlanning@jacobslaw.com

## CERTIFICATION

I hereby certify that a copy of the Defendant's Motion In Limine To Preclude Evidence Relating To Offers Of Settlement Or Compromise was mailed first class, postage prepaid on March 4, 2005, to:

Frederick Lovejoy, Esq.
P.O. Box 56
Easton, CT  06612

_____
Joshua D. Lanning