UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------X
NORMAN C. BLOOM,
                Plaintiff

                                                                                3:02CV907(PCD)
    v.

MICHAEL A. DOUGLAS,
                Defendant and Third
                Party Plaintiff

    v.

NORMAN C. BLOOM, NORMAN R.                    MARCH 4, 2005
BLOOM RECOVABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY TRUST
and NORMAN R. BLOOM IRREVOCABLE
INSURANCE TRUST
                Third Party Defendants

### DEFENDANT'S SECTION A TRIAL COMPLIANCE AND MOTION FOR DEFAULT FOR PLAINTIFF/THIRD PARTY DEFENDANT'S FAILURE TO COMPLY WITH THE COURT'S TRIAL COMPLIANCE ORDER DATED NOVEMBER 10, 2004

       Pursuant to this Courts Trial Compliance Order dated November 10, 2004, Defendant/third-party plaintiff ("defendant") hereby files its Section A Trial compliance (Exhibit A) and respectfully requests that a default be entered against plaintiff/third-party defendants ("plaintiff") for their repeated failure to comply with the Court's Trial Compliance Order. Plaintiff's delay of over two months in filing a **Section A** compliance, and <u>complete</u> failure to file a **Section C** compliance has prejudiced defendant's trial preparation and warrants sanctions.

       On November 10, 2004, this Court issued a Trial Preparation Order mandating that the parties' pre-trial compliance be due in three separate stages. [Docket No. 93]. Section A was due on December 20, 2004, with sections B and C to be due on successive

weeks thereafter. Sometime prior to the December 20 deadline, plaintiff sought and received (with our consent) a 30 day extension, moving (per attorney Lovejoy's request) Schedule A's due date to January 20, 2005 with Section C due on February 5, 2005.

Plaintiff did not comply with the revised scheduling order.[1] Instead, on the <u>due date</u>, he moved for a second extension of time, [Docket No. 100], simply ignoring the January 20, 2005 deadline.[2] Plaintiff's request was denied [Docket No. 106], and the Court gave plaintiff until February 1, 2005 to comply, moving Section C's deadline to February 18. [Docket No. 106]. Plaintiff did not file his Section A on February 1st. This time, without even requesting a continuance, he simply waited until February 18th (the due date for Section C) to file his Section A compliance. Though trial begins in three days, plaintiff has <u>still</u> not complied with Section C.[3]

Federal Rules of Civil Procedure, Rule 16(f) provides for sanctions if a party fails to obey a pre-trial order. F.R.C.P., Rule 16(f) (2005). Further, the Court's own pretrial order states:

> **<u>Non-compliance with the above dates by counsel can result in an automatic dismissal or default of the above-captioned case.</u>**

(emphasis in original). The order also states:

> In the event any party fails to comply with Section C, the opposing party may file its Part A or B compliance and the party in default will be deemed to have stated its agreement with respect to C6 through C11 and to have waived its rights to submissions under Section C.

---

[1] Plaintiff reaffirmed the January 20, 2005 deadline in his January 14, 2005 Motion *in Limine* [p. 19 n. 5] and then only six days later, failed to comply.

[2] Defendant complied. [Docket No. 99].

[3] Defendant complied. [Docket No. 113].

Here, plaintiff's continued disregard or the Scheduling Order and the resulting prejudice to defendant warrant a default. Notwithstanding a continuance to dates he <u>specifically requested</u>, plaintiff failed to file his Section A Compliance until almost a month after the January 20, 2004 deadline. Notwithstanding that the Court <u>denied</u> plaintiff's second request for continuance, and ordered compliance by February 1, 2005, plaintiff did not comply until February 17, 2004, over two weeks later. Further, though plaintiff had defendant's Section A compliance for nearly one month, he failed to file <u>anything</u> in response to the Court's February 18th deadline for Section C, and still has not even today, three days before trial.

The prejudice to defendant is easily apparent. First, since plaintiff has had defendant's Section A compliance, with its map of defendant's case, since January 20th, 2004, he has had ample time to prepare response to plaintiff's factual and legal contentions and objections to plaintiff's evidence. Further, he has had time to prepare his witnesses on each proposed exhibit. Defendant has had virtually <u>no</u> time – as when plaintiff finally filed his Section A, almost one month later and just <u>two weeks</u> before trial, he disclosed over <u>four hundred</u> new exhibits and several witnesses unmentioned until then.[4] Finally, because of plaintiff's delay, defendant has <u>no idea</u> of plaintiff's position as to admissibility of defendant's proposed exhibits, facts, and witnesses. Whatever happens at trial will be a <u>complete</u> surprise.

Because the Trial Compliance Order is designed to avert a trial by ambush strategy, and because that is precisely how plaintiff has orchestrated this trial, plaintiff's behavior warrants a default. In the alternative, defendant requests a ruling establishing the admissibility of defendant's proposed exhibits and

---

[4] It is worth noting that plaintiff turned over exactly <u>two</u> documents in discovery.

witnesses, and establishing plaintiff's proposed facts as binding for purposes of trial.

                          THE DEFENDANT/THIRD PARTY PLAINTIFF
                          MICHAEL A. DOUGLAS

BY _____
   Joshua D. Lanning (ct 24529)
   JACOBS, GRUDBERG, BELT, DOW & KATZ P.C.
   350 Orange Street, P.O. Box 606
   New Haven, CT  06503
   Phone: (203) 772-3100
   Fax: (203) 772-1691
   E-Mail: jlanning@jacobslaw.com

4

## CERTIFICATION

I hereby certify that a copy of the Defendant's Section A Trial Compliance And Motion For Default For Plaintiff/Third Party Defendant's Failure To Comply With The Court's Trial Compliance Order Dated November 10, 2004, was mailed first class, postage prepaid on March 4, 2005, to:

Frederick Lovejoy, Esq.
P.O. Box 56
Easton, CT  06612

_____
Joshua D. Lanning