# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

NORMAN C. BLOOM,
       *Plaintiff,*

                                     3:02CV00907(PCD)

    v.

MICHAEL A. DOUGLAS, ESQ.,
       *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MICHAEL A. DOUGLAS, ESQ.,
       *Third-Party Plaintiff,*

    v.
                                    February 16, 2005

NORMAN R. BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
       *Third-Party Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### DEFENDANT'S SECTION C RESPONSE TO PLAINTIFF/THIRD PARTY DEFENDANT'S SECTION A TRIAL PREPARATION SUBMISSION

1)    <u>CLAIMS OF FACT PROPOSED FOR STIPULATION</u>

    1.    That Michael A. Douglas, Esq. is an attorney in the State of New York since 1967.

    **Response: Agreed.**

2)    <u>PROPSED FINDINGS OF FACT WITH SOURCE</u>

    1.    That Michael A. Douglas, Esq. is not a specialist in probate law, estate law, dissolution of corporate entities, or in trial work in the State of New York or elsewhere. (Michael A. Douglas, Esq.) (Norman C. Bloom)

    **Response: Plaintiff will have to define specialist at trial. Defendant's prior work will speak for itself.**

2.    That during the period of 1995 to 2002, Michael A. Douglas, Esq. did not actively engage in the practice of law in the State of New York or elsewhere, excepting in the instant matter. (Michael A. Douglas, Esq.)

**Response: Agreed**

3.    That Norman C. Bloom retained Michael A. Douglas, Esq. for the purpose of obtaining, and Michael A. Douglas, Esq. agreed to provide to him, legal services. (Norman C. Bloom) (Mark Errico) (Deborah Bloom)

**Response: Denied (Michael Douglas, Norman Bloom)**

4.    That had Michael A. Douglas, Esq. not agreed to provide Norman C. Bloom with legal advice, then Norman C. Bloom would never have agreed to retain him. (Norman C. Bloom) (Mark Errico)

**Response: Denied that Michael Douglas agreed to provide legal advice, see above.**

5.    That Michael A. Douglas, Esq. is a retired schoolteacher, having retired from teaching at Francis Xavier High School in Manhattan in 1983. (Michael A. Douglas, Esq.)

**Response: Agreed**

6.    That Michael A. Douglas, Esq.'s primary source of income for the period of 1983 to date has been from an automobile driving school that he owns and operates in New York City. (Michael A. Douglas, Esq.)

**Response: Denied (Michael Douglas)**

7.    That Michael A. Douglas, Esq. is not, and was not, a licensed appraiser of real estate or personal property either in New York or elsewhere. (Michael A. Douglas, Esq.)

**Response: Agreed.**

8.    That Michael A. Douglas, Esq. and Cohen & Wolf, P.C. quit before all work was completed in respect to the Dissolution of Tallmadge Brothers, Inc. and the estate of Norman R. Bloom, and as such are not entitled to cooperation for the services rendered. (Norman C. Bloom) (Mark Errico) (Michael A. Douglas, Esq.)

**Response: Denied (Michael Douglas) (Cohen & Wolf attorneys)**

9.    That at the time defendant/third-party plaintiff Michael A. Douglas, Esq. quit working for plaintiff Norman C. Bloom, the real estate which he was entitled to had been distributed so that Norman C. Bloom owned no specific piece of property outright and, as such, later had to incur additional legal bills in order to obtain sole ownership to various pieces of property. (Norman C. Bloom) (Mark Errico)

**Response: Defendant has no knowledge of what Plaintiff did after their relationship ended. Plaintiff is left to his proof.**

10.    That Michael A. Douglas, Esq. indicated to Norman C. Bloom that the sole purpose of retaining Cohen & Wolf, P.C. was that they were to act as trial counsel while Michael A. Douglas, Esq. himself would provide the necessary legal advice. (Norman C. Bloom) (Michael A. Douglas, Esq.)

**Response: Denied (Michael Douglas)**

11.    That Michael A. Douglas, Esq. represented to Norman C. Bloom that he would obtain his share of his father's estate in approximately 12 to 18 months. (Norman C. Bloom) (Michael A. Douglas, Esq.)

**Response: Denied (Michael Douglas)**

12.    That Michael A. Douglas, Esq. advised Norman C. Bloom that he could recover on actions/claims against Hilliard Bloom for the actions/inactions of Hilliard Bloom. (Norman C. Bloom) (Michael A Douglas, Esq.)

**Response: Denied as stated. (Michael Douglas)**

13.    That Michael A. Douglas, Esq. assured Norman C. Bloom that the retainer agreement that Michael A. Douglas, Esq. negotiated and reviewed for him in regard to the retention of the law firm of Cohen & Wolf, P.C. would provide the necessary litigation required without Norman C. Bloom having to provide any substantial sums of money in advance. (Norman C. Bloom) (Michael A. Douglas, Esq.)

**Response: Denied (Michael Douglas)** .

14.    That Michael A. Douglas, Esq. was acting as Norman C. Bloom's lawyer and provided him with legal advice. (Mario Zangari, Esq.) (Christine Barker, Esq.) (Michael Lyons, Esq.) (Richard DiMarco, Esq.) (Norman C. Bloom) (Mark Errico) (Deborah Bloom) (Terry Backer) (Reynolds Gordon) (Steven Bloom) (Robert Bloom) (Professor Dennis Curtis)

**Response: Denied (Michael Douglas) (Norman Bloom) (Cohen & Wolf Attorneys)**

15.    That the actions of (or certain of the actions of) Michael A. Douglas, Esq. were dishonest, unethical, and violated public policy.

**Response: Denied.**

3)    <u>CLAIMS OF LAW (WITH AUTHORITY)</u>

1.    Michael A. Douglas, Esq.' services constituted the unauthorized practice of law in Connecticut, and as such he cannot recover for those services.

a.    <u>Perlah v. S.E.I. Corp.</u>, 29 Conn. App 43, 612 A.2d 806 (1992); <u>In re Peterson</u>, 163

4

B.R. 665 (1994); Taft v. Ansel 23 Conn. Supp. 225 180 A.2d 756 (1962); Spivak v. Sachs, 16

NY 2d 163, 263 NYS 2d 951, 211 NE 2d 329 (1965); Ginsburg v. Fahrney, 45 Misc. 2d 777, 258

NYS 2d 43 (1965); Fein v. Ellenbogen, 84 NYS 2d 789 (1948); In re Estate of Mason, 732 A.2d

253 (D.C. 1999).

**Response: Disagree. See Defendant's Claims of Law.**

      2.      If it is found that Michael A. Douglas, Esq. engaged in the unauthorized practice

of law, he may not collect on his claim under such alternate theories as quantum meruit or unjust

enrichment.

Perlah v. SEI Corp., 29 Conn. App. 43 (1992)

**Response: Agreed only as to that portion of work that constitutes the unauthorized practice**

**of law.**

      3.      That the representations made by Michael A. Douglas, Esq. were negligent; i.e.,

constituted negligent misrepresentations, and as such, should bar defendant/third-party plaintiff

Michael A. Douglas, Esq.'s claims.

D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 2002 Conn. 206, 520 A.2d

217 (1987)

**Response: Denied. There is no factual basis for this claim.**

      4.      That the representations of defendant/third-party plaintiff Michael A. Douglas,

Esq. were fraudulent and therefore bar him from recovering either against plaintiff Norman C.

Bloom or the third-party defendants.

Miller v. Appleby, 183 Conn. 51 (1981); Paiva v. Vanech Heights Construction Co., 159 Conn.

512 (1970)

**Response: Denied. There is no factual basis for this claim.**

5.    That the hourly fee plus contingency fee agreement that defendant/third-party plaintiff Michael A. Douglas, Esq. required plaintiff Norman C. Bloom to execute was not reasonable and violated Michael A. Douglas, Esq.'s fiduciary duty to plaintiff Norman C. Bloom and violates the Connecticut Unfair Trade Practices Act ("CUTPA"), thus barring defendant/third-party plaintiff Michael A. Douglas, Esq. from recovering herein.

Rohan v. Rosenblatt, 1999 Conn. Super. LEXIS 2231 (J.D. Waterbury)

**Response: This is not a claim of law, but an application of fact to law that will be for the jury to determine.**

6.    That associating with Connecticut counsel does not absolve Michael A. Douglas, Esq. from having engaged in the unauthorized practice of law in Connecticut.

Servidone Construction Corp. v. St. Paul Fire & Marine Insurance Company and First National Association, 911 F.Supp. 560 (N.D.N.Y. 1995)

**Response: Denied.  See Defendant's Claims of Law.**

7.    That a non-lawyer is precluded from recovering a contingency fee. Biller Associates v. Rte. 156 Realty Company, 52 Conn. App. 18, 725 A.2d 398 (App. Ct. 1999).

**Response: Denied.  The cited case does not even begin to stand for the stated proposition. If plaintiff requests a jury instruction on this issue, defendant will file a written objection to the same.**

8.    That the billings of defendant/third-party plaintiff Michael A. Douglas, Esq. constitute double and/or overbilling and as such, defendant/third-party plaintiff Michael A. Douglas, Esq. should be barred or found to have violated CUTPA.

Presnick v. Bond, 1992 Conn. Super. LEXIS 1637 (1992)

**Response: Again, this is an application of fact to law rather than a claim of law. There will be no factual basis for a this claim.**

9.    That the legal fees charged by defendant/third-party plaintiff Michael A. Douglas, Esq. were unreasonable and/or excessive and thus should be barred in whole or in part.

Smith v. Snyder, 267 Conn. 456 (2004)

**Response: Denied. There is no factual basis for this claim.**

10.    The records of defendant/third-party plaintiff Michael A. Douglas, Esq. are not fairly stated or accurate and thus cannot be used to support his claim for fees.

Lee v. Benedetto, 2003 Conn. Super. LEXIS 2747 (J.D. Fairfield at Bridgeport 2003)

**Response: Denied. There is no factual basis for this claim.**

11.    Defendant/third-party plaintiff Michael A. Douglas, Esq. violated his obligation to clearly delineate to plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust in respect to what services he was performing as a lawyer and what services he intended to act in some other capacity.

In the Matter of the State Bar of Arizona, Harry Pappas Respondent, 159 Ariz. 516 (1988)

**Response: Denied. Douglas was not acting as plaintiff's attorney.**

4)    PLAINTIFF/THIRD-PARTY DEFENDANTS' PROPOSED EXHIBIT LIST:

**General Response: Although specifically objections to several of plaintiff's 409 proposed exhibits below. Defendant reserves the right to object to any exhibit based on relevance and/or authentication. The relevance to only a small portion of the proposed exhibits is apparent.**

Exhibit No. 1        Agreement, dated June 19, 1995

Exhibit No. 2       Amendment to Agreement, dated September 29, 1995

Exhibit No. 3       Second Amendment, dated January 1997

Exhibit No. 4       Statement for Legal Services from Michael A. Douglas, Esq., Attorney at Law, dated November 20, 1997

Exhibit No. 5       Statement for Legal Services from Michael A. Douglas, Esq., Attorney at Law, dated January 1, 1999

Exhibit No. 6       Statement for Legal Services from Michael A. Douglas, Esq., Attorney at Law, dated February 8, 2000

Exhibit No. 7       Legal Expenses Invoice, dated February 8, 2000

Exhibit No. 8       Invoice for Consultation Fees directed to NRB Corp., dated May 23, 2002

Exhibit No. 9       Reilly Matthews Bononcini letter, dated November 1, 2001

**Object: Authentication, Relevance**

Exhibit No. 10       Memorandum from Michael A. Douglas, Esq. to Norman C. Bloom, dated December 3, 2001

Exhibit No. 11       Bello Lapine & Cassone LLP letter to Michael A. Douglas, Esq., dated August 10, 2000

**Object: Authentication, Relevance**

Exhibit No. 12       Affidavit of Michael A. Douglas, Esq., dated April 13, 2004

Exhibit No. 13       Letter from Michael A. Douglas, Esq. to Christine Barker, Esq., dated September 17, 2001

Exhibit No. 14       Michael A. Douglas, Esq.'s Summery of Balance claimed to be due by Norman C. Bloom, sent on April 3, 2002

**Object: <u>See</u> Motion *in Limine***

Exhibit No. 15       Letter from Michael A. Douglas, Esq. to Norman C. Bloom, dated November 23, 2001

Exhibit No. 16       Defendant Michael A. Douglas, Esq.'s Answers to Interrogatories, dated November 26, 2002

Exhibit No. 17          Retainer Agreement between Cohen & Wolf, P.C. and Norman C. Bloom, dated March 27, 1996

Exhibit No. 18          Defendant/third-party plaintiff Michael A. Douglas, Esq.'s Responses to Request for Admissions, dated January 6, 2003

Exhibit No. 19          Defendant/third-party plaintiff Michael A. Douglas, Esq.'s Responses to Request for Production of Documents, dated January 14, 2003

Exhibit No. 20          Defendant/third-party plaintiff Michael A. Douglas, Esq.'s Answers to Interrogatories (December 6, 2002), dated February 24, 2003

Exhibit No. 21          Defendant/third-party plaintiff Michael A. Douglas, Esq.'s Responses to Request for Production of Documents (February 20, 2003), dated February 25, 2003

Exhibit No. 22          Defendant/third-party plaintiff Michael A. Douglas, Esq.'s Responses to Interrogatories (February 28, 2003), dated March 25, 2003

Exhibit No. 23          Defendant/third-party plaintiff Michael A. Douglas, Esq.'s Responses to Request for Admissions (March 3, 2003), dated March 26, 2003

Exhibit No. 24          Defendant/third-party plaintiff Michael A. Douglas, Esq.'s Amended Answers to Interrogatories (October 29, 2002), dated April 4, 2003

Exhibit No. 25          Affidavit of Michael A. Douglas, Esq., dated April 15, 2004

Exhibit No. 26          Fax/e-mail from Michael A. Douglas, Esq. to Christine Barker, Esq., Fall of 2001.


                        *        *        *        *        *


Exhibit No. 27          3/15/02 facsimile correspondence from Michael Douglas, Esq., Esq., to Mario Zangari, Esq.

Exhibit No. 28          9/17/01 correspondence from Michael Douglas, Esq., to Christine Barker, Esq., of Siegel, O'Connor, Schiff & Zangari, P.C., Re: Cohen & Wolf no longer representing Norman Bloom

Exhibit No. 29          Siegel, O'Connor, Schiff & Zangari, P.C.: Our Firm, Our Mission

**Object: Authentication, Relevance**

| | |
|---|---|
| Exhibit No. 30 | State of CT, Norwalk Probate Court, Inventory of Estate of Norman R. Bloom, dated 7/17/97 |
| | 1/22/98 Brief of Steven J. Bloom Concerning the First and Final Account of Robert W. Bloom, Executor and The Petition of Norman C. Bloom *et al.* to Surcharge the Executor |
| Exhibit No. 31 | 11/15/98 Draft Memo to Richichi, from Richard J. DiMarco, Esq. |
| Exhibit No. 32 | State of CT, Norwalk Probate Court, Inventory of Estate of Norman R. Bloom |
| | 11/25/98 Invoice to Peter T. Mott, Esq., for services rendered by Marsh, Day & Calhoun |
| Exhibit No. 33 | 11/10/98 facsimile correspondence from Peter Mott, Esq. of Marsh, Day & Calhoun, to Richard DiMarco, Esq. |
| | 12/7/98 correspondence from Peter T. Mott, Esq., to other counsel, Re: enclosed report on cash transactions for estate, copy of invoice, preliminary inventory |
| Exhibit No. 34 | 11/5/98 correspondence from Richard DiMarco, Esq. of Cohen and Wolf, P.C., to Peter T. Mott, Esq. |
| Exhibit No. 35 | Nov. 1998 Court Order from Judge Earl F. Capuano |
| Exhibit No. 36 | 9/4/98 Memorandum of Decision by Judge Joseph A. Egan, Jr. |
| Exhibit No. 37 | 9/14/98 facsimile correspondence from Richard DiMarco, Esq., to Judge Joseph A. Egan, Jr. |
| Exhibit No. 38 | 9/10/98 facsimile correspondence from Pamela D. Bochinski, Esq. of Law Offices at Rivers' Ford, to Judge Joseph A. Egan, Jr. |
| Exhibit No. 39 | 9/30/98 facsimile correspondence from Richard DiMarco, Esq., to Michael Douglas, Esq., Re: attached Memorandum to Peter T. Mott, Esq. |
| Exhibit No. 40 | 9/4/98 Petitioners' Responsive Brief, by Richard Albrecht, Esq. of Cohen & Wolf, P.C., and Richard Diviney, Esq. of Sherwood, Garlick, Diviney and Atwood |

| | |
|---|---|
| Exhibit No. 41 | 9/2/98 correspondence from Paul J. Pacifico, Esq., to Judge Joseph A. Egan, Jr., Re: Motion for Stay of Pending Removal Proceedings |
| Exhibit No. 42 | Appendix to Estate of Norman R. Bloom Summary of Status of Real Property, dated 8/25/98 |
| Exhibit No. 43 | 8/21/98 Memorandum Regarding Stay of Execution, by Paul J. Pacifico, Esq. |
| Exhibit No. 44 | 8/21/98 Memorandum Re: Motion to Stay Removal, by Paul J. Pacifico, Esq. |
| Exhibit No. 45 | 1/1/84 Lease of 100 Water Street, Norwalk, CT by Hillard and Norman Bloom, to Donald Miklovich |
| Exhibit No. 46 | Table of Owners and Values of Properties belonging to Estate of Norman R. Bloom, dated 8/19/98 |
| Exhibit No. 47 | 8/21/98 correspondence from Pamela D. Bochinski, Esq. to Judge Joseph A. Egan, Jr., Re: enclosed "Memorandum Regarding Stay of Execution" of Robert W. Bloom |
| Exhibit No. 48 | 8/19/98 facsimile correspondence from Michael Douglas, Esq., to Richard Albrecht, Esq., Re: Motion |
| | 8/22/98 facsimile correspondence from Michael Douglas, Esq., to Richard Albrecht, Esq., Re: Bloom Rents (enclosed documents) |
| | 8/17/98 facsimile correspondence from Michael Douglas, Esq., to Richard Albrecht, Esq., Re: Bloom Motion |
| Exhibit No. 49 | 8/20/98 correspondence from Richard Albrecht, Esq., to Judge Joseph A. Egan, Jr., re: enclosed Petitioners' Brief Re: Executors Application for Stay of Orders of May 26, 1998 and Petitioners' Motion for Removal of Executor |
| Exhibit No. 50 | Aug. 1998 Draft of Petitioners' brief Re: Executors Application for Stay of Orders of May 26, 1998 and Petitioners' Motion for Removal of Executor, by Richard Albrecht, Esq. |
| Exhibit No. 51 | Guidelines for Administration of Decedents' Estates, by Judge Paul Kurmay, Administrator of Probate Courts of CT |
| Exhibit No. 52 | 7/17/98 correspondence from Richard DiMarco, Esq., to Judge Joseph A. Egan, Jr., Re: scheduling conflicts |

| | |
|---|---|
| Exhibit No. 53 | 7/8/98 correspondence from Richard DiMarco, Esq., to Judge Joseph A. Egan, Jr., Re: enclosed Petition for Removal of Executor, by Richard Albrecht, Esq., dated 7/2/98 |
| Exhibit No. 54 | 6/9/98 correspondence from Richard DiMarco, Esq., to Paul Pacifico, Esq., Re: Judge Egan's Ruling of 5/26/98 |
| | 6/18/98 facsimile correspondence from Richard DiMarco, Esq., to Paul Pacifico, Esq., and Pamela D. Bochinski, Esq. |
| Exhibit No. 55 | 6/24/98 facsimile correspondence from Paul Pacifico, Esq., to R Richard DiMarco, Esq. |
| Exhibit No. 56 | 6/23/98 Decree Allowing Appeal from Probate, from Judge Joseph A. Egan, Jr. |
| Exhibit No. 57 | 7/2/98 facsimile correspondence from Mark Errico to Michael Douglas, Esq., Re: attached Civil Summons, dated 6/24/98 (return date 7/28/98); attached Motion for Appeal from Probate, dated 6/23/98 |
| Exhibit No. 58 | 6/3/98 facsimile correspondence from Cohen and Wolf, P.C., Re: attached Brief (pp. 3-24) |
| Exhibit No. 59 | 6/30/98 facsimile correspondence from Richard DiMarco, Esq., to Judge Joseph A. Egan, Jr. |
| | 6/18/98 facsimile correspondence from Richard DiMarco, Esq., to Paul Pacifico, Esq., and Pamela Bochinski, Esq. |
| Exhibit No. 60 | 6/26/98 Draft of Petition for Removal of Executor, by Richard Albrecht, Esq. |
| Exhibit No. 61 | 6/26/98 Petition for Removal of Executor, by Richard Albrecht, Esq. |
| Exhibit No. 62 | 5/26/98 Memorandum of Decision, by Judge Joseph A. Egan, Jr. |
| Exhibit No. 63 | 6/19/98 Petition for Removal of Executor, by Richard Diviney, Esq. |
| Exhibit No. 64 | 4/7/98 correspondence from Richard DiMarco, Esq., to Judge Joseph A. Egan, Jr. (Norwalk Probate Court), and Ridgefield Probate Court |
| Exhibit No. 65 | 3/17/98 facsimile correspondence from Pamela Bochinski, Esq., to |

Richard DiMarco, Esq., Re: attached 3/26/98 correspondence with enclosed report of 1997 income and expenses for #1 First Street, Norwalk

Exhibit No. 66    3/31/98 Draft of correspondence from Richard DiMarco, Esq., to Judge Joseph A. Egan, Jr.

Exhibit No. 67    Correspondence from Robert Bloom to Hillard Bloom, Re: Balance of Notes due Re: Norman R. Bloom Officer's Loans

1 First Street, Norwalk, CT: 1997 Income and Expenses

Exhibit No. 68    3/17/98 correspondence from Richard DiMarco, Esq., to Kenneth Garfunkel, Esq. of Fay & Garfunkel, Re: Estate of Wallace Bell (120 Water Street, a/k/a Bells Boatyard)

Exhibit No. 69    3/14/98 facsimile correspondence from Pamela Bochinski, Esq., to other counsel, Re: attached report of recent actions taken by Executor, disbursement checks, current status of remaining portion of Tallmadge Note

Exhibit No. 70    10/20/97 Objection to Substitute Inventory and Substitute Final Accounting, by Richard Albrecht, Esq.

Exhibit No. 71    1/26/98 correspondence from Steven E. Ayres, Esq. of Mead, Bromley & Bishop, to Judge Joseph A. Egan, Jr., Re: vacation

Exhibit No. 72    1/23/98 correspondence from Pamela Bochinski, Esq., to Judge Joseph A. Egan, Jr., Re: enclosed 8/18/97 Executor's Brief Re: Substitute Final Account on File, by Paul Pacifico, Esq.

Exhibit No. 73    Draft of Jan. 1997 Petitioners' Brief on Objection to Substitute Inventory and Substitute Final Accounting and Petition for Surcharge of Executor, by Richard Albrecht, Esq.

Exhibit No. 74    1/23/98 Petitioners' Brief on Objection to Substitute Inventory and Substitute Final Accounting and Petition for Surcharge of Executor, by Richard DiMarco, Esq.

Exhibit No. 75    Table of Estimated Values of Bloom/Tallmadge Properties

Exhibit No. 76    9/4/96 Objection to Executor's Final Account, Petition for Removal of Executor, and Petition for Surcharge of Executor, by Richard DiMarco, Esq.

Exhibit No. 77    1/29/91 Judgment of Donald L. Miklovich v. Leslie E. Miklovich,

by Judge Barbara A. Coppeto

10/24/89 Agreement in above case

| | |
|---|---|
| Exhibit No. 78 | 9/11/92 Lease between Hillard Bloom and Robert Bloom, Executor of Estate of Norman R. Bloom and City of Norwalk for Police Department Marina |
| Exhibit No. 79 | *The Hour*, Vol. 125, 2/2/95, Norwalk, CT -- Front Page |
| Exhibit No. 80 | 5/28/96 correspondence from Robert Mercer-Falkoff, Esq., to Richard DiMarco, Esq., Re: enclosed Notice of Substitute Annual Meeting of Shareholders of Tallmadge Brothers, Inc., Proxy, Waiver of Notice, List of Stockholders |
| Exhibit No. 81 | Mar. 1996 Plaintiffs' Preliminary Memorandum of Law, by Richard Albrecht, Esq. |
| Exhibit No. 82 | 2/9/93 and 4/6/93 correspondences from Charles E. Coates III, Esq. of Whitman & Ransom, to D. Richard DeSarbo, Esq. |
| Exhibit No. 83 | 12/8/89 correspondence from D. Richard DeSarbo, Esq., to Robert Bloom, Re: enclosed outline of Norman R. Bloom's estate plan |
| Exhibit No. 84 | 11/19/92 correspondence from Teresa J. Reichert, Esq. of DeSarbo, Jensen & Reichert, P.C., to Norman Bloom |
| Exhibit No. 85 | 4/4/95 correspondence from D. Richard DeSarbo, Esq., to Richard Diviney, Esq. |
| Exhibit No. 86 | 4/26/93 correspondence from Charles E. Coates III, Esq., to Norman Bloom |
| Exhibit No. 87 | 5/28/93 correspondence from Teresa Reichert, Esq., to Charles E. Coates III, Esq. |
| Exhibit No. 88 | Deed to 120 Water Street, signed on 9/30/01 and 10/1/93 |
| Exhibit No. 89 | Revocable Trust, Family Spray Trust, Life Insurance Trust: Appointment/Acceptance of Successor Independent Trustee, Resignation of Independent Trustee, dated July 1998 |
| Exhibit No. 90 | Hand-written notes/statement of Norman C. Bloom |
| Exhibit No. 91 | 5/7/93 correspondence from Norman Bloom to Robert Bloom |

| | |
|---|---|
| Exhibit No. 92 | 8/21/92 correspondence from Teresa Reichert, Esq., to Norman Bloom |
| Exhibit No. 93 | 7/7/93 correspondence from Teresa Reichert, Esq., to Charles E. Coates III, Esq. |
| Exhibit No. 94 | Indemnification Agreement between Norman and Hillard Bloom, dated 1993 |
| Exhibit No. 95 | 12/13/93, 2/1/94, 3/9/94 and 4/21/94 correspondences from Charles E. Coates III, Esq., to Teresa Reichert, Esq. |
| | 2/1/94 correspondence from Coates to Joseph Richichi, Esq. |
| | 3/9/94 correspondences from Coates to Charles P. Gallagher, Hillard Bloom and Edward S. Holub |
| | 3/28/94 correspondence from Elaine E. Seeds, Secretary to Charles E. Coates III, Esq., to Norman Bloom and Mark Errico, Re: enclosed 3/9/94 correspondences |
| Exhibit No. 96 | 7/17/97 Final Account of Administration of Robert Bloom of the Estate of Norman R. Bloom, from the date of his qualification to Court for allowance |
| | 6/15/90 correspondences from Peter Pisaretz, ASA, IFAS, CRA, Appraiser – Consultant, to Joseph Richichi, Esq., Re: Appraisals of 9 First Street and 38 Cove Avenue, Norwalk, CT |
| Exhibit No. 97 | Real Estate Appraisal Report of 40 Cove Avenue, Norwalk, CT, by American Realty & Appraisal Associates |
| Exhibit No. 98 | 4/10/95 correspondence from Diane Beltz-Jacobson, Assistant Corporation Counsel of the City of Norwalk, to Mark Errico, Re: lease for use of Bloom Marina by the Norwalk Police Department |
| Exhibit No. 99 | 6/14/93 correspondence from Charles E. Coates III of Whitman & Ransom, to Teresa J. Reichert, Esq. of DeSarbo & Reichert, P.C., Re: Substitution of Trustees, Distribution of Estate Assets; subsequent correspondence attached. |
| Exhibit No. 100 | 1/23/91 correspondence from D. Richard DeSarbo to Robert Bloom of Tallmadge Brothers, Inc. |
| Exhibit No. 101 | 7/31/92 correspondence from Mark Errico to Edward B. Holub, Re: attached list of questions |

8/3/92 correspondence from Mark Errico to Teresa J. Reichert, Esq., Re: questions

12/16/92 correspondence from Norman C. Bloom to John Rafal of Investment Management Research, Re: Heritage Investment Fund

2/3/94 correspondences from Norman C. Bloom to Ed Halub and Hillard Bloom of Tallmadge Brothers, Inc., Re: request for full accounting of Trusts

8/9/94 correspondence from Norman C. Bloom to Teresa Reichert, Esq., Re: Irrevocable Trust

Exhibit No. 102 3/10/94 facsimile correspondence from Mark Errico to Terry Coates, Re: attached Lease Between Executor of Estate of Norman R. Bloom and City of Norwalk for Police Department Marina, dated 9/11/92

Exhibit No. 103 3/8/93 Agenda (Federal Tax Liability, Division of Estate Property)

Outline of Estate Plan of Norman R. Bloom

Tax Timetable for Estate of Norman R. Bloom

9/29/92 correspondence from Director of the Service Center of Internal Revenue Service (Estate and Gift Taxes), to Robert W. Bloom, Re: enclosed examination report with adjustments

Exhibit No. 104 2/25/94 correspondences from Norman C. Bloom requesting full accounting of Trusts

8/1/94 correspondence from Norman C. Bloom to Teresa Reichert, Esq., Re: incorrect K-1

8/8/94 facsimile correspondence from Richard Adler of Kass & Jaffe, PC, Re: attached income tax tables, tax calculations

8/11/94 correspondence from Teresa J. Reichert, Esq., to Norman C. Bloom, Re: 1993 K-1

Exhibit No. 105 7/13/92 correspondence from Mark Errico to Teresa J. Reichert, Esq., Re: request for copies of tax returns

8/3/92 correspondence from Mark Errico to Teresa J. Reichert, Esq., Re: questions

8/21/92 correspondence from Teresa J. Reichert, Esq., to Norman C. Bloom

8/3/92 correspondence from Mark Errico to Edward B. Holub, Re: attached list of questions

Exhibit No. 106    2/1/91 correspondence from D. Richard DeSarbo to Tallmadge Brothers, Inc., Re: Sale of stock and real estate

Exhibit No. 107    7/7/93 correspondence from Teresa J. Reichert, Esq. to Charles E. Coates, III, Esq., Re: enclosed trust statements

Exhibit No. 108    Mark Errico's Notes

Exhibit No. 109    American Bar Association's Model Rules of Professional Conduct and Code of Judicial Conduct (August, 1984)

**Object: Relevance.  Inadmissible evidence of law.**

Exhibit No. 110    Legal Document of Transfer of oyster plantations from Philip DiMarco to Norman Bloom and Hillard Bloom, dated 2/24/76

Exhibit No. 111    10/12/95 correspondence from Robert Bloom to Mary Karkut of Shawmut Bank, Re: release of information concerning accounts of Norman R. Bloom

9/1/92 correspondence from Robert Bloom to Attorney Musicaro of Cummings and Lockwood, Re: enclosed copies of correspondences from August 1992

Exhibit No. 112    9/8/99 correspondence from Peter T. Mott of Brody, Wilkinson and Ober, P.C., to Judge Joseph A. Egan, Jr.

11/4/98 facsimile correspondence from Richard J. DiMarco, Esq., to Michael Douglas, Esq., Re: attached 11/2/98 correspondence from Peter T. Mott of Marsh, Day & Calhoun, to other counsel, Re: Estate of Norman Bloom

Exhibit No. 113    7/16/91 Promissory Note ($400,000.00) by Robert W. Bloom

Recapitulation of Norman Bloom's Estate

9/30/93 Assignment by Robert W. Bloom

Exhibit No. 114    Estate of Norman R. Bloom Tax Timetable

Exhibit No. 115    2/6/96 correspondence from Charles E. Coates III, Esq., to Norman C. Bloom, Re: enclosed copies of Trusts

Exhibit No. 116    8/1/95 correspondence from Charles P. Gallagher, VP of Westport Bank & Trust, to Teresa J. Reichert, Esq., Re: summary of June 15 meeting

Exhibit No. 117    11/4/93 correspondence from Kenneth M. Griffin, VP of Fleet Investment Services, to Charles E. Coates, III, Esq., Re: meeting, purchase plan

Exhibit No. 118    12/13/94 correspondence from Charles P. Gallagher to Teresa J. Reichert, Esq., Re: enclosed tax returns

1/6/95 correspondence from Charles P. Gallagher to Hillard Bloom, Re: stock certificates to be signed

2/22/94 correspondence from Charles P. Gallagher to Mark Errico, Re: Bloom Trusts

5/27/94 correspondence from Charles P. Gallagher to Teresa J. Reichert, Esq., Re: questions about Trusts

5/20/94 correspondence from Charles P. Gallagher to Erica Sklar, VP of Shawmut Bank, Re: acknowledgement of receipt of three checks

7/15/94 correspondence from Charles P. Gallagher to Teresa J. Reichert, Esq., Re: enclosed signed receipt for 116 shares of stock in Tallmadge Brothers, Inc.

Exhibit No. 119    Reporter's Transcription in the Hearing in the Matter of the Estate of Norman R. Bloom, Deceased (7/17/97, Norwalk Probate Court, Judge Joseph A. Egan, Jr.)

Exhibit No. 120    11/9/95 correspondence from Hillard E. Bloom to the State of Connecticut Department of Environmental Protection (Fisheries Division), Re: survey questionnaires

12/28/95 correspondence from Elizabeth A. Leifert, State of Connecticut Freedom of Information Commission, Re: receipt of complaint (Mark Errico v. Assistant Director, Marine Fisheries, State of CT, Department of Environmental Protection); subsequent correspondences concerning Notice of Hearing and Order to Show Cause

Exhibit No. 121    2/7/00 facsimile correspondence from Richard Wirth, Re: attached weekly status report and Tallmadge Brothers, Inc. 1999 Preliminary Financial Report

Exhibit No. 122    2/25/00 correspondence from Thomas Gagliardi III, President of Thomas Industries Appraisal Corporation, to Dick Wirth, Re: enclosed overview of marine division, listing of projects

Exhibit No. 123    Corporate Renewal Services, Inc.: Position Description for Chief Financial Officer, Steps to Follow to Select the Right CPA Firm

1/20/00 advertisement for Gofish.com

1/31/00 Tallmadge Brothers, Inc. Chart of Accounts, Item List, Balance Sheet, Income Statement, Aged Receivables/Payables (Balance Sheets and Income Statements for Entities involved with Tallmadge Brothers, Inc.)

2/28/00 Invoice from Tallmadge Brothers, Inc., to Steve Connolly Seafood; other invoices

Exhibit No. 124    Shareholders' Agreement

Exhibit No. 125    Tallmadge Brothers, Inc.'s 5/2/00 Agenda for Board of Directors Meeting

1/26/00 Corporate Renewal Services, Inc.'s Business Management Process, Re: Tallmadge Brothers, Inc.

Tallmadge Brothers, Inc.'s 1/27/00 Agenda for Board of Directors Meeting

1/11/00 correspondence from Richard W. Wirth, CEO of Corporate Renewal Services, to Hillard E. Bloom, President of Tallmadge Brothers, Inc., Re: 1/7/00 Board Meeting

12/31/99 Report of Tallmadge Brothers and Related Entities, Prepared by Corporate Renewal Services, Inc.

3/16/01 correspondence from A. Reynolds Gordon to Richard W. Wirth

Exhibit No. 126    January, 2000 advertisement for Gofish.com

Corporate Renewal Services, Inc. Multi-Generation Family Business Issues

11/15/00 Preliminary Draft of Footnotes to Fair Market Value and Proposed Allocation Worksheet

6/26/01 Notice of Hourly Billing Rate Increase from Cohen and Wolf, P.C.

| | |
|---|---|
| Exhibit No. 127 | 2/6/01 and 2/7/01 facsimile correspondences from Mario J. Zangari, Esq. to Larry Lapine and Joe Richichi |

**Object: Relevance. Hearsay. Authentication.**

March, 2001 correspondences between A. Reynolds Gordon and Richard W. Wirth and clients

Tallmadge Brothers, Inc. – Coast Guard Vessel Documentation, 3/29/00

Clam & Oyster Sales 1/1/00 to 6/30/00

Tallmadge Brothers, Inc. and Other Entities' Balance Sheet, Jan. – Mar. 2000

| | |
|---|---|
| Exhibit No. 128 | Petitioners' Brief on Objection to Substitute Inventory and Substitute Final Accounting and Petition for Surcharge of Executor, dated Jan. 1997 |
| Exhibit No. 129 to | 8/11/98 facsimile correspondence from Michael A. Douglas, Esq. Richard DiMarco/Rick Albrecht, Re: Submission to Judge |
| Exhibit No. 130 | 9/4/98 Memorandum of Decision |
| Exhibit No. 131 | 12/18/97 correspondence from Richard J. DiMarco, Esq. of Cohen and Wolf, P.C., to Paul J. Pacifico, Esq. and Pamela D. Bochinski, Esq. |
| Exhibit No. 132 | 9/3/98 Petitioners' Responsive Brief |
| Exhibit No. 133 | 8/16/98 facsimile correspondence from Richard J. DiMarco, Esq. to Steven Ayres, Esq. and Michael Douglas, Esq., Re: attached draft of Petitioners' Brief on Removal Issue |
| Exhibit No. 134 | Reporter's Transcription in the Hearing in the Matter of the Estate |