# **EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------------------------------------------X
NORMAN C. BLOOM,
                Plaintiff

                                                       3:02CV907(PCD)
   v.

MICHAEL A. DOUGLAS,
                Defendant and Third
                Party Plaintiff

   v.

NORMAN C. BLOOM, NORMAN R.              March 4, 2005
BLOOM RECOVABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY TRUST
and NORMAN R. BLOOM IRREVOCABLE
INSURANCE TRUST
                Third Party Defendants

## DEFENDANT/THIRD PARTY PLAINTIFF'S WRITTEN STATEMENT IN LIEU OF OPENING STATEMENT

     This case involves a contract dispute. The parties are the plaintiff Norman Bloom, the Defendant Michael Douglas, and the third party defendants the Norman R. Bloom Revocable Trust, the Norman R. Bloom family Spray Trust, and the Norman R. Bloom Irrevocable Insurance Trust. The latter three I will refer to as the Bloom Trusts.

     The defendant, Mr. Douglas, alleges that in 1995 he and the plaintiff Norman Bloom entered into an Agreement for consulting services. He alleges that at the time, plaintiff Norman Bloom was involved in a dispute related to the estate of his deceased father Norman R. Bloom. He claims that Norman Bloom requested his assistance in locating and asserting the true value of assets in the estate to make sure that plaintiff Norman Bloom received his fair share. He further alleges that the Agreement was amended several times thereafter, and that the Bloom Trusts became parties to the Agreement in or about 2000.

The Bloom Trusts dispute that they were ever part of any Agreement. The plaintiff, Norman Bloom does not dispute that he signed an Agreement in 1995 for Mr. Douglas' services. Instead, he alleges that the agreement required Mr. Douglas to engage in the practice of law in Connecticut, and that because Mr. Douglas is not a Connecticut lawyer, he is not entitled to compensation for such services.

Douglas denies that his work constituted the practice of law in Connecticut. Your decision on this matter will require you to decide whether the work Mr. Douglas performed constitutes the "practice of law". If so decide – you will then need to decide whether his work was "authorized" as opposed to "unauthorized." You will hear evidence on what constitutes the practice of law, and at the end of the case, I will instruct you on which activities constitute the "unauthorized" practice of law in Connecticut. Your job will be to determine if all of the work, or some of the work, or none of the work Mr. Douglas performed constitutes the unauthorized practice of law, and to decide the amount of compensation to which Mr. Douglas is entitled.

        THE DEFENDANT/THIRD PARTY PLAINTIFF
        MICHAEL A. DOUGLAS

        BY _____
        Joshua D. Lanning (ct 24529)
        JACOBS, GRUDBERG, BELT, DOW & KATZ P.C.
        350 Orange Street, P.O. Box 606
        New Haven, CT 06503
        Phone: (203) 772-3100
        Fax: (203) 772-1691
        E-Mail: jlanning@jacobslaw.com

## **CERTIFICATION**

I hereby certify that a copy of the Defendant/Third Party Plaintiff's Written Statement In Lieu Of Opening Statement was mailed first class, postage prepaid on March 4, 2005, to:

Frederick Lovejoy, Esq.
P.O. Box 56
Easton, CT  06612

_____
Joshua D. Lanning