UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
NORMAN C. BLOOM,
    *Plaintiff,*

v.                                  3:02CV00907(PCD)

MICHAEL A. DOUGLAS, ESQ.,
    *Defendant.*
------------------------------------X
MICHAEL A. DOUGLAS, ESQ.,
    *Third-Party Plaintiff,*

v.                                  March 7, 2005

NORMAN R. BLOOM REVOCABLE TRUST,
NORMAN R. BLOOM FAMILY SPRAY
TRUST, and NORMAN R. BLOOM
IRREVOCABLE INSURANCE TRUST
    *Third-Party Defendants.*
------------------------------------X

PLAINTIFF NORMAN C. BLOOM AND THIRD-PARTY DEFENDANTS
NORMAN R. BLOOM REVOCABLE TRUST, NORMAN R. BLOOM FAMILY
SPRAY TRUST, AND NORMAN R. BLOOM IRREVOCABLE INSURANCE
TRUST'S OPPOSITION TO DEFENDANT/THIRD-PARTY PLAINTIFF
MICHAEL A. DOUGLAS'S MOTION FOR DEFAULT FOR PLAINTIFF/
THIRD-PARTY DEFENDANTS' FAILURE TO COMPLY WITH THE
<u>COURT'S TRIAL COMPLIANCE ORDER</u>

      Now come plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust, and for their opposition state as follows:

      1.     That regrettably, counsel for plaintiff did in fact serve some of the material required by the Court's Scheduling Order out of time.

      2.     That this occurred as a result of various unforeseen events relating to the undersigned, but in no way was caused by plaintiff Norman C. Bloom or third-party defendants

1

Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust.

3.  Some of the additional time required to make the submissions was substantially increased by the actions of the defendant or his counsel; i.e., 1) disclosure of <u>40</u> witnesses not previously disclosed pursuant to Fed.R.Civ.P. Rule 26(a)(1)(A); 2) disclosure of 126 trial exhibits; and 3) the disclosure for the first time of affirmative defenses and/or other defenses not alleged by the defendant/third-party plaintiff Michael A. Douglas in his August 20, 2002 ". . . Answer to Plaintiff's Complaint with Counterclaim for Interpleader."

4.  That while defendant continually claims to the Court that it is willing to cooperate with counsel for plaintiff, in reality, however, it demonstrates otherwise. By correspondence dated January 28 and 31, 2005 (See Exhibits A and B attached hereto), the undersigned requested that Attorney Lanning provide the undersigned with a copy of the 126 exhibits defendant had listed in his Section A Compliance so that we could determine if plaintiff was going to object to the admission of the said documents at trial.

5.  That unfortunately, defendant's counsel refused our request, resulting in a <u>substantial amount of time</u> being consumed in order to locate and review the said documents. Additionally, the undersigned discovered that a large number of documents had <u>never</u> been produced by defendant. (Some of the documents appear to have come from plaintiff Norman C. Bloom's former counsel's file; i.e., Slavitt, Connery & Vardamis.)

6.  Moreover, the fact that it took counsel for defendant from February 16, 2005, the date that defendant filed and served its Section A Compliance, to March 4, 2005 (the Friday before the start of the trial), the date that defendant filed its Amended Compliance with Section C; i.e., <u>16 days</u>, indicates that even a large firm such as Jacobs, Grudberg, Belt and Dow, P.C.

required substantial additional time beyond the 5 day period to comply with the Court's Trial Scheduling Order.

7. That as the undersigned advised counsel for defendant, 350 plus of defendant's exhibits are comprised of the file that Douglas produced during discovery. Therefore, Attorney Lanning's contention that he received 400 new exhibits is meritless.

8. Equally without merit is defendant's counsel's contention that several witnesses unknown to him were listed in plaintiff's compliance. Not so. All of plaintiff's witnesses are well known to defendant Douglas and, in fact, most of the twelve witnesses listed by plaintiff also appear in the list of 40 witnesses disclosed by defendant.

9. Unfortunately, the only ambush that has occurred in this case is the habitual actions of defendant in: 1) refusing to appear for his deposition; 2) failing to timely disclose his expert witnesses; 3) failing to produce his expert witnesses for deposition; 4) failing to provide a damage analysis; and 5) failing to disclose a list of material witnesses as required by Fed. R. Civ. P., Rule 26 (a)(1)(A). As the Court is aware, the aforementioned violations of its various orders are the subject of two Motions In Limine filed by plaintiff; i.e., Docket Nos. 101, 102 and 116.

Additionally, defendant is attempting to have witnesses testify on the area of valuation when the Court had, heretofore, denied defendant's Motion for Leave to disclose an additional expert witness on that very issue. (See docket No.: 99)

10. In conclusion, the undersigned regrets his inability to file the aforementioned trial submissions on schedule, however the defendant's claim of any prejudice is meritless, and their own actions contributed to the delay.

## CONCLUSION

Based on the foregoing, defendant's March 4, 2005 Motion for Default should be denied in its entirety.

Dated: Easton, Connecticut  
       March 7, 2005

LOVEJOY & ASSOCIATES, LLC  
Attorneys for Plaintiff Norman C. Bloom and Third-Party Defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust, and Norman R. Bloom Irrevocable Insurance Trust

By: _____  
Frederick A. Lovejoy (CT 03121)  
P.O. Box 56  
Easton, Connecticut 06612  
(203) 459-9941  
(203) 459-9943 (telefax)

DouglasDefault.doc

# Exhibit A

# LOVEJOY & ASSOCIATES, LLC
ATTORNEYS AT LAW

Frederick A. Lovejoy*

Jennifer L. Hayes☐
Patricia A. Shepard†

*Admitted NY, CT, RI and NJ
☐Admitted in NY and CT
†Admitted in CT

276 CENTER ROAD
P.O. BOX 56
EASTON, CONNECTICUT 06612
TELEPHONE (203) 459-9941
TELEFAX (203) 459-9943
EMAIL ADDRESS: LOVEJOYADM@AOL.COM

January 28, 2005

Re:   Norman C. Bloom v.
      Michael A. Douglas
      Docket No. 3:02CV907(PCD)
      Your File: Q04-1130R
      (Our File 02-307-1)

<u>VIA TELEFAX</u>
(203) 772-1691

Joshua Lanning, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
New Haven, Connecticut 06503

Dear Mr. Lanning:

On the afternoon of Tuesday, January 25, 2005, we received in the regular mail Defendant/Third-Party Plaintiff Michael A. Douglas's Compliance with Trial Preparation Order. Because no exhibits are attached, it is impossible for us to determine if we will object to certain of the exhibits and which ones. As such, please be advised that the plaintiff Norman C. Bloom and third-party defendants Norman R. Bloom Revocable Trust, Norman R. Bloom Family Spray Trust and Norman R. Bloom Irrevocable Insurance Trust object to the admission of defendant/third-party plaintiff Michael A. Douglas's proposed exhibits in total.

Additionally, we request that in light of the tight time constraints, herein, that you telefax or overnight courier to us any further submissions. (We received "Defendant/Third-Party Plaintiff Michael A. Douglas's Opposition (sic) Plaintiff's Motion for Modification of the Court's Scheduling Order," dated January 21, 2005, on the afternoon of <u>January 26, 2005</u>.)

Thank you for your anticipated cooperation in the above.

Yours very truly,

*[signature]*

Frederick A. Lovejoy

FAL/jr
DouglasLanning3.doc

<u>RHODE ISLAND OFFICE</u>:   1536 WESTMINSTER STREET, PROVIDENCE, RHODE ISLAND 02909
TELEPHONE: (401) 273-7747   TELEFAX: (401) 421-4818

<u>NEW YORK OFFICE</u>:   82 WALL STREET, SUITE 1105, NEW YORK, NEW YORK 10005
TELEPHONE: (212) 344-1717   TELEFAX: (203) 459-9943

# Exhibit B

# LOVEJOY & ASSOCIATES
### ATTORNEYS AT LAW

Frederick A. Lovejoy*

Jennifer L. Hayes☐
Patricia A. Shepard†

*Admitted NY, CT, RI and NJ
☐Admittted in NY and CT
†Admitted in CT

276 CENTER ROAD
EASTON, CONNECTICUT 06612
TELEPHONE (203) 459-9941
TELEFAX (203) 459-9943
EMAIL ADDRESS: LOVEJOYADM@AOL.COM

January 31, 2005

Re:   Norman C. Bloom v.
      Michael A. Douglas
      Docket No. 3:02CV907(PCD)
      Your File: Q04-1130R
      (Our File 02-307-1)

<u>VIA TELEFAX</u>
(203) 772-1691

Joshua Lanning, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
New Haven, Connecticut 06503

Dear Mr. Lanning:

We acknowledge receipt of your telefax of January 28, 2005.

We again request that you immediately provide us with a copy of defendant/third-party plaintiff's exhibits. As I am sure you are aware, the time necessary to locate the same is extreme given the thousands of documents produced, when compared to your providing a copy of the exhibits; something you will have to provide anyway. If you like, we can have someone pick up the copy from your offices.

Yours very truly,

Frederick A. Lovejoy

FAL/jr
DouglasLanning4.doc

<u>RHODE ISLAND OFFICE</u>:   1536 WESTMINSTER STREET, PROVIDENCE, RHODE ISLAND 02909
                             TELEPHONE: (401) 273-7747   TELEFAX: (401) 421-4818

<u>NEW YORK OFFICE</u>:       82 WALL STREET, SUITE 1105, NEW YORK, NEW YORK 10005
                             TELEPHONE: (212) 344-1717   TELEFAX: (203) 459-9943

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on March 7, 2005, postage prepaid, to:

Joshua Lanning, Esq.
Ira B. Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
New Haven, Connecticut 06503

Frederick A. Lovejoy